## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HAYWARD INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD.<br><br>Defendant. | Civil Action No. 3:20-CV-710<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Hayward Industries, Inc. ("Hayward"), asserts its claims against Defendants Blueworks Corporation and Blueworks Innovation Corporation (collectively "Blueworks"), and Ningbo C.F. Electronic Tech Co. Ltd. and Ningbo Yishang Import and Export Company Ltd, (collectively "Ningbo"), for trademark infringement, false advertising, counterfeiting, passing off, false designation of origin, unfair competition, and related claims, all in violation of the Lanham Act (15 U.S.C. § 1051 *et seq*), as well as North Carolina statutory and common law.

## THE PARTIES

1.      Hayward is a New Jersey corporation having its principal place of business at 400 Connell Drive, Suite 6100, Berkeley Heights, New Jersey 07922. Hayward also has a major manufacturing facility in North Carolina, at One Hayward Industrial Drive, Clemmons, North Carolina, 27012.

2.       Blueworks Corporation, *a/k/a* Blue Works and Blueworks Pools ("Blueworks"), is a North Carolina corporation having a principal place of business at 12245 Nations Ford Road, Suite 501, Pineville, North Carolina 28134.   Blueworks also maintains a facility at 303 Albemarle St, Lexington, North Carolina 27292.  Blueworks also operates a website advertising and selling pool equipment, including the infringing ads and products, at www.blueworkspool.com.  On information and belief, Blueworks also does business as Lemon Pool Supply or LemonPool and operates a retail website advertising and selling pool equipment, including the infringing ads and products, at www.lemonpoolsupply.com.   Under the name Lemon Pool Supply, Blueworks also appears to operate a retail store selling pool equipment at 303 Albermarle Street, Lexington, North Carolina 27292, which is the same address as Blueworks.

3.       Blueworks Innovation Corporation is a North Carolina corporation having a principal place of business at 12245 Nations Ford Road, Suite 501, Pineville, North Carolina 28134, which is the same address as Blueworks Corporation.

4.       On information and belief, both entities, Blueworks Corporation and Blueworks Innovation Corporation, (collectively "Blueworks"), are controlled by the same people, Sun Haoqi and/or Richard Chen (also known as Chen Zefeng).   Blueworks sells products from a Chinese manufacturer, Ningbo (as identified below) and houses the products in its North Carolina warehouse.

5.       Ningbo C.F. Electronic Tech Co., Ltd, is a Chinese company and has a principal place of business at Xiwang Industrial Zone, Wanhua Village, Hengjie Town, Haishu District, Ningbo City, Zhejiang Province, China.

2

6.     Ningbo Yishang Import and Export Co., Ltd.is a Chinese company and has a principal place of business at Xiwang Industrial Zone, Wanhua Village, Hengjie Town, Haishu District, Ningbo City, Zhejiang Province, China, the same address as Ningbo. On information and belief, both entities Ningbo C.F. Electronic Tech Co., Ltd and Ningbo Yishang Import and Export Co., Ltd (collectively "Ningbo") are controlled by the same person, Richard Chen (also known as Chen Zefeng).  Ningbo C.F. Electronic Tech Co., Ltd manufacturers the infringing Hayward products and, on information and belief, Ningbo Yishang Import and Export Co., Ltd imports the products into the United States.

7.     On information and belief, Richard Chen is the CEO of Blueworks and is simultaneously the CEO and owner of Ningbo.  Either Ningbo is the parent of Blueworks, Blueworks is the parent of Ningbo, or there is another shared, direct relationship of control, common ownership and management, cooperation, and/or contract (*e.g.*, manufacturer/importer/ supplier) between the companies. Blueworks and Ningbo act in concert and are jointly and severally liable for the accused conduct. For example, on information and belief, Ningbo manufacturers and sells Blueworks products on its website while also supplying Blueworks with products and parts, including in particular the infringing products in this matter.

8.     The Blueworks and Ningbo companies are all connected and act in concert. Given the close relationship of all four defendants, and the control that Richard Chen (a/k/a/ Chen Zefeng) and/or Sun Haoqi exert over the defendants and their accused activities, all four defendants will be referred to as, collectively, "Defendants," unless otherwise noted.

## JURISDICTION AND VENUE

9.     This action arises under federal law, in particular, under the Lanham Act §§ 32(1) and 43(a) (15 U.S.C. §§ 1114(1) and 1125(a)).  Accordingly, this Court has subject matter

3

jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (trademark and unfair competition cases).

10.     This case also arises under the statutory and common law of North Carolina. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claims because they arise from, or from part of, the same case or controversy as the federal law claims.

11.     This Court has personal jurisdiction over Blueworks because both Blueworks entities are incorporated in North Carolina and headquartered in this District.

12.     This Court has personal jurisdiction over both Ningbo entities because Ningbo manufacturers and supplies the counterfeit and infringing products to Blueworks in North Carolina, which then sells the infringing and counterfeit products from a store and warehouses located in North Carolina.  Ningbo's conduct has given rise to this action and/or has established minimum contacts with North Carolina such that exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.  For example, Ningbo either controls Blueworks, is controlled by Blueworks, or supplies the products at issue with knowledge of how they will be advertised, marketed, and sold. As such, Ningbo has regularly engaged in business in this District and has directly or in concert with Blueworks targeted its unlawful business activities to the residents of this District by, for example, falsely advertising, offering for sale, and selling infringing, counterfeit products in North Carolina.

13.     Defendants, acting in concert or with the express knowledge and approval of each other's actions, advertise, offer for sale, and sell the infringing products through their own interactive, retail websites, www.blueworkspools.com, www.lemonpoolsupply.com, and www.techflife.com.  Defendants also advertise, offer for sale, and sell the infringing products through national and international retail websites, like Amazon.com and Alibaba.com, as well as

through third-party retailers, particularly pool equipment retailers.  Defendants do not place any geographic restrictions on who can view the on-line advertisements or buy its products from its website and from the national and international retailers and third-party websites.  As such, the infringing advertisements and products are made available to North Carolina residents.

14.    The websites of both Blueworks and Ningbo show that they advertise and sell to customers and potential customers throughout the U.S., including in North Carolina. For example:



HOME    PRODUCTS    ABOUT US    BLOG    CONTACT    WARRANTY    COMPARE    Q

## About Blueworks
*Enjoy Life, Enjoy Blueworks*







**About Blueworks**

At Blueworks we focus on giving our customers a happy, worry free experience and providing premium quality products. We have over 13 years of experience in developing and manufacturing salt chlorinator systems. Our headquarters are located here in Lexington, NC where we ship out our salt systems for our customers all over the world including US, Canada, Australia, UK and 20 other countries. Because we are the sole manufacturer, we pride ourselves in giving you the best prices in the market with longer warranties and superb customer service. Our employees are highly trained professionals ready for any question or concern you may have. We are a family at Blueworks that understands the value of a good quality product and the enjoyment of a fresh, silky, clean, sanitized, feel good pool.

**What we Do**

BLUEWORKS CORPORATION is specialized in developing and manufacturing a comprehensive range of swimming pool equipments. As a leading manufacturer, we set a branch in NC, USA for after sale service. After decade of expansion, we have grown to be one of the important swimming pool accessories suppliers in USA. Products include: Salt Chlorinator, Salt Chlorinator Cell Replacement, Salt Water System Parts, Pool Light, Pool Alarm, Pool Timer, Pool Pump and so on.

Because of up-to-date styles, high quality and competitive price, our product is already exported to America, Canada, Australia, UK and 20 other countries and regions.

**Our Mission and Promise**

- Provide High Quality Long Lasting equipment with Longer Warranty
- Excellent Customer Support and Service for any of your needs online, by phone, or instant message
- Fast Same Business Day Shipping
- 100% Satisfaction Guarantee

5



# Ningbo C.F Electronic Tech Co.,Ltd

| Home | Products ▾ | Company Profile ▾ | Contact |

Home • Company Profile

**Company Overview**

Company Introduction

## Company Introduction

Ningbo C.F Electronic Tech Co., Ltd. was the first company to produce pool chlorinator (salt water chlorinator or salt water system) in China 8 years ago. Now we provide OEM services for the USA leading pool chlorinator manufacturers and also we are the only one company to gain ASTM certificate in China Mainland for pool alarm.

Our factory has focused on pool chlorinator (salt water chlorinator or salt water system or salt water system, chlorine generator) for over 8 years. Here we are very proud to say, after years' research and development, now we can offer great pool chlorinator with world top quality level and we are able to offer you chlorinator with 2-5 year warranty depending on your requirement.

We have 6 different designs of pool chlorinators, with total 24 models available for the USA , Europe, Australia and the Middle East with different features.

We have big range of pool chlorinator (salt water chlorinator or salt water system or salt water system, chlorine generator) for your choice.
Pool chlorintor for pool size 10-40m?.
Pool chlorintor for pool size 40-80m?.
Pool chlorintor for pool size 80-140m?.
Pool chlorintor for pool size 140-200m?.

Self-cleaning, with 2-5 year warranty.

Our factory also produces the best pool alarms.

We produce solar copper Ionizer. We provide OEM services for world leading ionizer companies.

For more details, please contact us.



https://www.linkedin.com/company/ningbo-c-f-electronic-tech-co-ltd/ (accessed December 11, 2020). As seen above, Defendants both advertise that they sell products throughout the U.S.A. and, as seen in the first and third website screenshot above, have a branch in North Carolina, USA.

15. Venue is proper under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to Hayward's claims have occurred in this District, Blueworks resides here, and Ningbo, which has a relationship with Blueworks, is subject to this Court's personal jurisdiction, as alleged above.

## FACTUAL BACKGROUND

### A. Introduction

16. Hayward is a leading manufacturer of equipment for swimming pools, such as pumps, heaters, filters, and chlorination systems, among other products. Hayward has been in business for over 80 years and has become one of the largest manufacturers and sellers of pool equipment in the world.

17. Hayward offers a vast array of commercial and residential swimming pool and spa products under numerous brands, including under its house mark, HAYWARD®, as well as several HAYWARD-formative marks and designs. Hayward's brands also include, for example, AQUA RITE®, SWIMPURE®, GOLDLINE®, TURBO CELL®, T-CELL-3®, T-CELL-9®, T-CELL-15®, PRO LOGIC®, Blue Essence™, T-Cell™, AQUA RITE XL™, and AQUA RITE PRO™. Due to the high quality components, materials, and engineering of Hayward's trademarked products, they have had and continue to enjoy significant commercial success and customer satisfaction. Hayward has spent significant time and resources developing, advertising,

7

and protecting its brands, and those efforts, along with the high quality of the products, have resulted in consumer goodwill.

18.    Among Hayward's most popular and profitable products is the AQUA RITE® chlorine generation system, which includes as components salt chlorination cells sold under various brand names, such as GOLDLINE®, TURBO CELL®, T-CELL-15®, and other T-CELL-formative marks.  HAYWARD® AQUA RITE® chlorine generation systems and the associated salt chlorination cells have been on the market for nearly 25 years, and Hayward has sold over one million units of these products.

