# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

No. 3:20-CV-00710-FDW-DSC

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD. <br><br> Defendants. | **PLAINTIFF HAYWARD INDUSTRIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE ON DEFENDANTS NINGBO C.F. ELECTRONIC TECH CO., LTD AND NINGBO YISHANG IMPORT AND EXPORT CO., LTD.** |

**BOTTOM LINE UP FRONT:**

Pursuant to Rule 4(f)(3) and 4(h)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1., Plaintiff Hayward Industries, Inc. ("Hayward") requests that this Court grant Hayward leave to serve the two Chinese defendants, Ningbo C.F. Electronic Tech Co., Ltd, and Ningbo Yishang Import and Export Co., Ltd. (collectively, "Ningbo"), by alternative means— namely, by email and by posting notices on Ningbo's websites. As explained below, alternative service will prevent delay and is more than reasonably calculated to notify Ningbo.

**I.    INTRODUCTION**

This case arises from Defendants' advertising and selling counterfeit and infringing products on various websites, including Defendants' own websites, international retail websites like Amazon.com and Alibaba.com, and through third-party retailers. As set forth in more detail

1

in the complaint, Defendants advertise and sell swimming pool sanitation equipment known as "salt cells" but make it look as if these products are either genuine Hayward salt cells or are somehow endorsed or authorized by Hayward as approved replacements for Hayward's salt cells. But Hayward has not approved these counterfeit salt cells for use with Hayward's systems.[1]

Hayward was sued four defendants: two based here in North Carolina and two based in China. All four defendants, however, are related and are believed to be controlled by the same person or people. The Chinese defendants manufacture the infringing salt cells and supply them to the two North Carolina defendants, who advertise and sell them here in North Carolina and throughout the United States.

## II. FACTUAL BACKGROUND

Hayward filed the complaint in this case on December 8, 2020, alleging counterfeiting, trademark infringement, false advertising, and unfair competition under the Lanham Act, as well as related state and common law claims. This case involves four defendants who are all related and controlled by the same person or persons. (Compl., Doc. No. 1, at ¶ 8).

Two defendants, Ningbo C.F. Electronic Tech Co. and Ningbo Yishang Import and Export Co., Ltd (collectively "Ningbo"), are both located in the People's Republic of China at the same address: Xiwang Industrial Zone, Wanhua Village, Hengjie Town, Haishu District, Ningbo City, Zhejiang Province, China. (*Id* at ¶¶ 5-8). Ningbo manufacturers the infringing salt cells and sells them via its website and also supplies them to the two the U.S. defendants (Blueworks Corporation

---

[1] Salt cells are components of automatic chlorination systems that, through electrolysis, turn salt in pool water into chlorine, saving the pool owner the need to manually add chlorine to the pool. Salt cells are analogous to printer cartridges in that they have to be replaced periodically. Hayward manufactures and sells the systems and the salt cells. Defendants compete with Hayward in the sale of replacement salt cells. (Compl.at ¶¶ 19-20, 41-43).

2

and Blueworks Innovation Corporation, collectively, "Blueworks"). Hayward hired investigators in China to confirm the relationship of Ningbo and Blueworks and their common ownership or control by Mr. Chen. The investigators confirmed this connection. (Declaration of Tiberius Dinu ("Dinu Decl.") at ¶¶ 1-13).

The two Blueworks defendants are located in North Carolina. They advertise and sell these salt cells on their own websites and through third party retail platforms like Amazon.com. (Compl. at ¶¶ 2, 7, 8, 13, 44-99).

Both Ningbo entities are located at the same address and are owned or controlled by the same person or persons, particularly Richard Chen (a/k/a Chen Zefeng). (*Id* at ¶¶ 4-8); (Declaration of Erik Paul Belt ("Belt Decl.") at ¶ 3); (Dinu Decl. at ¶¶ 5, 8, 10, 12). Mr. Chen is the CEO or owner of Ningbo and also the CEO of the two Blueworks entities. (Compl. at ¶ 7). Hayward's investigators also confirmed that Blueworks is Ningbo's U.S. subsidiary or agent and that Mr. Chen controls Blueworks. (Dinu Decl. at ¶¶ 5, 8, 10, 12). Given the close relationship of all four defendants, the supply line between the Chinese and American defendants, and the control that Mr. Chen exerts over all of the defendant companies and their accused activities, Blueworks and Ningbo companies are all connected and act in concert. (Compl. at ¶ 8).

