# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-62335-RAR

**CHANEL, INC.**,

      Plaintiff,

v.

**CHANELBAGS.RU**, *et al.*,

      Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)

**THIS CAUSE** comes before the Court on Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) [ECF No. 6] ("Motion"). The Court having carefully reviewed the Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 6] is **GRANTED**.

### BACKGROUND

On November 17, 2020, Plaintiff, Chanel, Inc., filed a Complaint for Injunctive Relief and Damages [ECF No. 1], alleging that Defendants, the Individuals, Partnerships, and Unincorporated Associations identified in Schedule "A" attached to the Complaint are infringing Plaintiff's trademarks and promoting, advertising, distributing, offering for sale, and selling counterfeits of Plaintiff's branded products within the Southern District of Florida through the

operation of commercial Internet websites and supporting domains under various domain names ("Subject Domain Names"), as identified on Schedule "A" to Plaintiff's Motion.[1]

Plaintiff contends that Defendants operate via the Internet and utilize electronic means as reliable forms of contact. *See* Declaration of Stephen M. Gaffigan [ECF No. 6-1] at ¶ 3. According to Plaintiff, it has good cause to believe that Defendants are all residents of China, Russia, or other foreign countries. *See id.* at ¶ 7. Plaintiff further contends that Defendants have at least one operational form of electronic contact, including e-mail, providing a reliable means of communicating with them. *See id.* at ¶¶ 3-5.

Plaintiff has also created a designated serving notice website located at http://servingnotice.com/clu5t3r/index.html, where copies of the Complaint and all other documents on file in this action will be displayed. *See id.* at ¶ 6.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) allows a district court to order an alternate method of service to be effectuated upon foreign defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See* Fed. R. Civ. P. 4(f)(3); *see also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.") (alteration added).

## ANALYSIS

Service by e-mail and via posting on a designated website is not prohibited under international agreement in this case. Although the United States, China, and Russia are

---

[1] The complete list of domain names includes 34 domain names.

signatories to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention"), the Hague Convention does not specifically preclude service of process via e-mail or by posting on a designated website.

Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting.[2] *Cf. Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, service by e-mail or internet communication does not violate an international agreement.

Further, e-mail and posting on a designated website are reasonably calculated to give notice to Defendants. Plaintiff cites a catalog of cases where courts have granted leave for a plaintiff to serve by e-mail (*see* Mot. 7-9 n.3; 11-13 n.5) and where courts have granted leave for a plaintiff to serve by website posting (*see* Mot. 10 n.4; 11-13 n.5) where, as here: (1) the defendants conducted their businesses over the Internet; (2) the defendants used e-mail regularly in their businesses; and (3) the plaintiff shows e-mail is likely to reach defendants. *See Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017−18 (9th Cir. 2002).

---

[2] China and Russia have not expressly objected to service via e-mail or website posting. *See* Gaffigan Decl. ¶ 8, n.4.

Plaintiff has shown good cause for why leave should be granted to allow service of summonses, the Complaint, and all filings and discovery in this matter on Defendants via e-mail or posting on Plaintiff's designated website. Thus, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 6] is **GRANTED** as follows:

1. Plaintiff may serve the summonses, Complaint, and all filings and discovery in this matter upon Defendants via e-mail by providing the address to Plaintiff's designated serving notice website to Defendants via the e-mail addresses provided by each Defendant as part of the domain registration records for each of their respective domain names, including service via registrar, or directly on the Internet website operating under each of their respective corresponding domain names, including customer service e-mail addresses and onsite contact forms; or

2. Plaintiff may serve the summonses, Complaint, and all filings and discovery in this matter upon Defendants via website by posting a copy of the same on Plaintiff's designated serving notice website appearing at the following URL: http://servingnotice.com/clu5t3r/index.html.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 18th day of November, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**