# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-62625-CIV-SINGHAL

CHANEL, INC.,

      Plaintiff,

v.

REPLICASCHANEL.COM, *et al.*,

      Defendants.

_____

## ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) and Memorandum of Law in Support Thereof (the "Motion") (DE [6]), filed December 22, 2020. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

Plaintiff seeks an order granting alternate service of process on Defendants in the action, all of which are foreign. Plaintiff alleges that the Defendants have established Internet-based businesses and utilize electronic means as reliable forms of contact. Therefore, Plaintiff seeks to serve Defendants by both email and website posting.

Rule 4(h)(2) for the Federal Rules of Civil Procedure (the "Rules") defines the contours of service upon foreign corporations and incorporates the service methods set forth regarding individuals in Rule 4(f). Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not prohibited by international agreement, as the court

orders." Alternate methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

For the following reasons, the Court finds that alternate service of process under Rule 4(f)(3) is warranted. First, the Hague Convention does not specifically preclude service by e-mail and website posting. Where a signatory nation has objected to the alternate means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternate forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3) therefore remains free to order alternate means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, the requested service methods are not prohibited by international agreement.

2

Second, Defendants have at least one known and valid form of electronic contact, and Plaintiffs have created a website for the sole purpose of providing notice of this action to Defendants, the address to which will be provided to Defendants' known email accounts and onsite contact form. Therefore, service via email and through posting on a designated website is "reasonably calculated, under all circumstances, to apprise [Defendants] of the pendency of the action and afford [it] an opportunity to present [their] objections." *See Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1. Thus, the Court will exercise its discretion to allow service on Defendant through email and website posting. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.  The Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) and Memorandum of Law in Support Thereof (DE [6]), is hereby **GRANTED**.

2.  Pursuant to Rule 4(f)(3), Plaintiff is permitted to serve the Summons, Complaint, and all pleadings, filings, and discovery upon Defendants:

    a.  by providing the address to Plaintiff's designated serving notice website to Defendants via the e-mail addresses provided by each Defendant as part of the domain registration records for each of their respective domain names, including service via registrar, or directly on the Internet website operating under each of their respective corresponding domain names, including customer service e- mail addresses and onsite contact forms. *See* Schedule "A"

attached to the Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) and Memorandum of Law in Support Thereof (DE [6]), which lists Defendants' means of contact; **and**

b. by publicly posting copies of the Summonses, Complaint, and all pleadings, filings, and discovery on Plaintiff's designating service notice website appearing at: http://servingnotice.com/ch4t3u/index.html.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 24th day of December 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF