# EXHIBIT I

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TV EARS, INC.,<br><br>                            Plaintiff,<br>v.<br><br>JOYSHIYA DEVELOPMENT LIMITED; SHENZHEN SUPERSTAR ELECTRONICS CO. LTD.; SHENZHEN JOYSHIYA ELECTRONIC CO. LTD.; SHENZHEN SIMOLIO ELECTRONIC CO., LTD; and ZHUOYA GAO, an individual,<br><br>                          Defendants. | Case No.: 3:20-cv-01708-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

      The matters pending before the Court are the Renewed Ex Parte Motion Authorizing Alternate Service of Process on Defendants (ECF No. 12) and the Ex Parte Motion Extending Time for Service (ECF No. 13) filed by Plaintiff TV Ears, Inc.

**I.   PROCEDURAL BACKGROUND**

      On September 1, 2020, Plaintiff TV Ears, Inc. initiated this action by filing a Complaint against Defendants Joyshiya Development Limited; Shenzhen Superstar

1  Electronics Co. Ltd.; Shenzhen Joyshiya Electronic Co. Ltd.; and Zhuoya Gao. (ECF No.
2  1).
3      On October 10, 2020, Plaintiff filed an Ex Parte Motion Authorizing Alternate
4  Service of Process on Defendants. (ECF No. 7). On October 26, 2020, the Court denied
5  Plaintiff's Ex Parte Motion Authorizing Alternate Service of Process on Defendants. (ECF
6  No. 8). The Court found that "Plaintiff fail[ed] to present sufficient facts to demonstrate
7  that Plaintiff ha[d] been reasonably diligent in seeking to locate Defendants and that service
8  by delivering the summons, Complaint, and all other filings in this matter to Defendants
9  via e[]mail [wa]s 'reasonably calculated, under all the circumstances, to apprise
10 [Defendants] of the pendency of the action and afford them an opportunity to present their
11 objections.'" *Id*. at 7 (fifth alteration in original). The Court further found that "Plaintiff
12 fail[ed] to identify specific email addresses for all Defendants and fail[ed] to demonstrate
13 an ability to contact Defendants via email." *Id*.
14     On November 16, 2020, Plaintiff TV Ears, Inc. filed an Amended Complaint against
15 Defendants Joyshiya Development Limited; Shenzhen Superstar Electronics Co. Ltd.;
16 Shenzhen Joyshiya Electronic Co. Ltd.; Shenzhen Simolio Electronic Co., Ltd; and Zhuoya
17 Gao. (ECF No. 9). Plaintiff alleges that Defendants have engaged in the "unauthorized
18 use of Plaintiff's trademarks in connection with the manufacture, distribution, marketing,
19 advertising, promotion, offering for sale, and/or sale of Defendants' wireless TV audio
20 products and/or in Defendants' unauthorized use, importation, offer for sale, and sale of
21 Defendants' wireless TV audio products." *Id*. at 2-3. Plaintiff brings the following ten
22 causes of action: (1) federal trademark infringement; (2) infringement of United States
23 Design Patent No. D582,900; (3) federal trademark counterfeiting; (4) federal trade dress
24 infringement; (5) federal unfair competition and false designation; (6) federal dilution by
25 blurring; (7) trademark infringement under the common law; (8) California Unfair
26 Competition; (9) contributory trademark infringement; and (10) contributory patent
27 infringement. *See id*. at 35-45. Plaintiff seeks injunctive relief; declaratory relief; treble,
28 enhanced, and statutory damages; accounting and paying over to Plaintiff Defendants'

profits; costs and reasonable attorneys' fees; and "such other and further relief as the Court deems just and proper." *Id*. at 45-46.

On December 11, 2020, the Court issued an Order to Show Cause for failure to serve. (ECF No. 11). On December 15, 2020, Plaintiff filed a Renewed Ex Parte Motion Authorizing Alternate Service of Process on Defendants. (ECF No. 12). On December 21, 2020, Plaintiff filed an Ex Parte Motion Extending Time for Service. (ECF No. 13).

