# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00710-FDW-DSC

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> NINGBO C.F. ELECTRONIC TECH CO., LTD. <br> BLUEWORKS INNOVATION CORPORATION <br> NINGBO YISHANG IMPORT AND EXPORT CO., LTD. <br> BLUEWORKS CORPORATION, <br><br> **Defendant.** | **ORDER** |

THIS MATTER is before the Court on Defendants Ningbo C.F Electronic Tech Co., Ltd. and Ningbo Import and Export Co., Ltd.'s, consolidated Motion to Dismiss. (Doc. No. 22). The motion has been fully briefed and is ripe for review. For the reasons below, Defendants' Motion is DENIED.

**I.     BACKGROUND**

The allegations pertinent to Defendants' Motion to Dismiss are derived from the Complaint, exhibits attached to the Complaint, and the affidavits submitted by the parties in opposition to and support of the existence of personal jurisdiction.

**a.  Procedural and Factual Background**

Plaintiff Hayward Industries Inc. ("Hayward" or "Plaintiff") is a New Jersey corporation with its principal place of business in New Jersey. (Doc. No. 1, p. 7). Defendants Blueworks Corporation and Blueworks Innovation, (together, "Blueworks"), are incorporated in and

1

principally located in North Carolina. Id. at p. 2. Defendants Ningbo C.F. Electronic Tech Co., Ltd. ("Ningbo Electronic") and Ningbo Yishang Import and Export Co., Ltd. ("Ningbo Import") are both incorporated in and principally located in China. (Doc. No. 1, p. 2).

According to the Complaint, Hayward manufactures and sells swimming pool equipment, including "pumps, heaters, filters, and chlorination systems." Id. at p. 7. Hayward manufactures and sells at least some of its equipment under its "house mark," HAYWARD®, which is federally-registered under Registration Number 3,969,301. Id. at p. 10. Hayward also owns eight other federally-registered trademarks and five common law trademarks.[1] Id. at p. 11.

Although the allegations contained in the Complaint are extensive and need not be set forth in detail herein, they can be summarized as follows: Ningbo Electronic manufactures products on behalf of Blueworks that allegedly infringe on Hayward's federally-registered and common law marks, Ningbo Import imports the infringing products to Blueworks in North Carolina, and Blueworks sells and advertises the infringing products through various interactive retail websites. See id. at pp. 2-4.

On December 18, 2020, Hayward filed a Complaint against Defendants Ningbo Electronic, Ningbo Import, and Blueworks alleging various claims under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and claims alleging violation of North Carolina common and statutory law. (Doc. No. 1). Defendants Ningbo Electronic and Ningbo Import filed a consolidated Motion to Dismiss for lack of personal jurisdiction and failure to state a claim, which is pending before this Court.[2] (Doc. No. 22).

---

[1] Hayward also owns the following federally-registered trademarks: AQUA RITE®, Reg. No. 3,704,835; TURBO CELL®, Reg. No. 3,156,434; GOLDLINE®, Reg. No. 5,726,797; SWIMPURE®, Reg. No. 5,932,470; T-CELL-3®, Reg. No. 6,085,072; T-CELL-9®, Reg. No. 6,085,074; T-CELL-15®, Reg. No. 6,085,079; and PRO LOGIC®, Reg. No. 3,538,131. (Doc. No. 1, pp. 10-11). Hayward also contends it owns the following common law rights to: AQUA RITE XL™, AQUA LOGIC™, AQUA RITE PRO™, Blue Essence™, and T-CELL™. Id. at pp. 11-12.
[2] Blueworks Defendants do not move for dismissal at this time.

### b. Jurisdictional Background

Defendants Ningbo Electronic and Ningbo Import move for dismissal, arguing, in part, that this Court lacks personal jurisdiction over them because Plaintiff's claims do not arise out of Ningbo Defendants' contacts with North Carolina, there are no relevant contacts with North Carolina, and to exercise jurisdiction over Ningbo Electronic and Ningbo Import would be inconsistent with Due Process.[3] (Doc. No. 23). And, although not explicitly stated, Plaintiff argues this Court has personal jurisdiction over both Ningbo Defendants under an "alter ego" theory of jurisdiction. See (Doc. No. 25, p. 13) ("[O]ne company blurs into the other."). Given the competing theories of jurisdiction, the Court sets forth the relevant jurisdiction background, taken from the parties' affidavits and exhibits, in detail below.

