# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:20-cv-00710-FD-S

## Hayward Industries, Inc. v. BlueWorks Corporation, et al.

## CERTIFICATION AND REPORT OF F.R.C.P 26(f) CONFERENCE
## AND PROPOSED DISCOVERY PLAN

1. <u>Certification of Conference.</u> Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **6/24/21** between:

    Russ Ferguson and Erik Belt, Counsel for Plaintiff

    Doug Grimes and Mike Houston, Counsel for Defendants
    Yanling "Sophie" Jiang, Counsel for Ningbo Defendants

2. <u>Pre-Discovery Disclosures.</u>
    - [✓] The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by **7-8-2021**.
    - [ ] The parties stipulate out of or object to mandatory initial disclosures.

3. <u>Brief Statement of the Nature and Complexity of the Case</u>.

    This case involves Plaintiff's allegations that the Defendants have used Plaintiff's trademarks, and marks that are confusingly similar to Plaintiff's trademarks, in connection with the advertising and sale of pool equipment, such as salt chlorination cells. Plaintiff alleges that Defendants' use of its trademarks and other confusingly similar marks amounts to false advertising, trademark infringement, counterfeiting, unfair competition, and false designation of origin, among other violations of federal and North Carolina state and common law. Defendants deny any trademark use of Plaintiff's marks as well as all allegations of wrongdoing, and have filed counterclaims for cancellation of Plaintiff's trademarks and tortious interference with a contractual business relationship. Defendants allege that Plaintiff, by submitting multiple take down notices to Amazon.com, have tortiously interfered with a contract that Defendants have or had with Amazon.com. Plaintiff denies that its trademarks should be cancelled and denies that it committed tortious interference with a contractual business relationship. Although this case may turn on whether or not there is an actionable "likelihood of confusion," as that is a multi-factor analysis, the parties expect that expert witnesses may be relied upon for issues including, but not limited to, consumer perception of Plaintiff's trademarks and the likelihood of confusion.

4.      Case Management Track.

    ☑      The parties jointly request that this matter be assigned to the **Standard Track**. Without an extension, under this case management track the discovery completion deadline would be 12/24/2021 and the dispositive motions deadline would be 1/24/22.

              Due to the complexities of this case (including the expectation of relying on expert witnesses and survey evidence, as well as the need to obtain discovery from the Chinese entities named as defendants in the complaint), the parties jointly request a 5-week extension of deadlines contemplated in section 5.d of the Court's Standing Order Governing Civil Case Management. Thus, the parties request the following schedule:

              Discovery completion deadline: **January 28, 2022**.

              Dispositive motion deadline: **February 28, 2022**.

    ☐      The parties disagree as to the appropriate case management track.

    ☐      (Check if applicable and explain below.) Identify any anticipated conflicts (including personal or professional obligations, family or medical leave, or vacation that has been secured in advance) upon which any party or counsel would seek to have the discovery period extended by a reasonable period of not more than eight (8) weeks and/or the trial setting continued not more than one (1) complete motions/trial calendar cycle beyond that which otherwise would be justified based solely on the nature and complexity of the case:

5.      Discovery Plan. The parties jointly propose to the Court the following discovery deadlines and limitations.

      (a)     *Deadline for motions* to join additional parties or otherwise amend the pleadings: **8/20/21**.

      (b)     *Discovery Limits*:
          1)      Maximum of 30 interrogatories per side.
          2)      Maximum of 50 requests for production per side.
          3)      Maximum of 30 requests for admission per side.
          4)      Maximum of 50 hours of oral deposition per side.

      (c)     *Expert reports* from retained experts under Rule 26(a)(2) will be due:
      - from plaintiff(s) by **11/12/21**;
      - from defendant(s) by **12/31/21**;
      - rebuttal expert reports will be due by **1/14/22**
      - Supplementations under Rule 26(e) due **1/28/22**                              .

      (d)     *Special Issues Regarding the Scope and Schedule of Discovery.* (Note that in cases complex enough to warrant the bifurcation of discovery or other proceedings, the parties may propose separate phases of discovery, provided that the aggregate amount of time allocated to all phases of discovery does not exceed the total number of weeks permitted for discovery given the appropriate case management track.)

      **The above-listed interrogatory, requests for production, and requests for admission limits shall be interpreted as allowing up to 14 "joint" interrogatories and requests for admission (i.e., interrogatories and requests for admission to or from more than one party) and up to 4 party-specific interrogatories and requests for admission (i.e. interrogatories and requests for admission specifically from one party to another party), and 26 "joint" requests for production and up to 6 party-specific requests for production. For the avoidance of doubt, a "joint" interrogatory, request for admission, or request for production is a verbatim interrogatory, request for admission, or request for production served to or from more than one party. When multiple defendants are served with a "joint" interrogatory, request for admission, or request for production, a separate answer from each defendant is expected, even if the answers are verbatim.

