IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F ELECTRONIC TECH CO., LTD.; NINGBO YISHANG IMPORT AND EXPORT CO., LTD., <br><br> Defendants. | Civil Action No. 3:20-CV-00710-FDW-DSC <br> Hon. Frank D. Whitney <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS (DKT. 50) TO MAGISTRATE JUDGE'S MEMORANDUM AND ORDER (DKT. 49)** |

Defendants respond to Plaintiff's objections (Dkt. 50; "Objections") to Magistrate Judge Cayer's memorandum and order (Dkt. 49) as follows:

**BOTTOM LINE UP FRONT**

On July 1, 2021, the Parties submitted their Rule 26(f) Proposed Discovery Plan. Dkt. 41. The Court subsequently issued its Case Management Order ("CMO") which, among other things, set forth the discovery limits governing this case. Dkt. 42. Section 1(c) of the CMO provides explicit <u>per-party</u> limits on discovery, stating:

> c. **Discovery Guidelines.** Each party may propound no more than **30** interrogatories to any other party; each party may serve no more than **50** requests for production on any other party; each party may submit no more than **30** requests for admission to any other party; and each party may conduct no more than **50 hours** of oral depositions.[4] Parties may, by agreement, increase the numbers set forth above or, if unable to agree, may seek Court intervention where good cause exists.
>
> [4] Refer to parties' joint certification (Doc. No. 41) for specifics regarding the parties' discovery agreement.

1

*Id.*, §1(c) (emphasis added).

In view of these express limits, Judge Cayer's August 31, 2021 Memorandum and Order (the "M&O") denying Plaintiff's Motion for Protective Order correctly found that "Defendant has propounded discovery requests that are … in accordance with the express terms of the CMO." Dkt. 49. In its Objections to the M&O (Dkt. 50), Plaintiff does not argue otherwise, but instead seeks to rely on footnote 4 of the CMO to effectively convert the CMO's express <u>per-party</u> limits into <u>per-side</u> limits. The problem is, this is not what the CMO says, and as-written footnote 4 surely cannot be interpreted as contradicting the CMO's express terms. Plaintiff's Objections should therefore be overruled.

Additional reasons for overruling Plaintiff's Objections are that Plaintiff (*i*) long-delayed raising its alleged dispute (even while Defendants reasonably relied on the CMO's express limits), (*ii*) failed to follow the Court's rules for raising discovery disputes, and (*iii*) rendered the dispute moot by agreeing to answer Defendants' discovery by a date-certain.

Accordingly, the questions-at-issue are not those presented by Plaintiff because, now—nearly two months after the CMO issued—is not the time to seek "clarification" of what was "intended" by footnote 4. Instead, the issue is whether to uphold the M&O denying Plaintiff's Motion for a Protective Order, where:

- Defendants' discovery is indisputably within the CMO's express limits;

- Plaintiff failed to timely raise its discovery dispute via the CMO's resolution procedures;

- Plaintiff fails to establish good cause since a protective order would not materially reduce its discovery obligations, yet would seriously prejudice Defendants and jeopardize the case schedule; and

- Plaintiff subsequently sought and reached agreement with Defendants to answer Defendants' discovery by a date-certain.

2

Case 3:20-cv-00710-FDW-DSC   Document 53   Filed 09/23/21   Page 2 of 11

The M&O thus correctly recommends denying Plaintiff's Motion.

## I. FACTUAL BACKGROUND

The Rule 26(f) Proposed Discovery Plan submitted by the Parties contained a somewhat convoluted discovery-limit proposal based on "per-side" limits. Dkt. 41, §5. Such limits were insisted upon by Plaintiff, who initially sought to limit Defendants to 25 interrogatories total while allowing Plaintiff to serve up to 100 interrogatories on Defendants. *See* Dkt. 47-1, §5.d. On the other hand, Defendants felt strongly about other issues addressed by the proposed plan, such as obtaining extra time to prepare its rebuttal expert report and seeking a mandated early mediation after an initial round of discovery. *See, e.g.*, Dkt. 41, §5.c, §6.b.

