IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD and NINGBO YISHANG IMPORT AND EXPORT CO., LTD <br><br> Defendants. | Civil Action No. 3:20-cv-00710-FDW-DSC |

**STIPULATED PROTECTIVE ORDER**

The parties to this Stipulated Protective Order have agreed to the terms herein; accordingly, it is ORDERED:

This Stipulated Protective Order ("Order") shall govern discovery and the exchange of information in this case between Plaintiff Hayward Industries, Inc. ("Plaintiff" or "Hayward") and Defendants Blueworks Corporation, Blueworks Innovation Corporation, Ningbo C.F. Electronic Tech Co. Ltd., and Ningbo Yishang Import and Export Co., Ltd. ("Defendants"), in connection with the above-captioned action (the "Action"). Plaintiff and all Defendants are each referred to as a "Party" and collectively as the "Parties."

WHEREAS, in connection with the Action the Parties may seek, either formally or informally, discovery of certain confidential information of another Party or of a third party;

1

WHEREAS, in connection with the Action, the Parties may seek to share with each other information that they wish to maintain, and the other party maintain, as confidential;

WHEREAS, in connection with the Action, the Parties may seek to file with the Court confidential information of a Party or of a third party.

NOW THEREFORE, the Parties are ordered to abide by the terms set forth below:

A. **CONFIDENTIALITY DESIGNATIONS**

1. A Party ("Producing Party") may designate as **CONFIDENTIAL** any document (whether in hard copy, electronic form, or other recording of any kind), thing, deposition testimony, interrogatory answer, response to request for admissions and/or production, or other information (including any such written or oral information exchanged between the Parties) provided either before or during discovery in the Action, or at other times in this Action (whether requested informally or through a formal discovery request, at a deposition, or exchanged in the course of settlement negotiations, mediation, or other communications between the parties) ("Discovery Material") to a party receiving such Discovery Material ("Receiving Party") that the Producing Party reasonably believes in good faith to contain CONFIDENTIAL information. For purposes of this Protective Order, "CONFIDENTIAL Information" material may include, without limitation and by way of example only, the following categories of information: (1) research, technical, commercial or financial information that the party has maintained as confidential; (2) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (3) medical records; (4) personal identity information such as social security numbers, non-public e-mail and residential address information, and non-public telephone numbers; (5) personnel or employment records; (6) information that reveals trade secrets; (7) information subject to confidentiality restrictions imposed by court order, government law or regulation, or agreement with third parties;

and/or (8) other types of documents and tangible things that a party reasonably believes in good faith are entitled to confidential treatment under applicable legal principles.

2. The categories of documents that could be designated **CONFIDENTIAL** pursuant to Paragraph A.1 may instead be designated **HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY** ("Highly Confidential Information"). To designate information as **HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**, the producing party must reasonably and in good faith believe that the information is so highly sensitive that its disclosure to another party could result in a competitive or commercial disadvantage to the producing party, or reflects highly sensitive nonpublic commercial, proprietary, financial, business or personal information. The following non-exhaustive list sets forth examples of information that may be considered Highly Confidential information: (a) information related to negotiations with potential customers, investors, business partners, or acquirers, disclosure of which would be harmful to present or prospective business plans; (b) confidential material regarding acquisition offers or expressions of interest, proposed transactions or other business combinations, disclosure of which would be harmful to present or prospective business plans, negotiations or relationships; (c) pricing, sales, and profit information; (d) trade secrets or other proprietary technical or commercial or financial information that has value from not being generally known, the disclosure of which would create a likely and substantial risk of serious commercial, competitive, or reputational harm to the producing persons; (e) any nonpublic information that, if disclosed, could damage an existing or potential business relationship; (f) private personal information (such as social security numbers, financial information, tax records, and health and/or medical records), including the types of information subject to the requirements of Fed. R. Civ. P. 5.2; and (g) information related to any insurance agreement under which an insurance business other than the producing party may be liable to satisfy all or part of a possible judgment in the action subject to this Order or to indemnify or reimburse for payments made to satisfy the judgment.

