IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00710-MOC-DSC

| | | |
|---|---|---|
| **HAYWARD INDUSTRIES INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **BLUEWORKS CORPORATION et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the Court on "Defendants Ningbo C.F. Electronic Tech Co. and Blueworks Corporation's Motion to Compel Discovery" (document # 94) as well as the parties' associated briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and is now ripe for the Court's consideration.

The Court has carefully considered the authorities, the record and the parties' arguments.

Defendants seek to compel Plaintiff "to produce all documents, communications, and information in Hayward's possession, custody, or control related to its investigation of [Defendant] Ningbo C.F." Document #94 at 1-2. Recognizing that attorney communications and mental impressions are shielded by the attorney-client and work product privileges, Defendants emphasize that they seek "production of the underlying factual evidence about [Plaintiff's] use of a spy in China to improperly acquire and disclose Ningbo C.F.'s trade secrets to [Plaintiff]." "Defendants' … Memorandum in Support …" at 2 (document #94-1). Defendants argue that this information is discoverable because (1) it is factual information, (2) it is subject to the crime-fraud exception,

(3) Plaintiff has waived any privilege by disclosing the information to third parties, and (4) the information is highly relevant to Defendants' defenses and counterclaims including misappropriation of trade secrets, and there is no alternative method to obtain it. Defendants request the Court conduct in camera review of any documents which Plaintiff claims are privileged.

Plaintiff responds that it has produced all underlying factual information and a privilege log of documents which it contends are subject to one or both privileges. Plaintiff's "… Opposition …" at 2 (document #95). Plaintiff argues that Defendants have failed to identify any specific document that should be produced, instead generally seeking "all investigation information." Plaintiff contends that Defendants have Ningbo C.F.'s surveillance camera footage showing which documents were given to the investigator. Consequently, they have not demonstrated a substantial need for the privileged information. Lastly, Plaintiff argues it has not waived any privilege, whether by the crime-fraud exception or disclosure to third parties.

In their "Reply …" (document #96) Defendants do not address any specific documents in Plaintiff's privilege log. Id. at 4. They speculate that there may be other discoverable communications "such as counsel's communications with representatives of [Plaintiff] and any communications to or from [the investigator] Mr. Dong." Id. Defendants seek "instructions about what Mr. Dong was instructed to do by [Plaintiff] Hayward and what he took without authorization from [Defendant] Ningbo C.F." Id. at 7. In response to Plaintiff's assertion that it has produced all underlying facts, including all documents Dong took from Ningbo C.F., Defendants assert that Dong "could have obtained videos, pictures, and audio files." Id. at 8. Defendants do not contend that Plaintiff's use of an investigator to conduct a pretextual purchase was improper until it "went too far in this instance." Id. at 12. In essence, they accuse Plaintiff of attempting to shield from

discovery evidence that it improperly acquired Defendants' trade secrets by having Dong transmit that information through counsel.

Plaintiff credibly asserts that it has produced all non-privileged factual information related to its investigation. Defendant has not established any basis to dispute Plaintiff's claim of privilege. For those and the other reasons in Plaintiff's brief, the Motion is <u>denied</u>.

The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: January 4, 2023

David S. Cayer
United States Magistrate Judge