IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

HAYWARD INDUSTRIES, INC.,

        Plaintiff,

v.

BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD.,

        Defendants.

---

NINGBO C.F. ELECTRONIC TECH CO., LTD, BLUEWORKS CORPORATION, NINGBO YISHANG IMPORT AND EXPORT CO., LTD.,

        Counterclaim-Plaintiffs,

v.

HAYWARD INDUSTRIES, INC.,

        Counterclaim-Defendant

Civil Action No. 3:20-CV-710-MOC-DSC

**DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS NINGBO C.F. ELECTRONIC TECH CO., LTD. AND BLUEWORKS CORPORATION'S OBJECTION TO <u>MAGISTRATE'S ORDER</u>**

## I. INTRODUCTION

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Defendants Ningbo C.F. Electronic Tech Co., Ltd. and Blueworks Corporation (collectively, "Defendants"), respectfully submit this Objection (the "Objection") to the Order of Honorable Magistrate Judge David. S. Cayer entered on January 4, 2023 (ECF No. 98) (the "Order") (Ex. 1) denying Defendants' Motion to Compel Discovery (ECF No. 94) (the "Motion to Compel") (Ex. 2) and related Reply in Support of Defendants' Motion to Compel Discovery (ECF No. 96) (Ex. 3). The underlying Motion to Compel concerns an attempt by Plaintiff Hayward Industries, Inc. ("Hayward") to conceal from discovery factual evidence about Hayward's misappropriation of trade secrets. Ningbo C.F. seeks production of underlying factual evidence about Hayward's use of a spy in China to improperly acquire and disclose Ningbo C.F.'s trade secrets to Hayward.

There is no dispute that Hayward sent the spy to Ningbo C.F.'s facility in China to purportedly investigate potential claims of trademark infringement. There is no dispute that the spy gained access to the Ningbo C.F. facility after signing a confidentiality agreement and by pretending to be a customer who was interested in making a large purchase of Ningbo C.F.'s products. There is no dispute that during the spy's two visits, he asked questions about and viewed and photographed documents reflecting Ningbo C.F.'s trade secrets, including product design information, formulas, supplier information, and pricing information. There is no dispute that he was caught on video taking photographs of information and, after the police were called, the spy locked himself in a bathroom (potentially to destroy evidence of his wrongdoing) before coming out to explain that he was a private investigator.

Ningbo C.F.'s motion is directed to discovering exactly what factual information the spy photographed, audio and/or video recorded, took, and disclosed to Hayward. Hayward's position

1

is that all communications and reports between Hayward and the spy are privileged, which is only possible if the spy obtained zero facts about Ningbo C.F. and included zero facts in his reports and communications with Hayward. For this reason, the Motion to Compel seeks an *in camera* review of the materials (and/or their production) because facts about Ningbo C.F.'s trade secrets do not morph into attorney-client privileged communications or work product merely because Hayward's spy improperly acquired and disclosed them at the direction of counsel.

Moreover, as explained in the underlying motion papers, Hayward waived the privilege/protection by selectively disclosing information that was learned from the spy which it deemed helpful for the trademark claims, and because Hayward's conduct falls within the crime/fraud exception. Hayward's assertion that it produced facts about the investigation supports Ningbo C.F.'s position; it does not undermine the motion or render these issues moot.

In denying the motion, the Magistrate Judge did not perform an *in camera* and merely took Hayward's word at face value that it produced **all** underlying factual information learned from the spy without reviewing any of the spy's reports or the associated communication. There was no analysis of how Hayward's position is contravened by the Declaration of Richard Chen. Nor was there any analysis of Ningbo C.F.'s position that Hayward waived privilege. With all due respect to Magistrate Judge Cayer, the Order significantly prejudices Ningbo C.F. in prosecuting its counterclaim for misappropriation of trade secrets and would allow Hayward to potentially use or disclose Ningbo C.F.'s trade secrets, including its product formula and suppliers, at a future date and cause irreparable harm.

Defendants specifically object to the Order, request that this Court modify or set aside the Order on the grounds that it is clearly erroneous or contrary to the law, and grant oral argument on Defendants' Motion to Compel:

i. The Order erroneously concludes that "Plaintiff credibly asserts that it has produced all non-privileged factual information related to its investigation." ECF No. 98 at 3.

   ii. The Order erroneously fails to address that Plaintiff waived any possible privilege by selectively disclosing some factual details about the investigation while claiming others as privileged.

   iii. Defendants respectfully request the Court allow oral argument on Defendants' Motion to Compel Discovery (ECF No. 94).

