IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HAYWARD INDUSTRIES, INC.,<br><br>                  Plaintiff,<br><br>v.<br><br>BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD.<br><br>                  Defendants.<br>-----------------------------------------------------------<br>NINGBO C.F. ELECTRONIC TECH CO., LTD,<br><br>                  Counterclaim-Plaintiffs,<br><br>v.<br><br>HAYWARD INDUSTRIES, INC.,<br><br>                  Counterclaim-Defendant | Civil Action No. 3:20-CV-710 -MOC-DSC |

**PLAINTIFF HAYWARD INDUSTRIES, INC.'S RESPONSE TO DEFENDANTS' OBJECTION TO MAGISTRATE ORDER**

      Defendants' objection to the Magistrate Judge's order (the "Objection"), (Doc No. 99), merely repeats the failed arguments set forth in their motion to compel. (Doc. No. 94). At bottom, Defendants object to Magistrate Judge Cayer's order of January 4, 2023 (the "Order") (Doc No. 98), solely because they differ with the Magistrate Judge's decision. But a difference of opinion is not sufficient. Fourth Circuit courts routinely overrule objections when a party just rehashes the same arguments it already presented to the magistrate judge. *Malletier v. Haute Diggity Dog,*

*LLC,* No. 1:06-CV-321 (JCC), 2007 WL 676222, at *2 (E.D. Va. Feb. 28, 2007) (affirming magistrate's order stating: "[w]hile Plaintiff has filed objections alleging error, in substance it seeks to re-litigate the issues that were heard and decided before [the] Magistrate Judge"); *Buchanan v. Consolidated Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002) ("It is not the function of objections to discovery rulings to allow wholesale re-litigation of issues resolved by the magistrate judge."); *see also Aldrich v. Bock,* 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context'"); *Jones v. Hamidullah*, No. 2:05-2736-PMD-RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments").[1]

Because Defendants simply try to re-litigate the same discovery dispute anew before this Court, they fail to show that the Order was clearly erroneous or contrary to law. Thus, the Objection should be overruled.

### I. DEFENDANTS' FAIL TO SHOW THAT MAGISTRATE JUDGE'S ORDER WAS "CLEARLY ERRONEOUS OR CONTRARY TO LAW"

The applicable standard of review is a heavy burden that Defendants fail to meet. Discovery motions, including motions to compel, are non-dispositive motions. *F.E.C. v. Christian Coalition*, 178 F.R.D. 456, 459-60 (E.D. Va. 1998); *Clark v. Milam*, 155 F.R.D. 546, 547 (S.D.W.V. 1994);

---

[1] This Court has overruled similar objections. In *United States v. Kipp,* this Court reviewed and considered an objection to Magistrate Judge Cayer's order denying a defendants' joint motion to compel where defendants sought certain privileged documents and information, including government agent's notes. *United States v. Kipp*, No. 3:15-CR-00244-MOC-DSC, 2017 WL 417199, at *1 (W.D.N.C. Jan. 31, 2017) (attached as Exhibit A). This Court found that Judge Cayer's order was not clearly erroneous or contrary to law, overruled the objection and affirmed Judge Cayer's order. *Id*. at *3.

2

*Kidwiler v. Progressive Paloverde Insurance, Co.*, 192 F.R.D. 536, 543 n. 49 (N.D.W.V. 2000). In general, Rule 72(a) review of non-dispositive orders is deferential to the magistrate judge. *F.E.C.*, 178 F.R.D. at 459- 60; *Clark*, 155 F.R.D. at 547.

Under Rule 72(a), non-dispositive orders may be overturned *only* upon a showing that the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a) (emphasis added); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), *cert. denied,* 546 U.S. 1091 (2006) (noting the reviewing court must "only satisfy itself that there is no clear error on the face of the record in order to accept" the Magistrate Judge's ruling) (quoting Fed. R. Civ. P. 72, Advisory Committee note). The Fourth Circuit describes the "clearly erroneous" standard as requiring the reviewing court to affirm the lower court's ruling absent a "definite and firm conviction that a mistake has been made." *Zfass v. Commissioner of Internal Revenue*, 118 F.3d 184, 188 (4th Cir. 1997) (internal citations omitted); *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985); *see also Phinney v. Wentworth Douglas Hospital*, 199 F.3d 1, 4 (1st Cir. 1999) (clearly erroneous standard requires acceptance of the lower court's findings of fact and conclusions drawn therefrom unless, after scrutinizing the entire record, we form a "strong, unyielding belief that a mistake has been made").

In light of the discretion given to a magistrate judge in the resolution of non-dispositive discovery disputes, a court should overrule a magistrate judge's determination only for abuse of discretion. *Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333, 336 (N.D.W. Va. 2014). "The objecting party bears the 'high burden' of demonstrating that a magistrate judge's non-dispositive ruling is clearly erroneous or contrary to law." *Courtland Co., Inc. v. Union Carbide Corp.*, No. 2:19-cv-00894, 2021 WL 1320714, at *4 (S.D.W. Va. Apr. 8, 2021) (quoting *Certusview Techs., LLC v.*

*S&N Locating Servs., LLC,* No. 2:13-CV-346, 2014 WL 12603191, at *2 (E.D. Va. Sept. 19, 2014)).

