IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> BLUEWORKS CORPORATION, BLUE WORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD.; NINGBO YISHANG IMPORT AND EXPORT CO., LTD., <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 3:20-cv-00710-MOC-DSC |

**DEFENDANTS' RESPONSE TO OBJECTION TO
MAGISTRATE JUDGE'S ORDER OF MARCH 7, 2023**

Plaintiff Hayward Industries, Inc. ("Plaintiff") has filed an Objection to Magistrate Judge's Order of March 7, 2023 (ECF No. 112). Plaintiff's motion is brought pursuant to Federal Rule of Civil Procedure 72(a). Under that Rule, this Court should uphold Magistrate Judge Cayer's Order unless it is "clearly erroneous or is contrary to law." Magistrate Judge Cayer's Order concerns scheduling matters within the sound discretion of the Court, and for the reasons set forth herein and in Defendants Blueworks'[1] Motion for Extension of Time (the "Motion") (ECF No. 110), does not meet the standard for reversal.

---

[1] Blueworks Corporation ("Blueworks Corp."), Blueworks Innovation Corporation ("Blueworks Innovation"), Ningbo C.F. Electronic Tech Co., Ltd. ("Ningbo C.F."), and Ningbo Yishang Import and Export Co., Ltd. ("Ningbo Yishang") are collectively referred to herein as "Blueworks."

A.  Blueworks Met and Conferred on the Motion as Required Under Local Civil Rule 7.1(b)

Plaintiff's assertions that Blueworks failed to meet and confer on the Motion, as well as its other allegations of gamesmanship, are false. *See infra* pp. 8-9. On March 6, 2023, Blueworks' local counsel, Brooks Jaffa, consulted Russ Ferguson, Plaintiffs' local counsel, advising him that that Blueworks planned to file the Motion, including regarding the expert report deadline. Declaration of Brooks F. Jaffa ("Jaffa Decl.), ¶¶ 1-2. In response, Mr. Ferguson advised Mr. Jaffa that Hayward would not consent to the Motion. *Id.*, ¶ 3. Thus, the parties met and conferred as required by Civil Local Rule 7.1(b), *see* Jaffa Decl., ¶ 4, and as properly certified in the Motion, ECF No. 110, at p. 1. Plaintiff's contention that this meet and confer concerned a "a *different* motion that they intended to extend deadlines by 60 days," ECF No. 112, at p. 9, is implausible especially given that Blueworks filed the Motion immediately following Mr. Ferguson's response.

B.  Magistrate Judge Cayer's Order Extending Deadlines Was Not Clearly Erroneous or Contrary to Law

"[T]he Court may not overturn a magistrate judge's ruling on non-dispositive pre-trial matters, unless the ruling was 'clearly erroneous or is contrary to law.'" *Renfinity, Inc. v. Jones*, No. 320CV00422KDBDSC, 2022 WL 1102473, at *3 (W.D.N.C. Apr. 13, 2022) (quoting 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). "A magistrate judge's factual findings are clearly erroneous when a court is 'left with the definite and firm conviction that a mistake has been committed.'" *Lee v. Salvador*, No. 321CV00608FDWDSC, 2022 WL 1553526, at *2 (W.D.N.C. May 17, 2022) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 196 (4th Cir. 2009)). "If a magistrate judge's

2

order is contrary to law then the judge must have failed to apply or misapplied statutes, case law, or procedural rules." *Miceli v. KBRG of Statesville*, LLC, No. 5:05CV265-V, 2008 WL 2945451, at *1 (W.D.N.C. July 24, 2008).

Magistrate Judge Cayer granted a brief sixty (60) day extension of upcoming deadlines for expert depositions (until May 30, 2023), dispositive motions (until June 9, 2023), and the ready for trial date (until August 21, 2023), and also allowed Blueworks until April 30, 2023 to serve rebuttal expert reports, in view of the substitution of counsel filed on March 6, 2023. As set forth in Blueworks' Motion, this time will reasonably allow new counsel to prepare and represent Defendants moving forward in this case.[2] Plaintiff has not shown that Magistrate Judge Cayer's decision was "clearly erroneous or is contrary to law."

