UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00710-MOC-DSC

| | |
|---|---|
| **HAYWARD INDUSTRIES, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **BLUEWORKS CORPORATION, BLUEWORKS** ) | |
| **INNOVATION CORPORATION, NINGBO C.F.** ) | |
| **ELECTRONIC TECH CO., LTD., NINGBO** | |
| **YISHANG IMPORT AND EXPORT CO., LTD.,** | |
| | |
| Defendant. ) | |
| ------------------------------------------------------------- ) | |
| **BLUEWORKS CORPORATION, NINGBO C.F.** | |
| **ELECTRONIC TECH CO., LTD., NINGBO** | |
| **YISHANG IMPORT AND EXPORT CO., LTD.**, | |
| ) | |
| Counterclaim-Plaintiffs, ) | |
| ) | |
| Vs. ) | |
| ) | |
| **HAYWARD INDUSTRIES, INC.,** ) | |
| ) | |
| Counterclaim-Defendant ) | |

**THIS MATTER** is before the Court on Defendants Ningbo C.F. Electronic Tech Co., Ltd.'s and Blueworks Corporation's (collectively, "Defendants") Objection to Magistrate Judge's Order entered on January 4, 2023, (Doc. No. 98), which denied Defendants' Motion to Compel Discovery, (Doc. No. 94) (the "Motion to Compel"). (Doc. No. 99). Plaintiff has responded in opposition to Defendants' Objection. (Doc. No. 101). For the foregoing reasons, Defendants' Objection is **OVERRULED**.

1

I. **FACTUAL BACKGROUND**

   a. **Underlying Claims**

Plaintiff manufactures and sells swimming pool equipment, including "pumps, heaters, filters, and chlorination systems." (Doc. No. 1 at 7). Plaintiff manufactures and sells some of its equipment under federally registered and common law trademarks. (Id. at 11). Plaintiff alleges Defendants Blueworks Corporation and Blueworks Innovation (collectively "Blueworks Defendants") sell and advertise products through various retail websites that infringe on Plaintiff's trademarks. Plaintiff further alleges that Defendant Ningbo C.F. Electronic Tech Co., Ltd. manufactures allegedly infringing products on behalf of Blueworks Defendants, and Defendant Ningbo Yishang Import and Export Co., Ltd. imports the allegedly infringing products to Blueworks in North Carolina. (Id. at 2–4). Plaintiff's complaint alleges various claims under the Lanham Act, 15 U.S.C. § 1051 et seq., North Carolina common law, and North Carolina statutory law.

Defendants deny these allegations and assert counterclaims against Plaintiff. (Doc. Nos. 59, 60). Defendants contend that Plaintiff paid a corporate spy to pose as a potential customer of Defendants as pretext to improperly acquire Defendants' trade secrets. Specifically, Defendants alleged that Plaintiff has improperly acquired proprietary trade secrets related to Defendants' production of salt cells – a type of pool equipment. (Doc. No. 94 at 3). Consequently, Defendants' counterclaims allege, among other things, misappropriation of trade secrets under the Defendant Trade Secrets Act pursuant to 18 U.S.C. § 1836 et seq. and 18 U.S.C. § 1837; misappropriation of trade secrets under state law; and fraudulent misrepresentation. (Doc. Nos. 59, 60).

In response to Defendants' counterclaims, Plaintiff maintains that, before filing its

2

complaint, Plaintiff hired a professional investigator to investigate Defendants' infringing activity – a common practice leading up to trademark infringement litigation – and did not improperly acquire or attempt to acquire trade secrets. (Doc. No. 95).

### b. Discovery Dispute

Defendants served discovery on Plaintiff related to Defendants' trade secret and fraudulent misrepresentation counterclaims. As part of discovery, Defendants asked Plaintiff to produce information about its investigation of Defendants. Recognizing that attorney communications and mental impressions are shielded by the attorney-client and work product privileges, Defendants emphasize that they seek "production of the underlying factual evidence about [Plaintiff's] use of a spy in China to improperly acquire and disclose Ningbo C.F.'s trade secrets to [Plaintiff]." (Doc. No. 94 at 2).

Plaintiff responded that it has produced all underlying factual information and a privilege log of documents which it contends are subject to either attorney-client privilege, work product privilege, or both. (Doc. No. 95).

Defendants argue the information it seeks is discoverable – despite Plaintiff's assertion of privilege – for four reasons: (1) it is factual information, (2) it is subject to the crime-fraud exception, (3) Plaintiff has waived any privilege by disclosing the information to third parties, and (4) the information is highly relevant to Defendants' defenses and counterclaims, including misappropriation of trade secrets, and there is no alternative method to obtain it. Consequently, Defendants filed a motion seeking to compel production of the requested information, or, in the alternative, seeking in camera review by the Court of any documents which Plaintiff claims are privileged.

