IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HAYWARD INDUSTRIES, INC.,<br><br>Plaintiff, Counterclaim Defendant<br><br>v.<br><br>BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD.<br><br>Defendants, Counterclaim Plaintiffs. | Civil Action No. 3:20-CV-710 -MOC-DSC |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to Local Civil Rule 7.1(j), Plaintiff Hayward Industries, Inc., directs this Court's attention to the following two opinions that were published after Hayward filed its opposition to Defendants' motion to exclude testimony of expert Juli Saitz (Doc. No. 199) and Hayward's opposition to Defendants' motion for summary judgment on false advertising lost profits damages. (Doc. No. 201).

*REX - Real Est. Exch., Inc. v. Zillow, Inc.*, No. C21-0312 TSZ, 2023 WL 4999100 (W.D. Wash. Aug. 4, 2023), attached as Exhibit A, involves Lanham Act claims alleging deceptive practices and false advertising. At summary judgment, the defendant argued that the plaintiff was unable to prove lost profits because it could not link its harm (the decline in views of its real estate listings) to the defendant's conduct. In denying summary judgment, the court held that the defendant "disregard[ed] the principle that an injury can have more than one proximate cause, and it cites no authority for the proposition that [the plaintiff] must allocate fault between intertwined

sources of harm . . . ." *Id.* at *1. The *REX* decision is relevant to this case because Defendants argue that, to be entitled to lost profits, Hayward must apportion damages to each particular alleged false statement or to each particular trademark infringement [Doc No. 181 at 17 of 24].

Additionally, *Dewberry Engineers Inc. v. Dewberry Grp., Inc.*, No. 22-1622, 2023 WL 5062022 (4th Cir. Aug. 9, 2023), attached as Exhibit B, is relevant to this case due to the Fourth Circuit's analysis of damages resulting from trademark infringement. In *Dewberry*, the district court granted summary judgment in favor of Plaintiff Dewberry Engineer and against its competitor, Defendant Dewberry Group. The district court found that the defendant infringed the plaintiff's registered mark and awarded disgorgement of profits.

In affirming the judgment, the Fourth Circuit noted that although the plaintiff did not produce evidence of lost sales resulting from the defendant's infringement, disgorgement of profits was still appropriate because, *inter alia*, the parties engaged in overlapping markets and advertised to the same class of consumers. *Id*. at *15. The Fourth Circuit agreed with the district court's conclusion that given the instances of actual consumer confusion in the record, the public interest in making defendant's misconduct unprofitable favored disgorgement. *Id*. at *16. The *Dewberry* decision is relevant here to Defendants' motion seeking to exclude Hayward's damages expert (Doc. No. 164) and to Defendants' motion regarding lost profits (Doc. No. 181).

Date: August 18, 2023

**HAYWARD INDUSTRIES, INC.**

By its attorneys,
*/s/ Patrick G. Spaugh*
Patrick G. Spaugh (N.C. Bar No. 49532)
Russ Ferguson (N.C. Bar No. 39671)
**Womble Bond Dickinson (US) LLP**
301 South College Street, Suite 3500
Charlotte, NC 28202
T: (704) 331-4962
Patrick.Spaugh@wbd-us.com
Russ.Ferguson@wbd-us.com

Erik Paul Belt (*pro hac vice admitted*)
ebelt@mccarter.com
James Donoian (*pro hac vice admitted*)
jdonoian@mccarter.com
Anne E. Shannon (*pro hac vice admitted*)
ashannon@mccarter.com
Alexander L. Ried (*pro hac vice admitted*)
aried@mccarter.com
**McCarter & English, LLP**
265 Franklin Street
Boston, MA 02110
T: (617) 449-6500
F: (617) 607 9200