UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-710-MOC-DSC

| | | |
|---|---|---|
| **HAYWARD INDUSTRIES, INC.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD., NINGBO YISHANG IMPORT AND EXPORT CO., LTD.**, | ) | |
| | ) | |
| Defendants. | ) | |
| ---------------------------------------------------------------- | ) | |
| **BLUEWORKS CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD., NINGBO YISHANG IMPORT AND EXPORT CO., LTD.**, | ) | |
| | ) | |
| Counterclaim-Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| **HAYWARD INDUSTRIES, INC.**, | ) | |
| | ) | |
| Counterclaim-Defendant. | ) | |

**THIS MATTER** is before the Court on Defendants' Motion in Limine, filed pursuant to Fed. R. Civ. P. 702, to exclude the testimony of Plaintiff's damages expert Juli Saitz. (Doc. No. 163).

I. **BACKGROUND**

This case involves a dispute between competitors in the pool industry. Plaintiff Hayward Industries, Inc. makes and sells, among other pool products, pool chlorination systems. Chlorine generators, also known as "salt cell systems," convert dissolved salt into chlorine to sanitize pools. Chlorine generator systems replace the need for liquid or tablet chlorine. The salt cell has

1

a limited use life and is replaced by inserting a new salt cell into the overall system when the prior cell is exhausted.

Plaintiff's complaints arise from Defendants' sale of aftermarket replacement salt cells for use in Plaintiff's chlorine generator systems. Plaintiff accuses Defendants of Lanham Act violations and other claims. Plaintiff alleges, among other things, that Defendants' advertisements tend to confuse customers into thinking that Defendants' products are Hayward products.

Plaintiff has submitted the expert report of Juli Saitz to support Plaintiff's damages claims, specifically her opinion as to lost profits to which Plaintiff is entitled. Saitz analyzed the relevant market as a two-party market such that Hayward would have made the sales of replacement salt cells but for Defendants' false advertising and trademark infringement.

Defendants now move to exclude Saitz's report, arguing that (1) Saitz employed a patent damages framework (the <u>Panduit</u> test) inapplicable in Lanham Act cases; (2) Saitz does not connect any of Defendants' alleged infringing conduct to the sales she assumes would have transferred to Plaintiff, and therefore fails to show causation as required to support a lost profits award; and (3) Saitz disregarded ample and uncontradicted evidence, including (a) other factors, such as price, that effect consumer purchasing decisions; (b) that the market for the goods at issue—replacement salt cells for pool chlorination systems—is and was not, as she assumed, a two-party market; and (c) Plaintiff's supply chain disruptions and inventory issues during the relevant damages period.

II. STANDARD OF REVIEW

Fed. R. Evid. 702 requires that an expert's opinion testimony be "based on sufficient facts or data" and must be "the product of reliable principles and methods." Rule 702(a)-(d).

Courts are required to act as "gatekeepers" to ensure that expert testimony is relevant and reliable. Bresler v. Wilmington Tr. Co., 855 F.3d 178, 195 (4th Cir. 2017); Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001) (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 588 (1993)).

Daubert provides non-exhaustive "guideposts" to aid in the required analysis as to whether an expert's testimony is reliable: (1) whether the expert's theory or technique "can be (and has been) tested"; (2) whether the theory or technique has been subject to prior review and publication; (3) "the known or potential rate of error" inherent in the expert's theory or technique; and (4) whether the expert's methodology is generally accepted in his field of expertise. Sardis v. Overhead Door Corp., 10 F.4th 268, 281 (4th Cir. 2021) (citing Nease v. Ford Motor Co., 848 F. 2d 219, 229 (4th Cir. 2017) and Daubert, 509 U.S. at 593–94); see also Kumho Tire Co. v. Carmichael, 526 U. S. 137, 153, (1999). In conducting the reliability inquiry, the focus "must be solely on principles and methodology, not on the conclusions that they generate." Daubert, 509 U.S. at 595. Furthermore, the enumerated guideposts above do not "'exclusively appl[y] to all experts or every case'" because trial courts are given "broad latitude to determine which of these factors (or some other unspecified factors) "are reasonable measures of reliability in a particular case," Sardis, 10 F.4th at 281 (citation omitted).

### III. DISCUSSION

The Court denies Defendants' motion. Defendants' various challenges to Saitz's expert report go to the weight to be given to Saitz's testimony, not to its admissibility. As Plaintiff notes, Saitz's methodology has been used by other courts, and courts have approved Saitz's

methodologies where there is essentially a two-party market.[1] Defendants may challenge Saitz's methodologies as to damages through cross-examination.

In sum, the Court **DENIES** Defendants' motion to exclude Saitz's expert report and testimony from trial. (Doc. No. 163).

Signed: January 17, 2024

Max O. Cogburn Jr
United States District Judge

---

[1] While the parties dispute whether the market is indeed essentially a two-party market, "the Court cannot exclude expert testimony simple because it believes one version of the facts and not the other." Vertellus Holdings LLC v. W.R. Grace & Co., No. SAG-18-3298, 2021 WL 3883597, at *15 (D. Md. Aug. 12, 2021) (declining to exclude damages expert's opinion regarding lost profits and finding that defendant's objections to the facts underpinning expert's opinion went to the weight of expert's testimony, not its admissibility, stating that "a factual dispute[] cannot be resolved through [a] Daubert motion"). As to Defendant's Panduit test argument, the Court agrees with Plaintiff that Saitz is not opining on patent rights or a patent monopoly. Rather, she is using Panduit as a model to explain her rationale in a two-party market.