UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-710-MOC-DSC

| | |
|---|---|
| **HAYWARD INDUSTRIES, INC.,** )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>**BLUEWORKS CORPORATION, BLUEWORKS** )<br>**INNOVATION CORPORATION, NINGBO C.F.** )<br>**ELECTRONIC TECH CO., LTD., NINGBO** )<br>**YISHANG IMPORT AND EXPORT CO., LTD.,** )<br>)<br>)<br>Defendants. )<br>------------------------------------------------------------------ )<br>**BLUEWORKS CORPORATION, NINGBO C.F.** )<br>**ELECTRONIC TECH CO., LTD., NINGBO** )<br>**YISHANG IMPORT AND EXPORT CO., LTD.,** )<br>)<br>Counterclaim-Plaintiffs, )<br>)<br>Vs. )<br>)<br>**HAYWARD INDUSTRIES, INC.,** )<br>)<br>Counterclaim-Defendant. ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motion in Limine, filed pursuant to Fed. R. Civ. P. 702, to exclude the testimony of Defendant's damages expert Dr. Kathleen Grace. (Doc. No. 211).

I.  **BACKGROUND**

This case involves a dispute between competitors in the pool industry. Plaintiff Hayward Industries, Inc. makes and sells, among other pool products, pool chlorination systems. Chlorine generators, also known as "salt cell systems," convert dissolved salt into chlorine to sanitize pools. Chlorine generator systems replace the need for liquid or tablet chlorine. The salt cell has

1

a limited use life and is replaced by inserting a new salt cell into the overall system when the prior cell is exhausted.

Plaintiff's complaints arise from Defendants' sale of aftermarket replacement salt cells for use in Plaintiff's chlorine generator systems. Plaintiff accuses Defendants of Lanham Act violations and other claims. Plaintiff alleges, among other things, that Defendants' advertisements tend to confuse customers into thinking that Defendants' products are Hayward products.

Defendant has submitted the expert report of Dr. Grace, which counters Plaintiff's damages expert report submitted by Julia Saitz. In the motion to exclude, Plaintiff argues that (1) Dr. Grace has inappropriately used Plaintiff's survey expert in apportioning lost profits; (2) Dr. Grace inappropriately looked to Plaintiff's survey expert in apportioning disgorgement damages; (3) Dr. Grace's approach to apportionment is unreasonable; (4) Dr. Grace improperly limited damages to after trademark registration; and (5) Dr. Grace's other methods are unreliable and speculative, and she is not qualified to qualified to testify because she lacks sufficient experience in trademark and false advertising cases.

**II.     STANDARD OF REVIEW**

Fed. R. Evid. 702 requires that an expert's opinion testimony be "based on sufficient facts or data" and must be "the product of reliable principles and methods." Rule 702(a)-(d). Courts are required to act as "gatekeepers" to ensure that expert testimony is relevant and reliable. Bresler v. Wilmington Tr. Co., 855 F.3d 178, 195 (4th Cir. 2017); Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001) (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 588 (1993)).

2

Daubert provides non-exhaustive "guideposts" to aid in the required analysis as to whether an expert's testimony is reliable: (1) whether the expert's theory or technique "can be (and has been) tested"; (2) whether the theory or technique has been subject to prior review and publication; (3) "the known or potential rate of error" inherent in the expert's theory or technique; and (4) whether the expert's methodology is generally accepted in his field of expertise. Sardis v. Overhead Door Corp., 10 F.4th 268, 281 (4th Cir. 2021) (citing Nease v. Ford Motor Co., 848 F. 2d 219, 229 (4th Cir. 2017) and Daubert, 509 U.S. at 593–94); see also Kumho Tire Co. v. Carmichael, 526 U. S. 137, 153, (1999). In conducting the reliability inquiry, the focus "must be solely on principles and methodology, not on the conclusions that they generate." Daubert, 509 U.S. at 595. Furthermore, the enumerated guideposts above do not "'exclusively appl[y] to all experts or every case'" because trial courts are given "broad latitude to determine which of these factors (or some other unspecified factors) "are reasonable measures of reliability in a particular case," Sardis, 10 F.4th at 281 (citation omitted).

III. DISCUSSION

The Court denies Plaintiff's motion for the reasons asserted in Defendant's opposition brief. Plaintiff's various challenges to Dr. Grace's expert report go to the weight to be given to Dr. Grace's testimony, not to its admissibility. Plaintiff may challenge Dr. Grace's methodologies as to damages through cross-examination.

In sum, the Court **DENIES** Plaintiff's motion to exclude Dr. Grace's expert report and testimony from trial. (Doc. No. 211).

Signed: January 25, 2024

Max O. Cogburn Jr
United States District Judge