UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HAYWARD INDUSTRIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECCTRONIC TECH CO., LTD., AND NINGBO YISHANG IMPORT AND EXPORT CO., LTD.,<br><br>Defendants. | Civil Action No. 3:20-cv-00710-MOC-SCR |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE
JURY DEMAND AS TO EQUITABLE RELIEF OF DISGORGEMENT DAMAGES**

Plaintiff Hayward Industries, Inc. ("Plaintiff" or "Hayward") seeks damages in this case under two theories: lost profits and, in the alternative, disgorgement damages. Lost profits is a subset of actual damages, and is a legal issue for the jury to decide. Disgorgement damages, however, are an equitable remedy for which there is no right to a jury. Neither the Lanham Act nor the Seventh Amendment give Plaintiff that right. Accordingly, Defendants move to strike Plaintiff's jury demand for equitable relief as to disgorgement damages, and instead to bifurcate the trial such that the issue of disgorgement should, if necessary, be decided by the Court. In the alternative, Defendants move to proceed with only an advisory jury verdict on the issue of disgorgement damages.

I. **PLAINTIFF'S DAMAGES DEMANDS**

Plaintiff's damages demands are set forth in the Expert Report of Juli Saitz. ECF No. 165. Ms. Saitz opines that the appropriate damages are lost profits damages, representing

1

Plaintiff Hayward's lost profits on Defendants' sales of their replacement salt cells for use with Hayward's systems. *Id.*, ¶ 31. Ms. Saitz separately opines as to disgorgement damages, but only as an alternative should the jury not find lost profits damages appropriate. *Id.*, ¶ 32.

## II. DISGORGEMENT DAMAGES ARE EQUITABLE RELIEF ON WHICH THERE IS NO RIGHT TO A JURY TRIAL
## III.

A trial on "issues so demanded" is to be tried to a jury "unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). The Supreme Court has held that disgorgement is a remedy founded in equity. *See Liu v. Sec. Exch. Comm'n.*, 140 S. Ct. 1936, 1943 (2020) ("a remedy tethered to a wrongdoer's net unlawful profits, whatever the name, has been a mainstay of equity courts"). Further, where a claim is founded in equitable relief, there is no right to a jury trial:

> "While the Seventh Amendment guarantees a jury trial in cases 'at common law,' no constitutional provision guarantees ... jury trials for cases tried in equity or in admiralty." *See Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 152–53 (4th Cir. 1995). **Consequently, a claim of disgorgement does not elicit a right to a jury trial under the Seventh Amendment.** *See Sec. Exch. Comm'n. v. Rind,* 991 F.2d 1486, 1493 (9th Cir. 1993) ("a defendant is not entitled to a jury trial where the Commission sues for disgorgement of illicit profits"); see *Sec. Exch. Comm'n. v. Bravata*, 3 F. Supp. 3d 638, 661 (E.D. Mich. 2014), aff'd sub nom. *United States v. Bravata*, 636 F. App'x 277 (6th Cir. 2016) (finding relief defendants have no right to jury trial in disgorgement claims).

*See Sec. & Exch. Comm'n v. Merrill*, No. CV RDB-18-2844, 2022 WL 16968481, at *1 (D. Md. Nov. 16, 2022) (emphasis added) (denying motion for order for determination of jury trial right).

Defendants do not contest Plaintiff's right to a jury trial on their actual damages claim, which here constitutes lost profits. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476-79 (1962) (holding that in trademark cases where actual damages are sought, the demand is for legal damages and there is a right to a jury right); *see also Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 346 (1998) (quoting *Dairy Queen*, 369 U.S. at 477) (An "action for damages for trademark infringement 'subject to cognizance by a court of law'"). However, Plaintiff has no right to a jury trial on its alternative claim for disgorgement damages.

2

Numerous courts have held that there is no right to trial by jury if the monetary remedy the trademark owner seeks is an accounting of the alleged infringer's profits – i.e., disgorgement damages. *See Ferrari S.P.A. v. Roberts*, 944 F.2d 1235, 1248 (6th Cir. 1991) ("[W]e conclude … that Roberts was not entitled to a jury trial. Ferrari's complaint requested only equitable relief; an injunction and disgorgement of profits."); *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075-76 (9th Cir. 2015) (holding that *Dairy Queen* did not hold that a trademark claim for a disgorgement of the infringer's profits was a legal claim for a jury, and that because an award of defendant's profits is an equitable remedy, it is the judge, not a jury, who calculates the amount of profits); *JL Beverage Co., LLC v. Beam Inc.*, No. 211CV00417MMDCWH, 2017 WL 5158661, at *2–3 (D. Nev. Nov. 7, 2017), *aff'd sub nom. JL Beverage Co., LLC v. Jim Beam Brands Co.*, 815 F. App'x 110 (9th Cir. 2020) (holding no right to jury trial in case involving only profits of alleged infringer, and explaining: "*Dairy Queen* is thus readily distinguishable—it was a case about the right to a jury trial to determine legal damages, not the amount of profits to be disgorged"); *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1359 (11th Cir. 2019) (concluding that, "All of this leads us to the conclusion that an accounting and disgorgement of a defendant's profits in a trademark infringement case is equitable in nature and does not carry with it a right to a jury trial."); *Vital Pharms., Inc. v. Monster Energy Co.*, No. 21-13264, 2022 WL 3083273, at *4 (11th Cir. Aug. 3, 2022) (dismissing jury demand because a disgorgement of defendant's profits is an equitable, not "legal" remedy, there is no right to trial by jury); *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 132–133 (2d Cir. 2014) (holding that *Dairy Queen* did not change the longstanding treatment of the accounting of profits remedy as an equitable (not legal) remedy.

