IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff, Counterclaim Defendant <br><br> v. <br><br> BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD. <br><br> Defendants, Counterclaim Plaintiffs. | Civil Action No. 3:20-CV-710 -MOC-DSC |

**OBJECTIONS TO MAGISTRATE'S RULING
ON DEFENDANTS' MOTION TO WITHDRAW**

**I.      Introduction and Objections**

Plaintiff Hayward Industries, Inc. objects to the Magistrate Judge's Order, (March 20, 2024 Minute Entry), permitting withdrawal by counsel for the Defendants on two bases: (1) the motion to withdraw violated the local rule, LCvR 7.1(b), because Defendants did not confer with Hayward first, and the Magistrate Judge did not address that deficiency; and (2) the Magistrate Judge granted the motion without giving Hayward the opportunity to respond.

Therefore, Hayward respectfully seeks that the Magistrate Judge's Order be vacated and replaced with an order addressing Hayward's concerns.  To be clear, Hayward does not object to the withdrawal of counsel *per se*, but is concerned that—based on the history in this very case—Defendants will use the withdrawal to delay entry of final judgment.  That delay is pivotal because it would permit Defendants to move assets, making the judgment worthless.

1

## II. Background

On March 20, 2024, Defendants filed a Motion to Withdraw, seeking permission for Turner Boyd to withdraw as their counsel. (Doc. No. 357). That Motion did not reference any conference with Plaintiff, as is required by local rule, LCvR 7.1(b), and indeed Defendants did not confer with Hayward. The first time Hayward was informed about any intention to withdraw was upon the filing of the motion and service upon Hayward.

That same day, the Magistrate Judge entered a text-only order granting the motion to withdraw. (March 20, 2024 Minute Entry). Under the local rules, however, Hayward should have had fourteen (14) days to respond to the Motion. LCvR 7.1(e). Therefore, counsel for Hayward immediately emailed the Court seeking an opportunity to respond and asking if the Court would entertain such a response. (Exhibit A). In response, counsel was informed by the Court that "Parties may always make filings on the docket. However, the court cannot predict or determine the impact of any such filing." (*Id.*). Of course, Hayward has a fourteen (14) day deadline from the already-issued order to file objections. Fed. R. Civ. P. 72(a).

Therefore, Hayward files these objections to the Magistrate Judge's Order, which was issued prematurely and without considering Hayward's position.

## III. Argument

Hayward opposes Turner Boyd Seraphine LLP's motion to withdraw as counsel to the extent that this withdrawal (and, presumably, a corresponding substitution of new counsel) will result in delays of the post-trial briefing schedule or entry of the final judgment. First, Hayward notes that Defendants' counsel did not confer with Hayward's counsel before filing its motion. Second, to be clear, Hayward takes no position on the withdrawal so long as the post-trial motion practice (including on Hayward's just-filed motion for a permanent injunction, Doc. No. 358) and

entry of final judgment are not delayed. Defendants have switched counsel multiple times already and have used those withdrawals and ensuing switches to seek extensions of deadlines several times before. Now, facing a damages award of $14.7 million against them, Defendants should not be allowed to use this latest withdrawal as one more excuse for delay tactics (possibly giving Defendants time to hide assets).

By way of background, Defendants first counsel, Foley & Lardner, withdrew on September 13, 2021 (for the Ningbo Defendants) and June 21, 2022 (for the Blueworks Defendants). (Doc No. 51, 88). Defendants replaced Foley & Lardner with Morgan Lewis. Defendants original local counsel, Mr. Grimes of Bradley Arant Boult Cummings LLP, also withdrew at that time and was replaced with new local counsel, Mr. Jaffa of Cranford, Buckley, Schultze, Tomchin, P.A. (Doc. Nos. 51, 88). That substitution caused a conflict for the original judge on the case, Judge Whitney, who recused himself, resulting in some further delays. (Text-Only Order of November 4, 2021).

