# EXHIBIT B



**Anne E. Shannon**
Associate
T. 617-449-6576
F. 617-326-3102
ashannon@mccarter.com

McCarter & English, LLP
265 Franklin Street
Boston, MA 02110-3113
www.mccarter.com

November 3, 2022

**VIA EMAIL**

Scott Sherwin
Morgan Lewis
110 North Wacker Drive
Chicago, IL 60606
Scott.sherwin@morganlewis.com

Re: *Hayward Industries Inc. v. Blueworks Corporation et al*. **3:20-cv-00710-MOC-DSC, United States District Court for the <u>Western District of North Carolina</u>**

Dear Scott,

Thank you for your update after our meet-and-confer and your efforts to resolve these issues.

We note that you did not mention the discovery responses that Defendants still owe to Hayward. In particular, Defendants still owe Hayward their supplemental responses to Hayward's interrogatories, as well as several categories of documents. The outstanding items are detailed in our June 23rd letter, discussed during the October 17th meet-and-confer call, and itemized in Hayward's email from October 28. Both the June 23rd letter and October 28th email are attached for your reference. Please advise when we can anticipate receiving the supplemental responses and documents. We have been patient, but because it has been five months now, we will have to move to compel if we do not receive them soon.

Regarding your November 2nd email, Hayward cannot agree to providing its witnesses until we have a firm deposition date for Richard Chen (or whomever Defendants' Rule 30(b)(6) witness(es) will be.) We specifically stated during our October 17th call that Hayward noticed Blueworks' 30(b)(6) deposition in March 2022 and Ningbo CF's 30(b)(6) deposition in April 2022, six months before Defendants noticed Hayward's 30(b)(6) deposition or any fact witnesses. We have been asking for Mr. Chen's deposition for eight months, since March 2022. Since then, Blueworks has continually delayed Mr. Chen's deposition, and we have reluctantly agreed to extend discovery deadlines to allow for the easing of Covid restrictions in China so that Mr. Chen to could

ME1 43129011v.1

travel for the Rule 30(b)(6) deposition. In fact, Kevin Fee represented to us in March that it was going to take a few weeks to get Mr. Chen to Macau or Hong Kong and that's why the parties extended the scheduling order the first time. A "few weeks" has now turned into more than seven months.

We believe that Hayward should take the 30(b)(6) depositions of Ningbo and Blueworks (presumably through Mr. Chen) before Defendants depose Hayward's witnesses, but we are willing to work with you on this and will permit some of Hayward's witnesses to be deposed first if you can provide a date certain for the deposition of Defendants' Rule 30(b)(6) witnesses (again, presumably Mr. Chen).

We are sympathetic to Shaobin's illness. But it does not make sense that depositions of Hayward's witnesses can go forward without Shaobin, while the defense of Blueworks' witnesses cannot. Given the size of Morgan Lewis and the significant litigation team it has working on this case, a corporate witness (whose deposition was noticed 8 months ago) can certainly be prepared and defended by one of the many partners in Morgan's IP litigation practice. If Shaobin is needed because the witness speaks Chinese, Morgan has over 75 lawyers in its Beijing, Shanghai and Hong Kong offices who can likely assist with deposition preparation.

At the very least, the deposition should be scheduled on a firm date. As you know, there are several complications in taking a remote deposition. For example, if the corporate representative is going to be deposed in Macau or Hong Kong (instead of North Carolina), as you have indicated, it will take some time to schedule and organize that deposition in those locales and to arrange for a court reporter, interpreter, and videographer who can work at night given the time difference. Of course, Mr. Chen (or whomever your witness will be) will need to arrange travel and visas. As such, we ask that you provide a firm date or dates now so that all concerned can prepare.

As to the privilege log issue, you are correct that this has been extensively communicated, but I want to be sure we are not talking past one another. Hayward produced a privilege log at the end of April and another in early June. See Docket No. 77-2. Hayward has also produced all documents in its possession that relate to confusion that were produced by Mr. Ivester/Servco in response to the subpoena.

