| | |
|---|---|
| **HAYWARD INDUSTRIES, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **TEMPORARY RESTRAINING** |
| ) | **ORDER** |
| ) | |
| **NINGBO C.F. ELECTRONIC TECH CO., LTD.** ) | |
| **NINGBO YISHANG IMPORT AND EXPORT** ) | |
| **CO., LTD.** ) | |
| **BLUEWORKS INNOVATION CORPORATION** ) | |
| **BLUEWORKS CORPORATION** ) | |
| ) | |
| Defendants. ) | |
| --------------------------------------------------------------- ) | |
| **HAYWARD INDUSTRIES, INC.,** | |
| ) | |
| Counterclaim-Plaintiffs, ) | |
| ) | |
| Vs. ) | |
| ) | |
| **NINGBO C.F. ELECTRONIC TECH CO., LTD.** ) | |
| **NINGBO YISHANG IMPORT AND EXPORT** ) | |
| **CO., LTD.** ) | |
| **BLUEWORKS INNOVATION CORPORATION** ) | |
| **BLUEWORKS CORPORATION** ) | |
| Counterclaim-Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff Hayward Industries' ("Plaintiff") ex parte motion for temporary restraining order to freeze assets of Defendants Ningbo C.F. Electronic Tech Co., LTD.; Ningbo Yishang Import and Export Co., Ltd.; Blueworks Innovation Corporation; and Blueworks Corporation ("Defendants'"). (Doc. No. 382).

**I. Background**

Plaintiff sued Defendants for trademark and copyright infringement, false advertising

1

under the Lanham Act, and violation of the North Carolina Unfair or Deceptive Trade Practices Act ("UDTPA"). After a week-long trial, the jury found Defendants liable under the Lanham Act, copyright laws, and UDTPA, and awarded Plaintiff damages of $4,900,750.00. (Doc. No. 353). Plaintiff now seeks an <u>ex parte</u> temporary restraining order ("TRO") pending litigation of their motion for an asset restraining order. If the Court grants Plaintiff's request for TRO, Plaintiff will serve their motion for an asset restraining order (Doc. No. 383, already filed <u>ex parte</u>) on Defendants.

Plaintiff contends a TRO is necessary to prevent Defendants from transferring assets—which would otherwise be used to satisfy the judgment in this matter—to entities beyond this Court's jurisdiction.

**II.     Legal Standard**

The Court assesses Plaintiff's application for <u>ex parte</u> TRO under Fed. R. Civ. P. 65(b)(1). According to Rule 65(b)(1),

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Deciding whether a potentially immediate and irreparable injury justifies entry of a TRO, the Court considers the same factors applicable to a request for preliminary injunction. <u>Pettis v. Law Office of Hutchens, Senter, Kellam & Pettit</u>, No. 3:13-CV-147-FDW, 2014 WL 526105, at *1 (W.D.N.C. Feb. 7, 2014) (<u>citing</u> <u>Hoechst Diafoil Co. v. Nan Ya Plastics Corp.</u>, 174 F. 3d 411 (4th Cir. 1999)). To justify an <u>ex parte</u> TRO, the applicant must show that (1) they are likely to succeed on the merits; (2) they will likely suffer irreparable harm absent the TRO; (3) the

2

balance of hardships weighs in their favor; and (4) the TRO is in the public interest. League of Women Voters of N. Carolina v. N. Carolina, 769 F.3d 224, 236 (4th Cir. 2014), cert. denied, 135 S. Ct. 1735, 191 L. Ed. 2d 702 (2015) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

Ex parte TROs are an extraordinary remedy and thus granted sparingly. Scotts Co. v. United Indus. Corp., 315 F .3d 264, 272 (4th Cir. 2002); see Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.).

### III. Discussion

The Court first considers the requirement imposed by Fed. R. Civ. P. 65(b)(1)(B). According to that rule, an ex parte TRO is appropriate where the movant's attorney "certifies in writing . . . the reasons why [notice] should not be required." Here, Plaintiff's counsel fears that "upon service on Defendants of [Plaintiff's] Motion for an Asset Restraining Order, Defendants will immediately transfer [their] assets so they are unreachable by Plaintiff to satisfy the forthcoming judgment in this case following a jury verdict in [Plaintiff's] favor." (Doc. No. 382-1 at 1).

