# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff <br><br> v. <br><br> BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD. <br><br> Defendants. | Civil Action No. 3:20-CV-710 -MOC-SCR |

### *Emergency* **Motion for Clarification of this Court's** *Ex Parte* **Temporary Restraining Order [DE 393] Entered April 11, 2024**

On April 11, 2024, this Court granted Plaintiff Hayward Industries, Inc.'s ("Hayward") *Ex Parte* **Motion for Temporary Restraining Order** [DE 382 Ex Parte] (hereinafter the "TRO Order") and set a hearing April 23, 2024. Defendants Blueworks Corporation, Blueworks Innovation Corporation, Ningbo C.F. Electronic Tech Co., Ltd., and Ningbo Yishang Import and Export Co., Ltd., (collectively "Defendants"), request **Clarification** as to the scope of the TRO Order.

**I.     The TRO Order**

*En route* to granting the TRO Order, the Court repeatedly stated that the TRO Order is necessary to prevent Defendants: from "**transferring** assets ... to entities beyond this Court's jurisdiction" [DE 393 at 2] (emphasis added); from "**mov[ing]** assets beyond this Court's jurisdiction" [DE 393 at 3] (emphasis added); to prevent Defendants from "**convey[ing] assets** to Chinese citizens like Plaintiff's [sic] mother and brother, who have stakes in the Ningbo Defendants" [DE 393 at 3] (emphasis added); and to prevent "potential **flight [of assets]** beyond

1

this Court's jurisdiction" [DE 393 at 5] (emphasis added). In the "Conclusion" the Court states that "all four *Winter* factors favor granting Plaintiff's request for an *ex parte* order temporarily restraining Defendant from **transferring assets**." [DE 393 at 6] (emphasis added). The Court also repeatedly refers to the TRO Order as ordering "freeze" of assets, using the term "freeze" at least seven times.

The TRO Order states that Defendants are "ENJOINED from facilitating or allowing any withdrawal, transfer, or disposition of assets presently held in any bank accounts owned or controlled by Defendants." [DE 393 at 7].

In short, the expressly stated purpose of the TRO Order, at least as Defendants understand the Order, is to prevent the extraterritorial **transfer** of assets outside of this Court's jurisdiction, *i.e.*, transfers to China.

## II. Defendants' Ordinary Business in the United States

The Order also correctly notes that Defendant Blueworks Corporation is "an American corporation" and has "two employees and a home office" in the United States. [DE 393 at 4]. As with any business, in the ordinary course, Blueworks must pay its employees, pay utilities, pay taxes, and pay US based vendors including professionals such as accountants.

Defendants seek to fully comply with the Court's TRO Order. Accordingly, Defendants seek clarification as the scope of the TRO Order. Specifically: Defendants understand that transfers of assets outside of the United States and outside of the ordinary course of business are forbidden during the period of the TRO Order. However, Defendants require clarification on the following:

> **Does the TRO Order allow Defendants to pay its employees (including its North Carolina based employees), to pay taxes, to pay utilities, to pay its vendors (including accountants and attorneys), and to pay other expenses in the ordinary course of business from its accounts including merchant accounts?**

2

Case 3:20-cv-00710-MOC-SCR   Document 394   Filed 04/11/24   Page 2 of 4

### III. Conclusion

The Court's expedited consideration of this Motion for Clarification is respectfully requested.

Dated: April 11, 2024                    Respectfully submitted,

                                          */s/ Christina Davidson Trimmer*
                                          Christina Davidson Trimmer
                                          NC Bar No. 44857
                                          Samuel Alexander Long, Jr.
                                          NC Bar No. 46588
                                          SHUMAKER, LOOP & KENDRICK, LLP
                                          101 South Tryon Street
                                          Suite 2200
                                          Charlotte, North Carolina 28280
                                          Tel: (704) 375-0057
                                          Fax: (704) 332-1197
                                          Email: ctrimmer@shumaker.com
                                                   along@shumaker.com

                                          Michelle C. Dunn
                                          Platinum Intellectual Property
                                          3031 Tisch Way, Suite 110 PW
                                          San Jose, CA 95128
                                          Tel: 404-800-5884
                                          Fax: 877-463-0654
                                          Email: michelle.dunn@platinum-ip.com

                                          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2024, the foregoing document was served on all counsel of record using the Court's CM/ECF system, which will send notification of such filing to any CM/ECF participants.

Respectfully submitted,

*/s/ Christina Davidson Trimmer*
Christina Davidson Trimmer
NC Bar No. 44857
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon Street
Suite 2200
Charlotte, North Carolina 28280
Tel: (704) 375-0057
Fax: (704) 332-1197
Email: ctrimmer@shumaker.com