IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HAYWARD INDUSTRIES, INC.,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD.<br><br>　　　　　Defendants. | Civil Action No. 3:20-CV-710 -MOC-SCR |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER FED. R. CIV. P. 50(b)
AS TO HAYWARD'S WAIVED CLAIMS**

Defendants Blueworks Corporation ("Blueworks Corp."), Blueworks Innovation Corporation ("Blueworks Innovation"), Ningbo C.F. Electronic Tech Co., Ltd. ("Ningbo C.F."), and Ningbo Yishang Import and Export Co., Ltd. ("Ningbo Yishang") (collectively, "Defendants") hereby present this Memorandum of Law in Support of their Motion for Judgment as a Matter of Law Under Federal Rule of Civil Procedure 50(b) as to Hayward's Waived Claims [DE 377] (the "Motion"), as consistent with the Operative Complaint [DE 57], Hayward's Trial Brief [DE 323], this Court's instructions to the Jury [DE 370 at 111:25 – 155:4; 158:14 – 159:12], and the Jury's Verdict [DE 353].

1

## I. PROCEDURAL BACKGROUND

Plaintiff Hayward Industries, Inc. ("Hayward") brought a multitude of claims spanning twenty-one counts [DE 57] against four Defendants including claims for registered and unregistered trademark infringement under federal and state law, claims for counterfeiting, claims for importation, claims for passing off, claims for tortious interference, claims for copyright infringement, claims for unjust enrichment, and claims for false advertising under federal and state law. In its Trial Brief filed on the eve of trial, Hayward informed the Court as follows:

> Hayward asserts against Defendants claims under the following legal theories: (1) trademark infringement, (2) unfair competition and false designation of origin; (3) false advertising; (4) copyright infringement; (5) counterfeiting; (6) unfair and deceptive trade practices under North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"); (7) trademark infringement and unfair completion under NC common law; (8) tortious interference with prospective economic advantage; (9) unjust enrichment; (10) contributory infringement and/or vicarious liability.

[DE 323 at 7]. Further, while not enumerated above, Hayward's Trial brief also presents its "passing off claim" [DE 323 at 10]. Indeed, at trial, this Court instructed the Jury on each of these causes of action:

"(1) trademark infringement" [DE 370 at 121:7 – 131:20];

"(2) unfair competition and false designation of origin" [DE 370 at 131:21 – 132:13];

"(3) false advertising" [DE 370 at 132:14 – 134:18];

"(4) copyright infringement" [DE 370 at 144:9 – 150:17];

"(5) counterfeiting" [DE 370 at 140:3-12];

"(6) unfair and deceptive trade practices under [UDTPA]" [DE 370 at 142:2 – 144:8];

"(7) trademark infringement and unfair completion under NC common law" [DE 370 at 140:13-20];

2

"(8) tortious interference with prospective economic advantage" [DE 370 at 140:21 – 141:8];

"(9) unjust enrichment" [DE 370 at 141:9-18];

"(10) contributory infringement and/or vicarious liability" [DE 370 at 120:25 – 121:3] (Court's instruction on Court's *sua sponte* finding of *alter ego in lieu* of contributory infringement);

"passing off" [DE 370 at 131:15-20; 132:9-13; 142:15-20].

Hayward's Lanham Act 15 U.S.C. §1124 "importation" claim [DE 57 at ¶¶238-247] is the only cause of action from Hayward's Complaint that is not the subject of a Jury Instruction [DE 370 at 111:25 – 155:4; 158:14 – 159:12] and not referenced in Hayward's Trial Brief [DE 323]. Rather, Hayward withdrew the claim on the next to last day of trial. [DE 369 at 222:6-7] ("MR. BELT: I think we withdrew the importation claim, anyway.").[1]

After having presented these causes of action to the Court in its Trial Brief [DE 323], and after having asked the Court to instruct the Jury on these causes of action [DE 370 at 111:25 – 155:4; 158:14 – 159:12], Hayward only asked this Court to submit a small subset of these causes of action to the Jury: trademark infringement [DE 353 at ¶¶1, 2, 3, & 4], false advertising [DE 353 at ¶¶6, 7], UDTPA [DE 353 at ¶¶8, 9], and copyright infringement [DE 353 at ¶¶12, 13].

