IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HAYWARD INDUSTRIES, INC.,<br><br>Plaintiff<br><br>v.<br><br>BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD.<br><br>Defendants. | Civil Action No. 3:20-CV-710 -MOC-SCR |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 58(d) FOR ENTRY OF JUDGMENT**

Defendants Blueworks Corporation ("Blueworks Corp."), Blueworks Innovation Corporation ("Blueworks Innovation"), Ningbo C.F. Electronic Tech Co., Ltd. ("Ningbo C.F."), and Ningbo Yishang Import and Export Co., Ltd. ("Ningbo Yishang") (collectively, "Defendants") hereby submit this Memorandum of Law in Support of Defendants' Motion Under Rule 58(d) for Entry of Judgment [DE 378], consistent with the Jury's Verdict [DE 353] and in view of this Court's Instructions to the Jury.

**I.  PROCEDURAL BACKGROUND**

In particular, Plaintiff Hayward Industries, Inc. ("Hayward") brought a multitude of claims spanning twenty-one counts [DE 57] against four Defendants including claims for registered and unregistered trademark infringement under federal and state law, claims for counterfeiting, claims for importation, claims for passing off, claims for tortious interference, claims for copyright

1

infringement, claims for unjust enrichment, and claims for false advertising under federal and state law. Following a jury trial, Hayward prevailed on just three of its claims – False Advertising and Unfair and Deceptive Trade Practices as Defendant Blueworks Corporation and Defendant Ningbo C.F, and Direct Copyright Infringement as to Defendant Ningbo C.F. Defendants prevailed as to all remaining counts in the operative complaint [DE 57]as follows:

As to **COUNT I**, Plaintiff Hayward failed to prove that <u>Defendant Blueworks Innovation</u> or <u>Defendant Ningbo Yishang</u> made false or misleading statements in commercial advertising in Violation of 15 U.S.C. §1125(a);

As to **COUNT II**, Plaintiff Hayward failed to prove that <u>Defendant Blueworks Corporation</u>, <u>Defendant Ningbo C.F.</u>, <u>Defendant Blueworks Innovation</u>, or <u>Defendant Ningbo Yishang</u> used HAYWARD® in violation of 15 U.S.C. §1114(1);

As to **COUNT III**, Plaintiff Hayward failed to prove that <u>Defendant Blueworks Corporation</u>, <u>Defendant Ningbo C.F.</u>, <u>Defendant Blueworks Innovation</u>, or <u>Defendant Ningbo Yishang</u> used AQUA RITE® in violation of 15 U.S.C. §1114(1);

As to **COUNT IV**, Plaintiff Hayward failed to prove that <u>Defendant Blueworks Corporation</u>, <u>Defendant Ningbo C.F.</u>, <u>Defendant Blueworks Innovation</u>, or <u>Defendant Ningbo Yishang</u> used GOLDLINE® in violation of 15 U.S.C. §1114(1);

As to **COUNT V**, Plaintiff Hayward failed to prove that <u>Defendant Blueworks Corporation</u>, <u>Defendant Ningbo C.F.</u>, <u>Defendant Blueworks Innovation</u>, or <u>Defendant Ningbo Yishang</u> used SWIMPURE® in violation of 15 U.S.C. §1114(1);

As to **COUNT VI**, Plaintiff Hayward failed to prove that <u>Defendant Blueworks Corporation</u>, <u>Defendant Ningbo C.F.</u>, <u>Defendant Blueworks Innovation</u>, or <u>Defendant Ningbo Yishang</u> used TURBO CELL® in violation of 15 U.S.C. §1114(1);

As to **COUNT VII**, Plaintiff Hayward failed to prove that Defendant Blueworks Corporation, Defendant Ningbo C.F., Defendant Blueworks Innovation, or Defendant Ningbo Yishang used T-CELL-3® in violation of 15 U.S.C. §1114(1);

As to **COUNT VIII**, Plaintiff Hayward failed to prove that Defendant Blueworks Corporation, Defendant Ningbo C.F., Defendant Blueworks Innovation, or Defendant Ningbo Yishang used T-CELL-9® in violation of 15 U.S.C. §1114(1);

