IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HAYWARD INDUSTRIES, INC.,<br><br>Plaintiff<br><br>v.<br><br>BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD.<br><br>Defendants. | Civil Action No. 3:20-CV-710 -MOC-SCR |

**DEFENDANTS' OPPOSITION IN RESPONSE TO HAYWARD'S
MOTION TO ENTER ITS PROPOSED JUDGMENT**

Defendants Blueworks Corporation, Blueworks Innovation Corporation, Ningbo C.F. Electronic Tech Co., Ltd, and Ningbo Yishang Import and Export Co., Ltd (collectively "Defendants") respectfully submit this Opposition in Response to Plaintiff Hayward Industries, Inc.'s ("Hayward") Motion to Enter its Proposed Judgment. [DE 432] (Hayward's "Motion"); [DE 432-1] (Hayward's "Proposed Judgment"). Defendants oppose Hayward's Motion on several grounds including that:

(1) Hayward's Motion is violative of Local Rule 7.1(c) as failing to include the required brief;

(2) Hayward's Motion and Proposed Judgment ignores the fact that Hayward lost most of its claims in this litigation, wholly omitting the Jury's verdict of no trademark infringement and fair use, as well as Hayward's calculated waiver of numerous claims after they were presented to the jury;

1

(3) The Motion and the Proposed Judgment prematurely include a calculation of treble damages whereas the Court has ordered briefing on treble damages;

(4) The Motion and the Proposed Judgment prematurely include a calculation of prejudgment interest;

(5) The Motion and Proposed Judgment prematurely include an award of attorneys' fees whereas the Court has ordered briefing on attorneys' fees; and

(6) The Motion and Proposed Judgment seek jackpot justice.

To the extent that the Court is inclined to issue a judgment prior to briefing on all post-trial motions, Defendants submit that the proposed judgment [DE 431-1] supplied by Defendants in response to the Court's request is more straightforward and applies to all causes of action in this case tried to the jury.

## I. RELEVANT PROCEDURAL HISTORY

This case began when Hayward filed its Original Complaint [DE 1] on December 18, 2020 which it served on December 29, 2020 [DE 7]. Hayward filed a First Amended Complaint on October 7, 2021 and this became the Operative Complaint in this litigation. [DE 57] (the "Complaint"). The Complaint included twenty-one counts which collectively include well ***over one hundred discrete causes*** of action.[1]

In its Trial Brief filed on the eve of trial, Hayward informed the Court as follows:

Hayward asserts against Defendants claims under the following legal theories: (1)

---

[1] *E.g.*, Thirteen registered and unregistered trademarks ***multiplied*** by discrete cause of action for Lanham Trademark infringement, Lanham Act Trademark Counterfeiting, Lanham Act False Designation of Origin, Lanham Act Passing Off, Lanham Act Importation, North Carolina UDTPA, North Carolina Common Law, ***plus*** at least eight claims for false advertising under the Lanham Act, North Carolina UDTPA, North Carolina Common Law, ***plus*** claims for unjust enrichment, ***plus*** claims for contributory infringement and vicarious liability, ***plus*** claims for copyright infringement, ***plus*** claims for tortious interference with prospective economic advantage. [DE 57 at ¶¶122-301].

trademark infringement, (2) unfair competition and false designation of origin; (3) false advertising; (4) copyright infringement; (5) counterfeiting; (6) unfair and deceptive trade practices under North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"); (7) trademark infringement and unfair completion under NC common law; (8) tortious interference with prospective economic advantage; (9) unjust enrichment; (10) contributory infringement and/or vicarious liability.

