IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff <br><br> v. <br><br> BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD. <br><br> Defendants. | Civil Action No. 3:20-CV-710-MOC-SCR |

## NOTICE OF INTENT NOT TO REPLY

NOW COMES Plaintiff Hayward Industries, Inc., through undersigned counsel and pursuant to LCvR 7.1(e), and notifies this Honorable Court that it does not intend to reply to Defendants' Response in Opposition to Hayward's Motion for Entry of Judgment, (Doc. No. 434).

The Court previously ordered the Parties to submit proposed judgments on April 30, 2024. Both Parties did so. Hayward filed its proposed judgment along with a "Motion for Entry of Judgment," which it believes to be the correct ECF event. (Doc. No. 432). Defendants filed their proposed judgment as a Notice of Proposed Judgment, (Doc. No. 431).

Because the Court requested proposed judgments, (Doc. No. 434-1)—and given Defendants filed theirs as a Notice—it appears to Hayward that the Court does not desire extensive briefing on the form of the judgment, which is an administrative matter. Therefore, Hayward does not intend to Reply to the substance of the Response filed by Defendants.

1

Indeed, entry of judgment is a ministerial matter—the jury already decided the outcome and the damages. Defendants' argument that Hayward's proposed judgment constitutes "*prima facie* 'Jackpot Justice,'" is specious. The jury awarded compensatory damages that are just a fraction of the lost profits Hayward sought and to which its expert testified. While the jury verdict should be increased by treble damages (which are automatic), prejudgment interest, and Hayward's reasonable attorneys' fees—each of those are statutory. And each serves a unique purpose: treble damages serve as a deterrent for unfair or deceptive conduct or actions that violate the Lanham Act; prejudgment interest compensates Hayward for the time Defendants possessed money to which Hayward was lawfully entitled; and Attorneys' Fees encourage reasonable settlements and discourage poor litigation conduct. This is how our legal system works; it is not "jackpot justice."

Should the Court disagree that a Reply is not necessary and instead find a Reply would be helpful, Hayward will promptly file one.

Respectfully submitted this the 9th day of May, 2024,

        *s/      Russ Ferguson*
Russ Ferguson (N.C. Bar No. 39671)
Chad Ewing (N.C. Bar No. 27811)
**Womble Bond Dickinson (US) LLP**
One Wells Fargo Center
301 South College Street, Suite 3500
Charlotte, NC 28202
Russ.Ferguson@wbd-us.com
Chad.Ewing@wbd-us.com

Erik Paul Belt (*admitted pro hac vice*)
ebelt@mccarter.com
James Donoian (*admitted pro hac vice*)
jdonoian@mccarter.com
Anne E. Shannon (*admitted pro hac vice*)
ashannon@mccarter.com
Alexander L. Ried (*admitted pro hac vice*)
aried@mccarter.com
Zlatko Hadzismajlovic (*admitted pro hac vice*)
zh@mccarter.com
**McCarter & English, LLP**
265 Franklin Street
Boston, MA 02110
T: (617) 449-6500
F: (617) 607 9200

*Attorneys for Plaintiff Hayward Industries, Inc.*