IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff <br><br> v. <br><br> BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD. <br><br> Defendants. | Civil Action No. 3:20-CV-710 -MOC-SCR |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS SECOND MOTION FOR RELIEF FROM THE TEMPORARY RESTRAINING ORDER**

Defendants Blueworks Corporation, Blueworks Innovation Corporation, Ningbo C.F. Electronic Tech Co., Ltd, and Ningbo Yishang Import and Export Co., Ltd (collectively "Defendants") respectfully submit this Reply in Support of their Motion for Relief from the Temporary Restraining Order ("TRO") entered on April 11, 2024. [DE 393]. The Court has extended the TRO three times, an additional fourteen days each extension. [DE 417; May 7, 2024 Text-Only Order; May 21, 2024 Text-Only Order].

The Court instructed the Defendants to seek relief on a case-by-case basis and that it would "endeavor to rule on such requests as soon as practicable." [DE 404 at 2]. What was intended to be a "temporary" restraint on Defendants' assets (and assets of essentially any person who has any past or present association with Defendants) has now extended into an indefinite 43-days-and-counting obstruction to Defendants' ability to make any payments to employees, vendors, or attorneys to continue representing Defendants in post-trial practice. Despite the Court's

1

representation that "[t]here's also got to be the ability of the defendant to run a business," [DE 418 at 21:10-11], and "[t]he Court does not, however, intend to paralyze Defendants' ordinary business," [DE 404 at 2], that is precisely what is occurring at Hayward's behest. It is clear that the current process is extending well beyond its intended effect. To date, none of Defendants' requests for relief, including the following *consented* requests, have been addressed:

- [DE 412], filed April 19, 2024, Defendants' consent motion for relief from the TRO to pay their trial vendor Digital Evidence Group $54,872.21.

- [DE 436] (in part), filed May 14, 2024, consented portion of second motion for relief from the TRO to pay Defendant Blueworks' payroll taxes for March 2024 in the amount of $1,199.

Each time Defendants meet and confer with Hayward regarding the asset freeze order, as this Court has ordered, Hayward extorts the opportunity to use the information for ulterior purposes (see DE 438 at p. 4, discussing Hayward filing a state court action against Blueworks and Ms. Lu mere days after reviewing Ms. Lu's bank statements for the sole purpose of determining whether her bank should be released from the asset freeze) or to improperly demand privileged information about Defendants' case strategy (*see* DE 441-02 at p.5-6, Hayward's counsel requesting that Defendants' attorney invoices be provide without redactions and requesting privileged information about Defendants' other legal representations, when apparently having no intention of consenting to the request). It is no wonder that Defendants have pushed off what expenses they can during this "temporary" freeze; but Hayward spins Defendants' apprehension of the process into yet another web of conspiracy theories with zero grounding in any actual facts. Moreover, Hayward's speculations, which account for the majority of its Response, have nothing to do with the payments

for which Defendants seek relief. For its Reply, Defendants will not address Hayward's irrelevant and baseless conjecture, but rather focus on the Motion at hand.

First, Defendants seek relief to make payments for back payroll expenses for Blueworks employee Ms. Yu, in the amount of $7,500. Hayward only addresses this request in its Response to say that it likely would have consented to that payment if Defendants' explained "what appeared to be a discrepancy in the gross pay and why withheld taxes were higher for the lower payment." Again, Hayward seeks more than is necessary to resolve this issue. The requested amount of $7,500 is the amount of back payroll that is owed to Blueworks' employee Ms. Yu (at least as of the filing of the Motion), and Defendants provided Hayward with a payroll ledger from Blueworks' independent accountant. The additional information Hayward seeks has nothing to do with the items the Court has required of Defendants: (1) identity of the payee (Ms. Yu); (2) the amount to be paid ($7,500), and (3) reason why payment cannot be delayed (Ms. Yu's paycheck should not be indefinitely withheld as the TRO continues to be extended). Hayward does not argue that Blueworks' payroll expense is not in the ordinary course, nor could it. The Court should grant Blueworks' motion for relief from the TRO to allow Ms. Yu to be paid.

