UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:20-cv-710-MOC-DSC

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD.; NINGBO YISHANG IMPORT AND EXPORT CO., LTD., <br><br> Defendants/Counterclaim Plaintiffs. | **JUDGMENT** |

This case was tried by a jury with the Honorable Max O. Cogburn Jr., presiding, and the jury rendered a verdict. See (Doc. No. 353). Judgment hereby is entered as follows.

**IT IS ORDERED, ADJUDGED, AND DECREED** that:

1. Plaintiff failed to show that Defendants infringed Plaintiff's HAYWARD, AQUARITE, GOLDLINE, SWIMPURE, TURBO CELL, PRO LOGIC, T-CELL-3, T-CELL-9, and T-Cell-15 trademarks in violation of 15 U.S.C. § 1114(1). See (Doc. No. 353 ¶¶ 1–4).

2. Defendants proved that their use of Plaintiff's marks constitutes fair use. See (Doc. No. 353 ¶¶ 5).

3. Plaintiff proved that Defendants made false or misleading statements in commercial advertising that deceived or were likely to deceive consumers in a material way that harmed Plaintiff, in violation of 15 U.S.C. §1125(a). See (Doc. No. 353 ¶¶ 6–7).

4. Plaintiff proved that Defendants violated the North Carolina Unfair and Deceptive Trade Practices Act. See N.C. GEN. STAT. § 75-1.1. See (Doc. No. 353 ¶¶ 8–9).

5. The jury found, and the Court now orders, that Plaintiff is entitled to and should recover from Defendants actual damages (lost profits) in the amount of $4,900,000.00 for Plaintiff's false advertising and North Carolina Unfair and Deceptive Trade Practices Act claims. See (Doc. No. 353 ¶ 10). The jury's award of $4.9 million is automatically trebled to $14.7 million. See N.C. GEN. STAT. § 75-16. Plaintiff is further entitled to pre-judgment interest on its $4.9 million actual damage award, see N.C. GEN. STAT. § 24-5(b); Castles Auto & Truck Servs., Inc. v. Exxon Corp., 16 Fed. App'x 163, 168 (4th Cir. 2001); Calderon v. GEICO Gen. Ins. Co., 809 F.3d 111, 133 (4th Cir. 2015), at the North Carolina statutory rate of 8% per annum. See N.C. GEN. STAT. § 42-1. As of May 01, 2024, Plaintiff is therefore entitled to $1,320,986.30 in pre-judgment interest, for a total award of $16,020,986.30 on Plaintiff's false advertising and North Carolina Unfair and Deceptive Trade Practices Act claims.

6. Plaintiff failed to show that Defendant Blueworks infringed Plaintiff's copyrighted work entitled "AQUA RITE OPERATION AND INSTALLATION MANUAL," but Plaintiff did prove that Defendant Ningbo C.F. infringed that same copyrighted work in violation of 15 U.S.C. § 501. See (Doc. No. 353 ¶¶ 12–13).

7. The jury found, and the Court now orders, that Plaintiff is entitled to and should recover from Defendants statutory damages in the amount of $750.00 for Defendant Ningbo C.F.'s copyright infringement. See (Doc. No. 353 ¶ 15).

**IT IS, THEREFORE, ORDERED** that based on the jury verdict Plaintiff Hayward Industries, Inc., shall recover from Defendants Blueworks Corporation, Blueworks Innovation Corporation, Ningbo C.F. Electronic Tech Co., Ltd., and Ningbo Yishang Import And Export

2

Co., Ltd., the amount of SIXTEEN MILLION TWENTY-ONE THOUSAND SEVEN HUNDRED THIRTY-SIX DOLLARS and THIRTY CENTS ($16,021,736.30). Because the four Defendants are alter egos, Defendants are jointly and severally liable for this amount.

Post-judgment interest shall apply at the appropriate rate from the date of this judgment until fully executed.

This judgment is issued without prejudice to Plaintiff's pending motion for attorneys' fees. (Doc. No. 379).

**IT IS SO ORDERED**.

Signed: May 28, 2024

*[Signature]*

Max O. Cogburn Jr.
United States District Judge