UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-710-MOC-DSC

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD.; NINGBO YISHANG IMPORT AND EXPORT CO., LTD., <br><br> Defendants/Counterclaim Plaintiffs. | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's motion to extend temporary restraining order. (Doc. No. 433). Defendant opposed Plaintiff's motion, (Doc. No. 438), and Plaintiff filed a Reply (Doc. No. 440). On May 7, 2024, this Court granted Plaintiff's motion by extending the temporary restraining order ("TRO") for 14 days, or until May 21. Thus—as Plaintiff acknowledges—Plaintiff's motion to extend the TRO is moot. (Doc. No. 440).

But Plaintiff's motion (Doc. No. 433) further requested that, upon entering judgment in this matter, the Court dissolve the automatic 30-day enforcement stay provided by FED. R. CIV. P. 62(a). Defendant opposes Plaintiff's motion to dissolve the stay. (Doc. No. 438). This matter—whether to dissolve the automatic stay on enforcement of the judgment—remains properly before the Court, (Doc. No. 440), and is now fully briefed and ripe for disposition.

I.  **Background**

This case was tried to a jury, and the jury rendered a verdict. See (Doc. No. 353). Before this Court entered judgment, Plaintiff moved ex parte for a temporary asset restraining order to prevent Defendants from dissipating assets. (Doc. No. 383). The Court granted Plaintiff's motion (Doc. No. 393) but indicated it would entertain requests for relief from the TRO on a case-by-

1

case basis. (Doc. No. 404). After the 14-day hearing, the Court extended the TRO for another 14 days. (Doc. No. 417). On Plaintiff's motion (Doc. No. 433), the Court extended the TRO for another 14 days on May 7, 2024. On Plaintiff's motion (Doc. No. 442), the Court extended the TRO for another 14 days on May 21, 2024.

Plaintiff moves the Court to convert the TRO into a permanent injunction restraining Defendants' assets. Plaintiff further requests that the Court dissolve the automatic stay that takes effect upon the Court's entry of judgment under FED. R. CIV. P. 62(a).

## II. Legal Standard

Federal Rule of Civil Procedure 62 provides "[e]xcept as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." FED. R. CIV. P. 62(a). Defendants admit that a court's decision to "order otherwise" and dissolve the Rule 62 stay is discretionary. (Doc. No. 438 at 6) (quoting Preble-Rish Haiti, S.A. v. Republic of Haiti, No. 21-CV-4960 (PKC), 2021 WL 4555762, at *3 (S.D.N.Y. Oct. 5, 2021)). The 2018 Advisory Committee notes to Rule 62 specify that "[o]ne reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated." FED. R. CIV. P. 62 Advisory Comm. Notes. The notes further provide that "[r]ather than dissolve the stay, the court may choose to supersede it by ordering a stay that lasts longer or requires security." Id.

## III. Discussion

The Court has discretion to dissolve the automatic Rule 62 stay. Exercise of such discretion is appropriate where "there may be a risk that the judgment debtor's assets will be dissipated." Ellenoff Grossman & Schole LPP v. Tempus Applied Solutions Holdings, Inc., No. 4:20-CV-68, 2020 WL 4926144 at *3 (E.D. Va. Aug. 21, 2020); see also Campos v. V&B Inv. Guttenberg LLC, No. 23CV1184 (DLC), 2024 WL 1178256, at *5 (S.D.N.Y. Mar. 19, 2024). Defendants contend that the Court should not dissolve the automatic Rule 62 stay because Plaintiff's justification for dissolution is the same as for entry and extension of the TRO—the threat of dissipation. (Doc. No. 438 at 6). But Defendants' argument misses the mark: other

2

district courts, not to mention the Advisory Committee, have explicitly concluded that the risk of dissipation can justify a court's exercise of discretion to dissolve a Rule 62 stay. Ellenoff Grossman & Schole LPP, No. 4:20-CV-68, 2020 WL 4926144 at *3 (E.D. Va. Aug. 21, 2020); Campos, No. 23CV1184 (DLC), 2024 WL 1178256, at *5 (S.D.N.Y. Mar. 19, 2024); Fed. R. Civ. P. 62 Advisory Comm. Notes. That the Court has already credited the threat of dissipation in granting Plaintiff's motion for TRO strengthens—not weakens—Plaintiff's motion to dissolve the Rule 62 stay.

The Court will therefore grant Plaintiff's motion and dissolve the automatic Rule 62(a) stay due to the significant risk that Defendants' assets will dissipate, i.e., for the same reasons the Court granted Plaintiff's request for TRO. See (Doc. No. 393 at 3). If Defendants truly desire a stay, they can mitigate dissipation risk by providing a bond or other security and move for a stay under Fed. R. Civ. P. 62(b). Defendants' motion for a Rule 62(b) stay must be supported by a bond or other security in an amount that would "permit full satisfaction of the judgment together with costs and interests," or at least $16,021,736.30. Barranco v. 3D Sys. Corp., No. 3:14-CV-188, 2017 WL 3174948, at *1 (W.D.N.C. July 26, 2017) (quoting Van Pelt v. UBS Fin. Servs., No. 3:05-CV-477, 2007 WL 3224747, at *1 (W.D.N.C. Oct. 29, 2007)). S

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to dissolve the automatic 30-day enforcement stay provided by Fed. R. Civ. P. 62(a) is **GRANTED**. Defendants may move for a stay under Rule 62(b), but such request must be supported by proof of a bond or other security in an amount sufficient to satisfy the judgment together with costs and interests.

Signed: May 28, 2024

*[Signature]*

Max O. Cogburn Jr
United States District Judge