IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HAYWARD INDUSTRIES, INC.,<br><br>                Plaintiff<br><br>v.<br><br>BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD.<br><br>                Defendants. | Civil Action No. 3:20-CV-710 -MOC-DSC |

**PLAINTIFF HAYWARD INDUSTRIES, INC.'S OPPOSITION TO NINGBO C.F.'s OBJECTION AND MOTION TO QUASH THE WRIT OF EXECUTION**

The U.S. Marshals properly attempted to levy on Ningbo's property at Mr. Chen's home address because (1) he is an owner and officer of Ningbo C.F.; (2) Ningbo C.F. is Hayward's judgment debtor; and (3) Ningbo C.F.'s personal property is subject to execution *even if* it is in the hands of a non-debtor, like Mr. Chen. Due to Mr. Chen's close connections with Ningbo C.F., it was proper to determine whether he had any property of Ningbo C.F. in his possession so that it could be sold to satisfy Hayward's judgment. Accordingly, for this reason along, the Court should deny Ningbo C.F.'s motion.

Ningbo C.F., however, confuses the concept of "service" with the concept of "levy." The U.S. Marshals in this case were attempting to ***levy*** on the property of Ningbo C.F., and were not ***serving*** Ningbo C.F. at Mr. Chen's residence, as "service" is commonly understood in the context of serving process or papers in a civil case under F.R.C.P. 4 and 5. Rather, "service" in the context of a writ of execution means that property suitable for a levy was found and seized. Here, the U.S.

Marshals were properly attempting to levy Ningbo C.F.'s property under Rule 69 and applicable North Carolina law. The writ was never "served," however, because the U.S. Marshals ultimately found no property to seize. As such, Ningbo C.F.'s motion to quash is misguided.

## FACTS

This Court issued a writ of execution against Ningbo C.F. on May 31, 2024. (Doc. No. 463). On or about June 7, 2024, United States Marshals attempted to execute the writ at 8408 Channel Way, Waxhaw, North Carolina, which is the home of Richard Chen. Richard Chen is a 49% owner of Ningbo C.F. and is also its general manager. (Trial Tr., Vol. 4, 146:12 – 147:11); (Doc. No. 23-12, Richard Chen's LinkedIn profile); (Doc. No. 10-2, Declaration of Tiberius Dinu, Ex. TD-2 at 19 of 94) (identifying Mr. Chen as "Executive Director and General Manager"). This Court twice found that all four of the above-captioned defendants are alter egos of each other. (Doc. No. 31 at 9-12); (Trial Tr., Vol. 7, 14:6-23). As such, it was reasonable for the U.S. Marshals to conclude that Mr. Chen might have Ningbo C.F.'s property at his home.[1] In any event, however, the Marshals were not able to serve the writ (*i.e.*, seize any property) because they "did not locate property on which to levy." (Doc. 486, Writ of Execution, at 2 of 2).

## ARGUMENT

### A.    NINGBO C.F. MISUNDERSTANDS THE EXECUTION PROCESS

Ningbo C.F.'s argument fails because it relies on a misunderstanding of the execution process. Ningbo C.F. apparently assumes that Hayward and the U.S. Marshals were attempting to

---

[1] Mr. Chen's home is also the registered business address of Blueworks Corp. (Doc. No. 383-3, Blueworks Corp. Annual Report). Blueworks, of course, is an alter ego of Ningbo C.F. At the time of the attempted levy (June 7), Blueworks had not yet declared Chapter 11 bankruptcy. Blueworks filed for bankruptcy on June 11.

2

levy on Chen's house.[2]  This assumption is incorrect.  As Ningbo C.F. notes, there are three types of execution under North Carolina law:  (i) an execution against the property of the judgment debtor, (ii) an execution against the judgment debtor's person, and (iii) an execution for the delivery of possession of real or personal property.  N.C. GEN. STAT. § 1-303; (Doc. No. 471-1, Ningbo C.F.'s Memorandum at 2).  An execution against the property of the judgment debtor requires the officer to whom the writ is directed to satisfy the judgment out of the personal property of the judgment debtor, or if sufficient personal property cannot be found, out of real property.  N.C. GEN. STAT. § 1-313(a).  *Importantly, a judgment debtor's property is subject to levy and execution even if it is in the hands of another*.  N.C. GEN. STAT. § 1-362.

Due to Chen's close ties to Ningbo C.F., there is nothing improper about attempting to levy upon any personal property of Ningbo C.F. in Mr. Chen's hands.  To the extent the Marshals actually attempted to levy upon Chen's house, they would have been required to follow the procedures set forth in N.C. GEN. STAT. §§ 1-309, 1-339.1, *et seq*.  That Ningbo C.F. does not even allege that the U.S. marshals have done so demonstrates that no one ever attempted to levy upon Chen's house in the first place.[3]

---

[2] The term "levy," as used in the execution process means "[t]he legally sanctioned seizure and sale of property." *See* Levy, Black's Law Dictionary (11th ed. 2019).

