UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00710-MOC-SCR

| | |
|---|---|
| **HAYWARD INDUSTRIES, INC.**, )<br> )<br>Plaintiff, )<br> )<br>Vs. )<br> )<br>NINGBO C.F. ELECTRONIC TECH CO., LTD. )<br>NINGBO YISHANG IMPORT AND EXPORT CO., )<br>LTD. )<br>BLUEWORKS INNOVATION CORPORATION )<br>BLUEWORKS CORPORATION )<br> )<br>Defendants. )<br>----------------------------------------------------------------- )<br>**HAYWARD INDUSTRIES, INC.**, )<br> )<br>Counterclaim-Plaintiffs, )<br> )<br>Vs. )<br> )<br>NINGBO C.F. ELECTRONIC TECH CO., LTD. )<br>NINGBO YISHANG IMPORT AND EXPORT CO., )<br>LTD. )<br>BLUEWORKS INNOVATION CORPORATION )<br>BLUEWORKS CORPORATION )<br> )<br>Counterclaim-Defendant. ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Objection to U.S. Magistrate Judge Rodriguez's Text-Only Order entered on March 25, 2024, granting Defendants' motion for extension of time (Doc. No. 362). (Doc. No. 371). Defendants responded in opposition to Plaintiff's Objection. (Doc. No. 391). Plaintiff's objection is overruled.

**I.      BACKGROUND**

The parties tried this matter to a jury in late February 2024. Following delivery of the

1

jury's verdict, the Court set the post-trial briefing schedule. Relevant here, the Court set the deadline for post-trial motions for 28 days after trial but indicated that the Court would entertain requests for extension to file briefs in support of those motions. On March 22, 2024, Defendants moved for extension of time to file briefs in support of their post-trial motions. (Doc. No. 362). Based on "guidance the presiding Judge gave from the bench at the conclusion of the trial," the magistrate judge granted Plaintiff's motion by a text-only order on March 25. Plaintiff objected to the magistrate judge's order later that same day. (Doc. No. 371).

## II. APPLICABLE STANDARD

When reviewing an objection to a magistrate judge's order on a non-dispositive matter like this one, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. FED. R. CRIM. P. 59(a); FED. R. CIV. P. 72(a). To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002). A magistrate judge's finding will be deemed clearly erroneous when a district court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Williams v. Martorello, 59 F.4th 68, 86 (4th Cir. 2023).

## III. DISCUSSION

Generally speaking, a district court can extend deadlines for good cause if the request is made before the original time expires. FED. R. CIV. P. 6(b). "Good cause" is not a rigorous standard and is broadly construed. Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010); Venegas–Hernandez v. Sonolux Records, 370 F.3d 183, 187 (1st Cir. 2004); Thomas v. Brennan, 961 F.2d 612, 619 (7th Cir. 1992); Lolatchy v. Arthur Murray, Inc., 816 F.2d 951,

954 (4th Cir. 1987). Absent bad faith or prejudice to the adverse party, requests for extension are normally granted. 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

Rule 6(b)'s "good cause" standard is satisfied here. Defendants requested an extension of time before the deadline expired. Plaintiff argues it will be prejudiced by the extension, claiming it is a delay tactic that Defendants may use to hide assets. Plaintiff's concern is well-taken. But at this stage, Plaintiff's claim that they will be prejudiced by Defendants' requested extension is mere speculation.

Nonetheless, Plaintiff contends that the magistrate judge's order is contrary to law. Specifically, Plaintiff contends that Rule 50(b) and Rule 59(a) motions cannot be extended beyond the 28-day deadline provided by the Federal Rules of Civil Procedure. True, Rule 6(b)(2) prohibits district courts from extending deadlines for Rule 50(b) and Rule 59(a) motions. But Plaintiff misunderstands the procedural posture of this case. Both Rules require that the motion be made no later than "28 days after the entry of judgment." FED. R. CIV. P. 50(b), 59(a). But when the motion was filed, the Court had not yet entered judgment in this case. Therefore, the order granting Defendants' request for extension did not impermissibly extend the deadline in violation of Rule 6(b)(2), because the non-extendable deadline is not triggered until the Court enters judgment.

Because magistrate judge Rodriguez's order was not clearly erroneous or contrary to law, Plaintiff's Objection to the Magistrate Judge's Order, Doc. No. 371, is **OVERRULED**.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Objection, Doc. No. 371, to Magistrate Judge's Order entered on March 25, 2024, is **OVERRULED**.

Signed: July 8, 2024

Max O. Cogburn Jr
United States District Judge