UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00710-MOC-SCR

| | | |
|---|---|---|
| **HAYWARD INDUSTRIES, INC.**, | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| **NINGBO C.F. ELECTRONIC TECH CO., LTD.**<br>**NINGBO YISHANG IMPORT AND EXPORT CO., LTD.**<br>**BLUEWORKS INNOVATION CORPORATION**<br>**BLUEWORKS CORPORATION**, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant Ningbo C.F. Electronic Tech Co.'s ("Ningbo") objection and motion to quash the writ of execution. (Doc. No. 471). Plaintiff responded in opposition, and Defendant replied. (Doc. Nos. 488, 491).

This Court entered judgment against Defendants, including Ningbo, on May 28, 2024. (Doc. No. 448). On May 31, the Clerk of Court issued a writ of execution against Ningbo, listing Defendant's address as 8408 Channel Way, Waxhaw, North Carolina 28173. (Doc. No. 463). That address is the personal residence of Mr. Zefeng "Richard" Chen, Ningbo's "technology director." (Doc. No. 471-1 at 1). Mr. Chen is also a 49% owner of Ningbo. (Trial Tr., Vol. 4, 146:12 – 147:11). Ningbo is not registered to operate a business in North Carolina and does not have a registered agent at Mr. Chen's address. (Id.). The Waxhaw address is, however, the registered business address of Defendant Blueworks Corp. (Doc. No. 383-3), which the Court found to be an alter ego of Ningbo. (Trial Tr., Vol. 7, 14:6-23).

Rule 69 of the Federal Rules of Civil Procedure governs writs of execution. That rule

1

provides that the writ and supplementary proceedings must accord with the procedure of the state where the court is located—here, North Carolina. See Fed. R. Civ. P. 69. In North Carolina, a writ of execution can be enforced against the property of the judgment debtor. N.C. Gen. Stat. § 1-303. A judgment debtor's property is subject to levy and execution even if it is in the possession of another. N.C. Gen. Stat. § 1-362.

Ningbo contends that the writ of execution should be quashed because it constitutes a "levy made on property of a person other than the judgment debtor," and therefore an improper trespass. Mica Indus., Inc. v. Penland, 107 S.E.2d 120, 123 (N.C. 1959). Defendant appears to suggest that the Marshals' appearance at the Waxhaw address constituted a trespass because the Waxhaw parcel is "property of a person other than the judgment debtor." Id. That argument is unavailing.

First, the Marshals were not attempting to levy the Waxhaw parcel itself (i.e., real property), but instead any personal property belonging to judgment debtor Ningbo in the possession of Mr. Chen or Blueworks at the Waxhaw address. See N.C. Gen. Stat. § 1-362. Such efforts were eminently appropriate given Blueworks and Ningbo's alter ego status, and Mr. Chen's substantial ownership share in Ningbo.

Second, the Marshals "did not locate property on which to levy" at the Waxhaw address, (Doc. No. 486 at 2), rendering Mica Industries inapposite. Mica Industries concerned a sheriff's wrongful seizure of a non-debtor's personal property, which constituted a trespass to chattels. 107 S.E.2d at 122. Here, no personal property was seized, and therefore no trespass occurred. To the extent that Defendant suggests that the Marshal's appearance at the Waxhaw address constituted a trespass to real property, they confuse the concepts of trespass to real property (not at issue in Mica Industries) and trespass to chattels (with which Mica Industries was concerned but which is plainly inapposite to the facts of this case).

For the foregoing reasons, Defendant's motion to quash the writ of execution will be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant Ningbo's objection and motion to quash the writ of execution, (Doc. No. 471), is **DENIED**.

Signed: August 5, 2024

Max O. Cogburn Jr
United States District Judge

3