UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-710-MOC-DSC

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff, <br> v. <br><br> BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD. <br><br> Defendants. | **ORDER** |

**THIS MATTER** comes before the Court on Defendants' motion for attorneys' fees and non-taxable costs. (Doc. Nos. 472, 473). Plaintiff filed a response in opposition, (Doc. No. 489), and Defendant filed a reply, (Doc. No. 504). This matter is fully briefed and ripe for disposition.

**I.     Background**

Plaintiff and Defendants are competing manufacturers and distributors of swimming pool chlorine generators, specifically salt cell systems. Salt cell systems convert dissolved salt into chlorine to sanitize swimming pools, thus obviating the need for chlorine liquid or tablets. Two components comprise a salt cell system: a control panel and a salt cell. The control panel regulates the amount of chlorine generated by the salt cell, while the cell itself (a series of ruthenium oxide-coated steel plates) converts salt into chlorine which is then discharged into the pool. Salt cells, as opposed to generators, have a limited use life, and must be periodically replaced as the ruthenium oxide coating on their steel plates (also known as "blades") degrades.

1

Plaintiff Hayward contends that its salt cell systems are compatible only with Hayward-manufactured salt cells. Defendants disagree: they manufacture and sell replacement salt cells, which they market as compatible with Plaintiff Hayward's chlorination systems. Hayward markets its salt cells under various trademarks, including TURBO CELL® and T-CELL-15®, among others. Defendants' advertisements refer to Plaintiff's trademarks to indicate that Defendants' replacement salt cells are compatible with particular models of Plaintiff's chlorination systems. What's more, Defendants assert that their salt cells—like Hayward's—are "Made in USA," among other claims.

Apparently after sending several cease-and-desist letters, to no avail, Hayward sued Defendants in this court in December 2020. Plaintiff Hayward brought Lanham Act claims for trademark infringement, false advertising, counterfeiting, passing off, false designation of origin, unfair competition, and importation (15 U.S.C. § 1051 et seq.); state law statutory and common law claims, particularly under the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA") (N.C. GEN. STAT. § 75-16); and a federal Copyright Act claim (17 U.S.C. § 505). (Doc. No. 57). Defendants raised counterclaims, seeking to invalidate Plaintiff's trademarks as generic or having acquired secondary meaning. Plaintiff and Defendants moved for summary judgment, and this Court denied the motions. (Doc. Nos. 119, 142, 180, 189, 263).

The parties tried this case to a jury in February 2024. (Doc. Nos. 364–370). The jury found Plaintiff had failed to prove that Defendants infringed upon their trademarks, (Doc. No. 353 ¶¶ 1–4); and that Defendants had established that their use of Hayward's marks constituted "fair use," (Id. ¶ 5); but concluded that Defendants' advertising did incorporate false or misleading statements that were likely to deceive consumers in a way that caused material harm to Plaintiff and therefore violated UDTPA, (Id. ¶¶ 6–9). The jury further found that Hayward was entitled to

$4,900,000.00 in lost profits caused by Defendants' UDTPA violations, (Id. ¶ 10), an award automatically trebled to $14,700,000 under North Carolina law. (Doc. No. 448 ¶ 5) (citing N.C. GEN. STAT. § 75-16). Finally, the jury concluded that Defendant Ningbo C.F. infringed Hayward's copyrighted "AQUA RITE OPERATION AND INSTALLATION MANUAL," and consequently awarded Hayward the statutory minimum damages of $750.00. (Doc. No. 353 ¶¶ 12–15).

Based on the jury verdict, this Court entered judgment on May 28, 2024. (Doc. No. 448). After including mandatory pre-judgment interest at the North Carolina statutory rate, the Plaintiff's award totaled to $16,021,736.30.

## II. Legal Standard

Defendants seek an award of attorneys' fees and non-taxable costs under the Lanham Act (15 U.S.C. § 1117 (a)), the Copyright Act (17 U.S.C. § 505), and Federal Rues of Civil Procedure 54(d)(2) and 68(d). (Doc. No. 472 at 1). Each statute sets forth necessary—but not sufficient—criteria justifying such an award. The statutory criteria are not sufficient because, even where they are satisfied, each statute leaves the ultimate decision of whether to award fees and costs to the Court's discretion. See 17 U.S.C. § 505 ("the court may also award a reasonable attorney's fee to the prevailing party") (emphasis added); Irwin Indus. Tool Co. v. Worthington Cylinders Wisconsin, LLC, 747 F. Supp. 2d 568, 589 (W.D.N.C. 2010); USA Trouser, S.A. de C.V. v. Int'l Legwear Grp., Inc., No. 1:11-CV-00244-MRDLH, 2014 WL 1230507, at *10 (W.D.N.C. Mar. 25, 2014); Verisign, Inc. v. XYZ.COM LLC, 891 F.3d 481, 484 (4th Cir. 2018). Thus, even where the statutory criteria authorize a fee award, the court may in its discretion decline to order such award.

