**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., | |
|        Plaintiff, | |
| v. | Civil Action No. 3:20-CV-710-MOC-DSC |
| BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD. | |
|        Defendants. | |

## HAYWARD'S RESPONSE TO DEFENDANTS' COUNSEL'S MOTION TO WITHDRAW

**I.    INTRODUCTION**

Hayward takes no position on the Motion to Withdraw filed by Shumaker, Loop, and Kendrick ("Shumaker") seeking to withdraw from representing Defendants Ningbo C.F. Electronic Tech. Co., Ltd., Ningbo Yishang Import and Export Co., Ltd., and Blueworks Innovation Corporation (referred to herein as "Defendants"),[1] because, as noted below, that withdrawal—regardless of Shumaker's explanation—is likely based on ethical considerations.

As a result of that withdrawal, however, and as further explained below, the Court is permitted to infer a TRO violation by Ningbo C.F. Moreover, the Court should not permit this latest withdrawal to delay final resolution of this long-pending case, particularly in light of the Court's warning the last time Defendants' counsel was permitted (over Hayward's objection) to

---

[1] Shumaker does not seek to withdraw on behalf of Blueworks Corporation, which is in bankruptcy and thus an automatic stay applies to that entity. Nothing in this response is directed to Blueworks Corporation.

1

withdraw.  Lastly, the Court should impose a deadline by which Defendants are required to retain local counsel and, in the interim, should permit service on remaining counsel, PlatinumIP, or electronic service on Defendants if PlatinumIP is unavailable or refuses such service.

## II.    The Timing of the Motion to Withdraw Makes Clear that Ningbo C.F. Violated the TRO

On Saturday, October 19, 2024, Hayward filed its Motion for Leave to File a Supplement to its Motion to Show Cause. (Doc. No. 535).  Attached to the proposed supplement was an ABA ethics opinion, attached hereto as Exhibit A, noting that when a client is violating a TRO in an ongoing way, it may be necessary for counsel to withdraw.  The following business day—Monday, October 21, 2024—counsel filed a Motion to Withdraw.  *See* (Doc. No. 536) ("Two days ago, on October 19, 2024, Hayward filed papers with the Court implying that counsel for the Non-Debtor Defendants should withdraw . . . .").

That same ethics opinion makes clear that such withdrawal "will signal to the court that there is a problem" and therefore "may lead to adverse consequences for the client."  (Ex. A at 3). It is further evident a "problem" exists because Shumaker has not been able to make contact with any officer or authorized agent of Defendants for weeks.  (Doc. No. 538 ¶ 8).  Here, in the face of such a signal, the Court should impose adverse consequences for the client.  Specifically, the Court should grant the Motion to Show Cause and order Mr. Chen to personally appear to show cause. Assuming he does not appear or cannot show cause, the Court should enter contempt against Ningbo C.F.  As noted in the Motion for Show Cause, such a contempt order can be directed at an office or director of the offending corporation, such as Mr. Chen.

### III. No Delay Should Be Permitted

Last time one of Defendants' law firms sought to withdraw (last April), the Court noted further delays were going to be frowned upon:

> The Court does, however, recognize the substantive merit of Plaintiff's objection. Defendants have substituted counsel several times during this litigation, causing substantial delay. Plaintiff's concern—that Defendants will leverage this latest withdrawal to delay enforcement of the jury's verdict, potentially allowing Defendants to hide or move assets—is well-taken. To that end, the Court warns Defendants that additional extension requests will not be favorably received, especially where such requests are "justified" by withdrawal or substitution of counsel.

(Doc. No. 419 at 4) (Order on Motion to Withdraw).

That warning was for good reason. The history of this case makes clear that Defendants take advantage of the withdrawal of counsel to delay these proceedings. Defendants' first counsel, Foley & Lardner, withdrew on September 13, 2021 (for the Ningbo Defendants) and June 21, 2022 (for the Blueworks Defendants). (Doc No. 51, 88). Defendants replaced Foley & Lardner with Morgan Lewis. Defendants original local counsel, Mr. Grimes of Bradley Arant Boult Cummings LLP, also withdrew at that time and was replaced with new local counsel, Mr. Jaffa of Cranford, Buckley, Schultze, Tomchin, P.A. (Doc. Nos. 51, 88). At that time, and likely as a result of the change of counsel, Judge Whitney recused himself, resulting in further delays. (Text-Only Order of November 4, 2021). Then, additional counsel for the Ningbo Defendants, Ms. Jiang of JiangIP LLC, withdrew her appearance in September 2021. (Doc. No. 51). Less than a year later, in March 2023, Morgan Lewis withdrew as counsel and was replaced by Turner Boyd Seraphine LLP. (Doc No. 109). Defendants' local counsel Mr. Jaffa also withdrew his appearance and was replaced by

3

Shumaker. (Doc. Nos. 195, 154). Additionally, PlatiunumIP entered its appearance on February 14, 2023. (Doc. No. 102).

