# Exhibit A


Source: ABA Ethics Opinions > ABA Formal Ethics Opinions > Formal Opinion 98-412 September 9, 1998

**Formal Opinion 98-412**
**September 9, 1998**

### Disclosure Obligations of a Lawyer Who Discovers That Her Client Has Violated a Court Order During Litigation

*A lawyer who discovers that a client has violated a court order prohibiting or limiting transfer of assets must reveal that fact to the court if necessary to avoid or correct an affirmative misrepresentation by the lawyer to the court. A lawyer also must disclose the client's conduct or, in the alternative, withdraw from continued representation of the client in the litigation if necessary to avoid assisting the client in a fraud on the court. Continued representation of the client in the litigation may constitute assistance in a fraud on the court where the client's conduct destroys the court's ability to award effective relief to the opposing party. Upon withdrawing from the representation, the lawyer must make a disclosure sufficient to avoid continued reliance by the court on prior representations of the lawyer that now are known to be untrue but, absent such a necessity, the lawyer may not disclose the client's misconduct to the court or successor counsel without the client's consent.*

The Committee has been asked to address a lawyer's obligations under the Model Rules of Professional Conduct when the lawyer representing a client in civil litigation discovers that her client has violated a court order prohibiting the client from transferring or disposing of assets. In addition, we are asked whether there is a disclosure obligation by a lawyer who tries without success to convince her client to make disclosure to the tribunal and then withdraws or is discharged and is replaced by new counsel.

We assume, for purposes of this opinion, that the lawyer learned of the client's misconduct after it occurred and that the client is not continuing to dispose of assets in violation of the court's order. [1] We further assume that the lawyer has actual knowledge that the client violated the order, based either on a communication by the client to the lawyer or on other information coming to the lawyer's attention that the lawyer reasonably believes to be reliable. To determine the lawyer's obligations, we must consider the scope of Rule 3.3 governing candor toward the tribunal [2] and its relation to Rule 1.6 governing confidentiality of information. [3] A lawyer may not knowingly make a false statement of material fact to a court and may not knowingly fail to disclose a material fact to the court when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client. [4] As provided in Rule 3.3(b), these duties of candor to the tribunal apply even if performance of the duty will require disclosure of information that the lawyer otherwise is prohibited from disclosing by Rule 1.6(a). However, unless disclosure is necessary to avoid a false statement by the lawyer to the court or to avoid assisting a client in a criminal or fraudulent act, the lawyer is bound by the obligation of confidentiality in Rule 1.6(a) and may not reveal the client's misconduct to the court without the client's consent. The Committee concludes that is true even if the client's misconduct is a violation of an order entered by a court during litigation in which the lawyer represents the client.

---

[1] A lawyer's knowledge that her client is engaged in an ongoing criminal act raises questions different from those presented when the criminal conduct has been completed. A lawyer may not assist a client in conduct that the lawyer knows is criminal or fraudulent, Rule 1.2(d), and must disclose facts to a court when necessary to avoid doing so. Rule 3.3(a)(2). We do not address in this opinion the circumstances under which a lawyer must, under these rules, disclose ongoing conduct of a client that constitutes contempt of court.

[2] Rule 3.3 (Candor Toward The Tribunal) states in relevant part:

(a) A lawyer shall not knowingly:

(1) make a false statement of material fact or law to a tribunal;

(2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;

(3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

(4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

(b) The duties stated in paragraph (a) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.

[3] Rule 1.6 (Confidentiality Of Information)

> (a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraph (b).
>
> (b) A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:
>
> (1) to prevent the client from committing a criminal act that the lawyer believes is likely to result in imminent death or substantial bodily harm; or
>
> (2) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client.

[4] See Rule 3.3(a)(1) and (2).

In this opinion, the Committee first addresses the lawyer's duty where the lawyer or the client has made, or will be required to make, an affirmative statement to the court concerning the status of the client's assets. Second, we consider under what circumstances disclosure may be necessary to avoid assisting a crime or fraud by the client. Finally, we consider what disclosure obligation, if any, is imposed on a lawyer who withdraws or is discharged because the client refuses to correct a fraud on the court.

