UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-710-MOC-SCR

| | |
|---|---|
| **HAYWARD INDUSTRIES, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | |
| **BLUEWORKS CORPORATION, BLUEWORKS** ) | |
| **INNOVATION CORPORATION, NINGBO C.F.** ) | |
| **ELECTRONIC TECH CO., LTD., NINGBO** ) | |
| **YISHANG IMPORT AND EXPORT CO., LTD.,** ) | |
| ) | |
| ) | |
| Defendants. ) | ORDER |
| ----------------------------------------------------------------- ) | |
| **BLUEWORKS CORPORATION, NINGBO C.F.** ) | |
| **ELECTRONIC TECH CO., LTD., NINGBO** ) | |
| **YISHANG IMPORT AND EXPORT CO., LTD.,** ) | |
| ) | |
| Counterclaim-Plaintiffs, ) | |
| ) | |
| Vs. ) | |
| ) | |
| **HAYWARD INDUSTRIES, INC.,** ) | |
| ) | |
| Counterclaim-Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Modify Stipulated Protective Order, pursuant to FED. R. CIV. P. 26(c) and ¶¶ D(2)(d) and F(1). (Doc. No. 465).

I.   BACKGROUND AND DISCUSSION

The parties are well versed in the background of this case, so the Court does not repeat it here. Relevant to the pending motion, the parties have entered into a Stipulated Protective Order, which arguably applies even to documents that Plaintiff Hayward obtains post-Judgment, bars Plaintiff from "using" information produced pursuant to it, except for purposes of this case, and

1

provides that protected information must be returned to the producing party or destroyed within sixty (60) days of the entry of final judgment.

In support of its motion, Plaintiff asserts that it anticipates that it will need to use information that Defendants and Zhoujing "Gina" Lu have provided to it pursuant to the Stipulated Protective Order to file collection actions around the United States. The Court held a status conference on October 23, 2024, in which the parties argued the merits of the motion. For the reasons argued in Plaintiff's brief and in oral argument, the Court will grant Plaintiff's motion.

Therefore, the Stipulated Protective Order shall be modified to allow Plaintiff to use all documents and protected information produced to Plaintiff to collect and enforce its Judgment and to allow Hayward and its counsel to retain and use the documents and protected information until the Judgment is satisfied in collections/enforcement actions in all of the states throughout the United States of America (and abroad). This includes, <u>but is not limited to</u>, bank statements produced by third-party Zhoujing "Gina" Lu. Plaintiff may use the information immediately in the ongoing Blueworks bankruptcy proceeding as to Lu and all related parties.

To the extent that Plaintiff files any documents in the public record that contain any information designated as confidential or highly confidential, Plaintiff shall either redact that information or file the document under seal.

## II. CONCLUSION

Plaintiff's Motion to Modify Stipulated Protective Order, (Doc. No. 465) is **GRANTED**.

Lu may have ten days from the entry of this Order to inform the Court why the modification of the Stipulated Protective Order should not be issued nationwide. If Lu does not

file a response or objection within ten days, the Stipulated Protective Order shall be modified to be issued nationwide without further notice.

Signed: October 25, 2024

Max O. Cogburn Jr
United States District Judge