UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-710-MOC-DSC

| | |
|---|---|
| **HAYWARD INDUSTRIES, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| **BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD., NINGBO YISHANG IMPORT AND EXPORT CO., LTD.,** | ) ) ) ) |
| | |
| Defendants. | ) **ORDER** |
| ----------------------------------------------------------------- | ) |
| **BLUEWORKS CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD., NINGBO YISHANG IMPORT AND EXPORT CO., LTD.**, | |
| | ) |
| Counterclaim-Plaintiffs, | ) |
| | ) |
| Vs. | ) |
| | ) |
| **HAYWARD INDUSTRIES, INC.,** | ) |
| | ) |
| Counterclaim-Defendant. | ) |
| ----------------------------------------------------------------- | |

**THIS MATTER** is before the Court on Defendants' Motion for New Trial. (Doc. No. 376). Having considered the motion and reviewed the pleadings, the Court enters the following Order.

I. **Background**

The parties are well-versed in the underlying facts of this case. Following trial, the jury found in Plaintiff's favor on most of its claims against Defendants and awarded Plaintiff millions

1

of dollars in damages. In the pending motion, Defendants seek a new trial under FED. R. CIV. P. 59(e), challenging (1) this Court's Order permitting Plaintiff to present to the jury Plaintiff's evidence that Defendant's "Made in the USA" statements were false; (2) this Court's Directed Verdict issued sua sponte on Plaintiff's alter ego theory; and (3) Plaintiff's claims under the Unfair and Deceptive Trade Practices Act ("UDTPA"). The matter is now ripe for disposition.

## II.  Legal Standard

Under Rule 59(a), the Court may award a new trial on some or all issues when a verdict (1) is against the clear weight of the evidence, (2) is based on false evidence, or (3) will cause a miscarriage of justice. EEOC v. Consol. Energy, Inc., 860 F.3d 131, 145 (4th Cir. 2017). Even in weighing the evidence for a motion for a new trial, the determination of witness credibility is ordinarily for the jury and will only be disturbed in the most exceptional circumstances. Bailey v. Kennedy, Civ. No. 5:00cv8, 2004 WL 3259000, at *7 (W.D.N.C. July 16, 2004), aff'd, 120 Fed. Appx. 501 (4th Cir. 2005). The determination of a motion for a new trial is within the discretion of the trial court. Chesapeake Paper Prods. Co. v. Stone & Webster Eng'g Corp., 51 F.3d 1229, 1237 (4th Cir. 1995). When a new trial is sought based on evidentiary errors by the district court, "[s]ubstantial errors in the 'admission or rejection of evidence' may support a new trial." Daugherty v. Ocwen Loan Servicing, LLC, No. 5:14-cv-24506, 2016 WL 6650856, at *2 (S.D.W. Va. Oct. 12, 2016).

## III.  Discussion

**A. Defendants' Contention that the Court Erred in Admitting Evidence Related to Defendants' "Made in USA" Statements**

In their motion for new trial, Defendants first contend that this Court erred in admitting evidence related to Defendants' "Made in USA" statements in Defendants' advertising for its

2

cell plates. For the following reasons, the Court disagrees. The "Made In USA" statements are found throughout Plaintiff's pleadings and were a focus of discovery, including during Mr. Chen's deposition. At trial, Plaintiff offered substantial evidence that Defendants' "Made in USA" Statements were false, most of it coming from Mr. Chen himself. Mr. Chen conceded on the stand that Defendants' statements, like "cell plate made by a USA company" and similar statements, were false or deceptive because the cell plates were made by Magneto, a Chinese manufacturer. (Trial Tr., Vol 5, 71:16–18; see also Vol. 4, 165:22–24). Defendants did not otherwise object to this evidence (e.g., on hearsay or foundation grounds) and it was thus admissible.

