IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff <br><br> v. <br><br> BLUEWORKS CORPORATION, BLUEWORKS INNOVATION CORPORATION, NINGBO C.F. ELECTRONIC TECH CO., LTD; NINGBO YISHANG IMPORT AND EXPORT CO., LTD. <br><br> Defendants. | Civil Action No. 3:20-CV-710 -MOC-SCR |

### BLUEWORKS CORPORATION'S *EMERGENCY* MOTION FOR CLARIFICATION OF CONTEMPT ORDER [DE 588] ENTERED MARCH 19, 2025

Blueworks Corporation (the "Debtor") hereby requests clarification as to the scope of the Contempt Order and its impact solely to the Debtor, specifically that the Contempt Order does not bar the Debtor from importing and selling its products in the United States. The Limited Powers Chapter 11 Trustee supports the relief requested in this Motion.

In support of this Motion, the Debtor states as follows:

1. On March 19, 2025, this Court entered the Contempt Order, holding the Ningbo Parties in contempt and sanctioning them with a domestic import and sales ban until the Judgment [DE 448] is satisfied. The pleadings and arguments by Hayward Industries, Inc. ("Hayward"), as well as the commentary by this Court made clear that the Debtor was neither a party to the contempt proceeding nor a target for contempt and sanctions. Hayward confirmed as much in email discussions relating to the proposed contempt order, stating the Debtor "is not the subject of the contempt order."

{00402158 v 1 }1

2. However, following the entry of the Contempt Order, Hayward flipped its position, serving the Contempt Order on Amazon.com Services, LLC ("Amazon"), and causing Amazon to de-list the Debtor's products, pausing the Debtor's operations as a going concern and forcing the Debtor into a liquidation based on Hayward's unilateral reading of the Contempt Order post-entry.

3. Due to the extraordinary, case- and enterprise-ending impact to the Debtor's operations, the Debtor first sought emergency temporary relief before the Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court"), which denied the relief sought in a bench hearing held April 9, 2025, and by formal order entered April 15, 2025, prompting the Debtor to request clarification from this Court as to the reach and breadth of the Contempt Order. In addition to its denial, the Bankruptcy Court also expressed misgivings as to the Hayward's actions following entry of the Contempt Order, citing similar objections made by the Bankruptcy Administrator for the Bankruptcy Court for the Western District of North Carolina during the emergency hearing.

4. Following the emergency hearing in Bankruptcy Court, the Debtor conferred with its professionals and the Limited Powers Chapter 11 Trustee, who supports the relief requested in this Motion, to determine any next steps that should be taken. As the parties conferred, they also awaited entry of the order commemorating the Bankruptcy Court's bench ruling as well as the transcription of the emergency hearing. The Debtor ultimately decided to seek clarification by this Court to determine whether the Debtor may continue to operate to address and pay the judgment as proposed in its current plan of reorganization, or whether this Court intended the result that Hayward has now caused—the forced shutdown of the Debtor's business and transition of its Chapter 11 Bankruptcy Case from a reorganization to a liquidation.

5. The Debtor believes several reasons exist to rebut Hayward's argument that the Contempt Order imposes a sales and import ban against the Debtor, which are described more fully in the contemporaneously filed memorandum in support. As the Debtor argued to the Bankruptcy Court and as the Bankruptcy Court noted in its bench ruling, the Debtor did not receive its day in court.

6. The Debtor now seeks its day in this Court and seeks its due process rights, which Hayward has disregarded and trampled in its efforts to end the Debtor's business through a collateral attack in contradiction of Hayward's own position before entry of the Contempt Order.

7. For the reasons stated above and in the memorandum in support, filed contemporaneously herewith, the Debtor requests the Court clarify that the Contempt Order does not ban the Debtor from importing and selling products in the United States.

8. The Debtor conferred with counsel for Hayward by email on April 21, 2025, and Hayward responded by email on April 23, 2025, stating that it opposed the relief sought.

This the 23rd day of April, 2025.

RAYBURN COOPER & DURHAM, P.A.

By: */s/ Matthew L. Tomsic*
Matthew L. Tomsic
N.C. State Bar No. 52431
Natalie E. Kutcher
N.C. State Bar No. 54888
Ashley B. Oldfield
N.C. State Bar No. 56552
Suite 1200, The Carillon
227 West Trade Street
Charlotte, NC 28202
(704) 334-0891

*Counsel to the Debtor*

# CERTIFICATE OF SERVICE

The undersigned certifies that on this day the **BLUEWORKS CORPORATION'S *EMERGENCY* MOTION FOR CLARIFICATION OF CONTEMPT ORDER [DE 588] ENTERED MARCH 19, 2025** was electronically filed via the District Court's CM/ECF system, which will send notification of such filing to all counsel of record.

 This the 23rd day of April, 2025.

             By: */s/ Matthew L. Tomsic*
                 Matthew L. Tomsic