IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:20-CV-710 -MOC-DSC

| | |
|---|---|
| HAYWARD INDUSTRIES, INC.,<br><br>    Plaintiff,<br>v.<br>BLUEWORKS CORPORATION,<br>BLUEWORKS INNOVATION<br>CORPORATION, NINGBO C.F.<br>ELECTRONIC TECH CO., LTD; NINGBO<br>YISHANG IMPORT AND EXPORT CO.,<br>LTD.<br>    Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF HAYWARD'S TWENTY-SEVENTH *EMERGENCY* MOTION TO EXTEND THE ASSET FREEZE**[1] |

The latest development in this matter is that Defendants filed an Emergency Motion to Stay Judgment Pending Appeal in the Fourth Circuit on April 29, 2025.[2] A three-judge panel consisting of Judge Wynn, Judge, Agee, and Judge Richardson denied the motion three days later on May 2, 2025, preserving the Judgment.

Earlier, on April 7, 2025, pursuant to this Court's request, Hayward submitted a proposed order for an ongoing injunction restraining the transfer of the assets of the Ningbo Parties (Ningbo C.F. Electronic Tech. Co., Ltd; Ningbo Yishang Import and Export Co., Ltd.; Blueworks Innovation Corporation; and Zefeng "Richard" Chen) until the Judgment is satisfied. Pending the

---

[1] The TRO will expire Tuesday May 6, 2025 because the original TRO expired on Tuesday April 23, 2024, and the Court has successively extended the TRO every 14 days thereafter, most recently by the April 18 Text-Only Order.

[2] In support of their motion, Defendants argued to the Fourth Circuit that this Court's TRO was a "prohibition on payment of the non-debtor's counsel," that the "district court's TRO forbids non-debtor defendants from paying appellate counsel," and that the TRO provides "no relief to pay attorneys for appeal." Hayward explained in its opposition to Defendants' Motion to Expedite Briefing in the Fourth Circuit that this Court has actually reiterated that the Non-Debtor Defendants have the ability to file a motion for relief from the TRO to pay attorneys' fees.

1

Court's review and entry of an ongoing restraining order, the TRO should be extended another two weeks or at least until such time as the Court enters an ongoing asset restraining order.

As for Blueworks Corporation, it moved on April 23, 2025, for clarification as to the scope of the Contempt Order (Doc. 613). Hayward's response to the motion is currently due May 7, 2025.

The Court has already held the Ningbo Parties in civil contempt for violating the terms of the TRO and other orders and sanctioned them accordingly. (Doc. No. 588 at 16, ¶¶ 1-2) ("Contempt Order").[3] Any lapse in the TRO, or perceived lapse in the eyes of the Ningbo Parties, will most certainly be taken by them as an opportunity for further violations in their ongoing efforts to thwart Hayward's collection on the judgment entered May 28, 2024, (Doc. No. 448) ("Judgment"). The Court has continuously extended the TRO multiple times in the past year, and, for all the reasons set forth in the Court's Contempt Order and the Court's TRO itself (Doc. 393), and as previously detailed in Hayward's prior motions to extend the TRO and for contempt, the Court should continue to preserve the status quo.

The Bankruptcy Administrator's motion to dismiss or convert the bankruptcy, which Hayward joined, remains pending and will be heard in June at the earliest. Because the automatic stay will terminate if the bankruptcy case is dismissed, it is imperative that the Court extend the TRO to include the debtor, or convert it into an ongoing asset restraining order that includes the debtor, upon dismissal of the bankruptcy case or other dissolution of the automatic stay. That way, once the automatic stay is lifted or the bankruptcy proceeding is dismissed, there is no period during which Blueworks Corporation is able to transfer assets to avoid execution on the Judgment.

---

[3] The Court entered the Contempt Order after a show cause hearing on March 3, 2025, based on Hayward's Motion to Show Cause and related motion papers and evidence (Doc. Nos. 468, 469, 476, 535-1, 550-1, 558-1 to 558-19, 559, and 559-1).

For these reasons, Hayward respectfully requests that the Court grant its motion to extend the TRO.

This 4th day of May, 2025,

 s/ *Patrick Spaugh*
B. Chad Ewing (N.C. Bar No. 27811)
Patrick Grayson Spaugh (N.C. Bar No. 49532)
**Womble Bond Dickinson (US) LLP**
301 South College Street, Suite 3500
Charlotte, NC 28202
Chad.Ewing@wbd-us.com
Patrick.Spaugh@wbd-us.com

Erik Paul Belt (*admitted pro hac vice*)
James Donoian (*admitted pro hac vice*)
Anne E. Shannon (*admitted pro hac vice*)
Alexander L. Ried (*admitted pro hac vice*)
**McCarter & English, LL**P
265 Franklin Street
Boston, MA 02110
ebelt@mccarter.com
jdonoian@mccarter.com
ashannon@mccarter.com
aried@mccarter.com

*Attorneys for Plaintiff Hayward Industries, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2025, the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing and serve counsel for Blueworks Corporation.

I also served Ningbo C.F. Electronic Tech Co., Ltd., Ningbo Yishang Import and Export Co., Ltd., and Blueworks Innovation Corporation via email to contact@techflife.com, which is their email address of record filed with the Court in response to the Court's request that they file an email address where they can be served. (Doc. 571).

In addition, Zefeng "Richard" Chen was served via FedEx to 8408 Channel Way, Waxhaw, N.C. 28173.

*/s/ Patrick G. Spaugh*
Patrick G. Spaugh

# CERTIFICATION

The undersigned certifies the following:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to the authority provided.

/s/ *Patrick Spaugh*
Patrick Spaugh