19.    By way of background, pool chlorine generators are electronic systems that turn salt into chlorine to sanitize a pool, eliminating the need to manually add liquid chlorine or chlorine tabs, among other benefits. These systems include various component parts, including in particular the salt cells.  A salt cell is part of a larger salt chlorination system (*e.g.*, the AQUA RITE® system) that includes a controller circuit box and various other fittings and components. For example, a T-CELL-15® salt cell may be included as part of a Hayward salt chlorination system when that system is first installed.  The T-CELL™ line of salt cells includes the T-CELL-3®, T-CELL-9®, and T-CELL-15® salt cells.

20.    Further information about these HAYWARD® salt cells is freely available to the public, including, for example, in this popular YouTube video, "How to Clean Your Hayward Salt Chlorination TurboCell," which can be found at https://www.youtube.com/watch?v=4Kn5MD7lDyQ.  As of December 17, 2020, this video alone had at least 573,035 views, attesting to the popularity and consumer recognition of HAYWARD® salt cells and chlorination systems.

8

21.     Shown below are a HAYWARD® T-CELL-15® salt cell and a HAYWARD® GLX-CELL-15™ salt cell.  Some models also bear the TURBO CELL® and GOLDLINE® marks.  As seen in the three photos below (the third one being a close-up of a product label), Hayward displays the HAYWARD®, TURBO CELL®, T-CELL-15®, GLX-CELL™, and GOLDLINE® marks directly and prominently on the products.





22.     For decades, products sold under the Hayward Marks, such as HAYWARD®
GOLDLINE®, T-CELL-3®, T-CELL-9®, T-CELL-15®, and AQUA RITE® have enjoyed
enormous commercial success and have commanded premium prices.  Given the strong
commercial success of Hayward's salt cells, Defendants has chosen to unfairly trade on their
popularity and goodwill, as further detailed below.

**B.     Hayward's Trademark Rights**

23.     Hayward owns a family of HAYWARD-formative marks, including the federally-
registered HAYWARD® mark, Reg. No. 3,969,301, claiming use in commerce since 1956 in
connection with various swimming pool equipment, including, *inter alia*, *"*salt and chlorine
generators and parts and fittings thereof" and, since 1996, in connection with "electrolytic
chlorine generators," among other electronically controlled components. This trademark was
registered on May 31, 2011, and, by virtue of years of continuous and uncontested use, is
incontestable under 15 U.S.C. § 1065.  HAYWARD® serves as the house mark for Hayward's
extensive collection of pool equipment products.

10

24.    Since at least as early as 1997, Hayward has owned and used the trademark AQUA RITE®, Reg. No. 3,704,835, in connection with electrolytic chlorine generation systems for use with swimming pools and spas. The mark was registered on November 3, 2009, and, under 15 U.S.C. § 1065, is incontestable.

25.    Hayward also owns the federally-registered mark TURBO CELL®, Reg. No. 3,156,434, claiming use in commerce since 1999 in connection with "electrolytic chlorine generators for use with swimming pools and spas." The mark was registered on October 17, 2006, and, under 15 U.S.C. § 1065, is incontestable.

26.    Hayward likewise owns the federally-registered mark GOLDLINE®, Reg. No. 5,726,797, claiming use in commerce since 2004 in connection with "salt and chlorine generators for use in swimming pools, spas, hot tubs, whirlpools, and other recreational bodies of water." The mark was registered on April 16, 2019.

27.    In addition to the above marks, Hayward also owns the federally-registered mark SWIMPURE®, Reg. No. 5,932,470, claiming use in commerce since 2006 in connection with electronic chlorine generators and parts and fittings therefor that produce chlorine from salt for use in swimming pools and other recreational bodies of water. The mark was registered on December 10, 2019.

28.    Hayward also owns and uses the common law trademark T-CELL™ to designate and further identify the source of its salt cells and its T-CELL line. Hayward has used the T-CELL mark in connection with salt cells since at least the early 2000s.

29.    Hayward also owns the federally-registered mark T-CELL-3®, Reg. No. 6,085,072, claiming use in commerce since 2009 in connection with electronic chlorine generators for use with swimming pools and spas. The mark was registered on June 23, 2020.

11

30.     Likewise, Hayward owns the federally-registered mark T-CELL-9®, Reg. No. 6,085,074, claiming use in commerce since 2009 in connection with electronic chlorine generators for use with swimming pools and spas.  The mark was registered on June 23, 2020.

31.     Hayward also owns the federally-registered mark T-CELL-15®, Reg. No. 6,085,079, claiming use in commerce since 2009 in connection with electronic chlorine generators for use with swimming pools and spas.  The mark was registered on June 23, 2020.

32.     Additionally, Hayward owns the federally-registered mark PRO LOGIC®, Reg. No. 3,538,131, claiming use in commerce since 2007 in connection with multi-purpose controller for residential swimming pools and spas for controlling water chlorination, filter pump timing and temperatures.  The mark was registered on November 25, 2008.

33.     Copies of the registration certificates for the above-referenced trademarks are collected in **Exhibit A**.  As noted above, many of these registered marks have been used continuously in commerce for more than five years without challenge.  Thus, these marks have become "incontestable" within the meaning of 15 U.S.C. §1065.  Accordingly, they constitute conclusive evidence of (i) Hayward's ownership of these marks; (ii) the validity of these marks; (iii) the validity of the registration of these marks; and (iv) Hayward's exclusive right to use these marks throughout the United States in connection with pool products, namely chlorine generator systems.

34.     Hayward also owns and uses the common law rights to Blue Essence™, used to further identify and designate salt chlorine generators and other pool related equipment.

35.     In addition, Hayward owns and uses the common law rights to AQUA RITE XL™, AQUA LOGIC™, and AQUA RITE PRO™, used to identify and designate electrolytic chlorine generation systems for use with swimming pools and spas.

36.     Hayward has continuously used most of the above-referenced marks (the "Hayward Marks") on and in connection with electrolytic chlorine generators and salt cells for at least the past 20 years and, in some cases, even longer.  Over the years, Hayward has invested millions of dollars in the development, engineering, manufacturing, marketing, advertising, and sale of these products bearing the Hayward Marks.[1]

37.     By virtue of Hayward's continuous use of the Hayward Marks on and in connection with its salt cells and chlorine generation systems, by virtue of Hayward's efforts and money spent marketing and promoting these salt cells, and by virtue of the high quality of the products, consumers have come to identify the Hayward Marks with Hayward's high quality pool products, chlorine generation systems and accompanying salt cells, which have generated substantial goodwill in these marks and associated products.

38.     Indeed, as a result of that goodwill, the chlorine generation systems and salt cells bearing the Hayward Marks command a premium price in the market.  Hayward has sold over one million chlorine generation systems and salt cells combined over the years.

39.     Given the strong commercial success of the HAYWARD® line of products, Defendants have chosen to counterfeit them and to unfairly trade on Hayward's popularity and goodwill.  In particular, Defendants advertise and sell products bearing one or more of the Hayward Marks in connection with its replacement salt cells by luring consumers with, for example, advertisements for "HAYWARD T-CELL" salt cells.  Defendants also falsely

---

[1] Some of Hayward's marks, such as GOLDLINE in particular, were first used by a predecessor in interest to Hayward. Accordingly, the allegations in this complaint concerning Hayward's long and continuous prior use and ownership of, and investment in, the marks shall include, to the extent applicable, the relevant use and ownership of, and investment in, the given mark by the relevant predecessor in interest.

13

advertise that their own brand and generic cells are comparable to, or compatible with, the Hayward salt cells.

    **C.**    **The Market for Replacement Salt Cells**

40.    Hayward advertises and sells chlorine generation systems, including salt cells, bearing one or more the Hayward Marks through various distribution channels, including through local and national pool equipment distributors and retailers (both brick-and-mortar and on-line) and specifically through its authorized retailers.

41.    But because salt cells need to be replaced periodically, a market for replacement salt cells has arisen. Hayward sells the majority of its salt cells as replacements to be used in its chlorine generation systems.

42.    Defendants compete directly with Hayward in this market for replacement salt cells. Defendants advertise and sell lower priced infringing and counterfeit Hayward salt cell replacements while profiting from Hayward's built up and extensive reputation and goodwill.

43.    But as alleged in full below, Defendants also compete unfairly by falsely advertising or passing off their replacement salt cells as HAYWARD® replacement cells, particularly as T-CELL-15 salt cells, by infringing Hayward's trademarks, by counterfeiting, and by improperly trading on Hayward's brand and source recognition and goodwill.

    **D.**    **Defendants' Unlawful Conduct**

        **1.**    **Amazon.com**

44.    Amazon operates the world's largest online retailer, which consumers can browse by visiting www.amazon.com. Through the Amazon site, one can search for a particular company or product by entering a query using keywords. Amazon then generates a results list

14

based upon the keywords.  Amazon's search results list includes links to products, ordered in descending relevance to the keywords entered, as seen below.

45.     Defendants falsely advertise and improperly pass off their generic salt chlorine generators as genuine HAYWARD® T-CELL-15® salt cells.  For example, as seen in the screen shots below (annotated), when a consumer searches on Amazon.com for "Hayward T-Cell-15," "Hayward Aquarite Tcell15," or variations thereof, he or she is instead directed to Defendants' salt cells, which in all respects appears to be a Hayward T-CELL-15 salt cell.



https://www.amazon.com/s?k=Hayward+aquarite+tcell15&ref=nb_sb_noss (accessed May 7, 2020).



https://www.amazon.com/s?k=hayward+t-cell-15&ref=nb_sb_noss_2 (accessed July 28, 2020).

46.     The results screen also includes context-based advertising, triggered by the keywords entered.  Through Amazon, a retailer could select and buy keywords that it may expect a consumer might enter when looking for products.  When those keywords are entered, the retailer's advertisement appears in the search results.  Amazon also sends recommendations to that user.  A few relevant examples are shown below:



Hello Steven,

We found something we think you might like.

BLUE WORKS BLT15-Clear Cell
Compatible with Hayward Goldline...

$359.00

**Shop now**



BLUE WORKS W1 T15 Turbo Salt Cell with
a Cleaning Stand Combo...

$339.27

**Shop now**



BLUE WORKS BLT15-White Cell
Compatible with Hayward Goldline...

$349.00

Shop now

Defendants intentionally use the Hayward Marks prominently in their headlines and product descriptions and uses confusingly similar marks to manipulate search results, recommendations, and ultimately to confuse consumers, as described in more detail below. On information and belief, Defendants purchase from Amazon keywords that are based on the Hayward Marks to improve their chances of appearing in searches for Hayward salt cells.

47. In another example, searches on Amazon generate ads for a "Turbo Cell" salt cell. TURBO CELL® is one of Hayward's registered marks. But as seen below, the "Turbo Cell" salt cell is a Blueworks product, not a genuine Hayward TURBO CELL salt cell.



BLUE WORKS W1 T15 Turbo Cell
Compatible with Hayward Goldline...

$327.95

Shop now

18

48.     On information and belief, Ningbo manufactures these salt cells and supplies them to Blueworks and, given their common ownership and management, is aware of how the products are advertised and marked or is directing Blueworks in the false advertising and infringement.

49.     Defendants' use of the Hayward Marks to lure current and potential Hayward customers into visiting the Blueworks T-Cell-15 ads and into mistakenly purchasing one, thinking it is a genuine HAYWARD® T-CELL-15® replacement salt cell or one that is endorsed by Hayward, creates not only initial interest confusion but also direct confusion among consumers.