Ningbo operates retail websites at www.techflife.com, https://tecflife.en.ecplaza.net/, and advertises and sells its products through its storefront on Alibaba.com at https://techflife.en.alibaba.com/. (Compl. at ¶¶ 13-14, 92). The "Contact" page on Ningbo's www.techflife.com retail website lists the contact email for Ningbo as richard@techflife.com. (Belt Decl. at ¶ 9). Moreover, on its Alibaba webpage under "Contacts," Ningbo lists Richen Chen as the contact and has a link under "Contact Supplier" that allows a message to be sent to Ningbo

3

along with attachments. As such, Ningbo should be able to receive a summons and the complaint through these contact emails. (Belt Decl. at ¶¶ 8, 12-16).

In fact, the Chinese investigators used just this method (email through the contact portal of the techflife site on Alibaba.com) to contact Ningbo and were successful in doing so. (Dinu Decl. at ¶¶ 14-35).

Hayward previously sent Blueworks cease and desist letters on May 12, 2020, and again on June 25, 2020, requesting that Blueworks stop their infringing conduct and to contact Hayward. (Belt Decl. at ¶¶ 4-6). Blueworks ignored those letters and continues to infringe. (*Id*. at ¶¶ 5-6).

Hayward has now served Blueworks Corporation and Blueworks Innovation Corporation at their common North Carolina address, as listed on the Secretary of State website and on their own websites. (*See* Doc. Nos. 7, 8). Upon information and belief, Blueworks has informed Ningbo of the lawsuit. (Belt Decl. at ¶ 17). Indeed, the Ningbo entities were never suspicious of Hayward's investigators until Hayward filed the complaint. At that point, in late December 2020, Ningbo's representatives started to ask the investigators probing questions and then even called the police on them (although no charges were filed). (Dinu Decl. at ¶¶ 36-39). Given the timing of this confrontation, it is reasonable to conclude that Blueworks tipped off Ningbo, which likely has full notice of the lawsuit even now.

### III. LEGAL STANDARD

Fed. R. Civ. P. 4(f) governs service of process of defendants in foreign countries and allows for service "by any internationally agreed means of service that is reasonably calculated to give notice," Rule 4(f)(1), or "by other means not prohibited by international agreement, as the court orders." Rule 4(f)(3). *See also Title Trading Servs. USA, Inc. v. Kundu,* No. 3:14-CV-225-RJC-DCK, 2014 WL 4053571, at *2 (W.D.N.C. Aug. 15, 2014) (granting service by alternative means

and holding that service by email did not violate any international agreements). Courts, including ones in this District, have interpreted rule 4(f)(3) "to allow for any means of service [directed by the court] that provides reasonable assurance that the defendant will be provided notice of the lawsuit, and is not prohibited by an international agreement." *Id; see also Celgard, LLC. v. Shenzen Senior Tech. Material Co.,* No. 3:20-CV-130-GCM, 2020 WL 2575561, at *3 (W.D.N.C. May 21, 2020) (holding that service by email satisfies due process requirements and "would reasonably apprise the defendants of the pendency of this action and provide them with an opportunity to present their objections"). Additionally, "rule 4(f) does not denote any hierarchy or preference for one method of service over another." *Enovative Techs., LLC v. Leor,* 622 F. App'x 212, 214 (4th Cir. 2015) (allowing service by email). Courts have wide discretion in ordering service of process under Rule 4(f)(3), which "provides the court with flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case." *Id.* (internal alterations omitted).[2]

A plaintiff need not first exhaust attempts at service via the Hague Convention or other procedures under Rules 4(f)(1) and 4(f)(2) before requesting alternative means of service under Rule 4(f)(3). *See, e.g., Gramercy Ins. Co. v. Kavanagh,* No. 3:10-CV-1254-D, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011*); Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (holding that Rule 4(f)(3) "stands independently, on equal footing [and] is merely one means among several which enables service of process on an international defendant"). Indeed, courts have frequently held that delays in service under the Hague Convention and the additional

---

[2] Rule 4(f) concerns serving *individuals* in foreign countries. In this case, Hayward seeks to serve two Chinese corporations. But Rule 4(h)(2) provides that a foreign corporation may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

5

expense of serving a defendant in a foreign country are valid reasons for allowing alternative service in the first instance. *See Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *3 (W.D. Tex. July 2, 2014) (granting plaintiff's motion for alternative service on foreign companies and holding that the Hague Convention is not mandatory and would cause unnecessary expense and delay).