## II.   DISCUSSION

Plaintiff "requests an order authorizing service of process on Defendants via electronic mail . . . ." (ECF No. 12 at 2). Plaintiff contends that "[a]lternate service by e[]mail is appropriate and necessary in this case because Defendants (1) operate via the Internet, (2) rely on electronic communications to operate their businesses, and (3) can be contacted via specific email addresses, which Plaintiff has established are valid working emails." *Id*. Plaintiff asserts that "Defendants maintain addresses in the People's Republic of China ('China') and the Hong Kong Special Administrative Region of the People's Republic of China ('Hong Kong') of unknown authenticity." *Id*. at 2-3. Plaintiff asserts that "there is no clear non-speculative addresses to serve Defendants in China" and that "[n]one of the addresses provided by Defendants on their websites and other public information show as an address in location/map search." *Id*. at 3-4. Plaintiff asserts that "the emails and related online contact forms for all named Defendants are all working, with no emails failing to send, being bounced back or returned undeliverable." *Id*. at 3. Plaintiff contends that "[s]ince the Defendants appear to be concealing their identities and contact information through a multiplicity of e[]mail addresses, names, and locations, Plaintiff will almost certainly be left without the ability to pursue a remedy absent the ability to serve Defendants by e[]mail." *Id*. at 4.

Plaintiff contends that service by email comports with constitutional notions of due process by apprising Defendants of the action and giving them the opportunity to answer Plaintiff's claims. Plaintiff contends that service by email is the most effective and reliable means of providing Defendants with notice of this action. Plaintiff asserts that it has

1  diligently pursued various means of providing notice to Defendants and has identified
2  specific email addresses for each Defendant. Plaintiff asserts that it and has sent emails to
3  each Defendant using the identified email addresses. Plaintiff asserts that each of the email
4  addresses are valid and operational and that emails sent to Defendants were delivered and
5  received because Plaintiff received no error messages, bounced back emails, or
6  notifications regarding undeliverability. Plaintiff asserts that it received affirmative
7  responses and submission confirmation messages from some of the email addresses.
8  Plaintiff contends that the email address Defendant Gao provided to the United States
9  Patent and Trademark Office ("USPTO") is a valid and operational email address through
10 which to notify Defendant Gao of the pendency of this action.

11      Plaintiff bears the burden of effectuating proof of service. *See Butcher's Union*
12 *Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 538
13 (9th Cir. 1986). To meet the due process requirement, "the method of service crafted by
14 the district court must be reasonably calculated, under all the circumstances, to apprise
15 interested parties of the pendency of the action and afford them an opportunity to present
16 their objections." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir.
17 2002).

18      Federal Rule of Civil Procedure 4(f) states that

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
>> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

4

> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> 
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Federal Rule of Civil Procedure 4(h) states that

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> > (1) in a judicial district of the United States:
> > > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
> > 
> > (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h). Service under Rule 4(f)(3) must be (1) directed by the court; (2) not prohibited by international agreement; and (3) comport with constitutional notions of due process. *See Rio Properties*, 284 F.3d at 1014-16.

### A. Prohibition by International Agreement

Plaintiff's attorney has previously stated in a sworn declaration that he "reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ('Hague Convention'), to which China, and Hong Kong are signatories." Klemptner Decl. ¶ 12, ECF No. 7-1 at 5-6 (footnote omitted). Plaintiff's attorney has previously stated that "the Hague Convention does not preclude service by

e[]mail, and the declarations to the Hague Convention filed by China and Hong Kong do not expressly prohibit e[]mail service." *Id.*, ECF No. 7-1 at 6. The Court has previously found that service on Defendants through means of email is not prohibited by international agreement. *See* ECF No. 8 at 6.