### i. Corporate Ownership

The record before the Court reflects a somewhat contradictory picture of the relationships between and corporate structures of Ningbo Electronic, Ningbo Import, and Blueworks.[4] It is undisputed that Ningbo Electronic and Ningbo Import are incorporated in and principally located in Ningbo City, Zhejiang Province, China. (Doc. No. 1, pp. 2-3). It is also undisputed that Richard Chen ("Mr. Chen"), also known as Zefeng Chen, is "one of two owners" of Ningbo Electronic. (Doc. No. 23-1).

However, the extent to which Ningbo Electronic is affiliated with Blueworks is in dispute. In an affidavit submitted to the Court, Mr. Chen denies any affiliation between Ningbo Electronic, Ningbo Import, and Blueworks, id., despite the Complaint's allegations to the contrary. See (Doc.

---

[3] Ningbo Defendants also argue they are not subject to general personal jurisdiction in North Carolina. (Doc. No. 23). Plaintiff does not contest Ningbo Defendants' assertion, see (Doc. No. 25), and the Court's analysis is appropriately directed.
[4] The Court's understanding of the relationship among Defendants and their corporate structures is impeded by the fact that *none* of the Defendants have filed a corporate disclosure statement in the five months this litigation has been pending.

No. 1, p. 3). Mr. Chen's affidavit is somewhat contradicted by Blueworks' Answer, which admits Mr. Chen is a non-controlling shareholder in Ningbo Electronic and CEO of Blueworks.[5] (Doc. No. 24). Additionally, Blueworks' Annual Report submitted to the North Carolina Secretary of State's Office on or around February 16, 2020 lists Mr. Chen as Blueworks' registered agent in the State. (Doc. No. 10-2, p. 25). However, Blueworks filed an Amended Annual Report on or around March 31, 2020, which lists Haoqi Sun as Blueworks' registered agent in the State. Id. at p. 26. The nature of Haoqi Sun's relationship, if any, with Ningbo Electronic and/or Ningbo Import is unclear.

As to Ningbo Import's ownership, Peifeng Chen submitted an affidavit indicating that he or she is one of the owners of Ningbo Import.[6] See (Doc. No. 23-2). An exhibit submitted by Plaintiff corroborates that Peifeng Chen is the sole shareholder and one of two "key members" for Ningbo Import. (Doc. No. 10-2, p. 19). The other key member is Lu Zhuojing, (Doc. No. 10-2, p. 19), who is also listed as Blueworks' President and/or Secretary on Blueworks' Annual Report and Amended Annual Report. (Doc. No. 10-2, pp. 25-27).

### ii. Other Jurisdictional Information

Ningbo Defendants have submitted only the affidavits from Mr. Chen and Peifeng Chen, which assert that neither Ningbo Electronic nor Ningbo Import have purposefully availed themselves of the laws of North Carolina.[7] (Doc. Nos. 23-1, 23-2).

Plaintiff has submitted numerous affidavits and exhibits in attempts to establish that both Ningbo Defendants are essentially alter egos for Blueworks. For example, an affidavit by an investigator in China, Tiberius Dinu ("Mr. Dinu"), indicates that Mr. Dinu was handed a

---

[5] The affidavit makes clear that *Ningbo Electronic* has no affiliation with Blueworks but does not speak to Mr. Chen's relationship to Blueworks. (Doc. No. 23-1).
[6] It is unclear what relationship, if any, exists between Richard Chen and Peifeng Chen.
[7] The affidavits submitted by Mr. Chen and Peifeng Chen assert that Ningbo Electronic and Ningbo Import do not meet the factors for purposeful availment identified in Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009) by the Fourth Circuit. See (Doc. Nos. 23-1, 23-2).

"Blueworks product catalogue" while visiting Ningbo Electronic's headquarters in China. (Doc. No. 10-2, p. 3). A separate Ningbo Electronic brochure contains an "About Us" page, which indicates that Ningbo Electronic has a "dedicated customer service team located at North Carolina." (Doc. No. 25-2, p. 4).