      Additionally, for depositions in which an interpreter is necessary due to language barriers, the party taking the deposition shall be considered to have used 1 hour of deposition time for every 1.5 hours of actual deposition time to account for the time that translation takes during the deposition. For example, a six hour deposition wherein a translator is necessary shall only account for four hours of deposition time against the above limits.

(e)  *Objections*: n/a

6.  Other Items.

   (a)  Initial Pretrial Conference. The parties **do not request conference** with the Court prior to the entry of a Case Management Order.

   (b)  Alternative Dispute Resolution.
   Based upon preliminary discussions, settlement in this case **cannot yet be adequately evaluated**. The prospect of settlement may be enhanced by use of the following ADR procedure:

   - [✓] Mediated Settlement Conference
   - [ ] Judicial Settlement Conference
   - [ ] Binding Arbitration
   - [ ] Other:

   The parties agree that the above-selected ADR procedure would be most useful if conducted:

   - [ ] Prior to further discovery.
   - [✓] After an initial round of preliminary discovery to be completed by **8/31/2021**.
   - [ ] After the completion of discovery.

   (c)  Trial Estimates. If this case is ultimately tried, trial is expected to take approximately 5-6 days. This case will be tried with a jury.

   (e)  Local Civil Rule 73.1(C) Certification.
   - [✓] The parties have discussed the issue of consent to the jurisdiction of a U.S. magistrate judge. If unanimous consent is present, file an executed Joint Stipulation of Consent form (WDNC Form 34) contemporaneously with the CIAC or else the option to consent may be deemed waived as untimely.

7.  Please identify any other matters regarding discovery or case management which may require the Court's attention (e.g., concerns re: confidentiality, privilege, and electronically stored information):

   Due to the COVID-19 pandemic and the significant travel and visa restrictions currently in place as a result therefrom, as well as the location of certain parties and witnesses in China, depositions may need to be taken remotely, via telephone or videoconferencing technology, including possibly from a US embassy in China (Defendants' counsel have asked Plaintiff's counsel to investigate embassy availability for depositions). Chinese law also places restrictions on China-based companies' ability to respond to document requests. The parties anticipate working together within these constraints to achieve the discovery needs of this case, but these issues may cause complications and are likely to impact the normal discovery timelines.

4

In addition, a protective order will be needed to ensure confidentiality of the parties' sales revenue, profits, expenses, and other confidential business information. The parties will negotiate a stipulated protective order to present to the Court for adoption.

Finally, the parties will also negotiate and stipulate to a plan for ESI discovery, including the electronic production of documents (such as file format of the documents, etc.).

Additionally, rebuttal expert reports will be due by 1/14/22.

[signatures on separate page]

5

Jointly submitted this 1st day of July, 2021.

s\ W. Clark Goodman

W. Clark Goodman (N.C. Bar No. 19927)
Russ Ferguson (N.C. Bar No. 39671)
Womble Bond Dickinson (US) LLP
301 S. College St., Suite 3500
Charlotte, NC 28202
Clark.Goodman@wbd-us.com
Russ.Ferguson@wbd-us.com
*Attorney for Plaintiff:*
*Hayward Industries, Inc.*

s\Erik Paul Belt

Erik Paul Belt
Anne E. Shannon
Alexander L. Ried
McCarter & English, LLP
265 Franklin St. Boston, MA 02110
(617) 449-6500
*Attorney for Plaintiff:*
*Hayward Industries, Inc.*

s\ J. Douglas Grimes

J. Douglas Grimes
Bradley Arant Boult Cummings LLP
214 N. Tryon St., Suite 3700
Charlotte, NC 28202
704-338-6031
*Attorney for Defendants*
*Blueworks Corporation; Blueworks*
*Innovation Corporation; Ningbo C.F*
*Electronic Tech Co., Ltd.; Ningbo Yishang*
*Import and Export Co., Ltd.*

s\Michael R. Houston

Michael R. Houston
Jami A. Gekas
Matthew D. Witsman
Foley & Lardner LLP
321 N. Clark St., Ste 3000
Chicago, IL 60654-4762
312-832-4500
*Attorney for Defendants*
*Blueworks Corporation; Blueworks*
*Innovation Corporation; Ningbo C.F*
*Electronic Tech Co., Ltd.; Ningbo Yishang*
*Import and Export Co., Ltd.*

s\Yanling Jiang

Yanling "Sophie" Jiang
JiangIP, LLC
111 W. Jackson Blvd., Ste 1700
Chicago, IL 60604
925-247-4786
*Attorney for Defendants*
*Ningbo C.F Electronic Tech Co., Ltd.; Ningbo*
*Yishang Import and Export Co., Ltd.*

6