While the Parties' proposal to the Court included items such as (*i*) extra time for Defendants' rebuttal expert report, (*ii*) a mandated early mediation, and (*iii*) a per-side basis for discovery limits, the Court exercised its discretion and issued a CMO reflecting its reasoned judgment on these issues, whereby neither Defendants nor Plaintiff got everything they proposed. Relevant here, the CMO did not adopt per-side discovery limits, but rather per-party limits, expressly stating that "*Each party* may propound no more than 30 interrogatories to any other party; *each party* may serve no more than 50 requests for production on any other party." Dkt. 42, §1(c) (emphasis added).

Having served only 40 interrogatories and 65 document requests total from three different Defendants (*see* Dkt. 43-4) out of a possible 120 interrogatories and a possible 200 document requests allowed, Defendants are not abusing discovery and have stayed far below the CMO's express limits.

Plaintiff also never contested or questioned the CMO at or near the time it was issued. Plaintiff's Objections come almost two months later and nearly six weeks after Defendants served discovery pursuant to the CMO.

3

## II. LEGAL STANDARDS

The M&O can be rejected only if it is clearly erroneous or contrary to law, which it is not. Further, Defendants do not agree that it mandates a purely *de novo* review. The M&O notes that (*i*) Plaintiff failed to follow the procedures required by Section 1(i) of the CMO, and (*ii*) Defendants' discovery requests were consistent with the express terms of the CMO. Dkt. 49 at 1. The M&O further denies Plaintiff's motion for "the other reasons stated in Defendants' brief." *Id*. Thus, the M&O acknowledged and credited all of Defendants' opposition arguments, and did not rely solely on its interpretation of the CMO.

In seeking a purely *de novo* review of what the Court "originally intended" by footnote 4 in the CMO (Objections at 2), Plaintiff ignores Defendants' arguments credited in the M&O, namely the lack of good cause justifying its requested relief, Defendants' good-faith reliance on the CMO's express terms, and the case-schedule disruption that will occur should Defendants be forced to start over with discovery. These each involve factual issues reviewed for clear error. *See, e.g.*, *Cipollone v. Liggett Grp., Inc.*, 822 F.2d 335, 341 (3d Cir. 1987) (reviewing good-cause determination under both clearly-erroneous and contrary-to-law standards).

## III. ARGUMENT

### A. The Parties' Discovery Proposal Cannot Trump the Clear Terms of the CMO

Plaintiff cannot and does not contest Judge Cayer's conclusion that Defendants' discovery requests are "in accordance with the express terms of the CMO." Plaintiff instead contends that other items previously proposed by the Parties—but not adopted into the CMO—should control. However, the Parties "agreed" to a number of items in the proposed discovery plan (*e.g.*, a longer time for Defendants' rebuttal expert report, mandatory early mediation) that the CMO declined to adopt as well. It would be capricious to conclude, as Plaintiff attempts

here, that the deadlines, limits, and other instructions expressly recited in the CMO do not apply simply because the Parties suggested alternative approaches in their previously submitted proposal.

Given the plain language of the CMO, Judge Cayer correctly concluded that "[a]lthough the CMO contains a footnote generally referring to the Rule 26(f) report, the express terms of the [CMO] are controlling." Plaintiff's assertion that footnote 4 governs, even though it creates irreconcilable conflicts with the actual terms of the CMO, simply cannot be correct.[1] If it were, then all of the discovery provisions in the proposed discovery plan would preempt the CMO, regardless of any contradictory terms in the CMO. Such calamity cannot prevail. Instead, when, as here, there is a mismatch between a proposal presented by the parties and a later-issued express order from the court, <u>the order controls</u>, as properly found by the M&O. *See, e.g.*, *Fid. Bank v. Key Hotels of Brewton, LLC*, No. 15-0031-WS-M, 2015 U.S. Dist. LEXIS 154895, at *14 (S.D. Ala. Nov. 16, 2015) (cautioning that in the event of conflict or inconsistency between the terms of the parties' agreement and the Court's order, <u>the order controls</u>); *GCB Communs., Inc. v. Next-G Commun., Inc.*, No. 2:10-cv-0563-HRH, 2011 U.S. Dist. LEXIS 163226, at *8 (D. Ariz. Oct. 4, 2011) ("[T]o the extent any such prior stipulation [between the parties] or order conflicts herewith, this order shall control.").