A party may designate a document as Confidential Information or Highly Confidential Information for protection under this Order by conspicuously placing or affixing the words "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**" (or "AEO") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information or Highly Confidential Information. The marking "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**" (or "AEO") shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**" (or "AEO") to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**" (or "AEO") shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Highly Confidential Information are not required to be marked.

3. A deposition transcript containing Designated Discovery Material (or revealing the content or substance thereof) shall be marked on the cover with a corresponding **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY** designation. A Party may designate specific portions or all (if appropriate) of the transcript either (a) by advising the stenographic reporter, who shall indicate in the deposition transcript what portion(s) of the testimony were so designated, or (b) by advising all other Parties in writing within thirty days after receipt of the transcript, but in no event later than forty-two days after the testimony was provided, unless the parties agree otherwise. A designating party may serve a Notice

4

of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information or Highly Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any blanket designation of deposition testimony as Confidential Information or Highly Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court. Until thirty days having passed after the testimony was given, the entire transcript shall be deemed designated as **HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**.

    4.    In the event the Receiving Party objects to any designation(s) of information as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY** by the Producing Party, the Receiving Party's counsel shall advise the Producing Party's counsel of such objection, and the reasons therefore, in writing. Upon receipt of such objection, the parties shall first try for five business days to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, counsel for the Receiving Party may file an appropriate motion requesting that the Court determine whether the disputed information has been properly designated. The burden of proving that a document is properly designated as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY** remains with the party asserting such a designation. Absent an order of the Court de-designating information, the information in question shall be treated as originally designated**.**

**B.    ACCESS TO DESIGNATED DISCOVERY MATERIAL**

    1.    The parties and counsel for the parties shall not disclose or permit the disclosure of any **Confidential Information** to any third person or entity except as set forth in subparagraphs (a)-(h) below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

5

Case 3:20-cv-00710-MOC-DSC   Document 68   Filed 01/20/22   Page 5 of 17

a. Counsel. Counsel for the Parties and employees or agents of counsel whose duties and responsibilities require access to such materials;

b. Parties. Employees of a named party, including in-house legal personnel, but only to the extent outside counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

c. Contractors and Vendors. Those persons or vendors (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such material(s)) specifically engaged for the limited purpose of litigation support activities, such as making copies of documents or organizing or processing documents, the collection and/or processing of electronically stored documents, and the like;

d. Consultants and Experts. Subject to Section B.3 below regarding an acknowledgement and agreement to be bound, consultants, investigators, or experts employed by the parties or counsel for the parties (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such material(s)) to assist in the preparation and trial of this action;

e. Witnesses at depositions. During their depositions, a witness who is an officer, director, employee, or agent, or a designated 30(b)(6) witness, of the Producing Party or non-party that produced the designated material to the Receiving Party.

f. The Court, Court personnel, and stenographic and video reporters engaged in proceedings incidental to this Action.

g. Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

h. Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

6

2. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any information designated as **Highly Confidential – Attorneys' Eyes Only** to any third person or entity except as set forth in subparagraphs (a)-(b) below. Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential Information:

    a. Outside counsel of record for the parties, and the stenographic, clerical, and paralegal employees of outside counsel whose duties and responsibilities require access to such materials.

    b. The categories of persons designated in paragraphs B.1.(c), (d), (f), (g), and (h) above.

3. Before receiving Discovery Material designated as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**, persons described in subsections B.1.d; B.1.e; B.1.g; and B.1.h shall be provided a copy of this Order and shall execute the acknowledgment form attached hereto as Exhibit A. Counsel for the Producing Party shall be served promptly with a copy of the executed acknowledgment form upon request. A Party retaining outside, independent consultants or experts who plans to show that consultant or expert **HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY** materials shall provide the opposing Party or Parties the executed acknowledgement form and a *C.V.* of the expert or consultant at least seven calendar days before providing the expert or consultant with the materials. The seven days is intended to allow the opposing Party or Parties to object to the expert's or consultant's receipt of **HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY** materials. Any objection, however, shall be made only for good cause and shall not be unreasonably withheld.