II. **STANDARD OF REVIEW**

Upon the filing of objections to a Magistrate Judge's Order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law." Fed. R. Civ. P. 72(a). "A factual finding is clearly erroneous when [a court is] 'left with the definite and firm conviction that a mistake has been committed.'" *Johnson v. City of Fayetteville*, No. 5:12–CV–456–F, 2013 WL 4039418, at *3 (E.D.N.C. Aug. 6, 2013) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 196 (4th Cir. 2009)).

III. **ARGUMENT**

   A. **Hayward Has Not Produced All Factual Information Related to the Investigation**

Hayward's assertion that it has produced all non-privileged information related to the investigation is not credible. Hayward has not produced documents reflecting the ***full facts*** of the investigation, and Mr. Dinu's declaration and Hayward's privilege log both lack critical information and communications about the investigation. Defendants seek the underlying factual evidence about Mr. Dong's investigation at Ningbo C.F.'s facilities and improper acquisition and

3

disclosure of Ningbo C.F.'s trade secrets to Hayward, all of which Hayward has sole custody of and all of which is critical to support Defendants' trade secret misappropriation claim.

Hayward purports its investigation was to gather additional facts to support its trademark infringement claim and investigate the relationship between the Defendants, but Mr. Dong's actions at Ningbo C.F.'s facilities clearly show another motive – to illegally obtain Ningbo C.F.'s trade secrets. *See* ECF No. 94-1 at 5-7; ECF No. 95 at 4. During his visits to Ningbo C.F.'s facilities, Mr. Dong asked questions to Ningbo C.F. employees that are completely unrelated to the Defendants' relationships and any potential trademark claim. *See* ECF No. 94-1 at 5-7. As explained in detail in Richard Chen's Declaration, ECF No. 94-2, during his first visit to Ningbo C.F.'s facilities, Mr. Dong asked questions "relating to Ningbo C.F.'s trade secrets and confidential information, such as Ningbo C.F.'s pricing strategies, our OEM services, customer information, monthly capacity and outputs, names of associated foreign entities and engineers, and the lifespan and product formulas for Ningbo C.F.'s salt cell plates." ECF No. 94-2 at 6. During his second visit, Mr. Dong "continuously insisted that he needed to see Ningbo C.F.'s new salt cell design and salt cell coating formula," which constituted Ningbo C.F.'s trade secrets. *See* ECF No. 94-1 at 5. Mr. Dong did not even submit a declaration, let alone deny any of these facts. This information obtained by Mr. Dong, and likely further detailed in the investigation reports that Hayward is withholding, relates to Hayward's purported reasons for the investigation and is only relevant to Hayward's true purpose for sending an undercover spy to Ningbo C.F.'s facilities: Hayward's attempted and successful theft of Ningbo C.F.'s trade secrets.

Hayward attempts to hide the illegal purposes of its investigation by claiming the investigation report – detailing Mr. Dong's visits to Ningbo C.F.'s facilities and the purposes behind the investigation – are privileged. It is not credible that Hayward hired a spy, who produced

4

two reports about Ningbo C.F., and yet those reports include *zero facts* about the investigation of Ningbo C.F. While Defendants maintain that this information is clearly not privileged and should be produced, as more fully explained in Defendants' Motion to Compel Discovery (ECF No. 94-1 at 9), Defendants respectfully request at least an *in camera* review of the documents withheld by Hayward, so the Court may review the contents of the investigation report and the documents comprising Hayward's privilege log and determine, based on the information withheld by Hayward, whether there is additional factual information related to the investigation that Hayward is withholding in an attempt to hide the true reasons for its investigation.

*In camera* review of this information is the only way for the Court to see all information Hayward is withholding and determine what information Hayward must produce. *See Syngenta Crop Prot. v. United States Epa*, No. 1:02CV334, 2006 WL 6654882, at *2-3 (M.D.N.C. Mar. 30, 2006) (upholding the Magistrate Judge's determination that certain documents were not privileged attorney work product after *in camera* review and reversing the Magistrate Judge's determination that other documents were not privileged after *in camera* review). Information related to the investigation, including all communications, reports, photographs, and audio files regarding the investigation, is highly relevant to Hayward's motive for and the results of the investigation, and therefore Ningbo C.F.'s trade secret misappropriation counterclaim.