Because Defendants' have failed to establish that the Order is "clearly erroneous or contrary to law," the Court should overrule the objection and affirm the Order in full.

## II. THE MAGISTRATE ORDER CORRECTLY DENIED DEFENDANTS' MOTION TO COMPEL PRIVILEGED DOCUMENTS

Defendants raise only two objections to the Order, both of which are groundless and neglect to address the applicable standard of review.

Contrary to Defendants' first argument, Hayward produced all factual information related to the investigation. The Magistrate Judge carefully considered the authorities, the record, and the parties' arguments and specifically referred to Defendants' "speculat[ion] that *there may be* other discoverable communications" and that Mr. Dong "*could have* obtained videos, pictures and audio files." (Order, Doc. No. 98, at 2) (emphasis added). After consideration of Defendants' arguments, Judge Cayer denied their motion to compel, finding that "Plaintiff credibly asserts that it has produced all non-privileged factual information related to its investigation. Defendant has not established any basis to dispute Plaintiff's claim of privilege." *Id* at 3. Judge Cayer's finding was correct. Indeed, Hayward certified that it had produced all non-privileged factual information and documents. *See*, *e.g.*, (Doc. No. 95-4, Declaration of James H. Donoian, at 2).

Second, Defendants rehash the same arguments that Hayward hired a "spy" to illegally obtain Ningbo C.F.'s trade secrets. Yet again, Defendants have not identified what trade secrets were allegedly stolen. Neither in their motion to compel nor in the Objection have Defendants specified a single document or reference to Hayward's privilege log indicating any stolen documents. This is because none were taken. The purpose of Mr. Dong's visit to Ningbo's offices was to gather information for Hayward's trademark and false advertising claims asserted in this

4

matter. *See* (Doc. No. 95-1, Declaration of Tiberius Dinu, at ¶¶ 2, 4-5). Indeed, such "pretext investigations" are common and accepted practice in trademark and counterfeiting cases like this one, especially in cases involving alleged infringers and counterfeiters in China. *See* (Doc. No. 95-2, Declaration of Daniel Plane, at ¶¶ 5-14). In any event, as Hayward's vice president of engineering testified, Hayward would not even be interested Ningbo's trade secrets (particularly the composition of the coated "blades" in the salt cells) because Hayward has a long-established relationship with a supplier of blades and does not manufacture them itself. (Doc. No. 95-2, Declaration of Troy Renken, at ¶¶ 3-7).

Further, Defendants' moving brief and supporting declarations lack any facts to establish that any trade secrets were actually shown or disclosed to the investigator. Indeed, while Mr. Chen's supporting declaration goes into great detail about Ningbo's security measures, he fails to ever identify what documents were in the locked rooms and cabinets other than generically stating it was related to a new salt cell and coating design, which apparently Ningbo's employees freely showed the investigator. Further, he never states whether he or any of the employees present actually saw the investigator take any photographs. Defendants' objection does not correct this failure.

As explained more fully in Hayward's opposition to Defendants' motion to compel, (Doc. No. 95), at no point did the investigator receive any confidential information. (Doc. No. 95 at 5). Hayward's investigator did not take any documents other than those Hayward has already produced, none of which contain a trade secret. The underlying facts of the investigation have already been produced.

And, contrary to Defendants' assertion that "Hayward is the only source of the information that Ningbo CF seeks related to Hayward's investigation of Ningbo CF's facilities," (Doc. No. 99

5

at 7), Defendants themselves possess, and have produced, screenshots from their video camera security system and videos from the same. As addressed in Hayward's opposition, Defendants' possession of this security footage and any trade secret documents diminish any justifiable "substantial need" for privileged opinion work product by Hayward. Magistrate Judge Cayer correctly recognized that Defendants already have the underlying factual information they seek in their motion to compel because Hayward has produced it numerous times in this litigation, and Defendants possess security footage of the events. The Defendants cannot show any clear error in the Order; thus, their objection should be overruled.