> 1. *Magistrate Judge Cayer Properly Found Good Cause to Modify Upcoming Deadlines*

"District courts have wide discretion in deciding whether to modify a scheduling order or to reopen discovery." *Brewington v. Davis*, No. 4:17-CV-00387-RBH, 2019 WL 132588, at *10 (D.S.C. Jan. 8, 2019) (citing *Mallas v. United States*, 54 F.3d 773, 773 (4th Cir. 1995)). However, under Federal Rule of Civil Procedure 16(b)(4), a motion to modify a scheduling order may be granted "for good cause and with the judge's consent." As Magistrate Judge Cayer's decision reflects, new counsel's appearance at this stage of the case is good cause under this rule.

Plaintiff asserts that "[a] delay due to Defendants' retaining new counsel does not

---

[2] Blueworks did not seek a continuance of the March 16, 2023, Settlement Conference scheduled before Magistrate Judge Keesler. Plaintiff filed its Objection to the Magistrate's Order on March 15, 2023, on the eve of that conference.

establish good cause as a matter of law." *See* ECF No. 110, at p. 11. But this is not so. As Plaintiff also acknowledges, courts have in fact found that in some circumstances, retention of new counsel may establish good cause under Rule 16(b)(4). *See Beach v. Costco Wholesale Corp.*, No. 5:18-cv-00092, 2019 WL 1102223, at *2-4 (W.D. Va. Mar. 8, 2019) (finding good cause existed to continue trial date and extend the deadline to complete discovery where "new counsel acted expeditiously to become acquainted with the case, prosecute discovery, and get admitted to this Court all in the matter of a few weeks"). Plaintiff has not shown that Magistrate Judge Cayer's decision to grant a brief 60-day extension to upcoming deadlines is "contrary to law."

Nor is Magistrate Judge Cayer's decision "clearly erroneous." This is not a case in which a party failed altogether to pursue discovery and improperly seeks a do-over at the last possible minute with only a change in counsel for justification. *See Alston v. Becton, Dickinson & Co.*, No. 1:12CV452, 2014 WL 338804, at *2 (M.D.N.C. Jan. 30, 2014) (citation omitted) (finding "a delay … attributed to a change in counsel does not constitute good cause … because new counsel is bound by the actions of their predecessor" where plaintiff, one day before the close of fact discovery, sought additional time for fact discovery even though they had not previously "served any written discovery requests or taken any concrete steps to depose any witnesses"). Instead, having fully participated in fact discovery, Blueworks seeks only a brief extension of certain discrete deadlines, to allow time to prepare for expert depositions, to file and respond to motions, and for trial, should the case not be resolved at the March 16, 2023, settlement conference.

Undersigned counsel was engaged to represent Blueworks on February 28, 2023, contacted Plaintiff's counsel regarding their pro hac vice motion on March 3, and filed that motion on March 6 immediately after Plaintiff's counsel indicated that Plaintiff would oppose.  Blueworks' Motion was filed on March 7, only one week after new counsel was engaged.  Blueworks acted diligently to obtain new counsel and sought this extension immediately upon new counsel's appearance.  *See Marcum v. Zimmer*, 163 F.R.D. 250, 255 (S.D.W. Va. 1995) ("[T]he touchstone of 'good cause' under [Federal] Rule [of Civil Procedure] 16(b) is diligence."); *see also* Fed. R. Civ. P. 16 advisory comm.'s note, 1983 Amend., Discussion, Subdiv. (b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").  In such circumstances, Magistrate Judge Cayer did not clearly err in finding good cause to extend the deadlines for expert depositions, dispositive motions, and the ready for trial date.

    2. *Magistrate Judge Cayer Properly Found Good Cause and Excusable Neglect In Allowing Blueworks Rebuttal Expert Reports*

Magistrate Judge Cayer's Order also allowed Blueworks until April 30, 2023 to serve rebuttal expert reports.  Under the prior schedule, Blueworks' rebuttal expert reports were due to be served February 17.  Blueworks' prior counsel did not serve any rebuttal expert reports.