## II.     PROCEDURAL BACKGROUND

3

Defendants filed a motion to compel "all documents, communications, and information in [Plaintiff]'s possession, custody, or control" related to Plaintiff's investigation of Defendants. (Doc. No. 94 at 2). In their motion, Defendants accused Plaintiff of attempting to hide discoverable information by claiming privilege. Plaintiff responded in opposition, asserting the information Defendants seek is privileged material relating to its legitimate intellectual property investigation. (Doc. No. 95). On January 4, 2023, the Magistrate Judge issued an order denying Defendants' motion to compel. (Doc. No. 98) ("the Order). In the Order, the Magistrate Judge found that "Plaintiff credibly asserts that it has produced all non-privileged factual information related to its investigation," and "Defendant has not established any basis to dispute Plaintiff's claim of privilege." (Doc. No. 98 at 3). Defendants filed an Objection to the Magistrate Judge's Order, (Doc. No. 99), and Plaintiff filed a response in opposition, (Doc. No. 101).

### III.   APPLICABLE STANDARD

A district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. FED. R. CRIM. P. 59(a); see also FED. R. CIV. P. 72(a). To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002). A magistrate judge's finding will be deemed 'clearly erroneous when a district court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Williams v. Martorello, 59 F.4th 68, 86 (4th Cir. 2023).

### IV.   DISCUSSION

Defendants make two objections to the Order. First, Defendants assert the Order erroneously concludes that Plaintiff credibly asserts that it has produced all non-privileged factual information related to its investigation. However, Defendants have not shown that the Magistrate Judge's decision regarding credibility was clearly erroneous. Plaintiff certified that it had produced all non-privileged factual information and documents related to its investigation, which is no trivial pledge. (Doc. No. 95-4 at 2); see also FED. R. CIV. P. 37(e) (describing the consequences of failure to disclose discovery). Bolstering this pledge, Plaintiff provided testimony explaining that it has no motive to obtain trade secret information related to salt cells, because Plaintiff does not manufacture, nor plan to manufacture, salt cells. (Doc. No. 95-2 at ¶¶ 3–7). Lastly, Defendants convincingly described alternative sources for the factual information Defendants seek, thereby undercutting Defendants' argument that there is a substantial need for the withheld information. Defendants have both security footage of Plaintiff's investigator's meetings with Defendants, and the ability to depose Plaintiff's investigator at their disposal. In aggregate, Plaintiff's pledge that no discoverable information was hidden, Plaintiff's cogent explanation for why it would have no more discoverable information, the availability of alternative sources for the sought information, and Defendants' inability to identify what information might plausibly be hidden, led the Magistrate Judge to reasonably conclude that Plaintiff's assertion that it had produced all non-privileged factual information related to its investigation was credible.

Defendants argue they cannot "know exactly what [Plaintiff] asked the spy to steal, what the spy took, and what the spy provided to [Plaintiff] without obtaining this discovery." (Doc. No. 99-1 at 14). However, beyond speculation, Defendants have not provided a plausible explanation for why Plaintiff would have discoverable information related Defendants' trade

5

Case 3:20-cv-00710-MOC-SCR   Document 115   Filed 04/26/23   Page 5 of 7

secrets. Indeed, Defendants have not provided facts to establish that trade secrets were ever shown to – let alone acquired by – Plaintiff's investigator. Therefore, this Court reaches no "definite and firm conviction that a mistake has been committed" and must rule that the Order was not clearly erroneous. Williams v. Martorello, 59 F.4th 68, 86 (4th Cir. 2023).

Second, Defendants assert the Order is clearly erroneous, because Plaintiff disclosed some factual details about the investigation while claiming others as privileged, thereby waiving privilege, and the Order failed to address this waiver. Here, too, Defendants have failed to meet the heavy burden of demonstrating the Magistrate Judge's decision was clearly erroneous. Contrary to Defendants' argument, the Order did address the possible waiver of privilege. The Magistrate Judge noted one of Defendants' arguments supporting its Motion to Compel was "Plaintiff has waived any privilege by disclosing the information to third parties." (Doc. No. 98 at 2). Subsequently, the Order concludes that "Defendant has not established any basis to dispute Plaintiff's claim of privilege." (Id. at 3). This Court finds that the Magistrate Judge adequately demonstrated that he considered Defendants' waiver argument and concluded that Plaintiff had not waived any privilege via partial disclosure to third parties.

In sum, the Court has carefully reviewed the Magistrate Judge's order and the parties' respective briefs, and the Court finds that the Magistrate Judge's decision was neither erroneous nor contrary to law. Accordingly, this Court overrules Defendants' Objection.

## V. CONCLUSION

For the foregoing reasons, Defendants' Objection to the Magistrate Judge's Decision, (Doc. No. 99), is **OVERRULED** and the Magistrate Judge's Memorandum and Recommendation, (Doc. No. 98), is **ADOPTED** and **AFFIRMED**.

**ORDER**

6

Case 3:20-cv-00710-MOC-SCR   Document 115   Filed 04/26/23   Page 6 of 7

**IT IS, THEREFORE, ORDERED** that the Objection, Doc. No. 99, to Magistrate Judge's Order enter on January 4, 2023, is **OVERRULED,** and the Order, Doc. No. 98, is **ADOPTED** and **AFFIRMED** in its entirety.

Signed: April 26, 2023

Max O. Cogburn Jr
United States District Judge