## IV. THIS COURT SHOULD BIFURCATE THE TRIAL SO THAT THE ISSUE OF DISGORGEMENT IS DECIDED BY THE COURT

Under Federal Rule of Civil Procedure 42(b), "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues…." Fed. R. Civ. P. 42(b). The decision to bifurcate is "within the sound discretion of the trial court." *Jahagirdar v. Computer Haus NC, Inc.*, No. 1:20-CV-33-MOC, 2022 WL 17095192, at *1 (W.D.N.C. Nov. 21, 2022) (citing *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953)). Factors regarding whether bifurcation is appropriate include whether bifurcation "will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party." *Id.* (quoting *F & G Scrolling Mouse, LLC v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. 1999)). "Of particular importance here, bifurcation may be appropriate where litigation of one issue may obviate the need to try another issue." *Id.* (citing *Walker v. White*, No. CIV. 1:06-CV-350, 2010 WL 2390149, at *1 (W.D.N.C. June 10, 2010)).

Here, these factors favor bifurcation. Plaintiff's request for equitable disgorgement damages is made only in the alternative to its request for lost profits damages (*see* ECF No. 165, ¶¶ 31-32) and will involve some different evidence as well as additional expert testimony on disgorgement. Bifurcating this issue will promote convenience, expediency, and economy, and will not result in undue prejudice to any party. *See id.*; *Walker*, 2010 WL 2390149, at *1. Should Plaintiff prevail in recovering its lost profits, of if the jury finds no liability, there will be no need to try the issue of disgorgement. *See id.*; *Walker*, 2010 WL 2390149, at *1. Accordingly, Defendants respectfully submit that bifurcation such that the Court, if necessary, will decide the issue of disgorgement, is appropriate.

In the alternative, any jury award of disgorgement damages should be advisory only. Again, Defendants do not dispute that where, as here, a plaintiff seeks both legal damages and equitable profits, then there is a right to a jury trial in which the legal claims are tried first to the jury. *See Variety Stores, Inc. v. Wal-Mart Inc.*, 359 F. Supp. 3d 315, 331 (E.D.N.C. 2019), *aff'd in part, vacated in part on other grounds*, *Variety Stores, Inc. v. Walmart Inc.*, 852 F. App'x 711 (4th Cir. 2021)) (giving jury the issues of liability, damages and award of profits, where disgorgement damages were also sought). In such a case, though, a jury's decision to grant or deny an award of disgorgement of profits is merely advisory. *Id.* (holding that disgorgement may be submitted to the jury but that because disgorgement of profits is an equitable matter, a jury award of profits would only be advisory with court discretion to modify); *Bruce Kirby, Inc. v. Laserperformance (Eur.) Ltd.*, No. 3:13-CV-00297 (JAM), 2021 WL 328632, at *12–13 (D. Conn. Feb. 1, 2021), *aff'd in part*, *vacated in part on other grounds*, *Est. of Kirby v. LaserPerformance (Eur.) Ltd.*, No. 21-519 (L), 2023 WL 5319216 (2d Cir. Aug. 18, 2023) (modifying the jury award of disgorgement damages because in a trademark infringement case there is no right to a jury trial for an award of profits, and therefore the jury's award of profits was only advisory); *see also Innovation Ventures, LLC v. NVE, Inc.*, No. 08-11867, 2016 WL 266396, at *8–9 (E.D. Mich. Jan. 21, 2016) (where "Plaintiff is requesting both legal (Plaintiff's actual damages) and equitable (disgorgement of Defendant's profits) relief," submitting issue of recovery of the alleged infringer's profits to jury for an advisory verdict because the issue of actual damages would go to the jury in any event).

V.   CONCLUSION

For all the above reasons, Defendants respectfully request that the Court grant their motion to strike Plaintiff's jury demand as to equitable relief of disgorgement damages, and to

5

bifurcate the trial such that the issue of disgorgement may be decided by the Court, or, in the alternative, such that the jury's verdict regarding disgorgement damages is advisory only.

Dated: February 15, 2024          Respectfully submitted,

*/s/ Christina Davidson Trimmer*
Christina Davidson Trimmer
NC Bar No. 44857
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon Street, Suite 2200
Charlotte, North Carolina 28280
Tel: (704) 375-0057
Fax: (704) 332-1197
Email: ctrimmer@shumaker.com

Jennifer Seraphine (*pro hac vice admitted*)
Keeley I. Vega (*pro hac vice admitted*
Jacob Zweig (*pro hac vice admitted*)
Turner Boyd Seraphine LLP
155 Bovet Road, Suite 750
San Mateo, California 94402
Tel: (650) 521-5930
Email: seraphine@turnerboyd.com
Email: vega@turnerboyd.com
Email: zweig@turnerboyd.com
Michelle C. Dunn
Platinum Intellectual Property
3031 Tisch Way, Suite 110 PW
San Jose, CA 95128
Tel: 404-800-5884
Fax: 877-463-0654
Email: michelle.dunn@platinum-ip.com

*Attorneys for Defendants*
*Blueworks Corporation et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2024, the foregoing document was served on all counsel of record using the Court's CM/ECF system, which will send notification of such filing to any CM/ECF participants.

Respectfully submitted,

*/s/ Christina Davidson Trimmer*
Christina Davidson Trimmer
NC Bar No. 44857
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon Street, Suite 2200
Charlotte, North Carolina 28280
Tel: (704) 375-0057
Fax: (704) 332-1197
Email: ctrimmer@shumaker.com