At that time, the Ningbo Defendants also were represented by Ms. Jiang of JiangIP LLC, who withdrew her appearance in September 2021. (Doc. No. 51). Less than a year later, in March 2023, Morgan Lewis withdrew as counsel and was replaced by Turner Boyd Seraphine LLP. (Doc No. 109). Defendants' local counsel Mr. Jaffa also withdrew his appearance and was replaced by Ms. Trimmer of Shumaker, Loop & Kendrick. (Doc. Nos. 195, 154). Additionally, another lawyer from a different firm, Ms. Dunn of PlatiunumIP, entered her appearance on February 14, 2023. (Doc. No. 102). When Morgan Lewis withdrew, counsel assured Hayward's counsel that the substitution would not result in any delays. But new counsel (Turner Boyd Seraphine) then proceeded to move for extensions of several deadlines, including the then-scheduled June 2023 trial date.

3

It bears noting that Defendants have obtained *seven* extensions of the schedule, using withdrawal of counsel, substitution of new counsel, a mediation request, and other excuses to drag out the litigation, including to push out the trial date twice. *See* (Doc. Nos. 52, 72, 85, 90, 92, 105, and 110). Now that Defendants are facing a damages award of $14.7 million, and also a recently filed motion for a permanent injunction, (Doc. No. 358), Hayward is concerned that Defendants will use this latest withdrawal to request further delays.

Indeed, just two days after Defendants' motion to withdraw was granted, remaining counsel for Defendants sent an email seeking an extension of the post-trial motion deadline, citing the withdrawal of counsel as a reason therefor:

> In accordance with the Court's advisement at the end of trial, Defendants will be seeking a 30 day extension of time to file its Rule 50(b) and Rule 59 Motions. ***With the withdrawal filed by the Turner Boyd attorneys this week***, as well as Plaintiff's motion for injunction also filed this week, we need additional time for briefing on our Rule 50(b) and Rule 59 Motions.

(Exhibit B, Email from Counsel for Defendants) (emphasis added). This is exactly what Hayward feared and why it would have opposed the motion to withdraw if given the opportunity.

Hayward is also concerned the same excuse will be used to extend other deadlines, such as the entry of an injunction. Such extensions will delay entry of judgment, and ultimately execution on the $14.7 million award—giving Defendants additional time to move assets. Indeed, this Court expressed its concern at trial that Defendants might try to move or hide assets. Defendants should not be allowed to use withdrawal of its counsel as one more trick to give it time to deplete or move assets that could be used to satisfy a judgment.

In sum, Hayward does not object to withdrawal of Defendants' counsel *per se*, but does object if the withdrawal of counsel will result in extensions of the post-trial motion practice, entry

4

of an injunction against Defendants' false advertising, and, ultimately, the time until final judgment is entered.

### IV. Conclusion

For the reasons stated above, Hayward objects to the Magistrate's decision permitting the withdrawal of counsel.

Respectfully submitted this 21st day of March, 2024,

                               **HAYWARD INDUSTRIES, INC.**

                               *s/ Russ Ferguson*
                               Russ Ferguson (N.C. Bar No. 39671)
                               **Womble Bond Dickinson (US) LLP**
                               One Wells Fargo Center
                               301 South College Street
                               Charlotte, NC 28202
                               Russ.Ferguson@wbd-us.com

                               Erik Paul Belt (*admitted pro hac vice*)
                               ebelt@mccarter.com
                               James Donoian (*admitted pro hac vice*)
                               jdonoian@mccarter.com
                               Anne E. Shannon (*admitted pro hac vice*)
                               ashannon@mccarter.com
                               Alexander L. Ried (*admitted pro hac vice*)
                               aried@mccarter.com
                               Siobhan M. Tolan (*pro hac vice admitted*)
                               stolan@mccarter.com
                               **McCarter & English, LLP**
                               265 Franklin Street
                               Boston, MA 02110
                               T: (617) 449-6500