What you are seeking are not documents from Mr. Ivester/Servco, but communications between Mr. Ivester's counsel and counsel for Hayward.

Putting privilege issues aside, despite repeated requests, Blueworks has not indicated the discovery request(s) to which it believes those documents are responsive. Simply put, they have not been requested.

Nonetheless, in a good faith effort to resolve the issue, Hayward offered to provide a document not produced (or requested) if Defendants confirmed in writing that Hayward was not waiving any privilege(s) by doing so. That offer still stands. Hayward additionally provided a privilege log and revised its written responses to discovery requests. It appears that your request is not based on a genuine need for documents or information you never requested, but instead is a ploy to get Hayward to waive privilege. If that is where we are, then we agree we are at an impasse.

Finally, regarding your request to extend the schedule, <u>and contingent on your providing dates certain for the deposition of Defendants' witness(es)</u>, <u>particularly Mr. Chen</u>, then Hayward will not oppose a motion for your proposed extensions (with one small exception noted below) and also can offer these alternative dates for the depositions of Messrs. Davila, Glibowski, and Denkewicz:

>January 10: Ray Denkewicz*
>January 11: Jason Davila*
>January 17: Mike Glibowksi**

* The depositions of Messrs. Denkewicz and Davila may be flipped (*i.e.*, Mr. Davila deposed on January 10 and Mr. Denkewicz on January 11), but for now that is the order. Also, both Messrs. Denkewicz and Davila work in Hayward's Rhode Island facility and will be available for the depositions there (or if you plan to take the depositions remotely, let us know).

**Mr. Glibowski is available on Tuesday, January 17, in New Jersey. We can host the deposition at McCarter's office in East Brunswick, New Jersey. Because Mr. Glibowski is not available the previous week, we may need to extend the deposition deadline to January 17 rather than January 14.

You have previously accepted the proposed dates for the depositions of Messrs. Renken, Kimball, and Emory on December 14-16. Please confirm that you still intend to keep those dates (contingent, of course, on your providing dates for Mr. Chen and/or other Rule 30(b)(6) witnesses).

Finally, Please note that this is the last time that Hayward will agree to an extension. Further, if Defendants do not provide dates for the deposition of their Rule 30(b)(6) witnesses and/or Mr. Chen, then Hayward will respond to Defendants' motion to extend the schedule. That is, while Hayward will likely not oppose the request for an extension, Hayward will make clear to the Court that Defendants have delayed and have refused to make their witness available and thus this should be the last extension. Hayward may file such a response in any event.

Regards,

Anne E. Shannon

Cc: All Counsel of Record



**Anne E. Shannon**
Associate
T. 617-449-6576
F. 617-326-3102
ashannon@mccarter.com

McCarter & English, LLP
265 Franklin Street
Boston, MA 02110-3113
www.mccarter.com

June 23, 2022

**VIA EMAIL**

Shaobin Zhu
Morgan Lewis
1400 Page Mill Road
Palo Alto, CA 94304-1124
Shaobin.zhu@morganlewis.com

Re: *Hayward Industries Inc. v. Blueworks Corporation et al*. 3:20-cv-00710-MOC-DSC, United States District Court for the <u>Western District of North Carolina</u>

Dear Counsel,

We write to address deficiencies in the document productions and interrogatory answers from Blueworks Corporation and Blueworks Innovation Corporation (collectively, "Blueworks"), and Ningbo Yishang Import and Export Co., Ltd., and Ningbo C.F. Electronic Tech Co Ltd.'s (collectively, "Ningbo") (all collectively, "Defendants"). As set forth in more detail below, Hayward asks that Defendants address and correct the deficiencies promptly.

**1.    Document Request Nos. 9, 10, 15, 16, 17, 18, and 29
       (To All Defendants)**

In Hayward's Request for Documents Nos. 9, 10, 15, 16, 17, 18, and 29 to both sets of defendants, Hayward requests documents concerning financial information such as sales, costs, valuation, licensing, profits, importations, etc. For example, in Request No. 16, Hayward requests "All Documents concerning sales, licensing, and other revenue-generating transfer of Defendants' Salt Cells, including, but not limited, to first sale, pricing, revenue, profit, quantities sold, percentage of sales to customers in the USA and in North Carolina."