Plaintiff's concern is well-founded. Absent an ex parte TRO—that is, if the Court required the parties to litigate Plaintiff's motion for asset restraining order without first preserving the status quo—Defendants would have an opportunity to move assets beyond this Court's jurisdiction and thus nullify a restraining order's effect even before its entry. All Defendants have connections to the People's Republic of China, and two are Chinese corporations. Upon receiving notice of Plaintiff's motion for asset restraining order, Defendants could easily convey assets to Chinese citizens like Plaintiff's mother and brother, who have stakes in the Ningbo Defendants. Such notice would also afford Defendants an opportunity to

3

hide or destroy business records related to the location of assets held or transferred by Defendants. Requiring Plaintiff to provide notice—that is, refusing to act ex parte—could prevent Plaintiff from collecting on the judgment in this matter.

Satisfied that Plaintiff's request for TRO is proper under Fed. R. Civ. P. 65(b)(1)(B), the Court turns to the four-factor test articulated in Winter. 555 U.S. at 20.

### a. Likelihood of Success on the Merits

Plaintiff has already succeeded on the merits, as evidenced by the jury verdict awarding them damages of $4,900,750.00. (Doc. No. 353). Plaintiff is entitled to recover on that verdict. This factor clearly weighs in favor of granting the TRO.

### b. Likelihood of Irreparable Harm Absent TRO

The harm Plaintiff identifies—inability to collect on the judgment in this matter—would be irreparable. See Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp., 17 F.3d 691, 694 (4th Cir. 1994); Buffalo Wings Factory, Inc. v. Mohd, No. 1:07-CV-612, 2008 WL 4699803, at *4 (E.D. Va. Oct. 23, 2008). The more important question goes to the likelihood that this harm will occur, i.e., that Defendants will attempt to shield assets from execution. Specifically, the question is whether notice of Plaintiff's motion for asset restraining order would lead Defendants to hide or dissipate assets.

All Defendants have strong connections to the People's Republic of China, and two Defendants are Chinese corporations. Numerous district courts have found that "the prospect of collecting money damages from a foreign defendant with few to no assets in the United States tips in favor of a finding of irreparable harm." Bushnell, Inc. v. Brunton Co., 673 F. Supp. 2d 1241, 1263 (D. Kan. 2009); see also Qin v. P'ships & Unincorporated Ass'ns on Schedule "A", No. 6:21-CV-1243ADA, 2022 WL 80274, at *3 (W.D. Tex. Jan. 7, 2022); Donahue v. Wang,

No. 22-CV-583, 2023 WL 4110543 (W.D. Tex. May 19, 2023). True, Blueworks is an American corporation. But Blueworks is also an alter ego of the Ningbo Defendants, which are Chinese corporations. And Blueworks' corporate presence in the United States is apparently limited to two employees and a home office. Even if Defendants do not attempt to shield assets from execution, it is probably already fair to say that Plaintiff faces "the prospect of collecting money damages from a foreign defendant with few to no assets in the United States." Bushnell, 673 F. Supp. 2d at 1263. This prospect would only be increased by giving Defendants the opportunity to move assets overseas by denying Plaintiff's request for ex parte TRO pending litigation of their motion for an asset restraining order. The Court thus finds that denying Plaintiff's ex parte TRO would expose Plaintiffs to a significant likelihood of irreparable harm.