Wholly absent from the jury verdict sheet were Hayward's:

- Federal Trademark Counterfeiting claims (Count XI) [DE 57 at ¶¶207 – 213];

- Lanham Act Unfair Competition and False Designation of Origin claims related to unregistered trademarks (Count XIII) [DE 57 at ¶¶ 221-228];

- Lanham Act Unfair Competition and False Designation of Origin by Passing Off claims

---

[1] Court's have held that the Lanham Act "Section 1124...does not provide a private right of action...." *Nike, Inc. v. B&H Cust. Services, Inc.*, 565 F. Supp. 3d 498, 515 (S.D.N.Y. 2021) (dismissing plaintiff's "importation" claim and holding that 15 U.S.C. §1124 does not provide a private cause of action); *see also Coach, Inc. v. Celco Cust. Services Co.*, No. CV1110787MMMFMOX, 2013 WL 12122691, at *10 (C.D. Cal. Jan. 28, 2013) ("§ 1124 provides a private right of action at all.").

3

(Count XIV) [DE 57 at ¶¶ 229-237];

- Lanham Act Importation claims (Count XV) [DE 57 at ¶¶238 – 247];

- North Carolina Common Law claims (Count XVI) [DE 57 at ¶¶248 – 256];

- Tortious Interference with Prospective Economic Advantage claims (Count XVII) [DE 57 at ¶¶257 – 263];

- Unjust Enrichment claims (Count XVIII) [DE 57 at ¶¶264 – 268];

- Contributory Infringement and Vicarious Liability claims (Count XX) [DE 57 at ¶¶285 – 293]; and

- And any and all claims as to Defendants Blueworks Innovation and Ningbo Yishang (Count I-XXI) [DE 57] who are wholly absent from the Jury Verdict Form.

Notably, the record does not reflect that Hayward objected to the lack of any of the above causes of action on the jury verdict form.

## II. LEGAL STANDARDS

Rule 49(a)(3) of the Federal Rules of Civil Procedure provide the waiver protocols applicable for instances when a party fails to submit an issue to a jury. Specifically, Rule 49(a)(3) provides as follows:

> **(3) *Issues Not Submitted.*** A party waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury unless, before the jury retires, the party demands its submission to the jury. If the party does not demand submission, the court may make a finding on the issue. If the court makes no finding, it is considered to have made a finding consistent with its judgment on the special verdict.

Fed. R. Civ. P. 49 (a)(3); *see also Allied Lomar, Inc. v. Lone Star Distillery, LLC*, No. A-14-CA-1078-SS, 2017 WL 1187949, at *8 (W.D. Tex. Mar. 28, 2017) (citing Rule 49(a)(3) and holding "Allied waived any right to have the unfair competition claim separately submitted to the jury by failing to demand a separate question on unfair competition before the jury retired."), *aff'd sub*

4

Case 3:20-cv-00710-MOC-SCR    Document 429    Filed 04/30/24    Page 4 of 8

*nom. Allied Lomar, Inc. v. Lone Star Distillery, L.L.C.*, 731 Fed. Appx. 367 (5th Cir. 2018) (unpublished).

Similarly, and in parallel with Rule 49(a), where the issues concern a general verdict, Rule 49(b)(1) provides that

> **(1) *In General*.** The court may submit to the jury forms for a general verdict, together with written questions on one or more issues of fact that the jury must decide. The court must give the instructions and explanations necessary to enable the jury to render a general verdict and answer the questions in writing, and must direct the jury to do both.

The Federal Rules also provide protocols for timely objecting to instructions and questions contained in verdict forms. Specifically, Rule 51(c) provides as follows:

> **(1) *How to Make*.** A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection.
>
> **(2) *When to Make*.** An objection is timely if:
>
> (A) a party objects at the opportunity provided under Rule 51(b)(2); or
>
> (B) a party was not informed of an instruction or action on a request before that opportunity to object, and the party objects promptly after learning that the instruction or request will be, or has been, given or refused.