As to **COUNT IX**, Plaintiff Hayward failed to prove that Defendant Blueworks Corporation, Defendant Ningbo C.F., Defendant Blueworks Innovation, or Defendant Ningbo Yishang used T-CELL-15® in violation of 15 U.S.C. §1114(1);

As to **COUNT X**, Plaintiff Hayward failed to prove that Defendant Blueworks Corporation, Defendant Ningbo C.F., Defendant Blueworks Innovation, or Defendant Ningbo Yishang used PRO LOGIC® in violation of 15 U.S.C. §1114(1);

As to **COUNT XI**, Plaintiff Hayward failed to prove that Defendant Blueworks Corporation, Defendant Ningbo C.F., Defendant Blueworks Innovation, or Defendant Ningbo Yishang engaged in counterfeiting in violation of 15 U.S.C. §1114 with respect to HAYWARD®, AQUA RITE®, GOLDLINE®, SWIMPURE®, TURBO CELL®, PRO LOGIC®, T-CELL-3®, T-CELL-9®, or T-CELL-15®;

As to **COUNT XII**, Plaintiff Hayward failed to prove that Defendant Blueworks Corporation, Defendant Ningbo C.F., Defendant Blueworks Innovation, or Defendant Ningbo Yishang engaged in false designation of origin in violation of 15 U.S.C. §1125(a) with respect to HAYWARD®, GOLDLINE®, AQUA RITE®, SWIMPURE®, PRO LOGIC®, TURBO CELL®, T-CELL-3®, T-CELL-9®, or T-CELL-15®;

As to **COUNT XIII**, Plaintiff Hayward failed to prove that Defendant Blueworks Corporation, Defendant Ningbo C.F., Defendant Blueworks Innovation, or Defendant Ningbo Yishang engaged in false designation of origin in violation of 15 U.S.C. §1125(a) with respect to T-CELL™, BLUE ESSENCE™ AQUA RITE XL™, or AQUA RITE PRO ™;

As to **COUNT XIV**, Plaintiff Hayward failed to prove that Defendant Blueworks Corporation, Defendant Ningbo C.F., Defendant Blueworks Innovation, or Defendant Ningbo Yishang engaged passing-off in violation of 15 U.S.C. §1125(a) with respect to HAYWARD®, GOLDLINE®, AQUA RITE®, SWIMPURE®, PRO LOGIC®, TURBO CELL®, T-CELL-3®, T-CELL-9®, T-CELL-15®, T-CELL™, BLUE ESSENCE™ AQUA RITE XL™, or AQUA RITE PRO™;

As to **COUNT XV**, Plaintiff Hayward failed to prove that Defendant Blueworks Corporation, Defendant Ningbo C.F., Defendant Blueworks Innovation, or Defendant Ningbo Yishang engaged Importation in violation of 15 U.S.C. 1124;

As to **COUNT XVI**, Plaintiff Hayward failed to prove that Defendant Blueworks Innovation, or Defendant Ningbo Yishang violated North Carolina common law;

As to **COUNT XVII**, Plaintiff Hayward failed to prove that Defendant Blueworks Corporation, Defendant Ningbo C.F., Defendant Blueworks Innovation, or Defendant Ningbo Yishang engaged tortious interference with prospective economic advantage;

As to **COUNT XVIII**, Plaintiff Hayward failed to prove that Defendant Blueworks Corporation, Defendant Ningbo C.F., Defendant Blueworks Innovation, or Defendant Ningbo Yishang were unjustly enriched;

As to **COUNT XIX**, Plaintiff Hayward failed to prove that Defendant Blueworks Innovation or Defendant Ningbo Yishang made false or misleading statements in commercial advertising in Violation of the North Carolina Unfair and Deceptive Trade Practices Act; Plaintiff Hayward failed to prove that Defendant Blueworks Corporation, Defendant Ningbo C.F., Defendant Blueworks Innovation, or Defendant Ningbo Yishang used, passed-off, or engaged in counterfeiting of HAYWARD®, GOLDLINE®, AQUA RITE®, SWIMPURE®, PRO LOGIC®, TURBO CELL®, T-CELL-3®, T-CELL-9®, T-CELL-15®, T-CELL™, BLUE ESSENCE™ AQUA RITE XL™, or AQUA RITE PRO™ in violation of the North Carolina Unfair and Deceptive Trade Practices Act or otherwise tortuously interfered with prospective economic advantage in violation of the North Carolina Unfair and Deceptive Trade Practices Act;