[DE 323 at 7]. Further, while not enumerated above, Hayward's Trial brief also presents its "passing off claim" [DE 323 at 10]. Indeed, at trial, this Court instructed the Jury on each of these causes of action:

"(1) trademark infringement" [DE 370 at 121:7 – 131:20];

"(2) unfair competition and false designation of origin" [DE 370 at 131:21 – 132:13];

"(3) false advertising" [DE 370 at 132:14 – 134:18];

"(4) copyright infringement" [DE 370 at 144:9 – 150:17];

"(5) counterfeiting" [DE 370 at 140:3-12];

"(6) unfair and deceptive trade practices under [UDTPA]" [DE 370 at 142:2 – 144:8];

"(7) trademark infringement and unfair completion under NC common law" [DE 370 at 140:13-20];

"(8) tortious interference with prospective economic advantage" [DE 370 at 140:21 – 141:8];

"(9) unjust enrichment" [DE 370 at 141:9-18];

"(10) contributory infringement and/or vicarious liability" [DE 370 at 120:25 – 121:3] (Court's instruction on Court's *sua sponte* finding of *alter ego in lieu* of contributory infringement);

"passing off" [DE 370 at 131:15-20; 132:9-13; 142:15-20].

Hayward's Lanham Act 15 U.S.C. §1124 "importation" claim [DE 57 at ¶¶238-247] is the only cause of action from Hayward's Complaint that is not the subject of a Jury Instruction [DE 370 at 111:25 – 155:4; 158:14 – 159:12] and not referenced in Hayward's Trial Brief [DE 323].

3

Rather, Hayward withdrew the claim on the next to last day of trial. [DE 369 at 222:6-7] ("MR. BELT: I think we withdrew the importation claim, anyway.").[2]

After having presented these causes of action to the Court in its Trial Brief [DE 323], and after having asked the Court to instruct the Jury on these causes of action [DE 370 at 111:25 – 155:4; 158:14 – 159:12], Hayward only asked this Court to submit a small subset of these causes of action to the Jury: trademark infringement [DE 353 at ¶¶1, 2, 3, & 4], false advertising [DE 353 at ¶¶6, 7], UDTPA [DE 353 at ¶¶8, 9], and copyright infringement [DE 353 at ¶¶12, 13].

Wholly absent from the jury verdict sheet were Hayward's:

- Federal Trademark Counterfeiting claims (Count XI) [DE 57 at ¶¶207 – 213];

- Lanham Act Unfair Competition and False Designation of Origin claims related to unregistered trademarks (Count XIII) [DE 57 at ¶¶ 221-228];

- Lanham Act Unfair Competition and False Designation of Origin by Passing Off claims (Count XIV) [DE 57 at ¶¶ 229-237];

- Lanham Act Importation claims (Count XV) [DE 57 at ¶¶238 – 247];

- North Carolina Common Law claims (Count XVI) [DE 57 at ¶¶248 – 256];

- Tortious Interference with Prospective Economic Advantage claims (Count XVII) [DE 57 at ¶¶257 – 263];

- Unjust Enrichment claims (Count XVIII) [DE 57 at ¶¶264 – 268];

- Contributory Infringement and Vicarious Liability claims (Count XX) [DE 57 at ¶¶285 – 293]; and

- And any and all claims as to Defendants Blueworks Innovation and Ningbo Yishang (Count I-XXI) [DE 57] who are wholly absent from the Jury Verdict Form.

---

[2] Perhaps Hayward withdrew this claim because courts have held that the Lanham Act "Section 1124...does not provide a private right of action...." *Nike, Inc. v. B&H Cust. Services, Inc.*, 565 F. Supp. 3d 498, 515 (S.D.N.Y. 2021) (dismissing plaintiff's "importation" claim and holding that 15 U.S.C. §1124 does not provide a private cause of action); *see also Coach, Inc. v. Celco Cust. Services Co.*, No. CV1110787MMMFMOX, 2013 WL 12122691, at *10 (C.D. Cal. Jan. 28, 2013) ("§ 1124 provides a private right of action at all.").

Notably, the record does not reflect that Hayward objected to the lack of any of the above causes of action on the jury verdict form.

Thus, from the instigation of this litigation through trial, and through jury instructions, Hayward vigorously litigated at least twenty "counts" spanning over a hundred discrete causes of action against Defendants but waived the majority of these claims after jury instructions were given and before the jury verdict sheet was presented to the jury. Now, via its Proposed Judgment's lack of judgment on trademark infringement, Hayward is apparently abandoning the remainder of its trademark claims as well, only seeking judgment on false advertising (under Lanham Act and state UDTPA) and copyright claim.