Second, while Hayward agrees that the TRO is not intended to keep Defendants from making "ordinary business expenses," it argues rather that "Defendants' legal fees and costs for trial and post-trial services are not ordinary business expenses." This is in direct contravention to the position that Hayward took with respect to Defendants' first Motion for Relief from the TRO. [DE 412]. Indeed, as Hayward acknowledges in its response, it has already *consented* to Defendants' payment of trial vendor fees as ordinary business expenses. *Id*. Hayward's indiscriminate approach to its review of Defendants' requested relief has now further narrowed to include only those expenses "to keep the lights on" as "ordinary business expenses," but with zero

3

support for this narrowed view. To the contrary, Courts routinely *exclude* payment to outside legal counsel from asset freezes such as the instant case. *See, e.g.*, *E.I. du Pont de Nemours and Co., v. Kolon Indus. Inc.*, Civ. No. 3:09-cv-58 (E.D. Va. 2011), filed at DE 416-005 in this matter (converting du Pont's Motion for Asset Freeze into a Motion for Advanced Notification of Transfer, and including the following: "The notification requirement set forth in ¶ 1 shall not apply to: (i) payments to outside legal counsel…"). Here, in support of their Motion, Defendants demonstrated that they have routinely paid their attorneys' fees in a timely manner, and indeed that the amount requested was well within the ordinary course of business for Defendants throughout this litigation. Hayward has no argument and no support for why payment to outside legal counsel is *not* an ordinary business expense. Rather, Hayward simply doesn't want Defendants to be able to pay its lawyers and wants to improperly use the TRO to obstruct Defendants' access to legal counsel.

To be clear, there has been no finding of willful, malicious, criminal, or sanctionable conduct by Defendants in this case. Defendants have always simply sought justice for what they believed to be fair competition. Indeed, after nearly four years of Hayward attacking Defendants' fair use of Hayward's trademarks, Defendants were vindicated in the vast majority of Hayward's claims. Hayward frequently reminds the Court (including in its Response) that "the Court has consistently agreed that there is a significant risk that Defendants will dissipate their assets"—but based on what evidence? After Defendants were largely absolved by the jury verdict, Hayward has now turned its attention to vicious and unfounded attacks against Defendants in an alternative attempt to put Defendants out of business by having to litigate ordinary course payments to its employees and its lawyers to continue in the legal process. The Court should reject Hayward's attempt to make the Court an accomplice in its pursuit.

4

For all of these reasons, Defendants respectfully submit that this relief from the Temporary Restraining Order should be granted and allow Defendants to meet their requested financial and legal obligations as set out herein.

Dated: May 24, 2024　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　*/s/ Christina Davidson Trimmer*
　　　　　　　　　　　　　　　　　Christina Davidson Trimmer
　　　　　　　　　　　　　　　　　NC Bar No. 44857
　　　　　　　　　　　　　　　　　Samuel Alexander Long, Jr.
　　　　　　　　　　　　　　　　　NC Bar No. 46588
　　　　　　　　　　　　　　　　　SHUMAKER, LOOP & KENDRICK, LLP
　　　　　　　　　　　　　　　　　101 South Tryon Street
　　　　　　　　　　　　　　　　　Suite 2200
　　　　　　　　　　　　　　　　　Charlotte, North Carolina 28280
　　　　　　　　　　　　　　　　　Tel: (704) 375-0057
　　　　　　　　　　　　　　　　　Fax: (704) 332-1197
　　　　　　　　　　　　　　　　　Email: ctrimmer@shumaker.com
　　　　　　　　　　　　　　　　　　　　　along@shumaker.com

　　　　　　　　　　　　　　　　　Michelle C. Dunn
　　　　　　　　　　　　　　　　　Platinum Intellectual Property
　　　　　　　　　　　　　　　　　3031 Tisch Way, Suite 110 PW
　　　　　　　　　　　　　　　　　San Jose, CA 95128
　　　　　　　　　　　　　　　　　Tel: 404-800-5884
　　　　　　　　　　　　　　　　　Fax: 877-463-0654
　　　　　　　　　　　　　　　　　Email: michelle.dunn@platinum-ip.com

　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2024, the foregoing document was served on all counsel of record using the Court's CM/ECF system, which will send notification of such filing to any CM/ECF participants.

Respectfully submitted,

*/s/ Christina Davidson Trimmer*
Christina Davidson Trimmer
NC Bar No. 44857
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon Street
Suite 2200
Charlotte, North Carolina 28280
Tel: (704) 375-0057
Fax: (704) 332-1197
Email: ctrimmer@shumaker.com