[3] To the extent that "service," as that term is used in relation to Rules 4 and 5, is relevant at all (it is not), then the Marshals properly served Ningbo C.F. by delivering the writ of execution to Mr. Chen.  Mr. Chen, after all, is a 49% owner of Ningbo and is also its general manager and technical director.  Further, Ningbo C.F. has bragged that it has a branch office and warranty center in North Carolina, namely Blueworks.  (PTX077; PTX082.)  And, as seen above, Blueworks' registered address is Mr. Chen's house.  Accordingly, because Mr. Chen is an owner and officer of Ningbo, or is at least its agent, and was present at what is effectively Ningbo's branch office, the Marshals could serve Ningbo C.F. via Mr. Chen.  *See* F.R.C.P. 4(e) and (h); N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(a); *Colorado Bankers Life Ins. Co. v. AT Denmark Invs., ApS*, 526 F. Supp. 3d 118, 125 (E.D.N.C. 2021) (Danish company was properly served by delivering summons and complaint to officer of Danish company residing in North Carolina).

3

### B. THE WRIT WAS NOT AN IMPROPER "TRESPASS"

Contrary to Ningbo's argument, there was no "trespass" that would support quashing the writ. Ningbo's reliance on *Mica Industries, Inc. v. Penland*, 249 N.C. 602, 60, 107 S.E.2d 120, 123 (N.C. 1959) is misplaced. That case does not apply here because the U.S. Marshals did not levy on a non-debtor's personal property and thus did not "trespass" within the meaning of that case. In *Mica Indus.*, a judgment creditor told a sheriff serving a writ of execution that certain personal property belonged to the judgment debtor when, in fact, the personal property belonged to a non-debtor. 249 N.C. at 602-03, 107 S.E.2d at 122. Relying upon the false statement of the judgment creditor, the sheriff levied on the non-debtor's personal property. 249 N.C. at 604; 107 S.E.2d at 123. The *Mica Indus.* writ was quashed because the levy in that case was not lawful: the seized property did not belong to the judgment debtor. 249 N.C. at 604-05; 107 S.E.2d at 122-23. Accordingly, because, in the case of Ningbo C.F., the marshals did not make a levy on a non-debtor's property, *Mica Industries* does not suggest that this Court's writ should be quashed here. More specifically, the marshals tried to levy Ningbo C.F.'s property that was likely in the hands of a non-debtor, Mr. Chen.

Further, Ningbo C.F.'s reliance upon *Mica Indus.* is also misplaced because Ningbo C.F. appears not to understand the meaning of the term "trespass" as used in that case. To support its holding, the *Mica Indus.* court cited the general rule that "[a] levy made on property of a person *other* than the judgment debtor constitutes a trespass." 249 N.C. at 604; 107 S.E.2d at 123 (emphasis added). Ningbo C.F. improperly latches on to the use of the term "trespass" to suggest that a similar trespass was committed in this case when the U.S. Marshals appeared at Mr. Chen's door. (Doc. No. 471-1, Ningbo C.F.'s Memorandum at 2-3). This argument is misplaced because the trespass to which the *Mica Indus.* court referred was a trespass to chattels, not a trespass on

4

real property. *See BIOMILQ v. Guiliano*, No. 22-CVS-255, 2023 NCBC 13, 2023 WL 1879466 *11 (N.C. Super. Ct. Feb. 10, 2023) ("The tort of trespass to chattels is a trespass to personal property based on an injury to possession").

Thus, as discussed *supra*, the trespass that caused the *Mica Indus.* writ to be quashed was the trespass that occurred when the sheriff wrongfully seized the personal property of a non-debtor. Contrary to Ningbo C.F.'s argument, the term "trespass," as used in *Mica Indus.* could not have referred to a trespass on real property because (i) *Mica Indus.* arose from an action to recover personal property, not a claim for trespass on real property, 248 N.C. at 602, 107 S.E.2d at 122, and (ii) the ownership of the real property upon which the seized personal property was located is not mentioned in the case.[4] By confusing the concepts of "trespass to chattels" and "trespass to real property," Ningbo C.F. simply misunderstands *Mica Indus*.

In any event, as noted above, the U.S. Marshals were attempting to make a levy on *Ningbo's* personal property to the extent it was located at Mr. Chen's house (also his registered business address), a reasonable assumption under the circumstances. Having found no such property, the U.S. Marshals were unable to execute the writ, which, therefore, does not need to be quashed. *See* (Doc. No. 486).

## **CONCLUSION**

Ningbo C.F.'s arguments rely upon misunderstandings of *Mica Indus.* and executions in general. The Court should deny Ningbo C.F.'s Objection and Motion to Quash.

---

[4] In fairness, Ningbo C.F. may have relied upon headnotes and keycites that refer to "trespass against real property." These headnotes and keycites, however, are not part of the actual court opinion, but were added later by lawyers working for the West Publishing Company. In this instance (and in others), they are not accurate.

5

Respectfully submitted this the 24th day of June, 2024,


    *s/ Russ Ferguson*
Russ Ferguson (N.C. Bar No. 39671)
Chad Ewing (N.C. Bar No. 27811)
**Womble Bond Dickinson (US) LLP**
One Wells Fargo Center
301 South College Street, Suite 3500
Charlotte, NC 28202
Russ.Ferguson@wbd-us.com
Chad.Ewing@wbd-us.com

Erik Paul Belt (admitted *pro hac vice*)
ebelt@mccarter.com
James Donoian (admitted *pro hac vice*)
jdonoian@mccarter.com
Anne E. Shannon (admitted *pro hac vice*)
ashannon@mccarter.com
Alexander L. Ried (admitted *pro hac vice*)
aried@mccarter.com
Zlatko Hadzismajlovic (admitted *pro hac vice*)
zh@mccarter.com
**McCarter & English, LL**P
265 Franklin Street
Boston, MA 02110
T: (617) 449-6500
F: (617) 607 9200

*Attorneys for Plaintiff Hayward Industries, Inc.*