The Lanham Act authorizes fee awards only in "exceptional" cases to the "prevailing party." Verisign, Inc., 891 F.3d at 483. While "[t]here is no 'precise rule or formula for' determining whether a case is 'exceptional,'" Citi Trends, Inc. v. Coach, Inc., 780 F. App'x 74, 80 (4th Cir. 2019), the Fourth Circuit has suggested that a case is exceptional where "(1) there is an unusual discrepancy in the merits of the positions taken by the parties, . . . ; (2) the non-prevailing party has litigated the case in an unreasonable manner; or (3) there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence." Georgia-Pac. Consumer Prod. LP v. von Drehle Corp., 781 F.3d 710, 721 (4th Cir. 2015), as amended.

The Copyright Act also authorizes "reasonable attorney's fee[s] to the prevailing party." 17 U.S.C. § 505. Courts in the Fourth Circuit assess four factors to determine whether attorney's fees should be awarded on a Copyright Act claim: "(1) 'the motivation of the parties,' (2) 'the objective reasonableness of the legal and factual positions advanced,' (3) 'the need in particular circumstances to advance considerations of compensation or deterrence,' and (4) 'any other relevant factor presented.'" Diamond Star Bldg. Corp. v. Sussex Co. Builders, Inc., 30 F.3d 503, 505 (4th Cir. 1994) (citation omitted).

Rule 54(d) of the Federal Rules of Civil Procedure governs proceedings concerning "Costs" and "Attorney's fees." FED. R. CIV. P. 54(d)(1) specifically states that "costs—other than attorney's fees—should be allowed to the prevailing party."

Rule 68(d) of the Federal Rules of Civil Procedure states that if the damages award is less than the original settlement offer, then "the offeree must pay the costs incurred after the offer was made." Costs include specific items such as the costs of transcripts and court reporter travel costs. See Bill of Costs Handbook, Office of the Clerk, U.S. District Court for the Western

District of North Carolina (Feb. 10, 2023), at 7-12. Costs under FED. R. CIV. P. 68 typically do not include attorneys' fees unless the underlying statute provides for the recovery of attorneys' fees. The party seeking costs under FED. R. CIV. P. 68(d) may only recover the expenses incurred after the offer of judgment was made, and the costs must be apportioned to the relevant claim.

If the statutory criteria are satisfied, and the Court finds in its discretion that a fee award is appropriate, the Court must next ensure that any fee award is reasonable. Courts in the Fourth Circuit use the lodestar method to assess fee awards. See e.g., Irwin Indus., 747 F. Supp. 2d at 590-91; USA Trouser, S.A. de C.V., No. 1:11-CV00244-MR-DLH, 2014 WL 1230507, at *10; Clark Material Handling Co., No. 3:12CV-00510-MOC, 2015 WL 3514339, at *7; Design Res., Inc., No. 1:10CV157, 2016 WL 5477611, at *7; Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010). Under the lodestar method, the Court determines a reasonable number of hours dedicated to the matter, then multiplies by a reasonable hourly fee. Irwin Indus., 747 F. Supp. 2d at 591. Twelve facts guide courts' assessment of whether the hours expended and rates charged were reasonable. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243–44 (4th Cir. 2009). The Court need not apply all 12 factors, and the most critical factor is "the degree of success obtained" by Plaintiff's counsel. E.E.O.C. v. Service News Co., 898 F.2d 958, 965 (4th Cir.1990); Doe v. Chao, 435 F.3d 492, 506 (4th Cir. 2006).

The party seeking attorneys' fees—here, Defendants—bear the burden to show both that an award is statutorily authorized and that the requested fees are reasonable. Driskell v. Summit Contracting Grp., Inc., No. 3:16-CV-819-FDW-DCK, 2021 WL 3044156, at *2–3 (W.D.N.C. July 19, 2021).