When Morgan Lewis withdrew, it assured Hayward's counsel that the substitution would not result in any delays. But new counsel (Turner Boyd Seraphine) then proceeded to move for extensions of several deadlines, including the then-scheduled June 2023 trial date.

PlatinumIP continues to represent Defendants, so they are not without counsel. There is thus no reason for further delay.

Additionally, many of the pending motions are fully ripe. There is thus nothing left for counsel to do and no reason to delay a decision from the Court. These pending motions include:

- Motion to Show Cause for Contempt, (Doc. Nos. 468, 470, 476, 535).

- Motion to Compel Post-Judgment Discovery, (Doc. Nos. 505, 506, 512, 520), and Blueworks' related Motion for Protective Order, (Doc. Nos. 496, 497, 500, 507).

- Motion to Modify the Stipulated Protective Order, (Doc. Nos. 465, 466, 508, 511).

- Motion for Permanent Injunction, (Doc. Nos. 358, 359, 386, 392).

- Motion for Asset Retraining Order, (Doc. Nos. 383, 416, 422).

- Motion for New Trial on Trademark Infringement Claims, (Doc. Nos. 373, 396, 409).

- Renewed Motion under FRCP 50(b) for JMOL or, in the alternative, under FRCP 59(a) for a New Trial (Doc. Nos. 375, 427, 452, 478).

- Motion for a New Trial under FRCP 59, (Doc. Nos. 376, 428, 453, 479).

- Motion for JMOL under FRCP 50(b) as to Alleged Waived Claims, (Doc. Nos. 377, 429, 454, 480).

4

As a result, the Court should not entertain any requests for delay as Hayward expeditiously seeks to enforce and execute on its judgment.

## IV. A Date Certain to Retain New Counsel Should be Ordered

To that end, the Court should order Defendants to retain new counsel by a date certain. While in the meantime Defendants are represented by PlatinumIP, the local rules of this Court require local counsel. LCvR 83.1(b)(1) ("Such candidate [admitted *pro hac vice*] must associate local counsel and be accompanied by local counsel at all hearings unless otherwise permitted by the Court."). Defendants should be ordered to expeditiously retain local counsel to enter an appearance on their behalf.

## V. The Court Should Order That Electronic Service Is Permitted

While Defendants are without local counsel, the Court should order that service can be effectuated through PlatinumIP or, to the extent PlatinumIP is not available, electronic service directly on Defendants is permitted. As this Court knows, two of the Defendants are located in China, making service difficult. Indeed, service of the Complaint was permitted by electronic means. *See* (Doc. No. 11). The Court should order that Defendants file an address and email address where they can accept such service if necessary. This is particularly important considering that Defendants' own counsel cannot get in touch with Defendants. *See* (Doc. No. 538 ¶ 8) ("Shumaker has not been able to make contact with an officer or authorized agent of Non-Debtor Defendants in recent weeks.").

## VI. Conclusion

Hayward takes no position on the Motion to Withdraw to the extent that it is based on ethical considerations, which, given its timing, seems likely. Such withdrawal, however, should

5

result in adverse consequences for Ningbo C.F., which continues to violate this Court's TRO. Moreover, no delay should be permitted due to this withdrawal.

Respectfully submitted this the 21st day of October, 2024,

/s/ *Russ Ferguson*
Russ Ferguson (N.C. Bar No. 39671)
B. Chad Ewing (N.C. Bar No. 27811)
**Womble Bond Dickinson (US) LLP**
301 South College Street, Suite 3500
Charlotte, NC 28202
Russ.Ferguson@wbd-us.com
Chad.Ewing@wbd-us.com

Erik Paul Belt (*admitted pro hac vice*)
ebelt@mccarter.com
James Donoian (*admitted pro hac vice*)
jdonoian@mccarter.com
Anne E. Shannon (*admitted pro hac vice*)
ashannon@mccarter.com
Alexander L. Ried (*admitted pro hac vice*)
aried@mccarter.com
**McCarter & English, LL**P
265 Franklin Street
Boston, MA 02110
T: (617) 449-6500
F: (617) 607 9200

*Attorneys for Plaintiff Hayward Industries, Inc.*

7

## AI CERTIFICATION

1.  No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

2.  Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.


*/s/ Russ Ferguson*
Russ Ferguson

8