### I. A Lawyer Must Avoid Or Correct Affirmative False Statements To The Court

#### A. Statements by the Lawyer

A court is entitled to assume that a lawyer will not mislead the court by making affirmative statements of fact the lawyer knows to be false; Rule 3.3(a)(1) prohibits a lawyer from doing so. Accordingly, when a lawyer discovers that a client has violated a court order, the lawyer first must ensure that any affirmative misrepresentations by the lawyer to the court are avoided or corrected.

Upon learning of the client's misconduct, the lawyer should review her prior statements to the court and determine whether any of those representations were untrue when made in view of the information now known to her. If a false representation has been made, then the lawyer must determine whether the misrepresentation is material to an issue to be decided in the litigation. Although the lawyer will have violated no rule at the time of the statement because she did not know of its falsity, continuing to act for the client with knowledge that the court and an adverse party may act in reliance upon the false representation imposes on the lawyer a duty to correct or withdraw it. [5] Otherwise, the lawyer would be assisting the client in a fraud on the court.

> [5] Rule 3.3(a)(1) prohibits a false statement of a "material" fact to the tribunal and Rule 3.3(b) provides that the duties stated in paragraph (a) "continue to the conclusion of the proceeding." Thus, correction is not required when the fact stated is not material to an issue in the litigation. Further, if a lawyer learns after the conclusion of the litigation that a statement made by her to the tribunal was untrue, then the rule does not require correction of the statement. The Committee does not here consider the question whether a proceeding is "concluded" for purposes of Rule 3.3(b) when a final judgment has a continuing effect, as in the case of an injunction, and the judgment may have been influenced by false statements to the court. Settlement of litigation without informing the court or opposing counsel of a prior, material false statement made during the litigation may violate the lawyer's duty of candor to the court. See *In re Mines*, 523 N.W. 2d 424, 426 (S.D. 1994).

Avoidance or correction of a false representation by the lawyer does not always require disclosure of the facts of the client's misconduct. The lawyer may, for example, simply decline to respond to an inquiry from the court or withdraw an earlier statement and refuse to provide further information, in reliance on the attorney-client privilege and the client's privilege against self-incrimination. [6] Although the lawyer's action will signal to the court that there is a problem, and may lead to adverse consequences for the client, the action is necessary in order for the lawyer to comply with her ethical obligations and remain as counsel in the litigation.

> [6] Although we do not opine on questions of law, we note that there may be circumstances where compelling a lawyer to reveal information received from a client that is incriminating to the client will contravene the Fifth Amendment and the attorney-client privilege. See *Fisher v. United States*, 425 U.S. 391, 402-05 (1976).

Whether withdrawal from the representation without disclosure of the client's misconduct is sufficient to fulfill the lawyer's ethical duties depends upon whether false statements already have been made to the court. If the concern is only that representations will be required in the future and the client directs the lawyer not to reveal information the disclosure of which would be required to make those representations truthful, then the lawyer must withdraw from the representation. That is because a lawyer may not continue with a representation if it will result in a violation of the Rules of Professional Conduct or other law. [7] When the lawyer already has made an affirmative representation of material fact that she now knows to be false, however, withdrawal from the representation may

not be sufficient. If the lawyer's statement was one upon which the court may continue to rely in future conduct of the litigation, correction of the statement is required whether or not the lawyer withdraws from the representation. [8] A lawyer's duty to correct her own false statements to the court is, in this respect, no different from her obligation in civil cases to take reasonable remedial measures upon discovery of a client's perjury, a subject discussed in Section II of this opinion.

---

[7] *See* Rule 1.16 (Declining Or Terminating Representation), which states in relevant part, "[e]xcept as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the representation will result in violation of the rules of professional conduct or other law …"

[8] Rule 3.3 states that the obligations imposed on the lawyer continue "to the conclusion of the proceeding." As we stated in Formal Opinion 93-376, the obligations therefore presumably continue so long as the litigation is pending, even if the lawyer has withdrawn. In Kansas Bar Ass'n Ethics/Advisory Services Committee Opinion 98-01 (March 16, 1998), the Committee concluded that where a lawyer learned after the conclusion of a workmen's compensation proceeding that his client had given false testimony in order to receive benefits, disclosure to the tribunal was required because the benefits had not been fully received and the tribunal could modify its order. We do not address in this opinion issues raised in such a circumstance.