First, Defendants waived their argument that Plaintiff failed to plead its false advertising claim for "Made in USA" statements with particularity under Rule 9(b) because they only raised this argument less than two weeks before trial started. See 2A J. Moore, MOORE'S FEDERAL PRACTICE ¶ 9.03 (2d ed. 1984), at 9–35, and cases cited therein ("A party who fails to raise a Rule 9(b) objection normally waives the requirement."). Next, as Defendants concede in their motion, the Fourth Circuit has not addressed the issue of holding Lanham Act false advertising claims to Rule 9(b)'s heightened standard for fraud claims. See Mountaineer Motors of Lenoir, LLC v. Carvana, LLC, No. 522-CV-171, 2023 WL 6931787, at *10 n.9 (W.D.N.C. Oct. 19, 2023) ("The parties disagree over whether the heightened pleading standards in Rule 9(b) apply to a false advertising claim under the Lanham Act. The Fourth Circuit does not appear to have addressed this issue . . . ."). Courts in the Fourth Circuit, however, have noted that the Fourth Circuit does not appear to require that Lanham Act false advertising claims meet the 9(b) standard. Trident Prods. & Servs., LLC v. Canadian Soiless Wholesale, Ltd., No. 3:10-CV-877-HEH, 2011 WL 2938483, at *3, and n.2 (E.D. Va. Jul. 19, 2011):

> Although Defendants urge this Court to apply Rule 9(b) to count IV, they have not cited, and the Court is unaware of, any opinion from the Fourth Circuit Court of Appeals deciding whether false advertising claims under the Lanham Act are subject to this heightened standard . . . it also appears that no federal appellate court has ruled that such claims are subject to Rule 9(b).

See also Nutrition & Fitness, Inc. v. Mark Nutritionals, Inc., 202 F. Supp. 2d 431, 434 (M.D.N.C. 2002). Indeed, no federal appellate court has required as much. Nutrition & Fitness, 202 F. Supp. 2d at 434 ("Initially, the Court notes that the Fourth Circuit has not yet ruled that claims filed pursuant to 15 U.S.C. § 1125 satisfy Rule 9(b) or otherwise meet heightened pleading requirements. Indeed, although Plaintiff relies on several district court cases that do require false advertising claims be pleaded with particularity, Plaintiff has not brought to the Court's attention any federal appellate court that has instituted such a requirement"); see also Mountaineer Motors, 2023 WL 6931787, at *10 n.9.

Even if Defendants did not waive their Rule 9(b) arguments, and even if Rule 9(b) applies to false advertising claims, Rule 9(b)'s heightened pleading standard is overcome by Defendants' ample notice of Plaintiff's false advertising claim for their "Made in USA" statements. See Trident Prods., 2011 WL 2938483, at *4 (explaining that a complaint should not be dismissed under Rule 9(b) "if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial and (2) that plaintiff has substantial prediscovery evidence of those facts") (citation omitted). Here, Defendants knew about the particular "Made in USA" claims well before they had to defend against them at trial, particularly given that Defendants briefed the issue on summary judgment and were prepared to argue the point at the August 2023 hearing when this Court asked about it: "THE COURT: What about 'made in the USA'? Ms. Vega: . . . those statements are true." (Doc. No. 347-2 at 48). Further, Plaintiff included its pre-discovery evidence of Defendants' "Made in

4

USA" claims in its complaint.

Defendants complain they were unable to take discovery on the "Made In USA" statements. But Plaintiff sought discovery on the topic, which included seeking information and documents in discovery relating to Defendants' manufacturer. See (Doc. No. 339-1 ¶ 6) (citing Request No. 35: "All Communications and Documents with manufacturers concerning the purchase of Ruthenium coated blades used in Defendants' Salt Cells, including but not limited to, DeNora Tech LLC"). All information about where the salt cells and their components were manufactured was always within Defendants' control. It is Defendants' fault alone that they did not provide the necessary discovery Plaintiff requested on this issue. As Plaintiff notes, at the 30(b)(6) deposition held on the last day of discovery, Mr. Chen explained in detail that Defendants' salt cell plates were manufactured by Magneto in China. (Id.). It was Defendants' responsibility to supplement their responses to Plaintiff's discovery requests upon Mr. Chen's testimony.