50.     Once a consumer selects the ad from the search results (as in the first screen shot above), the consumer is directed to following page:



As seen above, the ad uses the mark "T-15-Cell," which is intentionally and confusingly similar to Hayward's T-Cell-15® mark. The ad also uses without authority or permission other Hayward Marks such as Hayward®, Goldline®, Aqua Rite®, Pro Logic®, and Swim Pure®.

51.     Because Defendants' salt cells appear prominently in the search for Hayward salt cells, consumers are more likely to confuse them for genuine Hayward salt cells or, at least, products that are somehow authorized or sponsored by or affiliated with, Hayward.  That false

association is particularly likely given that Blueworks deceptively and confusingly advertises the salt cells as "compatible" with, for example, "Hayward Goldline AquaRite Systems," as seen above, or, as seen below, with various other Hayward brands, like "SwimPure."

52.     Defendants are falsely and misleadingly suggesting to consumers that the product is a genuine Hayward product, or because the product is supposedly "compatible with" the Hayward system, is somehow authorized or sponsored by Hayward.  Consumers will mistakenly believe that these salt cells originate from, are affiliated with, and/or are sponsored, authorized, or approved by Hayward, thus causing the likelihood of confusion in the marketplace.

53.     Furthermore, this advertisement also includes false statements that these supposed Hayward products include a "2 Full years warranty," which adds to the confusion.  Consumers who purchase this product are thus likely to be confused and to contact Hayward when they have a problem with the salt cells.  But because the product is not a Hayward product and thus not under the Hayward warranty, the dissatisfied customers will hold that against Hayward and are likely to complain on Yelp.com or other consumer ratings social media sites. Such confusion will harm Hayward's goodwill and reputation among Hayward's current and prospective customers and thus tarnish its brand.

54.     As seen in the screen shot below, Defendants emphasize this false association with Hayward by using, without permission, images of Hayward's AQUA RITE® salt chlorine generation system and a Hayward T-CELL-15® salt cell.  Defendants also state that the salt cell is a "direct replacement for Hayward T-Cell-15," further suggesting, falsely, an affiliation with, or endorsement by, Hayward. To wit:



55.     Defendants even call their own salt cells T-15 or T-15-Cell (and/or T-3, etc.) which is deceptively and confusingly similar to Hayward's T-Cell-15® trademark and the other T-CELL formative marks.

56.     Hayward ordered two of the above salt cells from the www.amazon.com website. Photographs of the purchased products and packaging are shown below.  Also shown below is a "User Guide" included in the box with the salt cells.  As seen on the packaging, labels on the salt

cells, and in the "User Guide, the salt cells are labeled, or referred to as, T-Cell, T-Cell-15, or confusingly similar variations thereof, such as T-15-Cell, T15, and BLT15.





**Cautions:**

Please note, the total working hours for the T-Cell should be less than 8 hours total per day. If you are using a variable speed pump for 24 hours a day be sure to adjust the chlorine output to 25-30%. If the pump is only running 10 hours per day adjust the chlorine output between 60-80%.

You can use this calculation to calculate the appropriate chlorine output for your pool, suggest at 6 hours per day.
Pump running 24(Hours a day)*25%(Chlorine Output)=6hr (cell run time per day at 25%).
Pump running 20(Hours a day)*30%(Chlorine Output)=6hr (cell run time per day at 30%).
Pump running 15(Hours a day)*40%(Chlorine Output)=6hr (cell run time per day at 40%).
Pump running 12(Hours a day)*50%(Chlorine Output)=6hr (cell run time per day at 50%).
Pump running 8(Hours a day)*75%(Chlorine Output)=6hr (cell run time per day at 75%).

Start the VS pump on a low speed and kick the speed up until the salt system works.

Congratulations on your purchase of a new T Series Replacement Cell! Our cells are designed to meet or exceed original specifications, for optimal performance and reliability.
T-Cell-3 and T-Cell-9 require software r1.5 for AquaRite or 4.2 for AquaLogic or newer to be compatible. These revisions started in 2009, meant for use in Hayward Goldline AquaRite, Aqua Logic and Pro Logic salt systems.
T-Cell-15 requires software r1.50 for AquaRite or 4.2 for AquaLogic or newer to be compatible. These revisions started in 2009, meant for use in Hayward Goldline AquaRite, AquaLogic, Pro Logic, SwimPure, Mineral Springs.

## Installation & Operation

- IMPORTANT: Always make sure the input power is completely disconnected and all pool equipment is shut off before attempting any service procedures. All service should be performed by a qualified professional.

- Remove the old Cell from the plumbing by loosening the threaded collars on both ends of the Cell. Disconnect the Cell Cord from the control panel.

- Inspect the O-Rings on the plumbing unions. If damaged or worn, replace before installing the new Cell.

- Position the new T series Replacement Cell between the plumbing unions. Tighten the two threaded collars by hand for a water-tight seal, do not over-tighten. Plug the Cell Cord into the control panel.

- Once power is restored to the control panel (concurrently with the pump and filter), the system can now be operated as instructed in the original manufacturer's product manual.

## Sale terms

TERMS OF SALE: If, after receiving this item you discover that it was not the one you wanted, simply return it for a full refund within 30 days. You will have to pay for the return shipping charges. Refund is void if you have installed, used or damaged the item in any way. Item must be returned with its original box, packing materials and instructions (if applicable) in the same perfect new condition. Cleared Payment via PayPal must be received within 3 days of transaction and prior to shipping.

## Maintenance

The T-Series Replacement Cell operates in the same way as your original Cell. As with your prior system, it may occasionally be necessary to remove the mineral deposits which can form inside. Cleaning frequency is entirely dependent on your pool's water chemistry, which depending on environment and chemicals added, can change to become more or less scale forming. Follow the cleaning instructions in the original manufacturer's product manual.

## Warranty

**T series Replacement Cells** carry the following Limited Warranty should failure occur due to faulty manufacture or materials, during normal use and service. For residential use, we warrants to the original purchaser that the equipment shall be free of manufacturer's defects at the time of sale, and upon examination shall provide replacement parts in accordance with the following schedule:

2 Year Warranty - 1 Full+1 Pro-rate
5 Year Warranty - 2 Full+3 Pro-rate
7 Year Warranty - 2 Full+5 Pro-rate

57. Despite what the labels, packaging, and User Guide show, these salt cells are not T-Cell-15 salt cells and are not made or authorized by Hayward. The advertisements and the labels on the box suggest to consumers that Hayward has provided a warranty with the product, particular given that the product is prominently identified as a T-Cell-15, T-15-Cell, and T15.

58. The title of the manual is called "T-Series Replacement Cell" and the first line of the manual calls the product a "T-Cell." This is not only false, but it is misleading and confusingly suggests to consumers that this product is a genuine Hayward product or product approved by Hayward for use with Hayward's chlorination systems.

59. The manual also refers to the salt cells as T-Cell-3, T-Cell-9, T-Cell-15, and by other Hayward Marks and provides the information for the type of Hayward software and equipment needed to use the product. For example:

> T-Cell-3 and T-Cell-9 require software r1.5 for AquaRite or 4.2 for AquaLogic or newer to be compatible. These revisions started in 2009, meant for use in Hayward Goldline AquaRite, AquaLogic and Pro Logic salt systems. T-Cell-15 requires software r1.50 for AquaRite or 4.2 for AquaLogic or newer to be compatible. These revisions started in 2009, meant for use in Hayward Goldline, AquaRite, AquaLogic, Pro Logic, Swim Pure.

This passage makes it seem as if the products are actual Hayward products or, at least, have some connection to, or affiliation with, Hayward. Moreover, Defendants' salt cells are not compatible with Hayward's products. Defendants are unfairly trading on Hayward's good-will and passing off their salt cells as genuine HAYWARD T-Cell™ products.

60. Moreover, the User Guides claims that the product is a "new T Series Replacement Cell" and that the cell was "designed to meet or exceed original specifications," and "operates in the same way as your original cell," and "we warrant to the original purchaser that the equipment shall be free of manufacturer's defects." These are false or misleading

statements. Defendants further suggest affiliation with Hayward in their manual, which includes a statement under the "maintenance" section that states, "Follow the cleaning instructions in the <u>original manufacturer's</u> product manual" (emphasis added). That original manufacturer is, of course, Hayward. Thus, Defendants are trying to suggest endorsement by or association with Hayward.

61.     As noted above, Defendants are not authorized sellers of Hayward products. Defendants are using bait-and-switch advertising and other confusion alleged above, and, given the content of the User Guide and packaging, consumers are likely to believe that the product is a genuine Hayward T-Cell-15 or affiliated with Hayward. Consumers may look to Hayward to honor the warranty. As noted, this is not a Hayward product and Hayward does not warrant other manufacturer's products. Therefore, Hayward would suffer from unwanted consumer dissatisfaction, thus tarnishing its brand.

## 2.     Blueworkspool.com

62.     In addition to the above examples, Defendants also sell supposed replacement salt cells on their website www.blueworkspool.com. But these salt cells are not replacements for Hayward products, and Hayward has not authorized or sponsored these products. For example, Defendants call their product a "T-Cell-15" and then claim that the product is a "compatible replacement for Hayward® Goldline AquaRite Systems."


**BLT15 BLUE WORKS® T-Cell-15**
compatible replacement for Hayward®
Goldline AquaRite Systems



**Description**

T-Cells and generic equivalents like this cell require software revision 1.5 for AquaRite or 4.2 for AquaLogic or newer to be compatible. These revisions started in 2009.

Same cell supplier as the original.

For pool size 115 to 150 m²/40,000 gallon/150,000 ltrs

BLT-15 Compatible With T-CELL-15

Manual Download

CONTACT US TO SEND A QUOTE

🐦 Tweet    👍 Like    Sign Up to see what your friends like.

https://www.blueworkspool.com/hayward-replacement-cells/item/59-blt15 (accessed July 29, 2020).

63.     As shown above, Defendants falsely and improperly advertise this product as a T-CELL-15®.  Hayward has not given permission to Defendants to use its T-Cell-15® or any other Hayward Mark, and Hayward is not affiliated with either of Defendants.

64.     Defendants also use "BLT-15" in association with these salt cells (e.g., in the product headlines).  This use is intentional and confusingly similar to Hayward's T-Cell-15® mark. The ad also uses without authority or permission other Hayward Marks such as "Hayward® Goldline, AquaRite."

65.     Defendants even use the registration symbol ("®") with "HAYWARD" to deceptively suggest further affiliation with Hayward.  But Defendants are neither affiliated with nor sponsored or certified by Hayward, and Hayward has not given permission to Defendants to use the Hayward Marks.

66. The representative ad above also falsely claims that the salt cell is "compatible replacement Hayward Goldline AquaRite Systems" and in the description "compatible with T-Cell-15."

67. Consumers will mistakenly believe that Defendants' salt cells originate from, are affiliated with, and/or sponsored, authorized or approved by Hayward, which they are not. Defendants are capitalizing on Hayward's goodwill, and Hayward continues to be harmed by Defendants' improper conduct.