The only real requirement for alternative service on a foreign defendant is that the service must comply with Constitutional notions of due process. "In order to fulfill due process requirements under Rule 4(f)(3), a court must approve a method of service that is 'reasonably calculated under all the circumstances' to give notice to the defendant." *Enovative Techs.,* 622 F. App'x at 214 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "Courts have authorized a wide variety of alternative methods of service including publication . . . and most recently email." *Rio Properties, Inc.,* 284 F.3d at 1016.

### IV. ARGUMENT

#### A. Hayward Proposes Two Methods of Service, Via Email and Via Ningbo's Interactive Retail Website Messaging, Which Is Reasonably Calculated to Provide Actual Notice and Is Not Prohibited by the Hague Convention

The United States and China have both signed the Hague Convention. But service through the Hague Convention could take "1-2 years to complete and is frequently unsuccessful." *Celgard, LLC. v. Shenzen Senior Tech. Material Co.*, No. 3:20-CV-130-GCM, 2020 WL 2575561, at *3 (W.D.N.C. May 21, 2020) (noting that alternative service by email to unserved defendants is appropriate). Thus, to prevent the delay and expense associated with the Hague Convention, Hayward seeks an order from this Court that service may be accomplished via electronic means on Ningbo by serving its email addresses at richard@techflife.com, and info@techflife.com, and also through its electronic interactive webpage on Alibaba.com via its "contact us" webpage.

6

The Hague Convention does not prohibit service by email. More specifically, China has objected to service under Article 10(A), which provides for service by "Postal channels." Hague Conv. Art. 10(a), 20 U.S.T. 361. "Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]." *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011); *Title Trading Servs. USA, Inc.,* 2014 WL 4053571, at *2 ("[C]ourts have allowed for such [email] service, holding that it did not violate any international agreement, where the objections of the recipient nation are limited to those means enumerated in Article 10"); *Philip Morris USA Inc. v. Veles, Ltd*., No. 06 Civ. 2988, 2007 WL 725412, at *2–3 (S.D.N.Y. Mar. 12, 2007) (permitting service by electronic mail under Rule 4(f) where it was reasonably likely to reach defendant).

Although Article 10(A) mentions "postal channels," it does not mention service by email, online messaging system, or any other electronic means. Thus, China's objections to postal channels does not prohibit service by electronic means. *See Microsoft Corp. v. Goldah.com Network Tech. Co.*, No. 17-CV-02896-LHK, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017) (denying defendants motion to dismiss for defect in service and holding China's objection to Article 10 does not prohibit the email service, therefore plaintiffs service via email on Chinese defendants was proper); *Williams–Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (permitting service by email, but not by international mail, for defendants in countries that objected to Article 10's "postal channels" of the Hague Convention).

Because service under the Hague Convention is lengthy and costly, and because there is no international agreement prohibiting electronic service, allowing alternative service by electronic means under Rule 4(f)(3) (*e.g*., by email or a website's message system) is warranted.

### B. Service by Electronic Means Is Reasonably Calculated to Provide Notice and Comports with Due Process

Service by email is reasonable and comports with constitutional notions of due process. "To meet this requirement, the method of service crafted by the court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950). The central issue for the Court to address is whether the requested means of service are likely to reach the defendant. *Gururng,* 279 F.R.D. at 220; *see also In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008) (approving service on Chinese defendants through service on a US Company when defendants were directors of Chinese subsidiaries of US a company).

Here, Ningbo advertises its email address as a means for communication and maintains interactive storefront websites in English, through which it directs American customers to contact it via email at "richard@techflife.com, and info@techflife.com." (Belt Decl. at ¶¶ 10-16); (Dinu Decl. at ¶¶ 14-22). The Alibaba website indicates that it accepts attachments and, on information and belief, would be able to accept a summons and complaint in this action. (Belt Decl. at ¶¶ 12-15). A screenshot of Ningbo's electronic interactive webpage on Alibaba.com is shown below:



(Belt Decl. at ¶13).

The proposed method of service via this interactive retail website and electronic means is exactly the means by which Ningbo communicates with other issues related to its products. Other district courts have allowed this method for service with Chinese defendants. *See, e.g.*, **Exhibit E,** *Theragun, Inc. v. Golovan Ltd, et al.,* CA. No. 1:20-cv-22327-DPG (S.D. Fla. September 16, 2020) (granting alternative service by email and via the Chinese defendant's interactive storefront on Alibaba's messaging system); *see also* **Exhibit F,** *Chanel, Inc., v Chanelbags.ru, et al.,* CA No. 20-civ-62335-RAR (S.D. Fla. November 18, 2020) (granting alternative service on foreign Chinese defendants by email and by posting on a designated website ); **Exhibit H,** *Chanel Inc., v. ReplicasChanel.com, et al,* CA. No. 20-cv-62625, (S.D. Fla. December 24, 2020) (granting alternative process of service on a foreign defendant and allowing for service via email and by

posting on defendant's website); **Exhibit I,** *TV Ears, Inc., v. Joyshiya Development Limited, et al.*, CA. No. 3:20-cv-01708-WQH-BGS, (S.D. Cal. January 19, 2021) (granting alternative service on Chinese defendants via email and by posting on defendants' website).