### B. Reasonable Diligence in Seeking to Locate Defendants

Plaintiff's attorney states in a sworn declaration that he identified an address in China for Defendant Gao through "the USPTO's Trademark Status & Document Retrieval database" and "searched for this address in Google Maps on November 19, 2020 [but] did not find any exact matches." Klemptner Decl. ¶ 12, ECF No. 12-1 at 8. Plaintiff's attorney states that he identified addresses and phone numbers in China for Defendants Joyshiya Development Limited; Shenzhen Superstar Electronics Co. Ltd.; Shenzhen Joyshiya Electronic Co. Ltd.; and Shenzhen Simolio Electronic Co., Ltd. *Id.* ¶ 14, ECF No. 12-1 at 9. Plaintiff's attorney states that he "searched for the addresses . . . in Google Maps on November 19, 2020 which did not return any exact matches by which a non-speculative location for service of process could be confirmed." *Id.* ¶ 15, ECF No. 12-1 at 9. Plaintiff presents sufficient facts to demonstrate that it has been reasonably diligent in seeking to locate Defendants.

### C. Constitutional Notions of Due Process

#### i. Service to Defendant Gao Via the Email Address memorytechcenter@hotmail.com

Plaintiff identifies the email address memorytechcenter@hotmail.com as a means of contact for Defendant Gao. *See* Schedule A, ECF No. 12 at 14. Plaintiff's attorney and paralegal state in sworn declarations that Defendant Gao "is identified as the owner of the Joyshiya and Simolio trademark registrations on the . . . USPTO's[] Trademark Status & Document Retrieval database" and that "[t]he correspondence information with the USPTO for Defendant [ ] G[ao] on these trademark registrations identifies an e[]mail address of memorytechcenter @hotmail.com." Klemptner Decl. ¶ 10, ECF No. 12-1 at 7; *see also* Mason Decl. ¶ 5, ECF No. 12-2 at 3-4. Plaintiff's paralegal states that she "sent

6

an email to the memorytechcenter @hotmail.com email address" and that "[t]he email did not bounce back nor was it returned as being 'undeliverable.'"  Mason Decl. ¶ 5, ECF No. 12-2 at 3-4.  Plaintiff presents sufficient facts to demonstrate that service of the summonses, Amended Complaint, and all other filings in this matter to Defendant Gao via the email address memorytechcenter @hotmail.com is "reasonably calculated, under all the circumstances, to apprise [Defendant Gao] of the pendency of the action and afford []h[i]m an opportunity to present [his] objections."  *Rio Properties*, 284 F.3d at 1016; *see e.g.*, *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. SA CV 15–0246–DOC (DFMx), 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016) (finding that service of process by email is reasonably calculated to provide actual notice when a test email is not returned as undeliverable or bounced back).

### ii. Service to Corporate Defendants Via the Email Address support@simolio.com

Plaintiff identifies the email address support@simolio.com as a means of contact for Defendant Shenzhen Simolio Electronic Co., Ltd.  *See* Schedule A, ECF No. 12 at 14.  Plaintiff's attorney and paralegal state that Defendant Shenzhen Simolio Electronic Co., Ltd "is specifically identified as the seller on the Simolio Direct storefront on Amazon" and that the email address support@simolio.com "is associated with the Simolio Direct storefront on Amazon . . . ."  Klemptner Decl. ¶ 5, ECF No. 12-1 at 3; Mason Decl. ¶ 2, ECF No. 12-2 at 2.  Plaintiff's attorney states that he "sent an email to the support@simolio.com email address inquiring about SIMOLIO'S Amazon listing" and that "[w]ithin twenty-four hours of [the] message, [Plaintiff] received a response from the Simolio Direct Customer Service Team recommending that [Plaintiff] review a different SIMOLIO product listing on Amazon."  Klemptner Decl. ¶ 5, ECF No. 12-1 at 3-4.  Plaintiff's paralegal states that she "sent an email to the support@simolio.com email address" and that "[t]he email did not bounce back nor was it returned as being 'undeliverable.'"  Mason Decl. ¶ 2, ECF No. 12-2 at 2.  Plaintiff presents sufficient facts to demonstrate that service of the summonses, Amended Complaint, and all other filings