Moreover, Mr. Dinu's affidavit contains attached supporting exhibits, which Plaintiff points to in its Response in Opposition as additional evidence that Ningbo Defendants and Blueworks are alter egos. One such exhibit shows emails sent by Ms. Holly Chen ("Ms. Chen"), with a signature block indicating that Ms. Chen is a "General Manager Assistant" for Ningbo Electronic, which has a "branch in NC, USA." (Doc. No. 10-2, p. 73). Another exhibit contains a copy of Mr. Richard Chen's business card for Ningbo Electronic, which indicates his email address as richard@techlife.com. This is the same email address listed in a Blueworks membership profile for the Carolinas Chinese Chamber of Commerce. Compare (Doc. No. 10-2, p. 29) with (Doc. No. 25-9, p. 2). Finally, Plaintiff has submitted a screenshot of a product listed for sale on www.poolstoreusa.com, which lists the manufacturer of the product as "Ningbo, Blue Works," and a screenshot of a Blueworks Trademark application, signed by "Chen Zefeng," also known as Richard Chen. (Doc. No. 25-6, pp. 2-3).

## II. LEGAL STANDARD

### a. Personal Jurisdiction

Rule 12(b)(2) provides for dismissal for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). Under Rule 12(b)(2), the defendant is required to affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage. Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)). "[W]hen the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal

memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge." Grayson, 816 F.3d at 268 (citing Combs, 886 F.2d at 676). Although the court may consider affidavits submitted by both parties, factual disputes and all reasonable inferences must be made in favor of the party asserting jurisdiction. White v. Aetna Life Ins. Co., No. 3:20-CV-204-MOC-DSC, 2021 WL 467210, at *2 (W.D.N.C. Feb. 9, 2021).

### b. Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Markets, Inc. v. J.D. Associates Ltd. Partnership, 213 F.3d 175, 180 (4th Cir.2000); additionally, a court "accept[s] as true all well-plead allegations and view[s] the complaint in the light most favorable to the plaintiff." Sec. of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir.2007).

A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at

678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56) (internal citations omitted). Conclusory allegations are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. While a high level of factual detail is not required, a complaint needs more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

### III. JURISDICTION IN NORTH CAROLINA

According to the affidavits submitted by Ningbo Electronic and Ningbo Import, (Doc. Nos. 23-1, 23-2), both Ningbo Defendants are organized under the laws of China and have their principal places of business in China. Therefore, the entities are nonresidents of North Carolina. In order for a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. Clarke Veneers & Plywood, Inc. v. Mentakab Veneer & Plywood, 821 F. App'x 243, 244 (4th Cir. 2020).

"North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause." Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 218 (4th Cir. 2001). Thus, dual jurisdictional requirements collapse into a single inquiry Id. Under the Due Process Clause, a court can have personal jurisdiction over the defendant in either of two ways: (1) general personal

jurisdiction when the defendant has had "continuous and systematic contacts with the forum state regardless of where the relevant conduct occurs;" or (2) specific personal jurisdiction, which "requires only that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." Wall Recycling, LLC v. 3TEK Glob., LLC, No. 1:20CV371, 2020 WL 6323345, at *3 (M.D.N.C. Oct. 28, 2020).

At the outset, the Court notes that neither Plaintiff nor Ningbo Defendants have explicitly argued any one theory of jurisdiction. For example, Ningbo Defendants have submitted affidavits appearing to focus on the purposeful availment aspect of specific personal jurisdiction. (Doc. Nos. 23-1, 23-2). However, their Motion focuses more extensively on general jurisdiction, which is not disputed by Plaintiff; whether minimum contacts with North Carolina exist; and the reasonableness and fairness of exercising personal jurisdiction over them. See (Doc. No. 23). And, in response, Plaintiff focuses on an alter ego theory of jurisdiction. See (Doc. No. 25). The Court addresses each argument presented in the motion and responsive brief in turn.

a. **Minimum Contacts**

A minimum contacts analysis requires a court to consider "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002).

When evaluating purposeful availment, the Fourth Circuit has identified several nonexclusive factors to consider, including: (1) whether the defendant maintained offices or agents in the State; (2) whether the defendant maintained property in the State; (3) whether the defendant reached into the State to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the State; (5) whether a choice of law clause selects

8

the law of the State; (6) whether the defendant made in-person contact with a resident of the State regarding the business relationship; (7) whether the relevant contracts required performance of duties in the State; and (8) the nature, quality, and extent of the parties' communications about the business being transacted. Sneha Media & Entm't, LLC v. Associated Broad. Co. P, 911 F.3d 192, 198-99 (4th Cir. 2018).