    **B.**    **No Good-Cause Support for a Protective Order**

Even assuming *arguendo* that the Court had intended to adopt the Parties' per-side discovery proposal, the M&O should still be affirmed given the current posture of the case.

---

[1] Plaintiff attempts to impose per-side limits, despite the CMO expressly providing per-party limits. In contrast, Defendants' good-faith interpretation of the CMO does not create a conflict between footnote 4 and the CMO's express terms. Under Defendants' interpretation, footnote 4 adopts the Parties' proposal as to issues not otherwise explicitly addressed in the CMO (for example, the computation of deposition time when an interpreter is being used).

5

While Plaintiff could have sought to amend or clarify Section 1(c) of the CMO shortly after it issued, Plaintiff did not do so. Instead, it waited a full month after the CMO issued (and almost three weeks after Defendants served discovery) to seek a protective order. *Compare* Dkt. 43 (motion filed on 8/23/2021) *with* Dkt. 42 (CMO issued 7/23/2021) and Dkt. 43-4 (Defendants' discovery served 8/5/2021).

In propounding their discovery, Defendants reasonably relied in good faith on the per-party limits expressly set forth in the CMO. To now force Defendants to redo and re-serve their discovery requests will waste yet another month, hindering Defendants' ability to conduct any follow-up discovery, take depositions, and prepare an expert report by the deadline, thereby jeopardizing the case schedule.

Moreover, Defendants' discovery requests amount to a third or less of the CMO limits, so Plaintiff is hardly being "bombarded" with discovery (Objections at 5). In addition, Plaintiff's discovery burden will remain unchanged if the motion is granted since the end result would be little more than the reissuance of single interrogatories seeking information as to each Defendant instead of multiple individual interrogatories seeking the same information. *See* Dkt. 47 at 7-9.

Plaintiff has thus failed to establish good cause because it delayed in seeking an amendment to or clarification of the CMO and its discovery burden will remain essentially unaffected, yet the prejudice to Defendants will be significant and the case schedule will be jeopardized. These are additional reasons to overrule the Objections.

### C. Plaintiff Also Failed To Follow the Court's Discovery-Dispute Resolution Procedures, Both as to Timing and Process

The M&O also correctly concludes that Plaintiff failed to adhere to this Court's instructions for resolving discovery disputes. Specifically, section 1(i) of the CMO specifies that, within 14 days of a discovery dispute arising, such disputes should be raised via telephonic

6

Case 3:20-cv-00710-FDW-DSC   Document 53   Filed 09/23/21   Page 6 of 11

conference with the Court. Dkt. 42, §1(i). Here, Plaintiff waited over a week to first raise the issue with Defendants (*see* Dkt. 43-5), waited almost another full week to seek a meet-and-confer (Dkt. 47-2), and then waited four more days before filing its motion. Plaintiff thus waited 18 days to raise its discovery dispute with the Court.[2]

The CMO sets forth the procedure and deadline for timely raising and resolving discovery disputes: a <u>telephonic hearing</u> should be sought <u>within 14 days</u> of a dispute arising. Dkt. 42, §1(i). Plaintiff violated both requirements, while not even attempting to show good cause for doing so.

Plaintiff now argues that Section 1(i) is exclusive to motions to compel (Objections at 3-4), even though the text of this section repeatedly refers to <u>discovery disputes</u>. Plaintiff's motion undeniably involves a discovery dispute—Plaintiff admitted as much when it agreed that the CMO does not call for a reply brief. *See* Dkt. 50-1 at 2 (noting that the CMO does not call for replies in discovery motions)[3]; *see also* FED. R. CIV. P. 26(c) Advisory Committee's Note to 1993 Amendment (noting that parties must attempt to resolve their "discovery dispute" before moving for a protective order). Moreover, as Plaintiff admits (Objections at 4), had it simply refused to answer Defendants' requests when due, Defendants then could have handled the dispute expeditiously via the prescribed teleconference. It seems doubtful that the Court intended to allow CMO Section 1(i) to be so easily circumvented through the tactics employed by Plaintiff here.