**C. USE AND CARE OF DESIGNATED DISCOVERY MATERIAL**

1. Designated Discovery Material, and any document, material, or recording containing the substance or content thereof, shall be used by a Receiving Party solely for the purpose of the Action.

2. Any Receiving Party in possession of Designated Discovery Material shall exercise reasonable care to preserve its confidential nature. If such material is disclosed in a manner not authorized by this Order, the Party responsible for the disclosure shall immediately report such disclosure to the attention of the Producing Party and make every reasonable effort to retrieve such material and to prevent further disclosure.

3. Before a Receiving Party discloses Designated Discovery Material to a deponent in a deposition, the Receiving Party shall ensure that only persons permitted by Section B of this Order to have access to such material are present. Nothing in this Order shall restrict any Party's right to inquire about or disclose Designated Discovery Material to a deponent that is an officer, director, employee, or agent, or designated 30(b)(6) witness, of the Producing Party or non-party that produced the material to the Receiving Party. In a deposition of any other person, the deponent may be examined about or shown Designated Discovery Material only: with the consent of the material's Producing Party (which consent shall not be unreasonably withheld); if it appears from the face of the material that the deponent authored or received a copy of it; or by Order of the Court.

4. This Order does not, by itself, authorize the filing of any document under seal. Wherever possible, Designated Discovery Material should be redacted from any document by the non-producing party prior to filing with the Court. Any pleading, paper, or other document filed with the Court that discloses Designated Discovery Material (or the content or substance thereof) shall be filed under temporary seal, pursuant to Local Civil Rule 6.1, and a motion to seal, per the

8

Case 3:20-cv-00710-MOC-DSC   Document 68   Filed 01/20/22   Page 8 of 17

requirements of Local Civil Rule 6.1 shall be filed therewith. The first page of each pleading, paper, or other document filed under seal shall contain the legend:

**UNDER SEAL PURSUANT TO PROTECTIVE ORDER**
**CONTAINS DESIGNATED DISCOVERY MATERIAL**

**D.     PRESERVATION OF RIGHTS**

1. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential or Highly Confidential by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

2. Complying with the terms of this Order shall not:

    a. Restrict the right of any Party to object to discovery requests under the applicable rules of civil procedure;

    b. Restrict the right of any Party to object, under the applicable rules of evidence, to the authenticity or admissibility of any Designated Discovery Material;

    c. Restrict the right of any Party to petition the Court for a further protective order relating to any Designated Discovery Material; or

    d. Restrict the right of any Party to petition the Court for permission to disclose or use particular Designated Discovery Material more broadly than would otherwise be permitted by the terms of this Order.

3. The failure of a Receiving Party, at the time it receives Designated Discovery Material, to challenge or object to the designation shall not be deemed a waiver of its right to challenge or object to the designation at a later time. A Receiving Party may at any time request permission to use or disclose such material other than as permitted by this Order by making a

written request and telephonic inquiry upon counsel for the Producing Party. If the Producing Party does not consent and the Parties are unable to agree on the terms and conditions of disclosure, the Receiving Party may submit the matter to the Court for resolution. The Receiving Party may not make the requested disclosure until the Court has ruled.

4. Nothing in this Order shall be construed to affect the use of any document, material, or information at any hearing or trial. A Party that intends to present or that anticipates that another Party may present Designated Discovery Material at a hearing or trial shall bring that issue to the Court's and Parties' attention without disclosing the substance of any Designated Discovery Material except in accordance with the terms of this Order. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at any hearing or trial.