Moreover, Hayward's claim that it has produced all factual information related to the investigation is not credible because Hayward's privilege log lacks information related to many communications from Mr. Dong and/or PCL to Hayward's lawyers and all communications between Hayward and Mr. Dong and Hayward's counsel and Hayward. Hayward's failure to log these communications implicitly waives any alleged privilege on these communications. *See* ECF No. 94-1 at 6-7; ECF No. 96 at 5-6. Hayward's failure to properly log all relevant communications

5

proves Hayward is withholding at least that information without proper logging, and Hayward may be withholding additional information relevant to Defendants' Motion to Compel and trade secret misappropriation claim that Defendants have not yet discovered. Hayward's claim that it has produced all non-privileged factual information related to the investigation is both deceptive and not credible.

### B. The Order Does Not Consider Hayward's Selective Disclosure of Allegedly Privileged Information

There is no dispute that Hayward is withholding information regarding the directions Mr. Dong received from Hayward and/or PCL regarding the investigation and what Mr. Dong took without authorization from Ningbo C.F.'s facilities during his visits. There is also no dispute that Hayward has disclosed some factual information about the investigation, including in the declarations from Mr. Dinu. However, Hayward cannot selectively disclosure information describing the investigation that is favorable to Hayward while withholding the rest of the information. ECF No. 94-1 at 11-15. Mr. Dinu's declarations lack factual information about the investigation, including some information as described in Mr. Chen's declaration. Defendants cannot know the full extent of the information Hayward is withholding – at least some of which Hayward omitted from its privilege log – without Hayward producing these documents, or at least making them available for an *in camera* review of Hayward's withheld documents.

### C. Defendants Respectfully Request Oral Arguments on Defendants' Motion to Compel Discovery

Defendants respectfully request oral argument on Defendants' Motion to Compel (ECF No. 94), Reply In Support of Defendants' Motion to Compel (ECF No. 96), and this Objection to the Order. Oral argument will assist the Court in considering the variety of factors weighing in favor of Hayward's disclosure of its withheld documents and will consolidate these arguments for

6

the Court's review. Oral argument is appropriate in cases such as this where several motions discuss the issues. *See, e.g.*, *MercExchange, LLC v. eBay, Inc.*, 467 F. Supp. 2d 608, 609 (E.D. Va. 2006) (conducting oral arguments to address four motions related to discovery).

## IV. CONCLUSION

Hayward is the only source of the information that Ningbo C.F. seeks related to Hayward's investigation of Ningbo C.F.'s facilities. Defendants therefore respectfully request that the Court overrule the Order as clearly erroneous and grant Defendants' Motion to Compel so that Ningbo C.F. may discover the full scope of Hayward's investigation and illegal and improper theft of Ningbo C.F.'s trade secrets.

DATE: January 18, 2022         s/ *Seth M. Gerber*

Brooks F. Jaffa (NC Bar No. 44490)
**Cranford, Buckley, Schultze, Tomchin,**
Allen & Buie, P.A.
7257 Pineville-Matthews Road, Suite 2100
Charlotte, North Carolina 28226
Tel: 704-442-1010
Fax: 704-442-1020
Email: bfjaffa@southcharlottelawfirm.com

Scott D. Sherwin (*pro hac vice admitted*)
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive
Chicago, IL 60606-1511
Tel:    312-324-1789
Fax:    312-324-1001
Email: scott.sherwin@morganlewis.com

Carla B. Oakley (*pro hac vice admitted*)
**Morgan, Lewis & Bockius LLP**
One Market Street, Spear Street Tower
San Francisco, CA 94105
Tel: 415-442-1301
Fax: 415-442-1001
Email: carla.oakley@morganlewis.com

Shaobin Zhu (*pro hac vice admitted*)
**Morgan, Lewis & Bockius LLP**
1400 Page Mill Road
Palo Alto, CA 94304
Tel: 650.843.4000
Fax: 650.843.4001
Email: shaobin.zhu@morganlewis.com

Seth Gerber (*pro hac vice admitted)*
**Morgan, Lewis & Bockius LLP**
2049 Century Park East
Suite 700
Los Angeles, CA 90067
Tel: 310.255.9111
Fax: 310.907.2111
Email: seth.gerber@morganlewis.com

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2023, the foregoing document was served on all counsel of record using the Court's CM/ECF system, which will send notification of such filing to any CM/ECF participants.

        Respectfully submitted,

        s/ *Seth M. Gerber*
        Scott D. Sherwin (*pro hac vice admitted*)
        **Morgan, Lewis & Bockius LLP**
        2049 Century Park East
        Suite 700
        Los Angeles, CA 90067
        Tel: 310.255.9111
        Fax: 310.907.2111
        Email: seth.gerber@morganlewis.com