### III. *IN CAMERA* REVIEW OF PRIVILEGED DOCUMENTS IS NOT WARRANTED HERE.

In an attempt at a second bite of the apple, Defendants request that this Court perform an *in camera* review of the privileged documents. But Magistrate Judge Cayer already considered and rejected *in camera* review. (Order, Doc. No. 98, at 2). As an initial matter, "[i]*n camera* review is generally disfavored." *Trzaska v. L'Oreal USA, Inc.*, No. CV152713SDWLDW, 2020 WL 1082616, at *2 (D.N.J. Mar. 5, 2020) ("[T]he fact that defense counsel was willing to make documents available to the Court does not obligate the Court to conduct an in camera review, nor does it preclude counsel from arguing that such a review is unnecessary"); *Nishika, Ltd. V. Fuji Photo Film Co.*, Ltd., 181 F.R.D. 465, 467 (D. Neb. 1998) (citations omitted). Because *in camera* review intrudes on the claimed protection itself and can waste judicial resources, it is appropriate only when the party opposing the privilege assertion "advance[es] a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *N.L.R.B. v. Interbake Foods, LLC,* 637 F.3d 492, 502 (4th Cir. 2011) (internal quotation marks omitted). Further, a court "has discretion in determining whether to conduct an *in camera* review of documents claimed to be privileged,

6

protected or otherwise entitled to confidentiality" and must have some basis for conducting such a review. *Mason C. Day Excavating, Inc. v. Lumbermens Mutual Casualty Co*., 143 F.R.D. 601, 604 (M.D.N.C.1992); *see also In re John Doe Corp. v. United States*, 675 F.2d 482, 490 (2d Cir.1982) ("Where conflicting claims about the confidentiality of evidentiary materials arise in preliminary proceedings, *in camera* submissions provide a method of judicial resolution which preserves confidentiality *when justified*") (emphasis added). Here, Defendants have failed to justify *in camera* review.

The investigative reports Defendants seek to compel were prepared by an investigator at the request of Hayward's counsel, specifically in anticipation of this litigation to enforce Hayward's intellectual property rights and to establish the relationship of the Defendants for purposes of asserting jurisdiction over the Chinese defendants. (Doc. 95-1 at ¶ 2). Furthermore, the reports reflect mental impressions, opinions and conclusions of Hayward's agent working at the direction of Hayward's counsel. Specifically, the substance of the reports summarizes and explains the investigator's opinions and conclusions of his investigation. Therefore, the "investigation information" Defendants seek is clearly work product and privileged. *Lively v. Reed,* No. 1:20-CV-119-MOC-WCM, 2021 WL 664853, at *2 (W.D.N.C. Feb. 19, 2021) (and cases cited) (reports prepared by an investigator retained by Defendants' counsel were protected from disclosure under the work product doctrine).

Defendants sole citation to *Syngenta Crop Prot. v. United States EPA*, No. 1:02-CV-334, 2006 WL 6654882, at *2-3 (M.D.N.C. Mar. 30, 2006) is inapposite. First, the two documents at issue in *Syngenta* reviewed *in camera* were submitted pursuant to a separate order; the *in camera* request was not considered in the EPA's objection. *Id*. at *3 n. 4. There, the magistrate judge's order found that the EPA did not establish any attorney-client or work product privilege over the

7

documents at issue, and, upon review, the district court upheld in part and reversed in part the magistrate judge's finding that some of the documents were indeed privileged. Here, Hayward has clearly established that all the underlying factual information has been produced to Defendants and identified those documents it withheld based on privileges in its privilege log. Attorney-client communications and work product, including the investigative reports, are privileged and immune from discovery. An *in camera* review was not warranted, and Judge Cayer's denial of Defendants' request for such a review certainly was not clearly erroneous or contrary to law. This Court should too reject such request.

Finally, Defendants' attacks against Hayward's privilege log are baseless. Defendants' argument that Hayward's privilege log lacks information is pure conjecture and not based on any evidence. As detailed in Hayward's opposition, (Doc. No. 95), on May 11, 2022, Hayward produced a limited privilege log relating to the investigation.. The limited privilege log totals nine pages, with three pages and 20 entries concerning the investigation. The privilege log specifically lists all privileged communications relating to the investigation that Hayward has in its possession. Despite Defendants' false assumptions, there are no communications between Hayward and Mr. Dong, and Hayward does not have any communications between Mr. Dong and PCL. Hayward has properly logged all relevant communications concerning the investigation. Defendants' accusations of any deception by Hayward are unfounded and without merit.

## IV. CONCLUSION

For the foregoing reasons, Hayward respectfully requests that this Court overrule Defendants' Objection and affirm the Magistrate Order dated January 4, 2023.

Respectfully submitted this 1st day of February, 2023,

**HAYWARD INDUSTRIES, INC**.
By its attorneys,

  s/ *Russ Ferguson*
Russ Ferguson (N.C. Bar No. 39671)
**Womble Bond Dickinson (US) LLP**
301 South College Street, Suite 3500
Charlotte, NC 2202
Russ.Ferguson@wbd-us.com

Erik Paul Belt*
James Donoian*
Anne E. Shannon*
Alexander Ried*
**MCCARTER & ENGLISH, LLP**
265 Franklin St.
Boston, Massachusetts 02110
Tel: (617) 449-6500
ebelt@mccarter.com
jdonoian@mccarter.com
ashannon@mccarter.com
aried@mccarter.com

* Admitted *pro hac vice*

*Attorneys for Plaintiff Hayward Industries, Inc.*