When a deadline has passed, a court may, for good cause, extend the time to respond "if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  "In determining whether a party has shown excusable neglect, a court will consider: (1) the danger of prejudice to the non-moving party; (2) the length of delay and

its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Clony Apartments v. Abacus Project Mgmt., Inc.*, 197 F. App'x 217, 223 (4th Cir. 2006) (citing *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996)); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (setting forth excusable neglect factors in context of the Federal Rules of Bankruptcy Procedure). "[W]hether to grant an enlargement of time [under Rule 6(b) is] committed to the discretion of the district court." *Colony Apartments*, 197 F. App'x at 223 (quoting *Thompson*, 76 F.3d at 532 n. 2).

As Magistrate Judge Cayer properly found, these factors weigh in favor of Blueworks' request here: first, Plaintiff will not be prejudiced a brief 60-day extension, as this case has already been pending for more than two years with any damages accruing, and the April 30 service date will provide ample time for Plaintiff's counsel to prepare for any expert discovery relating to rebuttal expert reports. Next, there has been only a brief delay of just over three weeks since the February 17 deadline. Third, under the 60-day extension to upcoming deadlines discussed above, allowing Blueworks rebuttal reports will not additionally delay or impact the proceeding. Fourth, Blueworks has acted diligently through its new counsel, demonstrating Blueworks' good faith.

Defendants have requested that Plaintiff provide redacted versions of two of their three expert reports, including the expert report regarding damages, that Plaintiff has designated in their entirety as "Attorneys-Eyes-Only" under the Protective Order. *See* Jaffa Decl., ¶ 6, Ex. B. Plaintiff, with no explanation or reason, refused this request. This is important both retroactively and proactively: first, Blueworks could not have known the contents of the expert reports in its decision-making regarding rebuttal expert reports, as

6

prior counsel could not share that information with its client; and second, new counsel cannot reasonably prepare for the depositions of these experts, absent an extension before March 31, 2023, without client input. Plaintiff's positions are inconsistent and tactical.

Plaintiff contends that Blueworks has not provided a reason for its delay, but have pointed to no law indicating that a finding of excusable neglect in circumstances such as these would be "clearly erroneous or is contrary to law." Indeed, Plaintiff acknowledges that "the excusable neglect inquiry 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *United States v. Swamp Fox Utilities, LLC,* No. 1:15CV482, 2016 WL 5376200, at *4 (M.D.N.C. Sept. 26, 2016) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). Thus, for example, while Plaintiff contends that the finding of no excusable neglect in *Swamp Fox Utilities* was because the party seeking an extension "failed to take actions within their 'reasonable control,'" Plaintiff omits that this was in the context of a request to extend "deadlines by more than six months … [that] would represent a delay of unreasonable length under the circumstances, particularly given the absence of an acceptable reason for such delay." *See id.* Here, in contrast, Magistrate Judge Cayer's Order reasonably delays service of Blueworks' rebuttal expert reports by just over two months. Moreover, the Supreme Court has held that "'excusable neglect' … is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co.*, 507 U.S. at 392.

"[I]t is the 'strong policy' of the Fourth Circuit to decide cases on their merits." *Gantt v. Camelot Manor Nursing Care Facility, Inc.*, No. 515CV00078RLVDSC, 2017 WL 1653959, at *1 (W.D.N.C. Apr. 28, 2017) (citing *Colleton Preparatory Acad., Inc. v.*

7

*Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010)); *see also Caribbean Indus. Prod., LLC v. Allen Filtration, LLC*, No. CV 6:16-03441-MGL, 2018 WL 398486, at *3 (D.S.C. Jan. 12, 2018) (holding defendant showed excusable neglect sufficient to set aside default judgment in part because of "the Court's strong preference to decide [the] action on the merits"). Should Blueworks be denied the opportunity to respond to Plaintiff's expert reports, there is a real possibility that critical aspects of the case, such as likelihood of confusion and the amount of any damages, will be decided on a technicality—failure to meet a deadline—rather than on the merits of Plaintiff's claims. Accordingly, Magistrate Judge Cayer's Order allowing Blueworks rebuttal expert reports is not "clearly erroneous or is contrary to law."[3]