Ningbo has not provided any documents concerning its sales in the USA, let alone sales in North Carolina. Responsive documents include not only reports on sales, costs, and profits but also documents Ningbo reviewed, analyzed, or otherwise used to generate its responses to Interrogatory Nos. 9

and 10 (see Doc. Req. No. 3 and 30). Hayward also seeks any and all documents in the above-referenced requests, such as spreadsheets or other reports related to its sales, profits, and losses on a monthly basis through the present. Such reports or spreadsheets should include, for example, quantities sold, revenue, and all related costs and expenses. Responsive documents also include, for example, balance sheets and other financial statements related to, or that contain financial information on, salt cells (either directly or indirectly).

Furthermore, Ningbo's response to Interrogatory No. 29 is deficient because it does not provide sales, profit, or importation information. Instead, Ningbo's response identified a mere 19 invoices it had produced, most of which are from 2016 and do not provide profit or importation information. We know that more recent invoices exist because, as discussed in Section 4 below, third parties that Hayward subpoenaed produced more current invoices from Ningbo.

Similarly, Blueworks has produced very limited information related to its profits and sales. Hayward requests that Blueworks produce any and all spreadsheets or other reports related to its sales, profits, and losses on a monthly basis through the present. This information includes, but is not limited to, quantities sold, revenue, all related "costs associated with manufacturing, overhead, marketing, and selling Defendants' Salt Cells" (Req. No. 17), balance sheets, and other financial statements. This information should also include also sales and related financial information for U.S. sales made through any and all websites, platforms, and channels, not just sales made through Amazon.com.

In addition, Doc. Req. Nos. 9, 10, 15, and 18 request documents concerning advertising, promoting, and marketing of the salt cells, including, but not limited to, communications and agreements with internet retailers and other channels of trade (Req. No. 9), "the decision to advertise, market, offer for sale, and/or sell Salt Cells that are promoted as being 'compatible with,' 'same as,' or a 'replacement' for Hayward Salt Cells" (Req. No. 10), and "all business plans and other Documents concerning valuation, sales strategy, marketing studies, advertising and market share concerning Defendants' Salt Cells (Req. No. 18)

Defendants must supplement their responses to the document requests and interrogatories and produce documents regarding the requested financial

2

information through the present, as well as the requested advertising, marketing, business plans and sales strategy.

2. **Document Request Nos. 5, 11, 19, and 20**
   **(To All Defendants)**

Defendants also have not produced documents responsive to Hayward's Requests for Documents Nos. 5, 11, 19, and 20, which request documents concerning the business entity structure of each defendant, as well as the relationship between or among each defendant, business plans, social media advertising and promotional efforts, and any analytics tracked concerning salt cells. For example, documents responsive to some of these requests would include any agreements between Ningbo and Blueworks, as well as any agreements with third parties, such as Saltech, or any other US division or after-sale service center of one or more of the defendants. Hayward requests that Defendants produce documents responsive to these requests.

3. **Document Request Nos. 10, 14, 21, 22, 23, and 24**
   **(To All Defendants)**

Defendants have also not produced all of their emails, communications, and other documents that are responsive to Hayward's RFD Nos. 10, 14, 21, 22, 23, and 24. These requests seek documents related to warranties, emails concerning actual or likely confusion, communications with customer, potential customers, pool industry professionals or other people inquiring or complaining regarding Defendants' salt cells or relationship or affiliation with Hayward, any references to Hayward's salt cells or compatibility with Hayward's products or information related to your competitors. Defendants should be in possession of these documents. In fact, based on our review of documents obtained via subpoenas to third parties (as discussed below), there appear to be many more responsive documents than what Defendants have produced to date.