### c. Balance of Hardships

Given the limited (14-day) duration of an ex parte TRO, see Fed. R. Civ. P. 65(b)(2), and the irreparable harm caused by those assets' potential flight beyond this Court's jurisdiction, the Court finds that the balance of hardships favors Plaintiff. Even where an asset freeze is not subject to the fourteen-day limitation of Rule 65(b)(2), Courts (including this one) have often found that the balance of hardships favors the party seeking the freeze. See, e.g., Chicago Title Co., LLC v. Wilson Re Servs., Inc.- Aegon, No. 3:22-CV-566-MOC-DSC, 2022 WL 13979424, at *1 (W.D.N.C. Oct. 21, 2022); BTL Indus., Inc. v. The Unincorporated Ass'ns Identified in Schedule A, No. 123CV00673PTGJFA, 2023 WL 9105461, at *1 (E.D. Va. Dec. 20, 2023); SEC v. SBM Inv. Certificates, Inc., No. 06-0866, 2007 U.S. Dist. LEXIS 12685, 2007 WL 609888 (D. Md. Feb. 23, 2007). In any case, Defendants could avoid the brief business disruption attributable to an asset freeze by simply posting bond to ensure the collectability of Plaintiff's

5

judgment.[1]

   d.  **Public Interest**

"The public has an interest in the enforcement of judgments." State Farm Mut. Auto. Ins. v. Am. Rehab & Physical Therapy, Inc., 376 F. App'x 182, 184 (3d Cir. 2010). The public also has an interest in the enforcement of the UDTPA, Lanham Act, and federal copyright laws. See Taylor v. Volvo North Am. Corp., 451 S.E.2d 618, 629 (N.C. 1994); Studio 1712, Inc. v. Etna Prods. Co., 777 F. Supp. 844, 854 (D. Colo. 1991); Christ Center of Divine Philosophy, Inc. v. Elam, No. CIV-16-65, 2017 WL 564110 (W.D. Okla. Feb. 10, 2017) (quoting Broadcast Music, Inc. v. George Moore Enter., Inc., 184 F. Supp. 3d 166, 171 (W.D. Pa. 2016)). Where freezing a defendant's assets is necessary to secure enforcement, an asset freeze is in the public interest. That is the case here. Thus, the Court finds that the public interest favors granting Plaintiff's request for ex parte TRO.

**IV.   Conclusion**

The Court finds that all four Winter factors favor granting Plaintiff's request for an ex parte order temporarily restraining Defendant from transferring assets. Therefore, the Court will grant Plaintiff's motion. The Court's decision with respect to Plaintiff's ex parte TRO is without prejudice to subsequent litigation of Plaintiff's motion for an asset restraining order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's ex parte motion for temporary restraining order to freeze Defendants' assets (Doc. No. 382) is **GRANTED** and a **TEMPORARY RESTRAINING ORDER** issued.

---

[1] Additionally, Mr. Chen testified under oath that Defendants keep a substantial inventory of supplies required to manufacture their products at a warehouse in China, further limiting the potential business disruption caused by an asset freeze. (Rough Trial Tr., Feb. 27, 2024, 18:19-19:15; 41:14-16)

The Court therefore **ORDERS** that Defendants and their agents, employees, and representatives are **ENJOINED** from facilitating or allowing any withdrawal, transfer, or disposition of assets presently held in any bank accounts owned or controlled by Defendants.

Defendants, their agents, employees, and representatives are **FURTHER ENJOINED** from facilitating or allowing any transfer, disposition, or encumbrance of real estate or vehicles owned by them in the United States, including but not limited to the parcel at 8408 Channel Way, Waxhaw, North Carolina; the 2018 Lexus RX 450H, bearing Vehicle Identification Number JTJDGKCA3J2005175 and North Carolina license FMT-6298; and the 2018 Tesla Model 3, bearing Vehicle Identification Number 5YJ3E1EB4JF122121 and North Carolina license FLT-5294.

Defendants' violation of any term of this Order could result in a finding of contempt.

**IT IS FURTHER ORDERED** that in accordance with Rule 65(b)(2), this Order shall expire at the conclusion of the hearing on the Motion for Temporary Restraining Order, which is converted to a Motion for Asset Restraining Order, and the hearing on the Motion for Asset Restraining Order is CALENDARED for an adversarial hearing on April 23, 2024 at 9:20 a.m. at the United States Courthouse, Courtroom 1, 100 Otis St., Asheville, North Carolina.

This Order is issued on April 11, 2024, at 11:40 a.m.

Signed: April 11, 2024

Max O. Cogburn Jr
United States District Judge