Finally, the Supreme Court has long held that it well-established that rights may be forfeited "by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *U.S. v. Olano,* 507 U.S. 725, 731 (1993) (quoting *Yakus v. United States,* 321 U.S. 414, 444 (1944)) (internal quotation marks omitted).

## III. ANALYSIS

The analysis for the instant Motion is straightforward. While the parties made certain objections as to the jury instructions, the record reflects that Hayward did not make an objection to the jury verdict form whatsoever. Accordingly, pursuant to Rule 51(c), Hayward failed to timely

object to the jury verdict form.

Likewise, the record is clear that Hayward went to trial on numerous claims, *see* Operative Complaint [DE 57 at ¶¶122-301], Trial Brief [DE 323 at 7, 10], Jury Instructions [DE 370 at 111:25 – 155:4; 158:14 – 159:12], and yet, only sought responses from the Jury as to a small subset of these causes of action to the Jury: trademark infringement [DE 353 at ¶¶1, 2, 3, & 4], false advertising [DE 353 at ¶¶6, 7], UDTPA [DE 353 at ¶¶8, 9], and copyright infringement [DE 353 at ¶¶12, 13]. Failing to "demand[] its submission to the jury", Rule 49(a)(3), as to Hayward's claims for, *inter alia*, Federal Trademark Counterfeiting (Count XI) [DE 57 at ¶¶207 – 213]; Lanham Act Unfair Competition and False Designation of Origin claims related to unregistered trademarks (Count XIII) [DE 57 at ¶¶ 221-228]; Lanham Act Unfair Competition and False Designation of Origin by Passing Off (Count XIV) [DE 57 at ¶¶ 229-237]; Lanham Act Importation (Count XV) [DE 57 at ¶¶238 – 247]; North Carolina Common Law (Count XVI) [DE 57 at ¶¶248 – 256]; Tortious Interference with Prospective Economic Advantage (Count XVII) [DE 57 at ¶¶257 – 263]; Unjust Enrichment (Count XVIII) [DE 57 at ¶¶264 – 268]; Contributory Infringement and Vicarious Liability (Count XX) [DE 57 at ¶¶285 – 293]; and all claims as to Defendants Blueworks Innovation and Ningbo Yishang (Count I-XXI) [DE 57], Hayward "waive[d] the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury...." Rule 49(a)(3); *Cf.* Rule 49(b)(1).

Put simply, by failing to object to the jury verdict form, and by failing to demand that most of its claims be included in the jury verdict form, Hayward "fail[ed] to make timely assertion of [its] right before a tribunal having jurisdiction to determine it" and thus waived those rights. *Olano*, 507 U.S. at 731. Accordingly, Judgment in Defendants' favor on Hayward's Waived Claims is appropriate.

## IV. CONCLUSION

For all of the above reasons, Defendants' Motion for a Judgment as a Matter of Law as to Hayward's Waived Claims should be granted.

Dated: April 30, 2024          Respectfully submitted,

*/s/ Christina Davidson Trimmer*
Christina Davidson Trimmer
NC Bar No. 44857
Samuel Alexander Long, Jr.
NC Bar No. 46588
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon Street
Suite 2200
Charlotte, North Carolina 28280
Tel: (704) 375-0057
Fax: (704) 332-1197
Email: ctrimmer@shumaker.com
      along@shumaker.com

Michelle C. Dunn
Platinum Intellectual Property
3031 Tisch Way, Suite 110 PW
San Jose, CA 95128
Tel: 404-800-5884
Fax: 877-463-0654
Email: michelle.dunn@platinum-ip.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2024, the foregoing document was served on all counsel of record using the Court's CM/ECF system, which will send notification of such filing to any CM/ECF participants.

Respectfully submitted,

*/s/ Christina Davidson Trimmer*
Christina Davidson Trimmer
NC Bar No. 44857
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon Street
Suite 2200
Charlotte, North Carolina 28280
Tel: (704) 375-0057
Fax: (704) 332-1197
Email: ctrimmer@shumaker.com