As to **COUNT XX**, Plaintiff Hayward failed to prove that <u>Defendant Ningbo C.F.</u>, or <u>Defendant Ningbo Yishang</u> engaged in Contributory Infringement or were vicariously liable for any tort;

As to **COUNT XXI**, Plaintiff Hayward failed to prove that <u>Defendant Blueworks Corporation</u>, <u>Defendant Blueworks Innovation</u>, or <u>Defendant Ningbo Yishang</u> engaged in direct copyright infringement in violation of 15 U.S.C. §501;

As to their **AFFIRMATIVE DEFENSE** to trademark infringement, <u>Defendant Ningbo C.F.</u>, <u>Defendant Blueworks Corporation</u>, <u>Defendant Blueworks Innovation</u>, and <u>Defendant Ningbo Yishang</u> proved by clear and convincing evidence that their use, if any, of Haywards' asserted registered or unregistered trademarks constitutes "Fair Use".

## II. LEGAL STANDARDS

Rule 58 of the Federal Rules of Civil Procedure allows a party to request that judgment be set forth on a separate document and provides as follows: "(d) Request for Entry. A party may request that judgment be set out in a separate document as required by Rule 58(a)."

Further, Rule 58(a)(1) of the Federal Rules of Civil Procedure requires that "[e]very judgment and amended judgment must be set forth on a separate document" with certain delineated exceptions. For purposes of filing a motion to tax costs, the time for filing such motion begins to run from the date that judgment is entered. A prevailing party for the purposes of taxing costs under Rule 54 of the Federal Rules of Civil procedure is a party in whose favor judgment has been entered. *E.g., Fireman's Fund Ins. Co., v. Tropical Shipping and Constr. Co., Ltd.,* 254 F.3d 987, 1012 (11th Cir. 2001).

## III. ANALYSIS

As discussed above, Defendants prevailed on the overwhelming majority of claims in this action including claims for, *inter alia*, registered and unregistered trademark infringement, passing off, counterfeiting, importation, unjust enrichment, tortious interference, and vicarious liability. These claims spanned state and federal causes of action. As prevailing parties, Defendants are

entitled to recover their costs. However, as the prevailing parties, Defendants cannot seek its costs until a separate document setting forth judgment in its favor has been entered.

Accordingly, pursuant to Rule 58(d), Defendants request that a separate judgment be entered for each of the counts on which Defendants prevailed, as delineated *supra*.

## IV. CONCLUSION

For all of the above reasons, Defendants request entry of judgment pursuant to Rule 58(d).

Dated: April 30, 2024

Respectfully submitted,

*/s/ Christina Davidson Trimmer*
Christina Davidson Trimmer
NC Bar No. 44857
Samuel Alexander Long, Jr.
NC Bar No. 46588
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon Street
Suite 2200
Charlotte, North Carolina 28280
Tel: (704) 375-0057
Fax: (704) 332-1197
Email: ctrimmer@shumaker.com
along@shumaker.com

Michelle C. Dunn
Platinum Intellectual Property
3031 Tisch Way, Suite 110 PW
San Jose, CA 95128
Tel: 404-800-5884
Fax: 877-463-0654
Email: michelle.dunn@platinum-ip.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2024, the foregoing document was served on all counsel of record using the Court's CM/ECF system, which will send notification of such filing to any CM/ECF participants.

Respectfully submitted,

*/s/ Christina Davidson Trimmer*
Christina Davidson Trimmer
NC Bar No. 44857
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon Street
Suite 2200
Charlotte, North Carolina 28280
Tel: (704) 375-0057
Fax: (704) 332-1197
Email: ctrimmer@shumaker.com