In parallel with the above, this Court has ordered post-verdict briefing according to a schedule mutually agreed upon by the parties. [DE 405]. Specifically, on April 15, 2024, responding to an earlier Order of the Court, the parties met and conferred and agreed on a proposed order setting dates for post-verdict motions. [DE 402]. As part of this conferral on dates, the parties took into account this Court's request that: "In the interest of judicial economy, the Court will require the parties to meet and confer with the intention of reaching a joint proposed final judgment for the Court's consideration. Please submit to the Court a joint proposed final judgment, based on the jury verdict, no later than April 30." **Exhibit 1**. Subsequently, this Court adopted the parties proposed schedule in full as follows:

It is **THEREFORE ORDERED THAT** the following deadlines apply in this case:

- Hayward's Motion for Attorneys' Fees, (Doc. No. 381):
    - Defendants' opposition is further extended until May 21, 2024;
    - Hayward's reply is due May 28, 2024.

- Defendants' Motion to Strike Hayward's Motion for Attorneys' Fees, (Doc. No. 388):
    - Hayward's opposition is due May 21, 2024;
    - Defendants' reply is due May 28, 2024.

- Defendants' Renewed Motion for Judgment as a Matter of Law, (Doc. No. 375), Defendants' Motion for a New Trial, (Doc. No. 376), Defendants' Motion for Judgment as a Matter of Law, (Doc. No. 377), and Defendants' Motion for Entry of Judgment under Rule 58(d), (Doc. No. 378):
    - Hayward's opposition to all the above-listed filings is due <u>May 28, 2024;</u>
    - Defendants' reply is due <u>June 18, 2024</u>.

**IT IS FURTHER ORDERED THAT** the Parties are to file either a joint proposed judgment, or, if the Parties are unable to agree, separate proposed judgments to the Court by <u>April 30, 2024</u>.

[DE 405 at 1-2].[3]

The parties have kept to this schedule. On April 30, Defendants filed their briefs in support of their post-trial motions: [DE 427] (Memorandum in Support of [DE 375] Motion for Judgment as a Matter of law); [DE 428] (Memorandum in Support of [DE 376] Motion for New Trial); [DE 429] (Memorandum in Support of [DE 377] Motion for Judgment as a Matter of Law as to Waived Claims); and [DE 430] (Memorandum in Support of [DE 378] Motion for Entry of Judgment under Rule 58(d)). Likewise, Defendants lodged a proposed judgment as requested by the Court [DE 432-1] and Hayward did as well. [DE 432-1]. However, Hayward went a step further, filing the Motion which included argument but no supporting brief which prompted this Opposition.

## II. HAYWARD'S MOTION IS VIOLATIVE OF THE LOCAL RULES

### A. Legal Standards

Local Civil Rule 7.1(c) is directed to "Requirement of Briefs" and *requires* in relevant part that "A brief must be filed contemporaneously with the motion, except no brief is required to

---

[3] On March 25, 2024, in a Text Order, this Court had previously granted Defendants' "Opposed Motion for Extension of Time to File Briefs in Support of Post Trial Motions. [DE 362] The deadline for Defendants' briefs in support of their post-trial Motions is extended through 4/30/2024. This extension is consistent with guidance the presiding Judge gave from the bench at the conclusion of the trial on March 1, 2024. *See* "Rough Transcript"" (030124 jury verdict) at 6:18-21 (attached to the Motion as Exhibit 1 [DE 363-1]).

6

support timely motions to seal or for admissions pro hac vice, extensions of time, continuances, or early discovery."

### B. Analysis

Hayward's eight page Motion [DE 432] includes significant argument but no supporting brief. While correctly indicating that the parties met and conferred regarding proposed judgments and that the parties could not reach an agreement as to the wording or substance of the proposed judgment, the Motion fails to indicate that the parties met and conferred a "Motion for Judgment" and, indeed, Hayward never indicated to Defendants that it intended to present a substantive motion along with the proposed judgment requested by the Court. In any event, the lengthy argument contained in the Motion should have been filed in a brief as **required** by Local Civil Rule 7.1(c). Absent the required brief, and absent a court order to the contrary, Hayward's Motion is violative of Local Civil Rule 7.1(c) and should be denied.