5

**III.     Analysis**

All four statutes under which Defendants seek fees and costs require that the movant be a "prevailing party." Thus, for Defendants to succeed on any of their claims for fees and costs, Defendants must first show that they were the "prevailing party" at trial. If Defendants cannot establish as much, their arguments are dead-on-arrival. See CRST Van Expedited, Inc. v. E.E.O.C., 578 U.S. 419, 423 (2016) (holding that the prevailing party question is "the first part of the fee-shifting inquiry").

Here, Plaintiff prevailed on their copyright infringement and false advertising claims, though the jury declined to find for Plaintiff on their trademark infringement claim. (Doc. No. 448). Consequently, the jury awarded Plaintiff damages in the amount of $4,900,750.00, trebled to $14.7 million under the UDTPA. Defendants nonetheless maintain that they—as opposed to their counterparty, who obtained an eight-figure judgment—are the prevailing party. Specifically, Defendants contend that they are the prevailing party because the jury did not find for Plaintiff on any of Plaintiff's trademark-related claims, which Defendant alleges were the core of Plaintiff's case. (See Doc. No. 473 at 5, 9). Because Defendants' "prevailing party" argument is contrary to both law and common sense, the Court will deny Defendants' motion in its entirety.

A party prevails "when actual relief on the merits of [their] claim materially alters the legal relationship between the parties by modifying the [counterparty's] behavior in a way that directly benefits the [prevailing party]." Farrar v. Hobby, 506 U.S. 103, 111–12 (1992). In the Fourth Circuit, the prevailing party must further show that they obtained "(1) a judgment, consent decree, or similar order, (2) that grants [the party] some relief on the merits, (3) that materially alters the legal relationship between [the party] and the [counterparty], and (4) that is enforceable by the court." Ge v. U.S. Citizenship & Immigr. Servs., 20 F.4th 147, 153 (2021).

On these facts, there can be no question that if any party is "prevailing," it is Plaintiff. Plaintiff obtained an eight-figure judgment granting relief on the merits of Plaintiff's false advertising, UDTPA, and copyright claims, which materially altered the relationship between the parties by requiring Defendants to pay damages to Plaintiff, and which is enforceable by the Court. See (Doc. No. 448). Defendants respond that they are the prevailing party insofar as the judgment granted them relief by finding against Plaintiff's trademark infringement claim. But even if that aspect of the judgment granted Defendants relief on the merits, it can hardly be said to have "materially altered" the relationship between Plaintiff and Defendants. Finally, relying on the Eleventh Circuit's decision in Royal Palm Properties, LLC v. Pink Palm Properties, LLC, Defendants appear to contend that in split verdict cases, neither party should be considered "prevailing." See (Doc. No. 473 at 7–8) (citing 38 F.4th 1372 (11th Cir. 2022)). But the Eleventh Circuit's non-binding holding in Royal Palm is clearly distinguishable from these facts: there, the court concluded that "there was 'no clear winner' and thus no prevailing party." 38 F.4th at 1375. Here, by contrast, the jury awarded Plaintiff several million dollars in damages, consequently leading at least one Defendant to declare bankruptcy. Unlike Royal Palm, this case does not lack a clear winner: Plaintiff emerges victorious, and it is not particularly close.[1]

Nor can both parties be "prevailing" for the purposes of Defendants' attorneys' fees motion. The Copyright Act, Lanham Act, and Federal Rules of Civil Procedure all stipulate that attorneys' fees are available only to the "prevailing party" singular. See 17 U.S.C. § 505; 15 U.S.C. § 1117 (a); FED. R. CIV. P. 54(d)(1). In this case, Plaintiff is the prevailing party. Because

---

[1] The Court further notes that, even if Defendants could show that this case lacked a prevailing party, such a finding would not bolster but in fact fatally undermine Defendants' motion for attorneys' fees. For Defendants to have a viable attorneys' fees claim, it is not enough that Plaintiff not be the prevailing party: instead, Defendants must show that they themselves prevailed.

7

Defendants cannot show that they are the prevailing party—as they must for the Court to even exercise its discretion with respect to their motion for attorneys' fees—Defendants' motion will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' motion for attorneys' fees (Doc. No. 472) is **DENIED**.

Signed: August 6, 2024

Max O. Cogburn Jr
United States District Judge