---

### B. Statements by the Client

If false representations of fact have been made by the client, but not by the lawyer, then Rule 3.3(a)(1) does not apply. In such a case, the lawyer's duty is governed by Rule 3.3(a)(2) and (4), which require a lawyer to reveal a fact to a tribunal when "necessary to avoid assisting a criminal or fraudulent act by the client," and to "take reasonable remedial measures" upon discovery that the lawyer has offered material evidence that is false.

When a lawyer learns that a client has violated an order prohibiting transfer of assets, the lawyer should determine whether the client has made or will be required to make representations in the litigation that, absent disclosure of the misconduct, are or will be false and material. Such representations could, for example, include periodic reports of transactions required to be made by the order itself, or discovery responses made by the client during the litigation, or testimony at a deposition, hearing, or trial. As the Committee stated in Formal Opinion 87-353 dealing with client perjury, when a lawyer knows that her client intends to make a false statement to the court, the lawyer must advise the client against such a course of action. If the client insists on presenting false information, then the lawyer must withdraw from the representation and, if withdrawal is not permitted, must make disclosure to the court of the falsity of the information.

If the client's misrepresentation already has been made, whether in testimony, discovery responses or periodic reports to the court required by its order, then the Committee's conclusions in Formal Opinion 93-376 apply. In that opinion, the Committee concluded that a lawyer who discovers her client has lied in responding to discovery requests must take all reasonable steps to rectify the fraud, which may include disclosure to the court. We emphasize, however, that Formal Opinion 93-376 dealt with a situation where there was a "potential ongoing reliance upon [the] content" of the false deposition testimony, and correction of the false testimony was therefore necessary to prevent an ongoing fraud upon the court. [9] The lawyer should satisfy herself that the false statement by the client is one upon which the court or the opposing party may rely in the future before deciding that disclosure is necessary.

---

[9] In Opinion 91-4, the Massachusetts Bar Association Committee on Professional Ethics concluded that, absent a valid Fifth Amendment privilege of the client, a lawyer had a duty to disclose a client's false statement to a probation officer. Assuming that the false statement (the client's true name) was, as the Massachusetts Committee believed, "an effort to obtain a lighter sentence by lying" and the false statement was therefore material, the opinion is consistent with Opinion 93-376.

---

### II. A Lawyer's Obligation to Avoid or Correct a Continuing Fraud upon the Court May Require the Lawyer to Disclose a Client's Violation of a Court Order

We turn now to the question whether disclosure that a client has violated an order restricting the transfer of assets or, in the alternative, withdrawal from the representation, is required where neither the client nor the lawyer has made or will make any false affirmative representations to the court or the opposing party. The answer depends upon whether the lawyer's silence after learning of the client's misconduct will assist the client in a fraud on the court, or will be tantamount to a false representation.

A lawyer's continued appearance before the court is not an affirmative representation that her client is in compliance with all court orders, regardless of their nature. There are numerous circumstances in which a lawyer may be aware that her client is in violation of a court order—even one issued in the context of the matter in which the lawyer is representing the client—but has no reason to anticipate that the violation materially will affect the resolution of the litigation. For example, a court may order that a defendant in a criminal case comply with certain requirements as a condition of release; a domestic relations court may issue a "stay-away" order in a divorce case; or any court may issue a protective order providing for the confidentiality of information obtained in discovery. A lawyer's failure to report a violation of such an order by her client would not appear to constitute assistance to the client in committing a criminal or fraudulent act so as to require the lawyer under Rule 3.3 to either withdraw from representation of the client or disclose the client's violation to the court.

There are, however, circumstances in which the lawyer's continued appearance on behalf of a client reasonably would be viewed as a continuing representation to the court that the client is in compliance with an order prohibiting disposition of assets. Comment [2] to Rule 3.3 states that there are circumstances in which a failure to make disclosure is the equivalent of an affirmative misrepresentation. This is most certainly the case where the order itself requires the client to report certain transactions. Although requirements such as this necessarily do not require the lawyer to disclose a client's misconduct, they may require withdrawal if the client refuses to make the required report.