Further, Defendants fail to show they suffered any prejudice as a result of the admission of the "Made in USA" evidence. To exclude allegedly late-produced evidence or a new theory, Defendants must prove that they would be prejudiced by the admission of the evidence. See Virginia Brands, LLC v. Kingston Tobacco Co., No. 4:10-cv-9, 2010 WL 5136197, at *4 (W.D. Va. Dec. 10, 2010). Defendants have not done so because, as discussed, (1) the "Made in USA" facts are entirely within Defendants' control, (2) the ads and "Made in USA" statements are actually called out in Plaintiff's complaints, (3) Mr. Chen was questioned at his deposition about where the salt cells and cell plates are manufactured, and (4) Defendants were able to oppose Plaintiff's summary judgment motion regarding the "Made in USA" Statements. As such, Defendants have not shown prejudice. See, e.g., Salmon v. Cable & Wireless USA, Inc., No.

5

CIV.A. AW-01-394, 2003 WL 1730413, at *3 (D. Md. Mar. 18, 2003) (holding that defendants were not prejudiced by introduction of allegedly new theory because they had an opportunity to respond, and did in fact respond, to the merits of plaintiff's theory during summary judgment); Tatum v. R.J. Reynolds Tobacco Co., No. 1:02-cv-373, 2011 WL 2160893, at **6–8 (M.D.N.C. June 1, 2011) (noting that Rule 15(b)(1) "allows a party to amend the pleadings to conform to evidence presented at trial unless the objecting party can show prejudice" and rejecting arguments against amending the pleadings due to futility and judicial estoppel).

Finally, Defendants' argument that Plaintiff raised its false advertising claim for Defendants' "Made in USA" claims only after discovery is incorrect. Plaintiff (1) included in its complaint, and specifically called out, the "Made in USA" statements in Defendants' ads, (Doc. No. 57); (2) deposed Mr. Chen extensively on the "Made in USA" claims during discovery; and (3) propounded discovery requests to Defendants on the source of their products. Further, and importantly, Defendants vigorously opposed this specific false advertising claim in both their opposition to Plaintiff's summary judgment motion and in their reply in further support of their own motion for summary judgment on this issue. They also argued this issue during the summary judgment hearing. Defendants' vigorous defense to this very claim is fatal to their prejudice argument. See Salmon v. Cable & Wireless USA, No. Civ. A. AW-01-394, 2003 WL 1730413, at *3 (D. Md. Mar. 18, 2003) (holding that defendants were not prejudiced because defendants had an opportunity to respond to merits of plaintiff's theory during summary judgment).

In sum, Defendants have not shown a new trial is warranted based on their contention that the Court erred in allowing evidence related to Defendants' "Made in USA" statements in their advertising.

6

B. **Defendants' Contention that the Court Erred in Entering a Directed Verdict and Instructing the Jury on Alter Ego**

Defendants next contend that this Court erred in entering a directed verdict and submitting an instruction to the jury on the issue of whether Defendants were alter egos of one another. For the following reasons, the Court disagrees.

First, Plaintiff moved in limine for a finding that the four Defendants are alter egos, based on, inter alia, the earlier findings of the Court, in denying the two Ningbo Defendants' motion to dismiss, that they were alter egos of Blueworks and vice versa. That prior decision, as well as the substantial evidence presented at trial, particularly through Mr. Chen's testimony, supports this Court's directed verdict. Indeed, Defendants presented no evidence to the contrary at trial and submit no new evidence now. The Court supported its directed verdict with the evidence presented at trial:

> Even in viewing the evidence and inference therefrom most favorably to the defendants, the Court concludes that no reasonable jury could conclude that defendants Blueworks Corp., Blueworks Innovation Corp., Ningbo CF Electronic Tech Company, Limited, and Ningbo Yishang Import and Expert Company, Limited, are not alter egos of one another. Based on plaintiff's evidence – particularly, Mr. Chen's deposition testimony and his testimony on direct and cross examination in these proceedings, the Court finds that all four defendants are alter egos of one another. No contrary inference within the range of reasonable probability could be drawn to the contrary. The Court thereby directs a verdict for the plaintiff as to the alter-ego question. The Court will instruct the jury that it has found the defendants to be alter egos of one another.

(Trial Tr., Vol. 7, 14:4–23).