68. In addition, upon selecting the link in the above ad for the "Manual Download," a consumer is directed to the "User Guide' that contains additional false and misleading statements. An annotated version of the User Guide is below:

*BLT series Replacement Cell*
# User Guide

Congratulations on your purchase of a new BLT series Replacement Cell! Cells were designed to meet or exceed original specifications, for optimal performance and reliability. BLBLT series and generic equivalents like this cell require software revision 1.5 for AquaRite or 4.2 for AquaLogic or newer to be compatible. These revisions started in 2009. It is the perfect replacement for Hayward Goldline Aqua Rite, AquaLogic, Pro Logic, SwimPure, Mineral Springs, NatureSoft, AquaPlus, LeverEdge Guardian, Blue Essence, H40 systems and more.

## Installation & Operation

- IMPORTANT: Always make sure the input power is completely disconnected and all pool equipment is shut off before attempting any service procedures. All service should be performed by a qualified professional.
- Remove the old Cell from the plumbing by loosening the threaded collars on both ends of the Cell. Disconnect the Cell Cord from the control panel.
- Inspect the O-Rings on the plumbing unions. If damaged or worn, replace before installing the new Cell.
- Position the new BLT series Replacement Cell between the plumbing unions. Tighten the two threaded collars by hand for a water-tight seal, do not over-tighten. Plug the Cell Cord into the control panel.
- Once power is restored to the control panel (concurrently with the pump and filter), the system can now be operated as instructed in the original manufacturer's product manual.

## Sale terms

TERMS OF SALE: If, after receiving this item you discover that it was not the one you wanted, simply return it for a full refund within 30 days. You will have to pay for the return shipping charges. Refund is void if you have installed, used or damaged the item in any way. Item must be returned with its original box, packing materials and instructions (if applicable) in the same perfect brand new condition. Cleared Payment via PayPal must be received within 3 days of transaction and prior to shipping.

## Maintenance

The BLT series Replacement Cell operates in the same way as your original Cell. As with your prior system, it may occasionally be necessary to remove the mineral deposits which can form inside. Cleaning frequency is entirely dependent on your pool's water chemistry, which depending on environment and chemicals added, can change to become more or less scale forming. Follow the cleaning instructions in the original manufacturer's product manual.

## Warranty

BLT series Replacement Cells carry the following Limited Warranty should failure occur due to faulty manufacture or materials, during normal use and service. For residential use, we warrants to the original purchaser that the equipment shall be free of manufacturer's defects at the time of sale, and upon examination shall provide replacement parts in accordance with the following schedule:
5 Year Wrranty - 2 Full+3 Pro-rate

These statements, such as, "meets or exceed all original specifications," "a perfect replacement for Hayward Goldline, Aqua Rite, Swim Pure . . . Blue Essence," "operates in the same way as your original Cell," and "5 year warranty" are not only false, but falsely and misleadingly suggest to consumers that the products are comparable to or compatible with Hayward. Hayward has not authorized, sponsored, nor approved these products and has certainly not authorized the use of the Hayward Marks in connection with any of Defendants' products.

29

69.     Additionally, when a consumer searches for "Hayward" or "generic hayward" on the blueworkspool.com website, these search results appear:



https://www.blueworkspool.com/search?searchword=generic%20hayward&searchphrase=all (accessed August 2, 2020).

As seen above, in the search results, Defendants are advertising and selling "Generic Hayward" products. Hayward does not manufacture, advertise or sell any generic products.

70. Once a consumer selects from some of the searches results above, the website directs the consumer to a Blueworks product, not a Hayward product. As some representative examples, Defendants advertise and sell "Generic Hayward Goldline" T-CELL products. To wit:



https://www.blueworkspool.com/component/j2store/products/view/20:hayward-t15-cell
(accessed July 29, 2020)



https://www.blueworkspool.com/component/j2store/products/view/19:hayward-t9-cell  (accessed July 29, 2020)

31







**GENERIC HAYWARD GOLDLINE 15K T-CELL-3 AQUARITE REPLACEMENT CELL**

~~$293.00~~      SKU : blt-3

**$193.00**      *CELL:

34 % off

-- Select --

*WARRANTY:

-- Select --

1   Add To Cart

https://www.blueworkspool.com/component/j2store/products/view/7:hayward-t3-cell (accessed July 29, 2020)

71.     These above ads suggest, falsely, deceptively, and confusingly that the salt cells are genuine Hayward products that may be generic to (*i.e.*, fit with) other pool systems. Nevertheless, the ad is completely void of any mention or indication of the fact that it is a Blueworks product, not Hayward. These ads promote four of the Hayward Marks in the headline and do not state that this is a "Blueworks" product anywhere in the headline or product description. Consumers are more likely to confuse it for an actual or genuine Hayward product. Second, there is no such thing as a generic Hayward product. It is confusing to a consumer or potential consumer and suggests that Hayward is affiliated with the product or has authorized Blueworks to sell it. There is no reason to use the Hayward name other than for the purposes of confusion and to pass off on Hayward's good reputation.

72.     These advertisements prominently display and use the Hayward Marks on various sections of the website and advertisements to pass off Blueworks' own generic salt cells as

genuine HAYWARD® branded salt cells or salt cells that are somehow affiliated with, or authorized by Hayward.

73. Adding to the likelihood of confusion, and as seen in the example below, the ads for the Blueworks salt cells also claim, falsely or misleadingly, that they are "Same cell supplier as the original." Given that this statement comes immediately after a statement that the product "is compatible with Hayward T-CELL-15" and other Hayward products, a consumer is likely to believe that the product comes from the same source as the "original," that is, the Hayward product to which the Blueworks product is supposedly comparable. But the product does not originate from Hayward.



https://www.blueworkspool.com/blueworks-blsg-salt-cell-product/ (accessed November 20, 2020).

74. These advertisements on Blueworks' website, particularly in the headline of the website, the reference in the warranty to the Hayward Marks, false statements, false association, and the title of the advertisements, suggests to consumers that Hayward has authorized or sponsored the products, or that Blueworks is somehow affiliated with Hayward.

### 3. Lemonpoolsupply.com

75. Moreover, Defendants also sell supposed replacement salt cells on their website www.lemonpoolsupply.com, which appears to be another storefront for Blueworks. But these salt cells are not replacements for Hayward products, and Hayward has not authorized or sponsored these products.

76. Not only do Defendants sell infringing Blueworks products, but they also sell infringing Lemonpool salt cells. In fact, as seen below, Lemonpool calls the product a "T-Cell-15" and includes the "TM" trademark symbol.



34

| DESCRIPTION | Description |
| --- | --- |
| ADDITIONAL INFORMATION | **FEATURES** |
| REVIEWS (1) | -Titanium cell plates made by USA manufaturer extend the lifespan of the Salt Cell.<br>-Direct replacement for Hayward® Aquarite T-Cell-15™ Salt Cell<br>-Clear cell housing – View chlorine production and check for scale build up anytime.<br>-Our salt cell will automatically generate a renewing supply of chlorine for your pool giving you clean, safe, soft luxurious water for you to relax and enjoy!<br>-For the best chlorination, we recommend choosing the right size cell for your pool size.<br>-All items come with a product manual that include maintenance and warranty information.<br>-Cell requires software revision levels of r1.5-the current version in order to works with Aqua Rite® and 4.2 or newer for Aqua Logic® systems.these revisions started in 2009 (Press the diagnostic button 7 times to see your software version).<br>-Our Cell is compatible with Mineral Springs MS10/MS11®, Hayward SwimPure+® with controls, H-40®, and Goldline Controls AquaRite®, AquaRite Pro®, Aqua Rite XL®, Aqua Plus®, Aqua Logic®systems |

77.     These counterfeit T-Cell-15 salt cells are falsely advertised as T-Cell-15 and include the Hayward marks in the product title.  Defendants falsely state that the above salt cell is "a direct replacement for Hayward AquaRite T-Cell-15 salt cell."

78.     As noted in previous sections, Defendants uses the registration symbol ("®") with "AquaRite," "Hayward" and numerous other Hayward marks in the "Description – FEATURES" section to deceptively suggest further affiliation with Hayward.  Defendants even use the common law trademark symbol ("™") to denote an association with Hayward. But Defendants are neither affiliated with nor sponsored or certified by Hayward, and Hayward has not given permission to Defendants to use the Hayward Marks.

79.     Consumers have been actually confused by these false statements and advertisements, as described in Section 6 below.

### 4.     Alibaba.com

80.     In addition, Defendants are falsely advertising and falsely associating their salt cells with Hayward.  For example, when a consumer searches on Alibaba.com for "Hayward" he or she is directed to Defendants' replacement cells and chlorination systems that are deceptively

35

advertised as, for example, "NSF Replace to Hayward cell salt water chlorinator system pool."
To wit:



https://techflife.en.alibaba.com/search/product?SearchText=hayward (accessed August 28, 2020).

81. Once a consumer selects the advertisement (*e.g.*, "NSF Replace to Hayward cell salt water chlorinator system pool"), it leads them to the below ad by Blueworks.



https://techflife.en.alibaba.com/product/60286862974-218813591/Replace_to_Hayward_cells_salt_water_chlorinator_system_pool_electrolyzer.html?spm=a2700.icbuShop.41413.33.60295364wtI84C (accessed August 28, 2020).

This product is falsely advertised as an original Hayward product. As seen in the overview, the ad falsely states this product is a "Cell Original: Same As Hayward," and as "Cell Design:

Replace[ment] to Hayward." These products are not original, not the same, and do not originate from Hayward.

82.    Another example of Defendants' unsavory business tactics and infringing conduct on Alibaba.com is Defendants' "High quality healthy and safe salt chlorinator compatible to Hayward Aquarite T3/T9/T15 cell salt systems plate made by US manufacturer."



| CF Model | Chlorine Output | For Pool Size | Fit for Hayward Aquarite Model |
|----------|-----------------|---------------|-------------------------------|
| CFT20G-2 | 20Gram/hour | 20,000 gallon | T-3 |
| CFT30G-2 | 30Gram/hour | 30,000 gallon | T-9 |
| CFT40G-2 | 40Gram/hour | 40,000 gallon | T-15 |



**NINGBO C.F. T-15, T 9, T5, T3 Salt Cell-Compatible with Hayward Goldline ® salt systems Cell plates made in USA**



| Chlorine Output | For pool size | Compatible with Aquarite® |
|---|---|---|
| NINGBO C.F. CFT-C 15K Gallon | 60 to 75m3/20,000 gallon/75,000 ltrs | T-3 |
| NINGBO C.F. CFT-C 25K Gallon | 75 to 115m3/30,000 gallon/115,000 ltrs | T-9 |
| NINGBO C.F. CFT-C 40K Gallon | 115 to 150m3/40,000 gallon/150,000 ltrs | T-15 |

Company Information

## About US

1.Ningbo C.F Electronic Tech Co., LTD, the top manufacturer specialized in variable speed pumps, Pool alarms, pool lights, pool timers over 16 years, have 2 engineers in USA and Australia.

2.We have distributors in European and USA for over 12 years, each year we sold over 15,000 units.

3.Be the only one manufacturer that passed the ASTM pool test in U.S laboratory, we are proud to say, C.F Tech now is the leading manufacturer supplies chlorinator and pool alarm system in China.

4.We can offer variable speed pump in world top quality level with 2-5 years warranty and we OEM for American and European leading salt chlorinator companies.