By using and directing service via email and through the interactive website messaging system, Hayward will be transmitting the documents pursuant to Ningbo's requested and advertised method of communication. (Belt Decl. at ¶¶ 12-16). There have been several recent decisions authorizing service of process through electronic means on entities located in China. *See e.g,* **Exhibit G,** *Agilent Technologies Inc., v. J&X Technologies Co., Ltd.*, CA No. 19-cv-02156-N-DCG, (N.D. Tex. September 23, 2020) (granting alternative service by email on Chinese defendant); *Microsoft Corp. v. Goldah.com Network Tech. Co.*, 2017 WL 4536417, at *4 (holding service was proper via email on Chinese defendants). One such recent decision is from this district. *See Celgard, LLC. v. Shenzen Senior Tech. Material Co.*, 2020 WL 2575561, at *3.

Moreover, Ningbo is very likely already aware of this action. Hayward has already served the two Blueworks entities based in North Carolina, and Blueworks shares a common owner or management with Ningbo. Indeed, Ningbo supplies the infringing products to Blueworks, and Mr. Chen appears to control both the U.S. and Chinese defendants. Moreover, as seen in the declaration of Hayward's investigator, Ningbo did not become suspicious of the investigators (who were posing as potential customers) until the complaint was filed. After that point, Ningbo asked more probing questions and even called the police on the investigators. (Dinu Decl. at ¶¶ 29-39). In fact, during questioning, the investigators admitted to working for Hayward. (*Id*. at ¶ 37). Thus, Ningbo likely already knows about this litigation.

10

Should this Court allow Hayward to serve the two Chinese defendants by alternative means, Hayward will also notify Blueworks that it has done so, further assuring proper notice to the Chinese defendants.

In summary, providing notice via email and a posting on Ningbo's webpage is reasonably calculated under the circumstances to notify the two Ningbo defendants of the pendency of this action and to give them the opportunity to present their defenses. (Given that the same people own or control Ningbo and Blueworks, Ningbo may already have notice of the action and of Hayward's demands from Blueworks). Electronic service is appropriate and necessary in this case because Ningbo appears to rely on electronic communications to communicate with its third party service providers, online marketplaces, and its customers (even investigators posing as customers), which demonstrates the reliability of this method of communication. Authorizing service of process via electronic communication will benefit all parties and the Court by ensuring that Ningbo receives prompt notice of this action, thus allowing the case to move forward expeditiously.

## V.     CONCLUSION

Hayward respectfully requests that, pursuant to Rule 4(f)(3), this Court issue an order authorizing and directing service on Ningbo via email at "richard@techflife.com," "info@techflife.com," and through Ningbo's electronic interactive website as shown above, and for all such other and further relief as the Court deems proper and just.

Respectfully submitted this the 21st day of January, 20201,

                                            **HAYWARD INDUSTRIES, INC.**

                                             s/ *Russ Ferguson*
                                       W. Clark Goodman (N.C. Bar No. 19927)
                                       Russ Ferguson (N.C. Bar No. 39671)
                                       **Womble Bond Dickinson (US) LLP**
                                       One Wells Fargo Center
                                       Suite 3500
                                       301 South College Street, Suite 3500
                                       Charlotte, NC 2202
                                       Clark.goodman@wbd-us.com
                                       Russ.Ferguson@wbd-us.com

                                       Erik Paul Belt*
                                       Anne E. Shannon*
                                       **McCARTER & ENGLISH, LLP**
                                       265 Franklin St.
                                       Boston, Massachusetts 02110
                                       Tel: (617) 449-6500
                                       ebelt@mccarter.com
                                       ashannon@mccarter.com

                                       *admitted pro hac vice*

                                       *Attorneys for Plaintiffs Hayward Industries, Inc.*

CERTIFICATE OF WORD COUNT COMPLIANCE

    Pursuant to this Court's Standing Order, Plaintiff certifies through undersigned counsel that this memorandum of law contains fewer than 4,500 words.

                                                                         s/ *Russ Ferguson*