in this matter to Defendant Shenzhen Simolio Electronic Co., Ltd via the email address support@simolio.com is "reasonably calculated, under all the circumstances, to apprise [Defendant Shenzhen Simolio Electronic Co., Ltd] of the pendency of the action and afford [it] an opportunity to present [its] objections." *Rio Properties*, 284 F.3d at 1016; *see e.g.*, *D.Light Design, Inc. v. Boxin Solar Co.*, No. C–13–5988 EMC, 2015 WL 526835, at *2 (N.D. Cal. Feb. 6, 2015) (finding that service by email is reasonably calculated to provide actual notice when test emails are delivered successfully and do not bounce back as undeliverable); *ADT Sec. Servs., Inc. v. Sec. One Int'l, Inc.*, No. 11–CV–05149 YGR, 2012 WL 3580670, at *2 (N.D. Cal. Aug. 17, 2012) (finding that service by email is reasonably calculated to provide actual notice and is the method most likely to apprise defendants of the action when test emails are not returned as undeliverable).

Plaintiff identifies the email address support@simolio.com as a means of contact for Defendants Joyshiya Development Limited; Shenzhen Superstar Electronics Co. Ltd.; and Shenzhen Joyshiya Electronic Co. Ltd. *See* Schedule A, ECF No. 12 at 14. Plaintiff's attorney states that Defendants Joyshiya Development Limited; Shenzhen Superstar Electronics Co. Ltd.; and Shenzhen Joyshiya Electronic Co. Ltd. "offer for sale and sell goods under the SIMOLIO brand on Amazon.com through the Simolio Direct storefront." Klemptner Decl. ¶ 5, ECF No. 12-1 at 3. Plaintiff's attorney states that "[t]he SIMOLIO Amazon product listings identify support@simolio.com as the contact email for support regarding these product listings." *Id*. Plaintiff's attorney states that Defendants Joyshiya Development Limited; Shenzhen Superstar Electronics Co. Ltd.; and Shenzhen Joyshiya Electronic Co. Ltd. "will be provided with notice of this action by e[]mail via the customer support email address (support@simolio.com) listed on Amazon.com . . . ." *Id.* ¶ 11, ECF No. 12-1 at 7. Service by email can satisfy due process and can be the most effective way to provide notice when a foreign defendant conducts commercial internet activities and structures its business online using email as the preferred contact method but fails to list an easily discoverable street address. *See Rio Properties*, 284 F.3d at 1017-18; *see e.g.*, *Keck v. Alibaba.com, Inc.*, No. 17-cv-05672-BLF, 2017 WL 10820533, at *3 (N.D. Cal. Dec.

8

20, 2017) (same); *Keck v. Alibaba.com, Inc.*, No. 17-cv-05672-BLF, 2018 WL 3632160, at *3 (N.D. Cal. July 31, 2018) (same); *Microsoft Corp. v. Goldah.com Network Tech. Co.*, No. 17-CV-02896-LHK, 2017 WL 4536417, at *5 (N.D. Cal. Oct. 11, 2017) ("[W]here defendants conduct commercial internet activities, email service is reasonably calculated to apprise them of the suit and thus comports with due process."). Plaintiff presents sufficient facts to demonstrate that service of the summonses, Amended Complaint, and all other filings in this matter to Defendants Joyshiya Development Limited; Shenzhen Superstar Electronics Co. Ltd.; and Shenzhen Joyshiya Electronic Co. Ltd. via the email address support@simolio.com is "reasonably calculated, under all the circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections" because "the particularities and necessities of [this] case require alternate service of process under Rule 4(f)(3)." *Rio Properties*, 284 F.3d at 1016; *see e.g.*, *Keck*, 2018 WL 3632160, at *3 (same).