Here, the affidavits accompanying Defendants' Motion contain rote statements denying that either Chinese corporation satisfies any of the nonexclusive purposeful availment factors identified by the Fourth Circuit. See (Doc. Nos. 23-1, 23-2). Yet, many of the statements denying purposeful availment of North Carolina are directly contradicted by other affidavits and exhibits in the record. Accordingly, the Court is unable to determine, with a requisite level of clarity, whether Ningbo Electronic and Ningbo Import purposefully availed themselves of North Carolina based on the factors identified by the Fourth Circuit.[8] However, because the Court finds the alter ego theory of personal jurisdiction dispositive, the Court declines to address the remaining two minimum contact prongs herein.

**b. Alter Ego**

Although framed as a minimum contacts argument, Plaintiff's primary argument in support of a finding of personal jurisdiction over both Ningbo Defendants is an alter ego theory of personal jurisdiction. See (Doc. No. 25). The Fourth Circuit has explained that

> federal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual [or a corporation] that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court.

---

[8] Plaintiff devotes only one full page of its Response specifically to the purposeful availment argument, (Doc. No. 25, p. 15), and Defendants' Motion relies only on the affidavits as factual support for its purposeful availment argument. The remaining arguments in the Motion are wholly conclusory. See (Doc. No. 23).

9

Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 433 (4th Cir. 2011) (quoting Patin v. Thoroughbred Power Boats Inc., 294 F.3d 640, 653 (5th Cir. 2002)); see also Jacobs v. Stein, No. 3:16-cv-00768, 2017 WL 1017125, at *4 (W.D.N.C. Mar. 15, 2017). An "alter ego" theory of jurisdiction would "allow a court to exercise jurisdiction over a party not otherwise subject to personal jurisdiction when that party is an alter ego of a corporation that is subject to personal jurisdiction in the court." Hutton v. Hydra-Tech, Inc., No. 1:14-cv-888, 2016 WL 5724813, at *8 (M.D.N.C. Sept. 30, 2016).

In North Carolina, [9] a defendant qualifies as an alter ego of another defendant when the plaintiff establishes the following:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time *no separate mind, will or existence of its own*; (2) [s]uch control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and (3) [t]he aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

Avanti Hearth Prods., LLC v. Janifast, Inc., No. 3:10-cv-00019-FDW, 2010 WL 3081371, at *4 (W.D.N.C. Aug. 6, 2010) (emphasis in original) (citing Anderson v. Dobson, No. 1:06-cv-2, 2006 WL 1431667, at *6 (W.D.N.C. May 22, 2006)

When a plaintiff seeks to make a *prima facie* case that the court has jurisdiction over a defendant's alter ego, the plaintiff must produce some evidence of the defendants' alleged relationship. See Avanti Hearth Prods., LLC 2010 WL 3081371, at *5 (citing Hanson and Morgan Livestock, Inc. v. B4 Cattle Co., Inc., No. 5:07-cv-0030, 2008 WL 4066251, at *7 (S.D.W.Va. Aug. 27, 2008) ("[C]ourts have . . . determined that conclusory allegations are not sufficient to

---

[9] When determining whether a court has personal jurisdiction over a defendant based upon its qualifying as an alter ego of another defendant, authority suggests that the Fourth Circuit applies the law of the forum state." See Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 433 (4th Cir. 2011) (applying Virginia law when evaluating an alter ego theory of personal jurisdiction).