Accordingly, Section 1(i) of the CMO applies to this dispute, and, as footnote 4 on page 5 of the CMO states, Plaintiff's dispute should be deemed waived, consistent with the M&O.

---

[2] None of that delay was attributable to Defendants. *See* Dkt. 47 at 5.

[3] In that same email, Plaintiff merely <u>offered</u> to have a teleconference at the Court's discretion, rather than affirmatively seeking a teleconference as Plaintiff now claims (Objections at 3).

7

Case 3:20-cv-00710-FDW-DSC   Document 53   Filed 09/23/21   Page 7 of 11

D.  **Plaintiff Subsequently Agreed to Answer Defendants' Discovery**

Just after the M&O issued, Plaintiff sought an extension until September 21, 2021, for answering Defendants' discovery requests. *See* Exhibit 3 (filed herewith). Plaintiff agreed to answer said discovery in return for Defendants' agreement to the requested extension. *Id*. Thus, Plaintiff's objections should be mooted by its affirmative agreement to answer Defendants' discovery by a date-certain.

IV.  **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Magistrate's recommendations be adopted.


September 23, 2021

s/ Doug Grimes
J. Douglas Grimes (NC Bar No. 32699)
**Bradley Arant Boult Cummings LLP**
214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202
(704) 338-6031
dgrimes@bradley.com

Michael R. Houston
Jami A. Gekas
Matthew D. Witsman
**FOLEY & LARDNER, LLP**
321 N. Clark St., Suite 3000
Chicago, Illinois 60654
Tel: (312) 832-4500
mhouston@foley.com
jgekas@foley.com
mwitsman@foley.com

Yanling "Sophie" Jiang
**JiangIP LLC**
111 W Jackson Boulevard,
Suite 1700
Chicago, IL 60604

Telephone: 630-733-9483
Email: yanling@jiangip.com

*Attorneys for Defendants*
BLUEWORKS CORPORATION
BLUEWORKS INNOVATION CORPORATION


/s/ Brooks F. Jaffa
Brooks F. Jaffa (NC Bar No. 44490)
Cranford, Buckley, Schultze, Tomchin,
Allen & Buie, P.A.
7257 Pineville-Matthews Road, Suite 2100
Charlotte, North Carolina 28226
Tel:   704-442-1010
Fax:   704-442-1020
Email: bfjaffa@southcharlottelawfirm.com

J. Kevin Fee (*pro hac vice admitted*)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel:   202-739-5353
Fax:   202-739-3001
Email: kevin.fee@morganlewis.com

Shaobin Zhu (*pro hac vice admitted*)
Morgan, Lewis & Bockius LLP
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   650.843.4000
Fax:   650.843.4001
Email: shaobin.zhu@morganlewis.com

***Attorneys for Defendants Ningbo Yishang Import and Export Co., Ltd. and Ningbo C.F. Electronic Tech Co., Ltd.***

9

# CERTIFICATE OF COMPLIANCE

Pursuant to § 3.c.i of the Case Management Order (Dkt. 42 at 7), I hereby certify that the instant memorandum of law does not exceed 2,000 words.

        Respectfully submitted,

s/ Doug Grimes
J. Douglas Grimes (NC Bar No. 32699)
**Bradley Arant Boult Cummings LLP**
214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202
(704) 338-6031
dgrimes@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system:

This the 23rd day of September, 2021.

Respectfully submitted,

s/ Doug Grimes
J. Douglas Grimes (NC Bar No. 32699)
**Bradley Arant Boult Cummings LLP**
214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202
(704) 338-6031
dgrimes@bradley.com