E. **INADVERTENT OMISSION OF CONFIDENTIALITY DESIGNATION AND INADVERTENT PRODUCTION OF PRIVILEGED MATERIALS**

1. The production of information or material meeting the description of subsection A.1. from which the appropriate confidentiality designation has been inadvertently omitted shall not be deemed a waiver or impairment of any claim by the Producing Party that such material is subject to this Order, provided that the Producing Party reasonably promptly notifies the Receiving Party when inadvertent omission is discovered.

2. After receiving notice that a confidentiality designation has been inadvertently omitted, the Receiving Party shall treat the material as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** according to instruction from the Producing Party. If, before receiving such notice, the Receiving Party provided access to the material to persons other than those described in subsection B, the Receiving Party shall identify those persons, and the extent to which access was given, to the Producing Party. In addition, the Receiving Party shall take reasonable steps to recover the material and restrict access to it

according to the terms of this Order. Promptly after providing notice that a confidentiality designation has been inadvertently omitted, the Producing Party shall substitute appropriately marked Designated Discovery Material.

3. Subject to the provisions of Federal Rule of Evidence 502, inadvertent production or disclosure of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work-product immunity or any other applicable privilege or immunity from discovery if, within ten calendar days after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work-product immunity or any other applicable privilege or immunity and requests in writing return of such documents to the Producing Party with the factual basis for the assertion of privilege or immunity. Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced document(s). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court; provided, however, that the documents in question shall not be filed with the Court in connection with such written challenge unless reasonably necessary to inform the Court of the nature of the challenge and, in that case, such documents must be filed under seal or in camera.

## F. DISPOSAL OF DESIGNATED DISCOVERY MATERIAL AND SURVIVAL OF PROTECTIONS

1. All provisions of this Order restricting the use of information obtained during discovery shall continue to be binding after the conclusion of the Action on the Parties and all persons who have received information under this Order, unless the Parties agree otherwise in

writing. The ultimate disposition of Designated Discovery Materials shall be subject to a final order of the Court on the completion of litigation.

2. Any and all original and copies of Designated Discovery Material shall, at the request of the Producing Party, be returned to such Party within sixty days after a final judgment in or settlement of the Action, or, at the option of the Receiving Party, destroyed within that time. The Receiving Party or its outside counsel shall certify in writing that all such documents have been returned or destroyed accordingly. As an exception to the foregoing, a Receiving Party need not locate and return-destroy electronically-stored information in archival form stored on back-up tapes or other media including, without limitation, computer servers, external hard drives, notebooks, and personal computer hard drives, provided that such electronic archives are not used as reference materials by counsel for the Receiving Party, for a Receiving Party's business operations, and/or for any other use by the Receiving Party or counsel. In addition, outside counsel for each Party may maintain in its files one copy of each pleading filed with the Court, written discovery requests and responses served on the Parties, deposition transcripts, exhibits marked at the depositions, trial transcripts, trial exhibits, expert reports, and documents constituting attorney work product. In the event that outside counsel maintains such documents, it shall not disclose Designated Discovery Material (or the content or substance thereof) to a third party absent subpoena or court order. Upon receipt of any subpoena for such information, the Party receiving the subpoena shall promptly notify outside counsel for the Producing Party.

3. Upon any violation of the terms of this Order, each Party retains the right to file a motion with the Court seeking injunctive or other equitable relief, sanctions, monetary damages, contempt of Court, or such other or additional relief as deemed appropriate by the Court.

## G. DISCOVERY MATERIAL PRODUCED BY THIRD PARTIES

1. Third parties who produce information in the Action may avail themselves of the protections of this Agreement by producing Discovery Material designated as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**.

2. Parties to the Action receiving Designated Discovery Material from third parties shall limit use and disclosure of such material according to the terms of this Order.

## H. COUNTERPARTS

1. This Agreement may be executed in any number of counterparts, each of which shall be an original, and such counterparts, when taken together, shall constitute one in the same Agreement. Photographic copies of such signed counterparts may be used in lieu of the originals for any purpose.