### 3. The Motion Was Brought In Good Faith and Will Not Prejudice Plaintiff

Plaintiff's accusations of gamesmanship are unfounded and misstate the facts. Plaintiff asserts that Blueworks assured Plaintiff it would not seek to extend the trial date, citing an email exchange between Blueworks' counsel Michelle Dunn and Plaintiff's counsel Erik Belt. ECF No. 112, at p. 7 (citing Declaration of Erik Paul Belt, ¶ 11); ECF No. 112-6 (Exhibit E to Declaration of Erik Paul Belt). However, Plaintiff omits the later email in the chain in which Ms. Dunn explicitly declined to agree that Blueworks would not seek further extensions. *See* Jaffa Decl., ¶ 5, Ex. A ("I could not agree to [a proposed condition that Defendants will not seek further extensions of the schedule] as it would put an unfair burden on Defendant's new counsels. However, we will not seek an

---

[3] In the alternative, Blueworks respectfully requests that it be allowed to serve at least a rebuttal damages expert report to address Plaintiff's exceedingly high damages demand here.

8

unreasonable extension. That is all I can promise.").

This case was commenced over two years ago by a Complaint filed December 18, 2020. Plaintiff has at no time sought preliminary injunctive relief, and—while complaining now in retrospect—has on multiple occasions joined in motions to extend deadlines. *See, e.g.,* ECF Nos. 52, 72, 90. Plaintiff should not be heard to complain about those jointly filed requests now. In addition, while not conceding any infringement, Blueworks has already taken steps and changed its advertising in an effort to address Plaintiff's stated concerns in the Complaint and Amended Complaint. While Plaintiff remains unsatisfied, it does not and cannot pretend that those efforts have not been made. Finally, monetary damages are accruing, and will adequately compensate Plaintiff if Plaintiff can successfully prevail on its claims at trial.

Accordingly, this brief two-month extension will not prejudice Plaintiff here. Conversely, Blueworks will be prejudiced if the extension is not granted given the short time between undersigned counsel's first appearance and the deadlines sought to be continued, including for trial.

C. Conclusion

For the foregoing reasons, Blueworks respectfully requests that the Court uphold Magistrate Judge Cayer's Order of March 7, 2023.

Dated: March 16, 2023          Respectfully submitted,


                               */s/ Jennifer Seraphine*
                               Jennifer Seraphine (*pro hac vice admitted*)
                               **Turner Boyd LLP**
                               155 Bovet Road, Suite 750
                               San Mateo, California 94402

Tel: (650) 521-5930
Fax: (650) 521-5931
Email: seraphine@turnerboyd.com

Brooks F. Jaffa (NC Bar No. 44490)
**Cranford, Buckley, Schultze, Tomchin, All P.A.**
7257 Pineville-Matthews Road, Suite 2100
Charlotte, North Carolina 28226
Tel: 704-442-1010
Fax: 704-442-1020
Email: bfjaffa@southcharlottelawfirm.com

Michelle C. Dunn
**Platinum Intellectual Property**
3031 Tisch Way, Suite 110 PW
San Jose, CA 95128
Tel: 404-800-5884
Fax: 877-463-0654
Email: michelle.dunn@platinum-ip.com

*Attorneys for Defendants*

10

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2023, the foregoing document was served on all counsel of record using the Court's CM/ECF system, which will send notification of such filing to any CM/ECF participants.

Respectfully submitted,

*/s/ Jennifer Seraphine*
Jennifer Seraphine (*pro hac vice admitted*)
**Turner Boyd LLP**
155 Bovet Road, Suite 750
San Mateo, California 94402
Tel: (650) 521-5930
Fax: (650) 521-5931
Email: seraphine@turnerboyd.com