4. **Document Request Nos. 1-2**
   **(To Blueworks)**

Blueworks has not produced documents, agreements, or contracts with Amazon.com related to its Counterclaim Count II or its defenses. Hayward

specifically requests that Blueworks produce documents and its contracts, if any, with Amazon as it relates to facts asserted in Counterclaim II. In addition, Hayward requests documents from Blueworks related to its affirmative defenses. As an example, Blueworks has not produced any documents related to its Tenth – Fifteenth affirmative defenses as it relates to Hayward's copyright claims. Hayward requests that Defendants produce documents responsive to these requests.

5. **Document Request Nos. 1-2, 25-30, 33 and 37**
   **(To Ningbo)**

Ningbo has not produced documents related to Paragraphs 51, 52, 61, 62 of Ningbo's counterclaims; Counterclaim Count III, Count IV, Count V, Count VI-XIV; and PSB Officers, Dong, and Panoramic Consulting to the extent those third parties are mentioned in or relate to the counterclaims. For example, responsive documents would include copies of all NDA's signed by third person(s) or companies in connection with current and prospective customers or internal contact lists. Ningbo has not produced any sample or otherwise signed NDAs with any party. (See Second Doc. Req. Nos. 25-30, 33 and 37; First Doc Req. Nos. 1-2)

Hayward also requests that Defendants produce documents reviewed to answer the Interrogatories. See Interrogatory Nos. 12 – 25 and 27- 30. Hayward requests that Defendants produce documents responsive to these requests.

6. **Document Request No. 31**
   **(To Ningbo)**

Ningbo has not produced documents indicating whether its salt cells are compatible with Hayward's products, including, but not limited to, all Documents concerning tests or analyses performed by Nignbo or on its behalf. Hayward requests that Defendants produce documents responsive to this request.

7. **Second Document Request Nos. 34-36 and
   Interrogatory Nos. 23-25
   (To Ningbo)**

Ningbo has not produced documents that relate to Defendants' allegations in Counterclaims XV and XVI, specifically, documents related to why Defendants allege that "Turbo Cell," "T-Cell-3," "T-Cell-9," and "T-Cell-15" are generic and functional, and are common terms used by suppliers, professionals, and consumers, in the pool care industry, including, but not limited to, all market research, surveys, focus groups, or other research as to suppliers,' industry professionals,' and consumers' perceptions and understanding of those terms in the pool care industry. Moreover, Ningbo must state facts on which they are relying to support its response. Ningbo fails to respond to the specific questions asked and improperly request that Hayward perform the task of reviewing all the discovery to ferret out the facts. Furthermore, Ningbo stated that it "will produce additional documents in response to the Interrogatory." Hayward requests that Defendants produce documents responsive to these requests and supplement and respond to these interrogatories.

8. **Inconsistencies with Third Party Productions
   (To All Defendants)**

We believe that Defendants have not produced all responsive documents because our review of documents obtained via subpoenas to third parties shows numerous emails and other documents indicating communications between those third parties and Ningbo and/or Blueworks. Yet Defendants did not produce these emails and other documents. For example, Calimar produced approximately 870 pages of documents between it and Ningbo relating to sales of salt cells, warranties, inquiries, complaints, and Ningbo's and/or Blueworks' purported (but false) affiliation with Hayward. Our review shows that Ningbo did not produce most of these documents. As a representative example, EFBE000119-21 is an email exchange between Ruby at Ningbo and Calimar's pool representative regarding a customer complaint about the purchase and sale of a salt cell to replace a Hayward T-CELL-15. Ningbo did not produce this document, even though Ningbo was a party to this email. That is just one of many examples. This is our *second* request asking Defendants for additional documents after receiving documents from a subpoena. We thus ask that Defendants search more

thoroughly and produce responsive documents (whether to the document requests listed above or to any of Hayward's document requests).

**9.   Privilege Log
      (To All Defendants)**

Additionally, Hayward requests Defendants provide a detailed privilege log for the information and documents Defendants are withholding as privileged.