## III. HAYWARD'S MOTION IGNORES MOST ISSUES TRIED TO THE JURY

### A. Final Judgment Must Be Issued as to *All* Claims in the Action

Rule 54 (b) of the Federal Rules of Civil Procedure provides in relevant part as follows:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if* the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 54(b) (emphasis added); *see also* Exhibit 1 ("The Court is preparing to enter final judgment in this matter." Presumably the Court is referring to final judgment pursuant to Rule 54(a).

B.  **<u>Analysis</u>**

Hayward's proposed judgment [DE 432-1] expressly only includes a small subset of the multitude of claims it brought in this case. That is, Hayward's Proposed Judgment only includes judgment from "North Carolina's Unfair or Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-16" and "copyright infringement". Even if expanded to tacitly refer to Hayward's Lanham Act False Advertising claims, Hayward's proposed judgment expressly *excludes* the jury's verdict exonerating All Defendants of trademark infringement, finding fair use, and exonerating All Defendants save Ningbo C.F. as to copyright infringement. Likewise, Hayward's Proposed Judgment also excludes judgment as to all of the various claims Hayward waived when it failed to object to those claims not appearing on the jury verdict form. Said another way, Hayward's Proposed Judgment reads very much like a person who returns from Las Vegas bragging about how much he won while conveniently omitting how much he lost.

Here, in order to satisfy the requirements of Rule 54(b), the final judgment must include judgment as to "all" claims in "an action" unless the Court "expressly determines that there is no just reason for delay." However, in its Motion, Hayward does not argue that the claims on which it prevailed require advancement out of turn over the claims Hayward lost. For this reason also, Hayward's Motion should be denied.[4]

---

[4] Defendants' have filed a separate motion [DE 378] and supporting memo [DE 430] which explain in detail why Judgment should be entered in Defendants' favor with respect to claims Hayward lost. Likewise, Defendants' have filed a separate motion [DE 377] and supporting memo [DE 429] which explain in detail why judgment should be entered in Defendants' favor as to the Claims Hayward waived.

## IV. HAYWARD'S MOTION PREMATURELY INCLUDES RELIEF ON WHICH THE COURT HAS ORDERED BRIEFING

In its Motion, Hayward pastes and quotes from a portion of the trial transcript wherein this Court expressly stated that "I'll hear any other motions with regard to it [trebling under the UDTPA]." [DE 432 at 2] (quoting Trial transcript, Vol. 7, 175:12-21). Indeed, as noted above, this Court has further ordered such briefing and set a briefing schedule – a schedule to which *all* parties consented. [DE 405]. According to this Court's Briefing Schedule, Defendants' memoranda in support of motions filed March 29, 2024 [DE 375, 376, 377, and 378] were due April 30, 2024, with Hayward's Oppositions due May 28, 2024, and Defendants' Reply is due June 18, 2024. Likewise, Defendants Opposition to Hayward's Motion for Attorneys' fees [DE 381] is due May 21, 2024 and Hayward's Reply is Due May 28, 2024. *Id*.

The above briefing is directly relevant to the issues raised in Hayward's Motion. *First*, Defendants have brought a Motion for Judgment as a Matter of Law [DE 375, 429] which directly addresses Hayward's claim in its Motion that it is entitled to "automatic trebling under the UDTPA." This motion [DE 375] and supporting memo [DE 429] directly invokes this Court's statements at trial that "I'll hear any other motions with regard to it." As argued in [DE 429], "because damages found under the Lanham Act were combined with any damages found under the UDTPA on the verdict form, it is impossible to ferret out what part of the damages award relates to the jury's finding under the UDTPA...." [DE 427 at 17]. Further, the jury was instructed that:

> THE COURT: On Hayward's unfair and deceptive trade practice claim, if you find that Hayward suffered an injury and defendant's conduct was a proximate cause of that injury, Hayward would be entitled to recover nominal damages, even without proof of actual damages. Nominal damages consist of some trivial amount, such as $1, in recognition of the technical damage caused by the wrongful conduct of the defendant. Hayward may also be entitled to recover actual damages on this issue, and the burden of proof is on Hayward. This means that Hayward must prove by a

9

> preponderance of the evidence the amount of damages sustained, if any, as a result of the injury. Finally, as to this issue on which Hayward has the burden of proof, if you find by a preponderance of evidence the amount of actual damages sustained by Hayward, then it would be your duty to write that amount in the blank space provided on the verdict form. If, on the other hand, you fail to so find, it would be your duty to write a nominal amount, such as $1.

[DE 427 at 18] (quoting [DE 370 at 143:16 – 144:8]). Thus, because Hayward entirely failed to proffer any evidence of its damages under the UDTPA, no amount more than the nominal award of $1 has sufficient evidentiary support and trebling under the UDTPA would amount to an additional $2, not an additional $10mil as proffered by Hayward. Because trebling, whether, zero, $2, or $10mil must still be briefed according to the scheduling order, Hayward's Motion should be denied.

*Second*, Hayward has filed a motion for attorneys' fees and Defendants are preparing an Opposition which is due May 21, 2024. Hayward's Proposed Judgment would obviate the entire process to which Hayward consented when this Court entered the scheduling order. [DE 405]. Because the propriety of attorneys' fees is still being briefed – and Defendants will also be entitled to their own reasonable fees as prevailing parties on majority of claims in this case – Hayward's Motion with respect to final judgment of attorneys' fees is entirely premature.

*Third*, with so many issues of a monetary nature still pending, any determination of prejudgment interest, and at what rate might be applicable,[5] is also premature.

For these reasons also, the Motion should be denied.

---

[5] "The legal rate greatly exaggerates the time value of money during the relevant period...." *Sociedad Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co, Inc.*, 226 F. Supp. 3d 520, 536 (W.D.N.C. 2016), *aff'd sub nom. Sociedad Espanola De Electromedicina Y Calidad, S.A. v. Blue Ridge X-ray Co., Inc.*, 721 Fed. Appx. 989 (Fed. Cir. 2018)(unpublished).

## V. HAYWARD'S MOTION SEEKS INEQUITABLE JACKPOT JUSTICE

As Hayward notes in its Motion, this Court repeatedly and specifically eschewed "Jackpot Justice" yet, that is precisely what Hayward desires. Hayward's goal is to put Defendants out of business. Hayward's proposed judgment, ignoring the multitude of issues on which it lost and accentuating the narrow issues on which it prevailed seeks an inordinate amount of money which more than quadruples the damages figure determined by the jury. Following the jury's verdict of $4,900,000, Hayward seeks to increase the amount by nearly $16 million more totaling20,801,737.44. Surely this is *prima facie* "Jackpot Justice" which should not be tolerated.

## VI. CONCLUSION

For all of the above reasons, Hayward's Motion for Entry of Judgment should be denied.

Dated: May 2, 2024          Respectfully submitted,

/s/ Samuel Alexander Long, Jr.
Samuel Alexander Long, Jr.
NC Bar No. 46588
Christina Davidson Trimmer
NC Bar No. 44857
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon Street
Suite 2200
Charlotte, North Carolina 28280
Tel: (704) 375-0057
Fax: (704) 332-1197
Email: ctrimmer@shumaker.com
along@shumaker.com

Michelle C. Dunn
Platinum Intellectual Property
3031 Tisch Way, Suite 110 PW
San Jose, CA 95128
Tel: 404-800-5884
Fax: 877-463-0654
Email: michelle.dunn@platinum-ip.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2024, the foregoing document was served on all counsel of record using the Court's CM/ECF system, which will send notification of such filing to any CM/ECF participants.

Respectfully submitted,

*/s/ Samuel Alexander Long, Jr.*
Samuel Alexander Long, Jr.
NC Bar No. 46588
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon Street
Suite 2200
Charlotte, North Carolina 28280
Tel: (704) 375-0057
Fax: (704) 332-1197
Email: along@shumaker.com