Even in the absence of explicit disclosure requirements, a lawyer's continued appearance for a client may constitute an affirmative representation. Such a circumstance was presented in the situation addressed by the Committee in Formal Opinion 95-397, where a lawyer's failure to disclose the death of her client was viewed as "tantamount to" and "the equivalent of" a misrepresentation that the lawyer continued to represent that client. [10]

---

[10] *See also Virzi v. Grand Trunk Warehouse & Cold Storage Co.*, 571 F. Supp. 507, 512 (E.D. Mich. 1983).

---

Disclosure of a client's disposition of assets in violation of a court order also is required under Rule 3.3(a)(2) when "necessary to avoid assisting a criminal or fraudulent act by the client." [11] Such a circumstance could arise if the client's disposition of assets destroyed the subject matter of the litigation or the ability of the court to grant relief to the opposing party. [12] That is so because the client's conduct will have rendered the litigation a sham. Thus, in a claim for specific performance of a contract to deliver goods where the client already has disposed of the goods in violation of a temporary restraining order, the lawyer's continuing representation of the client in the litigation after learning of the transfer likely would be viewed as a violation of the duty of candor. Similarly, if counsel is aware that a client's violation of a court order has made it impossible for the court to grant relief requested on a pending motion, then the lawyer's silence about the matter likely would be viewed as a deception of the court. [13]

---

[11] The terms "criminal or fraudulent act" in Rule 3.3(a)(2) encompass only crimes or frauds directed toward a matter pending before the court. *Cf.* Formal Opinion 92-366 n.8 (recognizing that Rule 3.3 requires that the fraud be implicated in a matter pending before a tribunal). Discovery responses or other statements provided to the opposing party ordinarily fall within Rule 3.3. *See* Formal Opinion 93-376. A lawyer representing a client in litigation, however, ordinarily is not obligated—or even permitted—to advise the court of crimes or frauds not involving the litigation that the client may be in the process of committing during the course of the lawyer's representation of the client if disclosure would reveal information relating to the representation. *See* Rule 4.1(b).

[12] In Formal Opinion 94-387, we concluded that a lawyer had no ethical duty to disclose, in negotiations to settle a claim, that the claim was time-barred. We observed, however, that the result under Rule 3.3 "might well be different if the limitations defect in the claim were jurisdictional, and thus affected the court's power to adjudicate the suit …"

[13] *Cf. In re Callan*, 66 N.J. 401, 406-07, 331 A.2d 612, 615-16 (N.J. 1975) (attorneys who failed to reveal their client's withdrawal of funds ordered to be maintained in a depository until the morning of a hearing on the motion to release the funds to the plaintiff were not in contempt, but noting that ethical issues were left to Bar Committee).

---

Not all violations of an order prohibiting or limiting the disposition of assets will trigger a duty to disclose or withdraw under Rule 3.3(a)(2). Whether such a duty exists depends upon the extent to which, in the context of the particular litigation, the conduct impairs the court's ability to award effective relief to the opposing party. Where the order is designed to preserve assets to satisfy a possible money judgment in the case and a client having millions of dollars in assets engages in a prohibited transaction involving a relatively small amount of money, the conduct likely would not destroy the court's ability to grant effective relief, or otherwise make the litigation a sham. In such a circumstance, the lawyer may continue representing the client without disclosure of the client's misconduct.

However, when the client disposes of an asset that is a subject of the litigation and the court's order was designed to preserve it *pendente lite*, the client's action has rendered the litigation a sham to that extent and the lawyer is required to disclose the violation or withdraw. Similarly, when a lawyer continues to defend an action for damages, restitution or disgorgement knowing that her client has dissipated or transferred assets in violation of an order to preserve them, the lawyer assists the client in a fraud on the court in violation of Rule 3.3(a)(2) if the lawyer resonably should know that her adversary would not likely continue the litigation if he knew how few assets remained. Accordingly, in these circumstances, the lawyer who is unable to convince her client to regain control of the assets in question, or who finds the client is unable to do so, may not continue the representation absent disclosure of the facts to the courts.

### III. Disclosure Obligation of Lawyer Who Withdraws

The Committee also has been asked to address whether a lawyer who withdraws or is discharged and is replaced by new counsel has any continuing disclosure obligation when the client has violated a court order prohibiting the client's disposition of assets. We assume that the lawyer who has withdrawn or been discharged knows that the client intends to make a false statement to the court or believes that her continued representation of the client would assist the client in a fraud on the court. [14] We conclude that the lawyer may not make disclosure to successor counsel or to the court in the absence of client consent.