Courts in other jurisdictions have likewise directed verdicts when the overwhelming evidence supported a finding of alter ego. See Froemming v. Gate City Fed. Sav. & Loan Ass'n, 822 F.2d 723, 733 (8th Cir. 1987) (affirming the district court's directed verdict imputing alter ego liability on defendants, finding no substantial evidence on which jury could base a contrary

7

determination); Quality Leasing Co. v. Int'l Metals LLC, No. 118-cv-1969, 2021 WL 252719, at *2 (S.D. Ind. Jan. 26, 2021) (granting a directed verdict because the trial record supported a finding of piercing the corporate veil such that individual defendant was liable to plaintiffs for damages). Thus, the Court's directed verdict that the Defendants are alter egos was proper.

The Fourth Circuit has been clear in finding that an alter ego claim "is not an independent cause of action." Shearson Lehman Hutton, Inc. v. Venners, 165 F.3d 912, 1998 WL 761505, at *2 (4th Cir. 1998). Rather, alter ego "is a method of imposing liability on an underlying cause of action." Id.; Landress v. Tier One Solar LLC, 243 F. Supp. 3d 633, 649 (M.D.N.C. 2017) (citation omitted); C.F. Trust, Inc. v. First Flight Ltd. P'ship, 111 F. Supp. 2d 734, 742–43 (E.D. Va. 2000) ("[T]he alter ego doctrine is not an independent cause of action, but rather is a means for a complainant to reach a second corporation or individual upon a cause of action that otherwise would have existed only against the first corporation.") (internal quotation marks and citation omitted). Moreover, Defendants had adequate notice and opportunity to respond to Plaintiff's alter ego theory and the Court's directed verdict. The First Amended Complaint includes numerous allegations that the four Defendants are alter egos of one another, such as, for example, that Defendants are commonly owned and operated by Richard Chen and are subject to his sole control as a result. See (Doc. No. 57 ¶¶ 4–8, 12, 286). Additionally, the Court received extensive briefing on Defendants' alter ego status in the Court's jurisdictional ruling, in Plaintiff's motion in limine, in argument at trial, and in the substantial evidence presented at trial, including through Mr. Chen's testimony.[1]

---

[1] Defendants' reliance on United States v. Cochran, 79 F. Supp. 3d 578, 584 (E.D.N.C. 2015), is inapposite because the Cochran court's decision was narrowly limited to the Fair Housing Act. See id. (stating that, in contrast to a claim of joint and several liability, "a theory of vicarious

8

Case 3:20-cv-00710-MOC-SCR   Document 562   Filed 01/13/25   Page 8 of 12

Here, Plaintiff's complaint repeatedly mentions that Defendants are commonly owned and operated by Richard Chen and are subject to his sole control as a result. See (Doc No. 57 ¶¶ 4–8, 12, 286). Thus, Defendants were on notice of the subsequent allegations of an alter ego theory since the complaint was filed. Regardless, it is clear through its pleadings and supporting evidence that Plaintiff offered sufficient facts to show Defendants are alter egos, as found by this Court: "[n]ot only is there an overlap in principals between the three corporations, Ningbo Electronic itself advertises that it has a branch in North Carolina in email signatures and brochures and provides Blueworks catalogues to prospective customers in China. Even some of the allegedly infringing products listed for sale on retail websites such as www.poolstoreusa.com are listed as being manufactured by 'Ningbo, Blueworks.'" (Doc. No. 31).

Discovery since the Court's jurisdiction ruling further corroborated those facts. Indeed, all Defendants produced the same 30(b)(6) witness, Mr. Chen, to testify on their behalf. Mr. Chen testified that he worked for both companies, handling daily operations for both Blueworks and product Development for Ningbo C.F. and communicated on behalf of both companies. (Doc. No. 283 at 21:1; 22:3–15; 72:3–13). Further, Mr. Chen testified that he is the second largest Ningbo C.F. shareholder, of which there are only two. (Id.). Importantly, Defendants rebuttal evidence is essentially non-existent, as they did not produce any evidence that proves any substantially different facts. Instead, discovery has shown that Defendants are all controlled by the same individual and hold themselves out as the same company. The trial testimony of Mr. Chen only confirms all the evidence in the record.

Finally, because the Court's directed verdict on alter ego was grounded in sufficient

---

liability, []is a straightforward, well-established, avenue of relief in a Fair Housing Act case."). Furthermore, the other cases cited by Defendants are neither binding nor applicable.