## C.F Yearly Sale:

We sold over 25,000 units Cell Replacement of Hayward T-3/T-9/T-15. h

ttps://www.alibaba.com/product-detail/High-quality-healthy-and-safe-salt_62424497288.html?spm=a2700.galleryofferlist.normal_offer.d_title.1ffa2f9f5HrgbA (accessed November 11, 2020).

83.     Defendants are advertising Ningbo salt cells with the Hayward name and confusingly similar marks, such as T-15, T9, T5, and T3.  Defendants go as far as to advertise a T5, which could be confused with the T-Cell-15 trademark or with one of Hayward's other T-CELL formative marks.  Defendants have no other reason to use the Hayward marks and other confusingly similar marks other than to unfairly trade on Hayward's good reputation.

84.     Similar to the above ads, many of Defendants' advertisements also deceptively suggest association with Hayward by stating "Very important, here need call your attention, our chlorinator cell is the same as Hayward Aquarite[.]"



**3. About US**

Ningbo C.F Electronic Tech Co., LTD, located in Ningbo, Zhejiang Province,
we are the top manufacturer specialized in pool chlorinator over 15 years.
We have two engineers in USA and Australia.

Very important, here need call your attention, our chlorinator cell is the same as Hayward Aquarite, Zodiac and Pentair.

We are able to give 2-7 years warranty according to customer requirement.
Our cell life time range can be from 5000 hours, 8000 hours, 10,000 hours and up to 25,000 hours life time, in salinity water around 3000 PPM.

We have models for pool size 40 m3, 60m3, 80m3,  100m3, 120m3, 160m3, upto 200m3.

We have distributors in European and USA for over 11 years, each year we sold over 20,000 units.

We ensure you we are the only one in China 100% focus on salt chlorinator, and has own leading technology.

We have cell replacement to Hayward, Compupool, Autopilot, Davey, Zodiac and Pentair.

**4. Contact Information:**
Ningbo C.F Electronic Tech Co., Ltd
Tel:86574-88279212, Phone: 86-159-6803-3923

https://www.alibaba.com/product-detail/2019-Made-in-US-Swimming-
Pool_60557059709.html?spm=a2700.galleryofferlist.normal_offer.d_title.38ec12dejqJMSu
(accessed November 20, 2020).

85. Defendants' false advertising of these products as an original Hayward salt cell or Hayward replacement misleadingly suggests that the products originate from Hayward or that Hayward has sponsored or approved these products for use with its own systems. Further, Defendants' use of "OEM" (*i.e.*, original equipment manufacturer) in these ads misleadingly suggests to consumers that the products originate from the original manufacturer (Hayward) or from the same source as Hayward's products. But Hayward has not endorsed, authorized, manufactured, nor approved these products in any way.

86. Also as seen above, Defendants advertise these products as "NSF" certified. On information and belief, based on Hayward's review of the NSF certification website (at https://www.nsf.org/certified-products-systems) that is not true. Further, inclusion of "NSF" in the ads to the likelihood of confusion.

41

87. More specifically, Hayward employs a rigorous quality control process to ensure the high quality of its salt cells bearing the Hayward Marks. Indeed, an independent standards-setting organization, the National Sanitation Foundation ("NSF"), independently tests and certifies these salt cells.

88. In its advertising and marketing materials, Hayward emphasizes this high quality and independent, NSF certification of the salt cells bearing the Hayward Marks. An example of Hayward's advertising materials touting the NSF certification are shown below.

**Example:**



## TurboCells

# EXPERT LINE

Independently tested and proven by the National Sanitation Foundation (NSF), Genuine Hayward TurboCells have been reliably delivering chlorine to pools and spas for nearly two decades. The world's #1 salt chlorination cell produces soft, silky water that won't turn eyes red, and is the best value – saving pool owners 50% or more over conventional chlorine costs.

89. **Exhibit B,** TurboCells Expert Line sell sheet. Also available at www.hayward-pool.com/shop/en/pools/turbocells-i-cgturc.

90. Defendants are falsely claiming that their salt cells are approved by the NSF. The NSF is an American product testing, inspection, and certification organization. These products are manufactured in China and are directly or through intermediaries shipped to North Carolina to the Blueworks facilities to distribute or sell. These products are not subject to the NSF. Blueworks' is using these ads to capitalize on Hayward's good reputation.

91. As a result of the above-described acts, Defendants take advantage of, and harm Hayward's good-will and reputation. These acts cause injury to Hayward's reputation and

business interests.  Blueworks has chosen to unfairly trade on Hayward's popularity and good will.

### 5.    Techfilife.com

92.    Defendants also falsely advertise their products as Hayward products on their www.Techflife.com and https://tecflife.en.ecplaza.net/ retail websites and improperly pass off the salt cells as direct replacements for Hayward Aqua Rite® salt cells.  The ads for these salt cells prominently display and use the Hayward Mark throughout the product description to pass off Defendants' own salt cell as genuine HAYWARD® branded salt cells or salt cells that are somehow affiliated with, or authorized by, Hayward.  For example:



http://www.techflife.com/product/cft/ (accessed August 28, 2020).

93.    As seen in the annotated advertisement above, Defendants prominently display the Hayward Marks thirteen (13) times. By prominently displaying the Hayward Marks, this

advertisement suggests to consumers that Hayward has authorized or sponsored the product, or that Blueworks is somehow affiliated with Hayward.

94. Blueworks even uses the registration symbol with the Hayward Marks to suggest further affiliation with Hayward. However, Blueworks is not affiliated, sponsored, or certified by Hayward.

95. This advertisement above also represents that the salt cell is a "direct replacement for Hayward® Aquarite T-Cell-3 / T-Cell-9 / T-Cell-15" and that it is compatible with AquaRite®, Hayward SwimPure + with controls, Goldline Controls, AquaRite, AquaRite Pro, Aqua Rite XL and Pro Logic Systems." As detailed in the next section below, this statement of compatibility is false and/or misleading.

96. The advertisement of the product includes the Hayward Marks in every part of the advertisement. It is confusing to a consumer or potential consumer and suggests that Hayward is affiliated with the product or has authorized Blueworks to sell it. There is no reason to use the Hayward name other than for the purposes of confusion.

97. Although these salt cells are advertised as "CFT Replacement Cells", and the fact that these advertisements use the Hayward Marks, they actually are counterfeit salt cells sold by Defendants and trying to pass off as genuine or authorized HAYWARD® salt cells.

98. Even more troubling, Defendants advertise that Ningbo provides "OEM services for the USA leading pool chlorinator manufacturers." *See* https://tecflife.en.ecplaza.net/ (accessed August 28, 2020). To wit:



**Ningbo C.F Electronic Tech Co.,Ltd**

| Home | Products | Company Profile | Contact |

Ningbo C.F Electronic Tech Co., Ltd. was the first company to produce pool chlorinator (salt water chlorinator or salt water system) in China 8 years ago. Now we provide OEM services for the USA leading pool chlorinator manufacturers and also we are the only one company to gain ASTM certificate in China Mainland for pool alarm.

Our factory has focused on pool chlorinator (salt water chlorinator or salt water system or salt water system, chlorine generator) for over 8 years. Here we are very proud to say, after years' research and development, now we can offer great pool chlorinator with world top quality level and we are able to offer you chlorinator with 2-5 year warranty depending on your requirement.

We have 6 different designs of pool chlorinators, with total 24 models available for the USA , Europe, Australia and the Middle East with different features.

We have big range of pool chlorinator (salt water chlorinator or salt water system or salt water system, chlorine generator) for your choice.
Pool chlorintor for pool size 10-40m
Pool chlorintor for pool size 40-80m
Pool chlorintor for pool size 80-140m
Pool chlorintor for pool size 140-200

Self-cleaning, with 2-5 year warranty.

Our factory also produces the best pool alarms.

We produce solar copper ionizer. We provide OEM services for world leading ionizer companies.

For more details, please contact us.

Consumers will associate the above statement with Hayward, given that Hayward is a leading manufacturer of equipment for pools and related equipment as detailed above. In other words, the ad suggests that Ningbo, or both Defendants, make salt cells for Hayward. But Hayward is not associated or affiliated with Defendants and manufactures its own, high quality salt cells.

99.     Defendants infringe on the Hayward Marks by improperly using the Hayward Marks and falsely advertising, falsely associating, and passing off their own salt cells as genuine Hayward salt cells. Consequently, such conduct has and will continue to deprive Hayward of sales, good-will, and reputation, in addition to diminishing the value of Hayward's valuable intellectual rights. This deceptive conduct and unfair competition causes injury to Hayward's reputation.

45

**6.     Hayward Is Directly Harmed by Actual Consumer Confusion**

100.    Another harm to Hayward arising from Defendants' unlawful conduct is the number of customers dissatisfied with the infringing products. Because Defendants' products are falsely associated with Hayward, the negative reviews shown below reflect poorly on Hayward and its products and harms its goodwill.

101.    Negative consumer reviews from Amazon from as recently as March 2020 document Defendants' false advertisement of Hayward products.   Many of these consumer complaints state that Defendants' salt cells are not, in fact, compatible with the Hayward systems. These complaints further suggest that consumers have been actually confused as to the origin or source of the products, thinking that they were somehow Hayward-approved products.   As a representative example:



**7harvest**

⭐☆☆☆☆ **Cell doesn't work, bad customer service**
Reviewed in the United States on March 14, 2020
Color: White | Verified Purchase

I purchased this as a replacement to the hayward cell. It has not worked since the beginning. It doesn't read the salt level at all. I used amazon product support and they couldn't help me so they opened a ticket with blueworks for me. 1.5 weeks went by and never received a response. I opened a ticket myself - waited another week. Nothing. No response. I called and theyre only open M-F 9-4:30 very inconvenient for someone who works full time. Product doesn't work and extremely bad customer service.

5 people found this helpful

[ Helpful ] | ⌄ 1 comment | Report abuse

**B**

⭐☆☆☆☆ **DOESNT WORK NO PRODUCT SUPPORT WARRANTY NOT HONORED**
Reviewed in the United States on July 25, 2019
Color: White | Verified Purchase

This product simply doesn't work. I replaced my name brand turbo cell with it, with zero chlorine generated. I tried to register online for product support. They said they would get back to me within 24 hours, it's been 10 days. I've tried calling, and I get a voicemail saying to register for support online. It's pretty much a $328 scam.

4 people found this helpful

[ Helpful ] | ⌄ 1 comment | Report abuse

**scherezade**

⭐☆☆☆☆ **Cell does not work as advertised**
Reviewed in the United States on August 14, 2019
Color: White | Verified Purchase

Read all the reviews and ensured my system was identified (Hayward SwimPure Plus with version R1.59). Installed as replacement for original Hayward T-15 cell. System shows are generating but indicates to check cell . No chlorine generated at all and no readings on the Hayward console from the cell. Reset system several times and tried washing out (brand new and perfectly clean) replacement cell. No luck. I think these guys just sell this cell as a blanket replacement knowing that some of them won't work.

4 people found this helpful

[ Helpful ] | ⌄ 1 comment | Report abuse

**Amazon Customer**

⭐☆☆☆☆ **NOT COMPATIBLE WITH OLDER SYSTEMS**
Reviewed in the United States on August 13, 2019
Color: White | Verified Purchase

I purchased this salt cell based on the headline which reads "BLUE WORKS T-15-Cell Compatible with Hayward Goldline AquaRite Systems Up to 40,000 ...". Unfortunately, in the fine print it states that it is not compatible with hardware versions earlier than r1.5.