### iii. Service to Defendants Joyshiya Development Limited and Shenzhen Superstar Electronics Co. Ltd. Via Online Contact Forms

Plaintiff identifies the websites https://joyshiyasalesberry.en.ec21.com/company_contact_info.html and https://www.electronics1.com/electronics-suppliers/joyshiya as a means of contact for Defendant Joyshiya Development Limited. *See* Schedule A, ECF No. 12 at 14. Plaintiff's attorney states that Defendant Joyshiya Development Limited "advertises, markets, supplies, and sell products, such as TV listening devices, on the EC21.com Internet marketplace" and that "[t]he Contact page on the EC21.com website for Defendant J[oyshiya] D[evelopment] L[imited] includes an online contact form found here: https://www.ec21.com/global/basic/SendInquiry.jsp?inq_data=HomeCompany|joyshiyasalesberry for sending an email communication . . . ." Klemptner Decl. ¶ 6, ECF No. 12-1 at 4. Plaintiff's attorney and paralegal state that they "completed and submitted a message through the online contact form . . . on the EC21.com website" and that "[t]he message did not show any error message, appeared to be fully operational, did not bounce

back or result in an 'undeliverable' message return." *Id*., ECF No. 12-1 at 4-5; *see also* Mason Decl. ¶ 3, ECF No. 12-2 at 2-3.  Plaintiff's attorney states that Defendant Joyshiya Development Limited "advertises, markets, supplies, and sells products, such as consumer electronics, on the Electronics1.com platform" and that "[t]he Contact page for Defendant J[oyshiya] D[evelopment] L[imited] on the Electronics1.com website includes an online contact form found here: https://www.electronics1.com/electronics-suppliers/joyshiya for sending electronic messages . . . ." Klemptner Decl. ¶ 7, ECF No. 12-1 at 5.  Plaintiff's paralegal states that she "sent a message to Defendant J[oyshiya] D[evelopment] L[imited] using the online contact form found here: https://www.electronics1.com/electronics-suppliers/joyshiya" and that "[t]he message did not show any error message, appeared to be fully operational, did not bounce back or result in an 'undeliverable' message return."  Mason Decl. ¶ 4, ECF No. 12-2 at 3.

Plaintiff identifies the websites https://www.made-in-china.com/sendInquiry/prod_NbyxYPELHsWa_sojmbFMALnWq.html?from=shrom&type=free&page=p_detail and https://detail.en.china.cn/provide/p128064003.html as a means of contact for Defendant Shenzhen Superstar Electronics Co. Ltd.  *See* Schedule A, ECF No. 12 at 14.  Plaintiff's attorney states that Defendant Shenzhen Superstar Electronics Co. Ltd. "advertises, markets, supplies, and sells products, such as TV listening devices, on the Made-in-China e-commerce website (www.made-in-china.com)" and that "[t]he Made-in-China website includes an online contact form found here: https://www.made-in-china.com/sendInquiry/prod_NbyxYPELHsWa_sojmbFMALnWq.html?from=shrom&type=free&page=p_detail for sending a message . . . ." Klemptner Decl. ¶ 8, ECF No. 12-1 at 5.  Plaintiff's attorney states that he "completed and submitted a message through the online contact form . . . on the Made-in-China website", that Plaintiff "received a message noting that [its] message was 'Sent Successfully! Notification of a supplier's reply will be sent to klemptner14 @gmail.com'", and that "[t]he message did not bounce back nor did [Plaintiff] receive any communication stating that it was 'undeliverable.'" *Id*., ECF No. 12-1 at 5-6.  Plaintiff's attorney states that Defendant Shenzhen Superstar Electronics Co. Ltd. "advertises,

markets, supplies, and sells products, such as TV listening devices, on the China.cn e-commerce website (en.china.cn)" and that "[t]he China.cn website includes an online contact form found here: https://detail.en.china.cn/provide/p128064003.html for sending a message . . . ." *Id.* ¶ 9, ECF No. 12-1 at 6.  Plaintiff's attorney states that he "completed and submitted a message through the online contact form . . . on the China.cn website", that Plaintiff "received a message stating 'Successfully! Thank you for your enquiry and you will be contacted soon'", and that Plaintiff "received an email from suan @yudalt.com providing . . . specific information regarding the product identified" in Plaintiff's message. *Id.*