establish personal jurisdiction over an alter ego.")). While the plaintiff carries a heaving burden when attempting to pierce the corporate veil to establish personal jurisdiction, North Carolina courts recognize the equitable nature of alter ego theory; as a result, they do not focus on the presence or absence of a particular factor, but instead apply the doctrine flexibly to avoid injustice. See Atlantic Tobacco Co. v. Honeycutt, 398 S.E.2d. 641, 643 (N.C. Ct. App. 1990) (citing Glenn v. Wagner, 329 S.E.2d 326, 332 (N.C. 1985)). Notably, one important factor courts generally consider when evaluating jurisdiction under an alter ego theory is whether the defendants alleged to be alter egos share the same counsel. See, e.g., Avanti Hearth Prods., LLC 2010 WL 3081371, at *5; see also Epic Tech, LLC v. STHR Grp. LLC, No. 1:15-cv-252, 2015 WL 8179513, at *12 (M.D.N.C. Dec. 7, 2015) ("The [defendant's] representation by the same counsel similarly militates towards an alter ego finding."); F.D.I.C. v. Allen, 584 F. Supp. 386, 397 (E.D. Tenn. 1984) (listing "the employment of the same employees or attorneys" as a factor to consider when determining whether to pierce the corporate veil); Walker v. White, 609 F. Supp. 2d 529, 537 (W.D.N.C. 2009) (quoting F.D.I.C., 584 F. Supp. at 397).

To the extent Defendants here set forth an argument against an alter ego theory of jurisdiction, the Court is unpersuaded by it. First, many of the affirmations stated by Mr. Chen and Peifeng Chen in their affidavits seem to be contradicted by other evidence in the record. For example, Mr. Chen and Peifeng Chen aver that neither Ningbo Electronic nor Ningbo Import have had "employees, officers, directors, or managing agents in North Carolina," (Doc. Nos. 23-1, 23-2), but Blueworks Annual Reports filed with the state of North Carolina indicate that Blueworks' Secretary, President, and/or Registered Agent are all "key members" of Ningbo Electronic and Ningbo Import.[10] Notably, Mr. Chen and Peifeng Chen also aver that neither Ningbo Electronic nor Ningbo Import regularly conduct business in North Carolina, but *in the same affidavits*, admit

---

[10] See supra Section I.b.i.

to doing business with Blueworks, which is a North Carolina corporation. See (Doc. Nos. 23-1, 23-2).

Second, while Defendants are correct in their assertion that "an overlap in principals does not create personal jurisdiction among independent companies," they fail to acknowledge—or sufficiently contest—that there is more than a mere overlap in principals here. (Doc. No. 23, p. 13). Indeed, the affidavits and supporting exhibits submitted by Plaintiff indicate that Blueworks, Ningbo Electronic, and Ningbo Import have no separate mind, will or existence of their own. Not only is there an overlap in principals between the three corporations,[11] Ningbo Electronic *itself* advertises that it has a branch in North Carolina in email signatures and brochures and *provides Blueworks catalogues* to prospective customers in China. Even some of the allegedly infringing products listed for sale on retail websites such as www.poolstoreusa.com are listed as being manufactured by "Ningbo, Blueworks."

In short, Plaintiff has submitted an abundance of evidence—none of which has been sufficiently contested by Defendants—tending to show that Blueworks and Ningbo Defendants are alter egos. The Court is particularly persuaded of this in light of the fact that neither Blueworks, nor Ningbo Electronic, nor Ningbo Import have submitted any corporate disclosure statements *and share the same counsel*. The Court accordingly finds that Ningbo Electronic and Ningbo Import are subject to personal jurisdiction in this Court by way of their alter ego relationship with Blueworks, which is subject to general jurisdiction as a North Carolina corporation.

c. **Reasonable and Fair**

---

[11] Richard Chen is not only a co-owner for Ningbo Electronic, but also the *CEO* of and, at one point, the *registered agent* for Blueworks in North Carolina. Amended Annual Reports for Blueworks indicate that Haoqi Sun replaced Richard Chen as Blueworks' registered agent. See (Doc. No. 10-2, pp. 25-27). Lu Zhuojing, the listed Secretary for Blueworks is also one of two key members for Ningbo Import. (Doc. No. 10-2, p. 19).

The Supreme Court has outlined five factors to consider when determining whether the exercise of personal jurisdiction would be reasonable and fair: (1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5), the shared interest of the several States in furthering fundamental substantive social policies. Asahi Metal Indus. Co. v. Super. Ct. of Cal., 480 U.S. 102, 113 (1987).

Defendants here argue that to exercise personal jurisdiction over them would be neither reasonable nor fair, primarily because they are based in China and because North Carolina has little interest in the outcome of this matter. (Doc. No. 23, pp. 15-16). The Court is not persuaded by Defendants' argument for three reasons.