**SO ORDERED**.

Signed: January 20, 2022

David S. Cayer
United States Magistrate Judge

| HAYWARD INDUSTRIES, INC. | BLUEWORKS CORPORATION and BLUEWORKS INNOVATION CORPORATION |
|---|---|
| By its attorneys, | |
| | By its attorneys, |
| s/ *Russ Ferguson* | |
| Russ Ferguson (N.C. Bar No. 39671) | s/ *Michael R. Houston* |
| Womble Bond Dickinson (US) LLP | J. Douglas Grimes (NC Bar No. 32699) |
| One Wells Fargo Center | Bradley Arant Boult Cummings LLP |
| 301 South College Street | 214 North Tryon Street, Suite 3700 |
| Charlotte, NC 28202 | Charlotte, North Carolina 28202 |
| Russ.Ferguson@wbd-us.com | (704) 338-6031 |
| | dgrimes@bradley.com |
| Erik Paul Belt | |
| ebelt@mccarter.com | Michael R. Houston |
| Anne E. Shannon | Jami A. Gekas |
| ashannon@mccarter.com | Matthew D. Witsman |
| Alexander L. Ried | FOLEY & LARDNER, LLP |
| aried@mccarter.com | 321 N. Clark St., Suite 3000 |
| McCarter & English, LLP | Chicago, Illinois 60654 |
| 265 Franklin Street | Tel: (312) 832-4500 |
| Boston, MA 02110 | mhouston@foley.com |
| T: (617) 449-6500 | jgekas@foley.com |
| F: (617) 607 9200 | mwitsman@foley.com |
| | |
| | Yanling "Sophie" Jiang |
| | JiangIP LLC |
| | 111 W Jackson Boulevard, Suite 1700 |
| | Chicago, IL 60604 |
| | Telephone: 630-733-9483 |
| | yanling@jiangip.com |
| | |
| | ***Attorneys for Defendants Blueworks Corporation and Blueworks Innovation Corporation*** |
| | |
| | NINGBO C.F. ELECTRONIC TECH CO., LTD. and NINGBO YISHANG IMPORT AND EXPORT CO., LTD. |
| | |
| | By its attorneys, |

14

s/ *Shaobin Zhu*
Brooks F. Jaffa (NC Bar No. 44490)
Cranford, Buckley, Schultze, Tomchin,
Allen & Buie, P.A.
7257 Pineville-Matthews Road, Suite 2100
Charlotte, North Carolina 28226
Tel:    704-442-1010
Fax:   704-442-1020
Email: bfjaffa@southcharlottelawfirm.com

J. Kevin Fee (*pro hac vice admitted*)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel:    202-739-5353
Fax:   202-739-3001
Email: kevin.fee@morganlewis.com

Shaobin Zhu (*pro hac vice admitted*)
Morgan, Lewis & Bockius LLP
1400 Page Mill Road
Palo Alto, CA 94304
Tel:    650.843.4000
Fax:   650.843.4001
Email: shaobin.zhu@morganlewis.com

***Attorneys for Defendants Ningbo Yishang Import and Export Co., Ltd. and Ningbo C.F. Electronic Tech Co., Ltd.***

15

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD <br><br> Defendants. | Civil Action No. 3:20-cv-00710-FDW-DSC |

**ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND**

I hereby certify: (1) my understanding that Discovery Material designated as **CONFIDENTIAL** or **HIGHLY CONFIDNETIAL – ATTORNEYS EYES ONLY** is being or may be provided to me pursuant to the terms and restrictions of a Protective Order entered in the above-captioned case, and (2) that I have read a copy of the Protective Order. I understand the terms of Sections A-C of the Protective Order, I agree to be fully bound by the Order and maintain the confidentiality of any information designated as **CONFIDENTIAL** or **HIGHLY CONFIDNETIAL – ATTORNEYS EYES ONLY**, and I hereby submit to the jurisdiction of the United States District Court, Western District of North Carolina, for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Signature: _____

Dated: _____


Name: _____

Address: _____

_____

Job Title: _____

Employer: _____