**10.  Hayward's First Set of Interrogatories
      (To All Defendants)**

Defendants did not cite to specific documents in their responses to Interrogatory Nos. 9 and 10. Hayward requests total sales and profits of Defendants' salt cells in or into the United States. Defendants must specify which documents, by individual Bates number ranges, contain the specific information responsive to each of Hayward's interrogatories. Furthermore, Defendants must update their responses and provide information through the present.

**11.  Hayward's Second Set of Interrogatories No. 24
      (To Ningbo)**

With regard to Ningbo's responses to Hayward's second interrogatories, Ningbo did not describe in detail the allegations for paragraph 157 of its Counterclaims (Interrogatory No. 24). Ningbo instead relies on embedding documents into the response but does not provide a basis for the allegation. Furthermore, Ningbo improperly requests that Hayward perform the task of reviewing all the discovery to ferret out the facts. These responses do not include an answer to the interrogatory.

**12.  Hayward's Second Set of Interrogatories No. 30
      (To Ningbo)**

Ningbo did not provide a response to Interrogatory No 30. Ningbo must state the facts on which it relates to support its response. Ningbo's blanket response that it will produce a sample of documents to show that NDAs were

entered into with third parties is improper and insufficient. As noted above, Ningbo must respond with facts and specify which documents by individual Bates number ranges, contain the specific information responsive to each of Hayward's interrogatories. Furthermore, Hayward did not find any NDA's or similar documents or agreements in Ningbo's production. See for example, Request No. 26.

**13. Over-Designation of Confidentiality/AEO Provisions in Document Productions
(To All Defendants)**

Defendants improperly designated thousands of its documents it produced as "Attorneys' Eyes Only" and "Confidential." Categories of documents that are over-designated include (1) the email exchanges between Defendants and customers; (2) communications with or documents concerning Servco and/or DeNora; (3) inquiry or solicitation emails; and (4) executed agreement that have no confidentiality provisions. As representative examples, the following documents are improperly designated as "Attorneys Eyes Only": NingboCF_000971-976; NingboCF_000436-37; Blueworks-0000897; Blueworks-0001116; and Blueworks-0001494-96. These documents may not be designated as Attorneys' Eyes Only because they do not contain sensitive information that warrants such a protection and do not appear to have been created under any confidentiality agreements. Defendants must re-designate the documents accordingly.

If Defendants do not produce these documents, update their responses as noted above, produce their privilege log, and amend their designations we will bring this to the attention of the court and seek the appropriate relief.

Regards,

Anne E. Shannon

Cc: All Counsel of Record

| | |
|---|---|
| **From:** | Shannon, Anne |
| **Sent:** | Friday, October 28, 2022 5:05 PM |
| **To:** | 'Sherwin, Scott D.'; ML_Ningbo_Hayward |
| **Cc:** | Donoian, James; Belt, Erik Paul; Ried, Alexander; 'russ.ferguson@wbd-us.com' |
| **Subject:** | Hayward/Blueworks et al - discovery |
| **Attachments:** | HaywardvBlueworks - Haywards Rule 26 Disclosures (updated 10.28.22).pdf |

Scott,

In connection with our June 23rd letter and our conversation last week, Hayward is still waiting for a number of discovery items from Defendants. This includes:

- Supplemental interrogatory responses;
- Financial documents- based on what was produced to date Defendants' production is limited. Blueworks produced only its Amazon sales. Hayward is looking for Blueworks' sales and financial information through the Blueworks website and other third-party websites. Ningbo did not produce invoices, spreadsheets, or the dollar and volume figures we requested.
- Documents showing test/analyses/studies of Defendants' salt cells when used with Hayward's chlorination systems and/or with defendants' own chlorination systems;
- Inconsistencies with third-party productions – documents from third-party subpoenas show emails and documents indicating communications between those third parties and Defendants. Defendants did not produce these.
- Privilege log;
- Ningbo to provide responses to Hayward's Interrogatory nos. 24 and 30; and
- Contracts, agreements, and communications with Amazon

The above list is identified and detailed in our June 23rd letter. Please advise when you can provide supplemental responses and documents as soon as possible, including written confirmation that any of the requested documents do not exist.