[14] We also assume that the lawyer personally has made no representations to the court, not known to have been false when made, upon which the court may continue to rely after her withdrawal, As explained *supra* in Section II, corrective action by the lawyer is required in such a circumstance.

It is well-established that when a client actually has testified falsely or the lawyer otherwise has presented false evidence and the lawyer later learns of the falsity of the evidence or testimony before the conclusion of the proceeding, the lawyer must disclose the client's perjury to the court if the lawyer is unable to convince the client to rectify the perjury. [15] The issue here, however, concerns a *future* false statement by the client, rather than false evidence that already has been presented to the court.

[15] *See* Formal Opinion 87-353.

We believe the resolution of this issue is controlled by Formal Opinion 87-353 dealing with client perjury. In the second half of that opinion, we addressed a lawyer's obligation when a client states an intention to commit perjury at trial. We reexamined Informal Opinion 1314 (1975), which concluded that the lawyer in that situation must advise the client that the lawyer must take "one of two courses of action," to wit, withdrawal prior to the submission of the false testimony or reporting the falsity of the client's testimony to the tribunal. Formal Opinion 87-353 did not take issue with the conclusion of Informal Opinion 1314 that the lawyer had *two* courses of action available to her. Although this issue did not receive substantial consideration in Formal Opinion 87-353, it is implicit in its reasoning that the Committee viewed withdrawal as an effective alternative to informing the court, provided the lawyer was able to withdraw prior to the submission of the false testimony.

When faced with intended future perjury by a client, withdrawal is sufficient to enable the lawyer to avoid assisting criminal or fraudulent act by her client. If the lawyer no longer represents the client, then the lawyer will not be in a position to engage in any conduct covered by Rule 3.3(a) that would trigger an obligation to disclose the client's intended false statement to the court or, in the alternative, to successor counsel. Specifically, on the facts under consideration, Rule 3.3(b) requires disclosure of otherwise confidential information protected by Rule 1.6 only to prevent the lawyer from knowingly making a false statement of material fact to the tribunal; failing to disclose a material fact when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client; or offering evidence the lawyer knows to be false. If the lawyer no longer is representing the client, then the lawyer will not be in a position to make a false statement of material fact to the court, as the lawyer will not be appearing in court for the client at all. For the same reason, the lawyer cannot be said to be assisting the client's criminal or fraudulent act or offering false evidence because the lawyer will not be performing any services for the client. Accordingly, the lawyer will be violating no duties imposed by Rule 3.3 and, therefore, has no authority to disclose information protected by Rule 1.6.

When a lawyer discovers that her client already has given false evidence, Rule 3.3(a)(4) requires that the lawyer "take reasonable remedial measures." In Formal Opinion 93-376, we concluded that this duty exists when a lawyer discovers that a client has committed perjury during discovery proceedings in advance of the presentation of the false evidence to the tribunal. In that situation, the client already had committed the perjury and created the false evidence and the lawyer had, albeit unknowingly, assisted in making that evidence available to the opposing party. We found that the potential of the false evidence to be presented to the court gave rise to a duty by the lawyer to take reasonable remedial measures to make sure that the court was not misled.

By contrast, when a lawyer knows only of a client's intention to make a false statement in the future and the lawyer has not offered any false evidence or made any false statement to a court, the only provision of Rule 3.3(a) at issue is subparagraph (a)(2), which requires disclosure of material facts when necessary to avoid assisting a client's criminal or fraudulent act. We found in Formal Opinion 87-353 that the lawyer's withdrawal was sufficient to enable the lawyer to "avoid assisting" the client's criminal or fraudulent act when the client states an intention to commit that act in the future. We reach the same conclusion with respect to a lawyer's withdrawal to avoid assisting a client's continuing fraud on the court caused by disposition of assets in violation of a preservation order.

Contact us at http://www.bna.com/contact-us/ or call 1-800-372-1033

ISSN 1545-9845

Copyright © 2017, The Bureau of National Affairs, Inc. Reproduction or redistribution, in whole or in part, and in any form, without express written permission, is prohibited except as permitted by the BNA Copyright Policy.