9

evidence as well as the law, the Court's jury instruction was proper. "District courts are necessarily vested with a great deal of discretion in constructing the specific form and content of jury instructions." Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1293–94 (4th Cir. 1995) (citing Price v. Glosson Motor Lines, Inc., 509 F.2d 1033, 1036 (4th Cir. 1975)); see also McFeeley v. Jackson Street Ent't, LLC, No. DKC 12-1019, 2015 WL 2100920, at **5–6 (D. Md. May 5, 2015) (noting that, on a Rule 59 motion, courts consider the jury instructions and verdict form as a whole). And, "[s]o long as the charge is accurate on the law and does not confuse or mislead the jury, it is not erroneous." Hardin, 50 F.3d at 1294 (citing Spell v. McDaniel, 824 F.2d 1380, 1395 (4th Cir. 1987), cert. denied sub nom., City of Fayetteville v. Spell, 484 U.S. 1027 (1988)). In sum, Defendants have not shown that a new trial is warranted based on the fact that the Court entered a directed verdict on the alter ego issue.

### C. Defendants' Contention that Plaintiff's UDTPA Claim Was Not Properly Pled

Defendants next contend that Plaintiff's UDTPA claim was not properly pled. The Court disagrees. Just as the Fourth Circuit does not require that Lanham Act false advertising claims meet Rule 9(b)'s heightened standard for fraud claims, UDTPA claims are not subject to Rule 9(b)'s heightened pleading standard. See, e.g., Lohrenz v. Bragg Cmtys., LLC, No. 5:22-cv-44-M, 2023 WL 3012006, at *10 (E.D.N.C. Mar. 31, 2023) ("Courts disagree about whether all UDTPA claims implicate Rule 9(b).") (citing CBP Res., Inc. v. SGS Control Servs., 394 F. Supp. 2d 733, 739 (M.D.N.C. 2005) (holding that a UDTPA claim based on negligent or fraudulent misrepresentation need not satisfy Rule 9(b)) (collecting cases); see also Ahmed v. Porter, No. 1:09-cv-101, 2009 WL 2581615, at *23 (W.D.N.C. Jun. 23, 2009) ("Particulars [in a pleading] are not, however, required inasmuch a UDTPA claim is not subjected to Rule 9(b) scrutiny. Unlike the claim of fraud, which brings into play Rule 9(b), there is no heightened pleading

10

requirement for a UDTPA claim based on deception, making plaintiff's allegations sufficient at this stage of the litigation.").

Indeed, unlike fraud claims that require a party to prove the defendant's intent to defraud, there is no mens rea requirement for false advertising claims under the Lanham Act or North Carolina's UDTPA. Concordia Pharms., Inc. v. Method Pharms., LLC, 240 F. Supp. 3d 449, 454-455 (W.D. Va. 2017) ("It is well-settled that no proof of intent or willfulness is required to prevail on a claim for false advertising under the Lanham Act"); Hunter v. State Farm Fire & Casualty Co., No. 5:17-cv-224, 2018 WL 3620493, at *2 (W.D.N.C. Jul. 30, 2018) ("[T]he intent of the actor is not relevant [for UDTPA claims] and the unfairness and deception is gauged by considering the effect of the practice on the marketplace and the consuming public.") (internal quotation marks and citations omitted). Moreover, because "North Carolina's UDTPA prohibits the same type of activity that the Lanham Act prohibits," intent is not required under either statute. Camco Mfg., Inc. v. Jones Stephens Corp., 391 F. Supp. 3d 515, 528 (M.D.N.C. 2019) (finding that a party who "sufficiently alleged a Lanham Act claim "also sufficiently alleged a North Carolina UDTPA claim").

Here, Plaintiff adequately pleaded its UDTPA claim, which was based on Plaintiff's allegations that Defendants falsely advertised their products, including the "Made in USA" statements. In sum, Defendants have not shown that Plaintiff failed to adequately plead its UDTPA claim and a new trial is therefore not warranted.

IV. Conclusion

In sum, Defendants have failed to meet the stringent standards necessary for a new trial. Defendants' motion for a new trial is denied.

**ORDER**

11

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for New Trial, (Doc. No. 376), is **DENIED**.

Signed: January 13, 2025

Max O. Cogburn Jr
United States District Judge