Installed the cell when it arrived only to find out that the incompatibility means that my saly reading is approximately 10% of the tested value. In other words ... useless!

2 people found this helpful

[ Helpful ] | ⌄ 1 comment | Report abuse

https://www.amazon.com/product-reviews/B07MZ1P4HH/ref=acr_dp_hist_1?ie=UTF8&filterByStar=one_star&reviewerType=all_reviews#reviews-filter-bar (accessed August 28, 2020).

 102. The mere association of the Hayward Marks with Defendants' products harms Hayward's brand and reputation. Defendants' conduct already has deceived U.S. consumers of Hayward products.

103.     Similarly, consumers are confusing these "supposed salt cells" as Hayward. For example, on the Lemonpoolsupply.com website, a customer claimed "Just purchased the T-Cell-15 Aquarite Replacement Cell for my Hayward chlorination."



http://www.lemonpoolsupply.com/shop/lpt15/ (accessed November 20, 2020).

48

104.    The consumer is confused, apparently believing that the salt cell is a Hayward product and does not mention that this is a "Lemon Pool" product.  It is clear this consumer thinks she purchased a Hayward product for her Hayward system. Defendants are unfairly competing and unfairly trading on Hayward's popularity and good will.

E.    **Defendants Ignored Hayward's Notices of Infringement**

105.    In letters dated May 12, 2020, (**Exhibit C**), and June 25, 2020, (**Exhibit D**), Hayward notified Blueworks about its conduct, including the conduct alleged above; demanded that Blueworks stop the false ads and infringement; and asked that Blueworks respond by certain deadlines.  Blueworks never responded, forcing Hayward to file this Complaint.

106.    Given the close relationship between Blueworks and Ningbo, including common management and ownership, Ningbo necessarily had notice of Hayward's allegations.

107.    Hayward also submitted several take-down notices on Amazon.com for trademark infringement in connection with Defendants' advertisements. The offending advertisements were removed by Amazon, but new infringing advertisements appeared on Amazon.com shortly thereafter.

108.    Ignoring Hayward's notices demonstrates Defendants' willfulness.

109.    Based on the foregoing, Hayward seeks relief against Defendants for federal and state trademark infringement, unfair competition, false association, false endorsement, false designation of origin, false advertising, and unfair and deceptive and business practices.

110.    Hayward will continue to be harmed and its consumers and potential consumers are being harmed unless the court enjoins Defendants from falsely advertising and participating in this unfair and deceptive business practices.

49

111.    Defendants continue to harm and risk further harm to Hayward's business, reputation and the goodwill in the Hayward Marks. Hayward will suffer irreparable harm unless the Court enjoins Defendants from further use of the Hayward Marks.

112.    To remedy the harm to Hayward arising from this unfair and deceptive conduct, Hayward is entitled not only to an award of substantial damages and treble damages under the Lanham Act and/or state law, but also a preliminary and permanent injunctions to force Blueworks to: (1) immediately cease using the Hayward Marks, and importing infringing products; (2) remove all existing false advertisings and associations; and (3) prevent Defendants from making false, misleading, statements about Hayward's products.

**COUNT I**
**False Advertising in Violation of**
**Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

113.    Hayward re-alleges and incorporates by reference Paragraphs 1-112 above as if fully set out herein.

114.    Hayward and Defendants compete in the market for replacement salt cells.

115.    In advertisements for salt cells that compete with Hayward's trademarked salt cells, Defendants advertise, offer for sale, and sell in interstate commerce certain products that are represented as a "direct replacement" for, or "compatible" with Hayward products; that "operates same as original cell," "meets and exceeds original specifications"; that is a "cell original: same as Hayward"; and is "NSF" certified, among other statements alleged above.

116.    These representations are materially false or misleading in that they are likely to influence consumers' purchasing decisions concerning replacement salt cells. Further, these representations falsely or misleadingly suggest to consumers that Hayward approves of or endorses Defendants' salt cells or that the salt cells all originate from the same source.

50

Defendants have also falsely held themselves out to be authorized by Hayward, when it is not the case. As a result, consumers have been diverted from buying the Hayward salt cells and instead have been deceptively lured into buying Defendants' salt cells.

117.    Consumers have been deceived and have complained of Defendants' conduct and its false endorsement, association, and designation of origin and continues to harm Hayward's brand and reputation.

118.    Defendants' statements have and will continue to deceive or confuse consumers and will continue to do so unless the conduct is enjoined.

119.    Defendants' conduct is willful, intentional, and deliberate and has injured Hayward and will continue to injure Hayward unless the conduct is enjoined.

120.    Defendants knew or should have known that the claims are false and/or misleading, particularly because Hayward has previously warned Defendants about such claims.

121.    Defendants false and deceptive advertising violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

122.    Hayward has been, and continues to be, damaged by Blueworks' false and deceptive advertising, including through (a) diversion of customers or potential customers for replacement HAYWARD® salt cells; and (b) diminishing of the goodwill in the Hayward Marks and in the HAYWARD® salt cells sold under the Hayward Marks.

123.    Hayward has no adequate remedy at law to fully redress these injuries.

## COUNT II
### Federal Trademark Infringement of the HAYWARD® Mark
### in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

124.    Hayward re-alleges and incorporates by reference Paragraphs 1-123 above as if fully set out herein.

51

125.    Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the HAYWARD® registered mark is *prima facie* evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

126.    Hayward's federal trademark registration constitutes constructive notice to Defendants of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

127.    Hayward's exclusive rights in the HAYWARD® mark (and, indeed, in each of the Hayward Marks) predate any rights Defendants could establish in and to any mark that consists of Hayward or any Hayward Marks in whole and/or in part.

128.    Defendants' unauthorized use of the HAYWARD® mark, as exemplified above (*e.g.*, on or in connection with the sale and promotion of the "direct replacement" HAYWARD® salt cells and chlorination systems), is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Defendants' salt cells.

129.    The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

130.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Moreover, Defendants' misconduct is causing consumer confusion, mistake, and deception as to whether Defendants' products are affiliated with, connected to, or sponsored by Hayward. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

131. Based on Hayward's longstanding and continuous use of HAYWARD® in United States commerce, Defendants had actual and constructive knowledge of Hayward's superior rights in the Hayward Marks as part of its bad-faith scheme to confuse and deceive consumers, as alleged, herein.

132. Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

133. By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill. The damage suffered by Hayward is exacerbated and demonstrated by the overwhelming amount of dissatisfied consumers.

### COUNT III
### Federal Trademark Infringement of the AQUA RITE® Mark
### in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

134. Hayward re-alleges and incorporates by reference Paragraphs 1-133 above as if fully set out herein.

135. Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the AQUA RITE® registered mark is *prima facie* evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

136. Hayward's federal trademark registration constitutes constructive notice to Defendants' of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

137. Hayward's exclusive rights in AQUA RITE® predate any rights Defendants could establish in and to any mark that consists of AQUA RITE® in whole and/or in part.

53

138.    Defendants' unauthorized use of the AQUA RITE® mark, as exemplified above (*e.g.*, on or in connection with the sale and promotion of the "direct replacement" salt cells for the HAYWARD® AQUA RITE® systems), is likely to cause and has caused consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Defendants' salt cells.

139.    The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

140.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

141.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

142.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT IV
### Federal Trademark Infringement of the GOLDLINE® Mark
### in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

143.    Hayward re-alleges and incorporates by reference Paragraphs 1-142 above as if fully set out herein.

144.    Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the GOLDLINE® registered mark is *prima facie* evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

54

145.    Hayward's federal trademark registration constitutes constructive notice to Defendants of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

146.    Defendants' unauthorized use of the GOLDLINE® mark, as exemplified above (*e.g.*, on or in connection with the sale and promotion of a "direct replacement" salt cells for the HAYWARD® GOLDLINE® systems), is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Defendants' salt cells.

147.    The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

148.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

149.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

150.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**COUNT V**
**Federal Trademark Infringement of the SWIMPURE® Mark**
**in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

151.    Hayward re-alleges and incorporates by reference Paragraphs 1-150 above as if fully set out herein.

152.    Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the SWIMPURE® registered mark is *prima facie* evidence of the validity of that registration,

Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

153.    Hayward's federal trademark registration constitutes constructive notice to Defendants of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

154.    Defendants' unauthorized use of the SWIMPURE® mark, as exemplified above (*e.g.*, on or in connection with the sale and promotion of the "direct replacement" for HAYWARD® SWIMPURE® electronic chlorine generators, systems, and the salt cells), is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Defendants' salt cells.

155.    The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

156.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

157.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

158.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**COUNT VI**
**Federal Trademark Infringement of the TURBO CELL® Mark**
**in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

159.    Hayward re-alleges and incorporates by reference Paragraphs 1-158 above as if fully set out herein.

160.     Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the TURBO CELL® registered mark is *prima facie* evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

161.     Hayward's federal trademark registration constitutes constructive notice to Defendants of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

162.     Defendants' unauthorized use of the TURBO CELL® mark, as exemplified above, is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Blueworks' salt cells.

163.     The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

164.     Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

165.     Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

166.     By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

### COUNT VII
### Federal Trademark Infringement of the T-CELL-3® Mark
### in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

167.     Hayward re-alleges and incorporates by reference Paragraphs 1-166 above as if fully set out herein.

168.    Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the T-CELL-3® registered mark is *prima facie* evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

169.    Hayward's federal trademark registration constitutes constructive notice to Defendants of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

170.    Defendants' unauthorized use of the T-CELL-3® mark, as exemplified above, is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Defendants' salt cells.

171.    The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

172.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

173.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

174.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT VIII
### Federal Trademark Infringement of the T-CELL-9® Mark
### in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

175.    Hayward re-alleges and incorporates by reference Paragraphs 1-174 above as if fully set out herein.

176.    Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the T-CELL-9® registered mark is *prima facie* evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

177.    Hayward's federal trademark registration constitutes constructive notice to Defendants of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

178.    Defendants' unauthorized use of the T-CELL-9® mark, as exemplified above, is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Defendants' salt cells.

179.    The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

180.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

181.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

182.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**COUNT IX**
**Federal Trademark Infringement of the T-CELL-15® Mark**
**in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

183.    Hayward re-alleges and incorporates by reference Paragraphs 1-182 above as if fully set out herein.

184.    Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the T-CELL-15® registered mark is *prima facie* evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

185.    Hayward's federal trademark registration constitutes constructive notice to Defendants of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

186.    Defendants' unauthorized use of the T-CELL-15® mark, as exemplified above, is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Defendants' salt cells.

187.    The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

188.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

189.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

190.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

### COUNT X
### Federal Trademark Infringement of the PRO LOGIC® Mark
### in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

191.    Hayward re-alleges and incorporates by reference Paragraphs 1-190 above as if fully set out herein.

60

192. Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the PRO LOGIC® registered mark is *prima facie* evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

193. Hayward's federal trademark registration constitutes constructive notice to Defendants of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

194. Defendants' unauthorized use of the PRO LOGIC® mark, as exemplified above, is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Defendants' salt cells and chlorination systems.