Service through online contact forms is reasonably calculated to provide notice to Defendants who operate virtual storefronts regarding the pendency of this action.  *See e.g.*, *Keck*, 2017 WL 10820533, at *3 ("[S]ervice through the Alibaba.com and AliExpress.com online messaging system is reasonably calculated to provide notice to Defendant Stores who operate virtual storefronts regarding the pendency of this action."); *Keck*, 2018 WL 3632160, at *3 ("[S]ervice through the AliExpress.com online messaging system is a reasonably calculated method that provides notice to those Defendant Stores and allows an opportunity for them to respond.").  Plaintiff presents sufficient facts to demonstrate that service of the summonses, Amended Complaint, and all other filings in this matter to Defendant Joyshiya Development Limited via the online contact forms on https://joyshiyasalesberry.en.ec21.com/company_contact_info.html and https://www.electronics1.com/electronics-suppliers/joyshiya is "reasonably calculated, under all the circumstances, to apprise [Defendant Joyshiya Development Limited] of the pendency of the action and afford [it] an opportunity to present [its] objections." *Rio Properties*, 284 F.3d at 1016; *see e.g.*, *Keck*, 2018 WL 3632160, at *3 (finding that service through the AliExpress.com online messaging system is reasonably calculated to provide notice to defendant stores and allow them an opportunity to respond when plaintiff did not receive undeliverable or error messages after sending test messages).  Plaintiff presents sufficient facts to demonstrate that service of the summonses, Amended Complaint, and all other

filings in this matter to Defendant Shenzhen Superstar Electronics Co. Ltd. via the online contact forms on https://www.made-in-china.com/sendInquiry/prod_NbyxYPELHsWa_sojmbFMALnWq.html?from=shrom&type=free&page=p_detail and https://detail.en.china.cn/provide/p128064003.html is "reasonably calculated, under all the circumstances, to apprise [Defendant Shenzhen Superstar Electronics Co. Ltd.] of the pendency of the action and afford [it] an opportunity to present [its] objections." *Rio Properties*, 284 F.3d at 1016; *see e.g.*, *Keck*, 2017 WL 10820533, at *3 ("Because Defendant Stores have responded to online messages, service through the online messaging system is reasonably calculated to give notice to Defendant Stores and afford them an opportunity to present objections.").

## II. CONCLUSION

IT IS HEREBY ORDERED that the Renewed Ex Parte Motion Authorizing Alternate Service of Process on Defendants filed by Plaintiff TV Ears, Inc. (ECF No. 12) is GRANTED. Plaintiff shall effectuate service by delivering the summonses, Amended Complaint, and all other filings in this matter to Defendant Gao at the email address memorytechcenter@hotmail.com and to Defendants Joyshiya Development Limited; Shenzhen Superstar Electronics Co. Ltd.; Shenzhen Joyshiya Electronic Co. Ltd.; and Shenzhen Simolio Electronic Co., Ltd at the email address support@simolio.com. Plaintiff shall further effectuate service by delivering the summonses, Amended Complaint, and all other filings in this matter to Defendant Joyshiya Development Limited through the online contact forms found on https://joyshiyasalesberry.en.ec21.com/company_contact_info.html and https://www.electronics1.com/electronics-suppliers/joyshiya and to Defendant Shenzhen Superstar Electronics Co. Ltd. through the online contact forms found on https://www.made-in-china.com/sendInquiry/prod_NbyxYPELHsWa_sojmbFMALnWq.html?from=shrom&type=free&page=p_detail and https://detail.en.china.cn/provide/p128064003.html.

1  IT IS FURTHER ORDERED that the Ex Parte Motion Extending Time for Service
2  filed by Plaintiff TV Ears, Inc. (ECF No. 13) is GRANTED.  Plaintiff shall file proof of
3  service within 90 days from the date of this Order.
4  Dated:  January 19, 2021

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court