First, the burden of litigating from China does not weigh against the exercise of personal jurisdiction. As explained above, Ningbo Defendants and Blueworks share the same key members, including Mr. Chen, Haoqi Sun, and Lu Zhuojing, all of whom will have to make themselves available in this litigation on behalf of Blueworks. Additionally, all Defendants share the same counsel, who have already proven themselves capable of efficiently representing all Defendants in this matter.[12] Ningbo Defendants will not be any more burdened by litigating in North Carolina than Blueworks is.

Second, North Carolina has significant interest in adjudicating this dispute. Even though Ningbo Electronic and Ningbo Import are Chinese corporations, the Court has determined that they are alter egos of Blueworks; as such, North Carolina's interest in adjudicating a dispute involving a North Carolina corporation can be imputed onto both Ningbo Defendants.

---

[12] Ningbo Defendants' Motion to Dismiss was filed the same day as Blueworks' Answer, and both filings were signed by the exact same attorneys. (Doc. Nos. 22, 24).

Finally, the last three factors weigh in favor of exercising jurisdiction at best and are neutral at worst. Defendants argue Plaintiff's interest in litigating this dispute can be "squarely addressed" by Blueworks. (Doc. No. 23, p. 16). However, Plaintiff has a clear interest in obtaining relief from all three Defendants as they are alleged to have worked in tandem to violate Plaintiff's intellectual property rights. Simply put, Ningbo Defendants may not hide behind Blueworks to avoid this litigation. The last two factors—interstate judicial efficiency and social policy—are neutral as this matter involves neither multiple states nor social policy. See Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc., 603 F.3d 1364, 1371 (Fed. Cir. 2010) ("Because patent infringement is a matter of federal law, 'the shared interest of the several States in furthering fundamental substantive social policies' is not implicated." (citation omitted)). The Court accordingly finds that to exercise personal jurisdiction over Ningbo Defendants would be both fair and reasonable and DENIES Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2).

## IV. FAILURE TO STATE A CLAIM

Plaintiff has asserted twenty (20) causes of action against Defendants, nineteen of which are asserted against all four Defendants and one of which is asserted against only the Ningbo Defendants.[13] See (Doc. No. 1). Defendants assert two primary arguments in support of its Motion to Dismiss for Failure to State a Claim. First, that "Plaintiff has presented no factual allegations" in support of its arguments against Ningbo Defendants. (Doc. No. 23, p. 17). Second, that Plaintiff's allegations amount to "fair use." Id. at pp. 17-18.

---

[13] Plaintiff asserts the following claims: (1) False Advertising under the Lanham Act; (2) Trademark Infringement under the Lanham Act for Plaintiff's HAYWARD, AQUAR RITE, GOLDLINE, TURBO CELL, T-CELL-3, T-CELL-9, T-CELL-15, PRO LOGIC and SWIMPURE marks; (3) Federal Trademark Counterfeiting under the Lanham Act; (4) Unfair Competition and False Designation of Origin by Unauthorized Use of all marks; (5) Unfair Competition and False Designation of Origin by Passing Off of all marks; (6) Violation of § 42 of the Lanham Act, Importation; (7) Trademark Infringement and Unfair Competition under North Carolina Common Law; (8) Tortious Interference with Prospective Economic Advantage; (9) Unjust Enrichment; (10) Violation of North Carolina's Unfair and Deceptive Trade Practices Act; and (11) Contributory Infringement and Vicarious Liability against Ningbo Defendants. (Doc. No. 1).

Defendants' arguments fall short. As to Defendants' first argument, although they insist Plaintiff's allegations that "Ningbo Defendants control the Blueworks Defendants are simply legal conclusions," Plaintiff *has* set forth sufficient factual detail—in quality and quantity—indicating that Ningbo Defendants and Blueworks are alter egos. As to Defendants' second argument, "[w]hether [their] uses [of Plaintiff's trademarks] are legitimate fair uses of the trademarks in competition, and whether they create a likelihood of confusion, are fact-specific issues not properly resolved through a motion to dismiss." Gov't Emps. Ins. Co. v. Google, Inc., 330 F. Supp. 2d 700, 704 (E.D. Va. 2004). The Court accordingly DENIES Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## V. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim, (Doc. No. 22), is DENIED.

IT IS SO ORDERED.

Signed: May 27, 2021

Frank D. Whitney
United States District Judge