As discussed on our call last week concerning the extension related to Shaobin's health condition and depositions, Hayward has provided Defendants with availability for its witnesses. However, since our call, Hayward's availability is rapidly waning. At this time, we can make the following employees available on the following dates conditioned upon Defendants providing a firm date for Richard Chen's deposition.

Mike Glibowski: November 15 or December 12
Ray Denekewicz: December 1 or 2
Jason Davilla, Matt Kimball, Troy Renken and Billy Emory: December 12-16

Please let us know when Richard will be made available and for which 30(b)(6) topics he will be designated for Blueworks and Ningbo; whether Defendants agree to Hayward's counter-proposal for a two week extension; and the Hayward witness depositions you plan to take. Hayward has updated its Rule 26 disclosures and attached them to this email.

Anne



**Anne E. Shannon | Associate**
McCarter & English, LLP
265 Franklin Street | Boston, MA 02110

ashannon@mccarter.com | www.mccarter.com | V-Card
T 617.449.6576   M 781.320.2891

Boston | East Brunswick | Hartford | Indianapolis | Miami | Newark | New York | Philadelphia | Stamford | Washington, DC | Wilmington

| From: | Shannon, Anne <ashannon@mccarter.com> |
|---|---|
| Sent: | Monday, November 21, 2022 9:21 PM |
| To: | Sherwin, Scott D.; 'ML_Ningbo_Hayward' |
| Cc: | 'russ.ferguson@wbd-us.com'; Belt, Erik Paul; Donoian, James; Ried, Alexander |
| Subject: | Hayward/Blueworks et al - Defendants' deficiencies |
| Attachments: | 11.3.22 Letter to Morgan Lewis re_discovery & attachments.PDF |

Scott,

We have reviewed Blueworks' 6th document production. However, Blueworks' and Defendants' document productions are still deficient. Specifically, Defendants still have not provided Hayward with Defendants' supplemental responses to Hayward's interrogatories and have yet to produce documents from several categories of documents as outlined in our June 23 and November 11 letters (enclosed for your reference), including many financial documents from Ningbo or Blueworks Defendants.

As two examples, Ningbo has not provided any documents concerning its sales in the USA. Responsive documents include not only reports concerning sales, costs, and profits but also documents Ningbo reviewed or analyzed or otherwise to generate its response to Interrogatory Nos. 9 and 10. Blueworks has only provided its sales via Blueworks' Amazon store and has not provided financial information concerning sales made to or by third parties in the US through any and all websites, platforms and other channels, whether they are e-commerce or traditional channels of distribution. These discovery deficiencies are detailed in Hayward's June 23 letter on pages 1-2.

Defendants have not produced documents from several other categories of documents, including, but not limited to, documents showing tests, analyses, or other comparisons of Defendants' salt cells with Hayward's products and/or systems. Further, our review of third-party document productions reveals that Defendants have not produced all responsive documents in their possession. In Inyopools' production (provided to you on November 11), there are many documents between Inyopools and Defendants that were not included in Defendants' productions. As a representative example, Inyopools0002432 is responsive to Hayward's Request for Document Nos. 10, 12, 16, and 23 as served on all four defendants. Please advise why Defendants have not produced similar or corresponding documents in their possession.

This is not the first time Hayward has discovered that Defendants are withholding responsive documents with third-parties. The other missing categories of documents are outlined in our previous letters. If we do not receive supplemental responses, documents or written confirmation that responsive documents do not exist by Monday November 28, we plan to file a motion to compel with the court.

Anne



**Anne E. Shannon | Associate**
McCarter & English, LLP
265 Franklin Street | Boston, MA 02110

ashannon@mccarter.com | www.mccarter.com | V-Card
T 617.449.6576    M 781.320.2891

Boston | East Brunswick | Hartford | Indianapolis | Miami | Newark | New York | Philadelphia | Stamford | Washington, DC | Wilmington