195. The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

196. Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

197. Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights. By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT XI
## Federal Trademark Counterfeiting
## in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114

198. Hayward re-alleges and incorporates by reference Paragraphs 1-197 above as if fully set out herein.

199.   Hayward sells in interstate commerce salt cells bearing the HAYWARD®, AQUA RITE®, GOLDLINE®, SWIMPURE®, TURBO CELL®, PRO LOGIC®, T-CELL-3®, T-CELL-9®, and T-CELL-15® federally registered marks.  Genuine HAYWARD® salt cells, including those also bearing the GOLDLINE® AQUA RITE®, GOLDLINE®, SWIMPURE®, PRO LOGIC®, TURBO CELL®, T-CELL-3®, T-CELL-9®, and T-CELL-15® registered marks, are expertly designed and manufactured under exacting requirements and are subjected to rigorous testing and certification by an independent standards-setting organization, such as the National Sanitation Foundation (NSF).  Given the high quality of these genuine HAYWARD® salt cells, and based on continuous use of the marks over many years, the HAYWARD®, AQUA RITE®, SWIMPURE®, GOLDLINE®, PRO LOGIC®, TURBO CELL®, T-CELL-3®, T-CELL-9®, T-CELL-15® registered marks allowed have come to stand for high quality products and have developed substantial goodwill.  Consumers associate that high quality, reputation, and goodwill with a unique source, namely, Hayward.

200.   Without authorization, but with both constructive and actual knowledge of Hayward's superior rights in the HAYWARD®, GOLDLINE®, AQUA RITE®, SWIMPURE® , TURBO CELL®, PRO LOGIC®, T-CELL-3®, T-CELL-9®, and T-CELL-15® marks, Defendants are advertising, offering for sale, and selling in interstate commerce counterfeit salt cells bearing and promoted with the HAYWARD®, GOLDLINE®, AQUA RITE®, SWIMPURE®, PRO LOGIC®,  TURBO CELL®, T-CELL-3®, T-CELL-9®, and T-CELL-15® marks or marks that are confusingly similar.  Defendants sell their counterfeit salt cells in direct competition with Hayward's sale of genuine Hayward salt cells.

201.   Defendants' use of copies or simulations of the HAYWARD®, GOLDLINE®, AQUA RITE®, PRO LOGIC®, SWIMPURE®, TURBO CELL®, T-CELL-3®, T-CELL-9®,

62

and/or T-CELL-15® marks on or in connection with its salt cells is likely to cause confusion, mistake, or deception as to the source or origin of the salt cells, thus deceiving consumers into believing that the counterfeit salt cells are genuine Hayward salt cells or are otherwise authorized, sponsored by or affiliated with Hayward.

202.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

203.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

204.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**COUNT XII**
**Unfair Competition and False Designation of Origin**
**in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),**
**by Unauthorized Use of the HAYWARD®, GOLDLINE®,**
**AQUA RITE®, SWIMPURE®, PRO LOGIC®, TURBO CELL®,**
**T-CELL-3®, T-CELL-9®, T-CELL-15® Trademarks**

205.    Hayward re-alleges and incorporates by reference Paragraphs 1-204 above as if fully set out herein.

206.    Hayward and Defendants compete in the market for replacement salt cells.

207.    Defendants unauthorized use of the Hayward Marks, as exemplified above, is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Defendants' salt cells.

208.    Defendants' unauthorized use of the Hayward Marks, as described above, constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63

209. Defendants conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

210. Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

211. By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**COUNT XIII**
**Unfair Competition and False Designation of Origin**
**in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),**
**by Unauthorized Use of the**
**T-CELL™, BLUE ESSENCE™ AQUA RITE XL™, AQUA RITE PRO™ Trademarks**

212. Hayward re-alleges and incorporates by reference Paragraphs 1-211 above as if fully set out herein.

213. Hayward and Defendants compete in the market for replacement salt cells.

214. Hayward owns the common law trademarks T-CELL™, Blue Essence™, AQUA RITE XL™, and AQUA RITE PRO™ and has continuously and exclusively used these marks in commerce on, or in connection with the sale of, its salt cells since at least the early 2000s. By virtue of Hayward's exclusive and continuous use of the T-CELL™, Blue Essence™, AQUA RITE XL™, and AQUA RITE PRO™ marks over many years, consumers have come to recognize it as designating Hayward as the source or origin of salt cells that bear this mark.

215. Defendants' unauthorized use of the T-CELL™, Blue Essence™, AQUA RITE XL™, and AQUA RITE PRO™ marks, as exemplified above, is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Defendants' salt cells.

64

216. Defendants' unauthorized use of the T-CELL™, Blue Essence™, AQUA RITE XL™, and AQUA RITE PRO™ marks, as described above, constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

217. Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

218. Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

219. By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

### COUNT XIV
### Unfair Competition and False Designation of Origin
### in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),
### by Passing Off

220. Hayward re-alleges and incorporates by reference Paragraphs 1-219 above as if fully set out herein.

221. Hayward and Defendants compete in the market for replacement salt cells.

222. Hayward advertises, offers for sale, and sells in commerce salt cells bearing the Hayward Marks. As seen above, the Hayward Marks, or confusingly similar marks, appear on packaging, labels and literature included with purchased infringing products and also in on-line and print advertising and marketing materials used in connection with the sale and marketing of salt cells for chorine systems bearing the Hayward Marks.

223. As described above, Defendants advertises, offers for sale, and sells salt cells that bear or are promoted with one or more of the Hayward Marks but that are materially different from genuine HAYWARD salt cells. Hayward has not authorized this conduct.

224.    Such conduct constitutes passing off in violation of Section 43(a) of the Lanham Act.

225.    Defendants' passing off is likely to cause and already has caused confusion, mistake, or deception as to the source or origin of the salt cells, and has diverted sales from Hayward.

226.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

227.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

228.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT XV
### Violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124, <u>Importation</u>

229.    Hayward re-alleges and incorporates by references Paragraphs 1-228 above as if fully set out herein.

230.    Hayward and Defendants compete in the market for replacement salt cells.

231.    Hayward advertises, offers for sale, and sells in commerce salt cells bearing the Hayward Marks.  The Hayward Marks appear on products and also in on-line and print advertising and marketing materials used in connection with the sale and marketing of salt cells for chorine systems bearing the Hayward Marks.

232.    As described above, Defendants advertise, offer for sale, and sell salt cells that bear or are promoted with one or more of the Hayward Marks but that are materially different from genuine HAYWARD salt cells.

66

233.    Defendants manufacture, ship, distribute, and import into the United States products from China bearing or sold in connection with the Hayward Marks.

234.    Hayward has not authorized this conduct.

235.    Defendants import infringing Hayward products into the United States without authorization and at discounted prices.

236.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

237.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

238.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT XVI
### Trademark Infringement and Unfair Competition
### under North Carolina Common Law

239.    Hayward re-alleges and incorporates by reference Paragraphs 1-238 above as if fully set out herein.

240.    Hayward and Defendants compete in the market for replacement salt cells.

241.    Hayward has continuously and exclusively used the Hayward Marks in North Carolina and nationally on and in connection with the sale of salt cells at least since the early 2000.

242.    Defendants have misappropriated the Hayward Marks by using them on, or in connection with the sale of, unauthorized and materially altered salt cells.

67

243.     Defendants also have committed false advertising, counterfeiting, passing off, and reverse passing off, as described above.

244.     Defendants' trademark infringement and unfair competition is likely to cause confusion, mistake, or deception as to the source or origin of the salt cells and/or authorization or sponsorship by Hayward and, as such, has diverted sales from Hayward.

245.     Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

246.     Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

247.     By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT XVII
### Tortious Interference with Prospective Economic Advantage

248.     Hayward re-alleges and incorporates by reference Paragraphs 1-247 above as if fully set out herein.

249.     Through their trademark infringement, false advertising, counterfeiting, passing off, reverse passing off, and other unfair competition, all as described above, Defendants have intentionally and improperly interfered with Hayward's prospective sales of replacement salt cells to consumers in North Carolina and elsewhere.

250.     By deceiving customers into believing that its salt cells are somehow the same as Hayward's salt cells, compatible with them, authorized by or originating from Hayward, NSF certified, and other misrepresentations as exemplified above, Defendants have improperly

68

diverted sales from Hayward and has prevented Hayward from selling its genuine HAYWARD® salt cells to its customers.

251.    But for Defendants' wrongful conduct, Hayward likely would have made the sales that Defendants actually made.

252.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

253.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

254.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT XVIII
## Unjust Enrichment

255.    Hayward re-alleges and incorporates by reference Paragraphs 1-254 as though fully set forth herein.

256.    As detailed above, Hayward (and its predecessor in interest where applicable). expended considerable time and resources in creating, developing, manufacturing, advertising, marketing, and selling the products bearing the Hayward Marks, as well as considerable effort and expense in creating, promoting, registering, maintaining, and enforcing the Hayward Marks themselves. These undertakings required considerable research, time, strategic planning, and evaluation of market and economic trends, new technologies, innovations, and their impact on the pool equipment industry.  Such efforts and investment created goodwill that is embodied in the Hayward Marks.

257.     Defendants used the Hayward Marks without authorization to sell their knock-off salt cells and thus received an improper benefit from the good will and brand recognition that Hayward created and that are embodied in the Hayward Marks.

258.     But for the benefit of the Hayward Marks and associated products, Defendants would have had to expend considerable time and expense in independent research, development, marketing, and advertising of its salt cells in order to enter the relevant market and directly compete with Hayward.

259.     Defendants has been unjustly enriched by retaining this benefit without providing Hayward any payment. As a result of Defendants' wrongful acts, Hayward has suffered and will continue to suffer significant commercial, monetary and other damages.

## COUNT XIX
## Violation of North Carolina Unfair and Deceptive Practices Act § 75-1.1

260.     Hayward re-alleges and incorporates by reference Paragraph 1-259 above as if fully set out herein.

261.     As fully described above, Hayward owns the rights to the Hayward Marks.

262.     Defendants had prior knowledge of Hayward's trademark registration sand rights in the Hayward Marks before use by using the Marks with a registration symbol, through constructive notice, and through cease and desist letters.

263.     At all relevant times, Defendants were engaged in commerce in the State of North Carolina and were affecting North Carolina commerce.

264.     Defendants' unlawful activities, such as unlawfully, importing, selling, advertising, distributing in the United States salt cells and chlorination systems without Hayward's authorization and/or consent, constitute violations of North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 ("UDTPA")

70

265.    Defendants misrepresent their salt cells as Hayward products by, *inter alia*, including the Hayward Marks on its product headlines, description, manuals, packaging labels, packaging, and contents.   Defendants prominently display the Hayward marks in various advertisements as exemplified above.

266.    Defendants are trying to pass off their products as genuine Hayward products or are falsely associating their products with Hayward.

267.    Defendants deceptively and confusingly suggest to consumers that Hayward has authorized or sponsored the salt cells or that Defendants are somehow affiliated with Hayward.

268.    Defendants also falsely advertise that their salt cells are somehow compatible with or "perfect replacements" for Hayward's salt cells and that the salt cells are NSF certified, among other misrepresentations.   Such statements are materially false or misleading and are calculated to cause confusion and to divert customers from Hayward.

269.    Defendants have engaged in unlawful conduct including trademark infringement, passing off, unfair competition, and tortious interference with prospective economic advantage in and affecting commerce in North Carolina and beyond, all of which constitutes unfair and deceptive trade practices within the meaning of N.C. Gen. Stat § 75-1.1 *et seq.*

270.    Defendants' actions and conduct were intended to and did cause and continues to cause confusion among consumers and the designation and source of the salt cells.

271.    Defendants' conduct is calculated to deceive the public and constitutes unfair and deceptive business practices.

272.    As a direct and proximate result of Defendants' unlawful, unfair, and infringement business practices, Defendants have profited unfairly off Hayward's good will and strong reputation.

273. Pursuant to N.C. Gen. State § 75-1.1, Hayward seeks an order of this Court enjoining Defendants from continuing its wrongful business practices. Unless restrained by this Court, Defendants will continue to engage in unfair, false, and misleading business practices as alleged in this complaint, in violation of the UDTPA. Hayward and the public will be irreparably harmed if an order of the Court enjoining such practices is not granted. Hayward is entitled to a preliminary and permanent injunction.

274. Hayward has no adequate remedy at law for the injury alleged in this cause of action and the injury is, in part, intangible in nature and not capable of being fully measure or valued entirely in terms of monetary damages.

275. Pursuant to N.C. Gen. Stat §75-1.1 *et seq,* Hayward is entitled to treble damages and attorneys' fees for Defendants' unfair and deceptive acts, as well as any other remedies provided under the statute.

### COUNT XX
### Contributory Infringement and Vicarious Liability
### (Against Ningbo entities)

276. Hayward re-alleges and incorporates by reference Paragraphs 1- 275 as though fully set forth herein.

277. At all times material, Blueworks was controlled by Richard Chen, the CEO of Blueworks and the CEO and owner of Ningbo. Ningbo supplies salt cells to Blueworks. Ningbo has the right and ability to control Blueworks' marketing, advertising, and sales of the salt cells. In particular, Ningbo is directing, allowing, supplying, selling, and encouraging Blueworks to sell and advertise counterfeit and/or infringing salt cells that unfairly trade on the Hayward Marks.

278. Hayward warned Blueworks, and thereby Ningbo, on several occasions that the products are infringing, counterfeit, and falsely advertised with the Hayward Marks, and are otherwise unlawful.

279. Despite these warnings, Ningbo has refused to acknowledge or change its conduct in connection with the Hayward Marks and products, despite at least two cease and desist letter from Hayward. In addition to the cease and desist letters, Hayward has submitted several take down notices on Amazon.com for the infringing ads. As a result of these communications, Ningbo has actual knowledge of the infringing and counterfeit nature of Blueworks as alleged above.

280. Ningbo through its above-described conduct of improperly, falsely or misleading advertising Hayward products, they have used and continue to use unconscionable commercial practices, deception, and misrepresentation concerning the nature of its salt cells with the intent that consumers rely on such deception and misrepresentation.

281. Ningbo contributed to or induced Blueworks' infringement by allowing the infringing advertisements and misuse of the Hayward Marks in connection with the sale of the replacement salt sells. Ningbo has advertised and sold these products without Hayward's authorization.

282. This conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined. Hayward will continue to be irreparably harmed.

283. Ningbo's conduct as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

284. As a result of Ningbo's misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## REQUEST FOR RELIEF

Hayward respectfully asks this Court to enter judgment for Hayward and against Defendants and to grant the following relief:

A.     Judgment in favor of Hayward and against Defendants on all counts;

B.     An order under 15 U.S.C. § 1116 and/or other applicable law preliminarily and permanently enjoining Defendants, including their officers, agents, employees, servants, attorneys, successors, assigns, and all other persons and entities in privity and acting in concert with Defendants, from the following acts:

      i.     falsely and misleading advertising their salt cells, including claiming that they are "direct replacement," "5 year warranty," "compatible" to/with Hayward products, "operates same was as original cell," "compatible replacement," "meets and exceeds original specifications," "perfect replacement," "cell original: same as Hayward," "OEM," "cell design: replace[ment] to Hayward"; and "NSF" certified to Hayward salt cells and systems or any other false or misleading claims that suggest certification, authorization, association or sponsorship by Hayward;

      ii.     infringing any of the Hayward Marks;

      iii.     using any of the Hayward Marks, or any confusingly similar marks alone or in combination with other words, symbols, or designs, in connection with the manufacture, offer for sale, sale, or advertising of salt cells;

      iv.     using any trade name, words, abbreviations, or any combinations thereof that would imitate, resemble, or suggest the Hayward Marks;

74

v.      passing off their salt cells as genuine or authorized HAYWARD®, GOLDLINE®, T-CELL-3®, T-CELL-9®, T-CELL-15®, T-CELL™ salt cells or SWIMPURE®, PRO LOGIC®, AQUA RITE®, AQUA LOGIC™, AQUA RITE XL™, AQUA RITE PRO™ and Blue Essence™ or any other Hayward brand.

vii.     advertising or selling counterfeit HAYWARD®, SWIMPURE®, AQUA RITE®, GOLDLINE®, PRO LOGIC®, AQUA LOGIC™, TURBO CELL®, T-CELL-3®, T-CELL-9®, T-CELL-15®, T-CELL™, AQUA RITE XL™, AQUA RITE PRO™, and Blue Essence™ salt cells, systems or any other Hayward brand;

viii.    making any statement or representation that falsely designates or describes the Blueworks as authorized, certified, or sponsored by, or associated with, Hayward or that is likely to confuse consumers as to the source, affiliation, or sponsorship of such salt cells; and

ix.      otherwise competing unfairly with Hayward with respect to the advertising and sale of salt cells designed to replace HAYWARD®, SWIMPURE®, AQUA RITE®, GOLDLINE®, PRO LOGIC®, AQUA LOGIC™, TURBO CELL®, T-CELL-15®, T-CELL-9®, T-CELL-3®, T-CELL™, AQUA RITE XL™, AQUA RITE PRO™, and Blue Essence™ salt cells or systems or any other Hayward brand;

C.      An order under 15 U.S.C. § 1116 and/or other applicable law preliminarily and permanently directing Defendants, including their officers, agents, employees, servants, attorneys, successors, assigns, and all other persons and entities in privity and acting in concert with Defendants, to perform the following remedial measures:

i.      Providing notice to all customers and resellers of Defendants' salt cells that such salt cells are not a "direct replacement," "compatible" to/with Hayward

products, "operates same was as original cell," "compatible replacement," "meets and exceeds original specifications," "perfect replacement," "cell original: same as Hayward," "OEM," "cell design: replace[ment] to Hayward," and "NSF" certified for Hayward., among other false statements as alleged above in the complaint. Further notifying all customers and resellers of Defendants' salt cells that such salt cells are not authorized, affiliate, sponsored or certified by Hayward;

     ii.     Removing from any and all websites, retail platforms, and social media used to advertise and sell Defendants products (including, but not limited to, Amazon.com, Alibaba.com, and Defendants' own websites) the false, deceptive and misleading advertising for salt cells, as described in the complaint;

     iii.     Issuing a recall notice to all purchasers of the Defendants' salt cells in the United States and offering a full refund to any customers who purchased such salt cells;

     iv.     Providing corrective advertising on all websites, retail platforms, and social media used to advertise and sell Defendants products (including, but not limited to, Amazon.com, Alibaba.com, and Defendants' own websites) that Defendants' salt cells are not "direct replacement," "compatible" to/with Hayward products, "operates same was as original cell," "compatible replacement," "meets and exceeds original specifications," "perfect replacement," "cell original: same as Hayward," "OEM," "cell design: replace[ment] to Hayward," " and "NSF" certified in connection with Hayward, among other false statements as alleged above. Further notifying all customers and resellers of Blueworks salt cells that such salt cells are not authorized, affiliate, sponsored or certified by Hayward;

v.      Under 15 U.S.C. § 118 and/or other applicable law, destroying all inventory of   products listed as "direct replacement," "compatible" to/with Hayward products, "operates same was as original cell," "compatible replacement," "meets and exceeds original specifications," "perfect replacement," "cell original: same as Hayward," "OEM," "cell design: replace[ment] to Hayward" and "NSF" certified to Hayward salt cells and systems to Hayward including salt cells bearing the HAYWARD®, SWIMPURE®, AQUA RITE®, PRO LOGIC®, AQUA LOGIC™, GOLDLINE®, TURBO CELL®, T-CELL-15®, T-CELL-3®; T-CELL-9®, T-CELL™, AQUA RITE XL™, AQUA RITE PRO™, and Blue Essence™ salt cells or systems or any other Hayward brand or as well as any other salt cells bearing the Hayward Marks, and certifying to Hayward that such destruction has occurred, including the number of units destroyed and the manner of their destruction; and

vi.      Within thirty (30) days, providing to Hayward a sworn statement as to how it has complied with the Court's orders

D.      An award of damages under 15 U.S.C. § 1117, and/or other applicable law, including, without limitation, disgorgement of profits, lost profits, a reasonable royalty, and/or any other damages sufficient to compensate Hayward for Defendants' trademark infringement, false advertising, counterfeiting, passing off, unfair competition, and false designation of origin;

E.      An accounting to determine the proper amount of damages;

F.      A three-fold increase in damages under 15 U.S.C. § 1117 and/or other applicable law, for Defendants' willful, wanton, and deliberate acts of infringement and unfair methods of competition and deceptive practices;

77

G.     An award pursuant to 15 U.S.C. § 1117 and/or other applicable law of costs and pre- and post-judgment interest on Hayward's compensatory damages;

H.      An award pursuant to 15 U.S.C. § 1117 and/or other applicable law of statutory damages, including but not limited to treble damages

I.      An award of treble damages (N.C. Gen. Stat § 75-16) and attorneys' fees (N.C. Gen. Stat. § 75-16.1) pursuant to the North Carolina Unfair & Deceptive Trade Practices Act;

J.      An order to bar importation of goods falsely advertised with the Hayward Marks under § 42 of the Lanham Act 15 U.SC. §1124

K.      Pursuant to 15 U.S.C. § 1117 and/or other applicable law, an award of reasonable attorneys' fees and the costs of this action; and

L.      Such further relief as this Court deems just and proper.

## JURY DEMAND

Hayward requests a trial by jury on all issues so triable.

Respectfully submitted this the 18th day of December, 2020,

HAYWARD INDUSTRIES, INC.
By its attorneys,


  s/  *Russ Ferguson*
W. Clark Goodman (N.C. Bar. No. 19927)
Russ Ferguson (N.C. Bar No. 39671)
**Womble Bond Dickinson (US) LLP**
One Wells Fargo Center
Suite 3500
301 South College Street, Suite 3500
Charlotte, NC 28202
Clark.Goodman@wbd-us.com
Danielle.HerrittRuss.Ferguson@wbd-us.com


Erik Paul Belt*
Anne E. Shannon*
**MᶜCARTER & ENGLISH, LLP**
265 Franklin St.
Boston, Massachusetts 02110
Tel: (617) 449-6500
ebelt@mccarter.com
ashannon@mccarter.com

*Motions for admission *pro hac vice* pending

*Attorneys for Plaintiff*
*Hayward Industries, Inc.*

79